United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

SPACE DATA CORPORATION,

              Plaintiff,

       v.

X, et al.,

              Defendants.

Case No. 16-cv-03260-BLF

**ORDER GRANTING DEFENDANTS'
ADMINISTRATIVE MOTION TO FILE
DOCUMENTS UNDER SEAL**

[Re:  ECF 53]

Before the Court is Defendants' Alphabet Inc. and Google Inc. ("Google")'s motion to file under seal its reply in support of its motion to dismiss Plaintiff Space Data Corporation ("Space Data")'s First Amended Complaint and supporting documentation.  Mot., ECF 53.  For the reasons discussed below, the Court GRANTS Google's motion.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed.

United States District Court
Northern District of California

1    Cir. 2013).  Records attached to motions that are "not related, or only tangentially related, to the

2    merits of a case" therefore are not subject to the strong presumption of access.  *Ctr. for Auto*

3    *Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need

4    for access to court records attached only to non-dispositive motions because those documents are

5    often unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving

6    to seal the documents attached to such motions must meet the lower "good cause" standard of

7    Rule 26(c).  *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This

8    standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the

9    information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

10   1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated

11   by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins.*

12   *Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  A protective order sealing the documents during

13   discovery may reflect the court's previous determination that good cause exists to keep the

14   documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows

15   the parties to designate confidential documents does not provide sufficient judicial scrutiny to

16   determine whether each particular document should remain sealed.  *See* Civ. L.R. 79-5(d)(1)(A)

17   ("Reference to a stipulation or protective order that allows a party to designate certain documents

18   as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

19          In addition to making particularized showings of good cause, parties moving to seal

20   documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to Civ. L.R.

21   79-5(b), a sealing order is appropriate only upon a request that establishes the document is

22   "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under

23   the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and

24   must conform with Civil L.R. 79-5(d)."  Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the

25   submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable

26   material" which "lists in table format each document or portion thereof that is sought to be

27   sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by

28   highlighting or other clear method, the portions of the document that have been omitted from the

United States District Court
Northern District of California

1   redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative

2   Motion to File Under Seal, the Designating Party must file a declaration as required by subsection

3   79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

4   **II.    DISCUSSION**

5       Because the sealing motion relates to Google's motion to dismiss, which is more than

6   tangentially related to the merits of the case, the instant motion is resolved under the compelling

7   reasons standard. With this standard in mind, the Court rules on the instant motion as follows:

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 53-4 | Reply in Support of Defendants' Motion to Dismiss | GRANTED as to pages 3:21–23; 4:5–7; 5:1–5. | The redacted portions reference the materials included in Exhibits 1–3 of the Reply Declaration of Matthew M. Werdegar in Support of Defendants' Motion to Dismiss. |
| 53-6 | Exhibit 1 to the Reply Declaration of Matthew M. Werdegar in Support of Defendants' Motion to Dismiss. | GRANTED as to the highlighted portions. | The redacted portions contain confidential information pertaining to Space Data's financial and business models. *See* Knoblach Decl. ¶ 6, ECF 56-2. |
| 53-8 | Exhibit 2 to the Reply Declaration of Matthew M. Werdegar in Support of Defendants' Motion to Dismiss | GRANTED as to the highlighted portions. | The redacted portions include information pertaining to Space Data's confidential information, which have been treated as confidential, and which have been kept from being known to the public. *See* Knoblach Decl. ¶ 7. |
| 53-9 | Exhibit 3 to the Reply Declaration of Matthew M. Werdegar in Support of Defendants' Motion to Dismiss | GRANTED. | Contains Space Data trade secrets. *See* Knoblach Decl. ¶ 8. |

    For the foregoing reasons, the sealing motion at ECF 53 is GRANTED.

    **IT IS SO ORDERED.**

Dated: February 6, 2017

_____
BETH LABSON FREEMAN
United States District Judge