UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>X, et al.,<br><br>    Defendants. | Case No. 16-cv-03260-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF 46] |

    Somewhere over the rainbow, way up high—approximately 60,000 to 100,000 feet—Space Data Corporation ("Space Data")'s weather balloons hover. First Am. Compl. ("FAC") ¶ 2, ECF 28. Space Data's weather balloons carry radio transceivers, which operate collectively as a high-altitude communications platform. *Id.* In late 2007, Defendants Alphabet Inc. and Google Inc. (collectively, "Google") and Space Data discussed Google investing in or acquiring shares or assets of Space Data. *Id.* ¶ 25. The parties entered into a Mutual Confidentiality and Non-Disclosure Agreement ("NDA") to facilitate their discussions, which ultimately did not result in a partnership between the companies. *Id.* ¶¶ 25, 31.

    Space Data brings this action against Google, alleging that Google's "Project Loon"—a research and development project with the mission of providing wireless services using high-altitude balloons placed in the stratosphere—improperly and unlawfully utilizes Space Data's confidential information and trade secrets and infringes Space Data's patents. *Id.* ¶¶ 4, 5. Plaintiff asserts four causes of action: (1) patent infringement, under 35 U.S.C. § 1 *et seq.*; (2) misappropriation of trade secrets, under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §1836; (3) misappropriation of trade secrets, under the California Uniform Trade Secrets Action ("CUTSA"), Cal. Civ. Code § 3426 *et seq.*; and (4) breach of contract. *See generally id.* Google has moved to dismiss claims II, III, and IV, pursuant to Fed. R. Civ. P. 12(b)(6). *See generally*

Mot., ECF 46.  The Court heard oral argument on Defendants' motion on February 16, 2017.  For the reasons stated on the record and below, the Court GRANTS Defendants' motion to dismiss WITH LEAVE TO AMEND.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When considering a motion to dismiss, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Google first contends that Space Data's claims for misappropriation of trade secrets pursuant to both the DTSA and CUTSA are deficient because Space Data has not alleged facts sufficient to establish the necessary elements of such claims.  Mot. 6.  Specifically, Google argues that Space Data has not identified its trade secrets with sufficient particularity and fails to adequately allege misappropriation of its purported trade secrets.  *Id.* at 6–11.  The Court agrees.

"To state a claim for misappropriation of trade secrets under the [CUTSA], a plaintiff must allege that:  (1) the plaintiff owned a trade secret; (2) the defendant misappropriated the trade secret; and (3) the defendant's actions damaged the plaintiff." *Autodesk, Inc. v. ZWCAD Software Co., Ltd.*, No. 14-cv-1409, 2015 WL 2265479, at *5 (N.D. Cal. May 13, 2015) (citation omitted).  The elements of misappropriation under the DTSA are similar to those under the CUTSA. *Compare* 18 U.S.C. § 1839(5), *with* Cal. Civ. Code § 3426.1(b); *see* Mot. 6; Opp'n 9, ECF 50.

As to the first element, although "[a] plaintiff need not 'spell out the details of the trade secret,'" *Autodesk*, 2015 WL 2265479, at *5, the plaintiff must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 988 (S.D. Cal. 2012) (quoting *Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 253 (1968)).  Here, the FAC and Exhibits D and E thereto merely provide a high-level overview of Space Data's purported trade secrets, such as "data on the environment in the stratosphere" and "data on the

1   propagation of radio signals from stratospheric balloon-based transceivers." FAC ¶¶ 19–20; Ex. D
2   & E to FAC, ECF 28-6.[1]  These allegations do not satisfy the Rule 8 pleading requirements, as
3   they do not even give the Court or Defendants notice of the boundaries of this case.  Space Data's
4   compliance with Cal. Code Civ. P. § 2019.210 does not change the Court's assessment.  *See*
5   Opp'n 4; Reply ISO Mot. 4, ECF 54; *see also* Ex. 3 to Reply Werdegar Decl., at 7–8, ECF 53-9.
6   Moreover, Space Data has not made clear which aspects of its technology and other information
7   are "part of patents and pending patent applications," if any, and which are secret.  *Bladeroom*
8   *Grp. Ltd. v. Facebook, Inc.*, No. 15-cv-1370, 2015 WL 8028294, at *4 (N.D. Cal. Dec. 7, 2015).

9         As to the second element, while Space Data is correct that it need not be clairvoyant and
10  allege exactly how Google is improperly using its trade secrets, the current allegations are
11  insufficient.  *See* Opp'n 8–9.  Here, Space Data acknowledges that Google received the alleged
12  trade secrets pursuant to the NDA.  Accordingly, Space Data must plead facts showing that
13  Google had a duty not to use the information in the way alleged.  Mot. 9; *Farhang v. Indian Inst.*
14  *Of Tech., Kharagpur*, No. 08-2658, 2010 WL 2228936, at *15 (N.D. Cal. June 1, 2010); *see also*
15  *S. Cal. Inst. of Law v. TCS Educ. Sys.*, No. 10-8026, 2011 WL 1296602, at *8 (C.D. Cal. Apr. 5,
16  2011).  However, Space Data alleges only that "Defendants have engaged in other business
17  activity based on Space Data's confidential trade secret information, which conflict with their
18  legal obligations to Space Data." FAC ¶ 33; *see also id.* ¶¶ 29, 34, 38.  These conclusory
19  assertions, however, are not supported by adequate factual allegations; Space Data has failed to
20  allege facts providing a reasonable basis for this Court to infer that Google improperly used Space
21  Data's trade secrets, and thus, have failed to "raise a right to relief above the speculative level."
22  *Twombly*, 550 U.S. at 555; *see* Reply ISO Mot. 6.  Accordingly, the Court GRANTS Defendants'
23  motion to dismiss Plaintiff's trade secret misappropriation claims WITH LEAVE TO AMEND.[2]

---

[1] The unredacted versions of these documents are located at ECF 53-6, 53-8.

[2] Space Data may also be precluded from bringing a claim under the DTSA.  The DTSA applies to "any misappropriation of a trade secret . . . for which any act occurs on or after" May 11, 2016, the date the law was enacted. Defense of Trade Secrets Act of 2016, PL 114-153, May 11, 2016, 130 Stat. 376.  Though it is a developing issue, at least one court in this district has held that a DTSA plaintiff must allege "facts showing that acts of misappropriation occurred *after* DTSA came into effect," in order to state a claim.  *Avago Techs. U.S. Inc. v. Nanoprecision Prods, Inc.*, No. 16-cv-3737, 2017 WL 412524, at *9 (N.D. Cal. Jan 31, 2017) (emphasis in original).

United States District Court
Northern District of California

Google also argues that Space Data fails to state a claim for breach of contract because it does not offer any factual allegations about what information Google used, how Google used that information, or how that purported use violated the NDA's confidentiality provisions. Mot. 13. Space Data asserts, however, that it has alleged sufficient facts to allow the Court to infer that Google breached its obligations under the NDA through its unauthorized use of Space Data's trade secrets. Opp'n 10 (citing FAC ¶¶ 33, 38).

To state a claim for breach of a written contract, a plaintiff must plead facts that establish "(1) existence of the contract, (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008). As discussed above, Space Data has not sufficiently alleged how Google's use of Space Data's purported trade secrets violated the NDA. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's claim for breach of contract WITH LEAVE TO AMEND.

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss claims II, III, and IV. Plaintiff shall file an amended complaint on or before March 20, 2017.

**IT IS SO ORDERED.**

Dated: February 16, 2017

_____
BETH LABSON FREEMAN
United States District Judge