SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
LYNDSEY C. HEATON (CA Bar No. 262883)
lheaton@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
HOSIE RICE LLP
Transamerica Pyramid, 34th Floor
600 Montgomery Street
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff,*
*Space Data Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SPACE DATA CORPORATION, | Case No.: 5:16-cv-03260-BLF |
| Plaintiff, | **PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |
| v. | |
| X, ALPHABET INC., and GOOGLE INC., | Judge:      Hon. Beth Labson Freeman |
| Defendants. | Date:       July 6, 2017 |
| | Time:       9:00 A.M. |
| | Dept.:      3, Fifth Floor |
| | Trial Date:   June 3, 2019 |

**NOTICE OF MOTION**

Plaintiff Space Data Corporation ("Space Data") hereby gives notice that on July 6, 2017, at 9:00 a.m., in Courtroom 3, Fifth Floor, of the United States District Court for the Northern District of California, San Jose Division, located at 280 South First Street, San Jose California, a hearing will be held by the Honorable Beth Labson Freeman, United States District Judge, on Space Data's Motion to For Leave to File Third Amended Complaint in this action.

Space Data's motion is brought pursuant to Civil L.R. 7-2 and Fed. R. Civ. P. 15. Through this motion Space Data seeks leave to file a Third Amended Complaint ("TAC")[1], which adds two recently allowed and soon to issue patents.

**MEMORADUM OF POINTS AND AUTHOITIES**

**I.      INTRODUCTION AND STATEMENT OF THE ISSUES TO BE DECIDED**

Space Data seeks to add to this case two recently-allowed patents[2] which have received Issue Notifications from the United States Patent and Trademark Office ("USPTO") with dates certain for issuance of April 25, 2017 and May 9, 2017. *See* Exs. A and B to Declaration of Spencer Hosie in Support of Space Data's Motion to Amend ("Hosie Decl."). Despite the fact that the Claim Construction Hearing is nearly a year away, and despite Space Data's diligence in notifying Defendants Alphabet Inc. and Google Inc. (collectively "Defendants" or "Google") of the pending patent applications and Space Data's intent to add the patents to the case, Google has refused to stipulate to this amendment.

Under the liberal standards for amendment of pleadings under Rule 15, leave to amend (or in the alternative, supplement) should be granted. The identity of the accused products will

---

[1] Space Data's Third Amended Complaint draft is attached hereto as Exhibit 1. The Third Amended Complaint draft is unsigned and does not contain Exhibits E and F, which cannot be created until the new patents issue on April 25, 2017 and May 9, 2017. Space Data will add these elements before the TAC is filed, if leave is granted.

[2] The substantive additions to the Third Amended Complaint are contained in paragraphs 266 to 312 thereto.

not expand at all as all infringement claims relate to Google's Project Loon.  Defendants can show no prejudice in allowing Space Data to amend or supplement the complaint to add these patents.  The Claim Construction Hearing is set for March 16, 2018, leaving plenty of time for patent discovery to be completed, and trial is set for June 3, 2019.  Thus, based on the current stage of this action, Space Data's proposed amendment would not have any effect on the Claim Construction Hearing and trial schedule.

It is efficient and sensible to address these patents together, rather than proceed with separate actions against Google in this district all relating to the same infringing product.  This amendment will simplify both claim construction, the preparation of claims and defenses for all parties, and avoid the need for multiple trials before the Court.  In view of the foregoing, as discussed further below, Space Data respectfully seeks leave to amend or supplement its complaint to add U.S. Patent Nos. 9,632,503 ("the '503 Patent") and 9,643,706 ("the '706 Patent").[3]

## II.   STATEMENT OF FACTS

### *The Case Thus Far*

On June 13, 2016, Space Data filed its complaint in this action based on Google's infringement of U.S. Patent No. 6,628,941 ("the '941 Patent") and U.S. Patent No. 7,801,522 ("the '522  Patent") as well as for misappropriation of trade secrets and breach of contract.  On September 30, 2016, Space Data filed its First Amended Complaint, which dropped the '522 Patent from the case.

---

[3] Space Data also received a "Notice of Allowance" on April 5, 2017 for an interference patent (a patent initially filed by Google relating to Project Loon, claims of which have since been assigned to Space Data by the Patent Trial and Appeal Board ("PTAB")), Patent Application No. 14/328,331 ("the Interference Patent").  *See* Ex. C to Hosie Decl.  Should Space Data receive an Issue Notification for the Interference Patent before the hearing date on this Motion for Leave to Amend, Space Data will file a supplemental brief attaching a revised Third Amended Complaint to include that patent as well.

In the Joint Case Management Statement filed on October 27, 2016, Space Data noted that an interference proceeding was then pending before the PTAB and that, should the PTAB rule in Space Data's favor with respect to the Interference Patent, Space Data would then seek to amend the complaint to add the Interference Patent to the case.  At the Initial Case Management Conference on November 3, 2016, patent discovery was stayed in order to allow time for the Interference Patent to issue and to avoid duplication of patent discovery efforts.

On December 2, 2016, Google moved to dismiss the First Amended Complaint.  At the Further Case Management Conference and Hearing on Google's Motion to Dismiss held on February 16, 2016, Space Data updated the Court on the status of the Interference Patent, noting that the PTAB had ruled in Space Data's favor and that a patent would then issue in the following six to eight months.  The Court decided to lift the stay as to patent discovery at that hearing, but noted that: "I'm not excluding your opportunity to amend the pleading to add a patent, because you've made that clear all along."  *See* Ex. D to Hosie Decl., February 16, 2017 Hearing Tr., 34:1-3.

Google's Motion to Dismiss was granted with leave to amend as to the trade secret misappropriation and breach of contract claims on February 16, 2017.  Hosie Rice substituted in as Space Data's counsel on March 9, 2017.   On April 14, 2017, Space Data served its Disclosure of Asserted Claims and Infringement Contentions, and on April 20, 2017, pursuant to the order on the motion to dismiss, Space Data filed its Second Amended Complaint.

Thus, while this case has been pending since June 2016, very little occurred prior to this April.  Further, although patent discovery has recently begun, the date for the *Markman* hearing in this matter is not set until March 16, 2018 and trial is not set to begin until June 3, 2019, leaving ample time to allow for the addition of these patents to the case.

### ***The Additional Patents***

*Patent Application 15/366,020; U.S. Patent No. 9,632,503*

Space Data originally received a Notice of Allowance for the '503 Patent on February 8, 2017, and told the Court in the Joint Case Management Statement filed on February 9, 2017

1   (ECF 58) that it might consider adding that patent to this case.  Subsequent to that date, the

2   USPTO issued a Corrected Notice of Allowance for the '503 Patent on March 6, 2017.  Space

3   Data received an Issue Notification for the '503 Patent on April 5, 2017, which stated that the

4   patent will issue on April 25, 2017 as Patent No. 9,632,503.  Two days later, on April 7, 2017,

5   Space Data emailed Google's counsel regarding the Issue Notification and requested that

6   Google stipulate to Space Data's amendment to add this patent to the case.  *See* Ex. E to Hosie

7   Decl.  On April 12, 2017, Space Data sent Google a draft of its proposed charging claim for

8   Google's infringement of the '503 Patent in order to allow Google to evaluate whether it would

9   stipulate to Space Data's amendment of the complaint.  *See* Ex. F to Hosie Decl.

10          *Patent Application 15/351,438, U.S. Patent No. 9,643,706*

11          Space Data received a Notice of Allowance for the '706 Patent on March 28, 2017.  On

12   April 19, 2017, Space Data received an Issue Notification for the '706 Patent, which stated that

13   the patent will issue on May 9, 2017 as Patent No. 9,643,706.  On April 23th and April 24th,

14   Space Data communicated with Google's counsel regarding the Issue Notification for the '706

15   Patent and requested that Google stipulate to Space Data's amendment to add this patent to the

16   case.  *See* Ex. H to Hosie Decl.  By email dated April 24, 2017, Google confirmed that while it

17   would agree to the addition of the '503 Patent to the case, it would not agree to the addition of

18   the '706 Patent or the Interference Patent.  *See* Ex. I to Hosie Decl.

19          *The Interference Patent*

20          On December 22, 2016, final judgment was issued with respect to the Interference

21   Patent (Patent Application No. 14/328,331) and prior Google claims were awarded to Space

22   Data.  Space Data told Google of its intentions to add the Interference Patent to this case from

23   the very outset, as discussed above.  On April 12, 2017, Space Data received a Notice of

24   Allowance regarding the Interference Patent, which provides that all claims of the Interference

25   Patent are allowed to Space Data.  Space Data notified Google of the Notice of Allowance two

26   days later, on April 14, 2017.  *See* Ex. G to Hosie Decl.  Based on prior experience, Space Data

27

28

1  expects that the USPTO will send an Issue Notification providing a date certain for the issuance

2  of the Interference Patent with four to six weeks.

3          ***Space Data's Diligence***

4          As detailed above, Space Data has kept both Google and the Court apprised of the status

5  of its pending patent applications and its intentions to add patents to this case from the very

6  beginning.  Space Data notified Google of each significant communication received from the

7  USPTO relating to these additional patents and even sent Google a draft of its charging claims

8  for the '503 Patent, in order to allow Google ample opportunity to agree to this amendment.

9          Space Data moves for leave to amend its complaint now, at the earliest point possible

10  after receiving the Issue Notifications from the USPTO with respect to the '503 and '706

11  Patents, in order to avoid any further delay in the resolution of this case.  Allowing for the

12  addition of these patents into this case will avoid the need to proceed with multiple trials all

13  relating to the same technology and the same infringing product: Google Loon.

14  **III.   ARGUMENT**

15          **a.  Legal Standard**

16          Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be

17  freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and

18  this Court have repeatedly reaffirmed that leave to amend is to be granted with "extreme

19  liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation

20  omitted); *see, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to

21  amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052

22  (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors,

23  there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in

24  original); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by

25  policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper

26  Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991)

27  (courts have been "quite liberal" in granting leave to amend); *Building Service Employees*

28

*Pension Trust v. Horsemen's Quarter Horse Racing Association*, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same); *see also* Moore, *3-15 Moore's Federal Practice - Civil* § 15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)."). The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186. None of these factors are present here.

Alternatively, pursuant to Federal Rule of Civil Procedure 15(d), the court may "on just terms" permit a party to supplement its complaint in order to set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (citation omitted). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co*., 668 F.2d 1014, 1057 (9th Cir. 1982).  Supplemental claims should be allowed where they will "promote the economical and speedy disposition of a controversy." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).

### b.  Space Data Has Good Cause to Amend Its Complaint and Has Diligently Sought Amendment

Good cause exists for the allowance of the Third Amended Complaint as it will save the parties and the Court from having to proceed through the substantial duplication of efforts that would result from a second case relating to the additional patents: two rounds of patent discovery, two rounds of claim construction, two rounds of summary judgment and *two* trials all with respect to similar issues, related to the same Google Loon product, and the same key individuals.  Such a result does not make sense for the Court or the parties.

Space Data's diligence in seeking amendment is shown by the fact that it moves to

amend its complaint now, so that these patents may be added to the case as soon as they issue – or shortly thereafter – in order to avoid any undue delay to the Court or the parties.  Space Data has informed the Court and Google of its intention to add patents to this case from the very beginning.  Space Data has updated Google at every key interval concerning the pending patent applications and has met and conferred with Google multiple times in order to attempt to come to agreement, rather than engage in wasteful motion practice or the necessitation of a second Google Loon case filed in this Court.  On April 24, 2017, the day this motion was filed, Defendants informed Space Data that they would not agree.  Space Data has made every effort to move these patents into this case in as streamlined a way as possible and to avoid the duplication of efforts by the parties and the Court, and has no other choice at this point than to move to amend.

**c.    Defendants Cannot Demonstrate Prejudice, Bad Faith, Delay or Futility.**

Space Data should be granted leave to amend the complaint under Federal Rule of Civil Procedure 15 because Google cannot show that the amendment would cause prejudice to Defendants, is sought in bad faith, creates undue delay, is futile, or that there was repeated failure to cure deficiencies by amendments previously allowed.

**1.    *Defendants Will Not Be Prejudiced by the Amendment.***

Defendants will suffer no prejudice by allowing Space Data to amend the complaint to add these patents. Prejudice can result, for example, where the parties are facing a discovery deadline or trial and the amendment would undermine those upcoming deadlines. *See Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002).  Courts have consistently held that there is no prejudice when a party seeks to amend the complaint in the early stages of litigation. *See DCD Programs*, 833 F.2d at 187-88 (finding abuse of discretion to deny leave to file fourth amended complaint when the "case is still at the discovery stage").

The Court has set the Claim Construction Hearing for the middle March of 2018, and trial for June 2019.   While patent discovery has just recently begun (on April 14th), there is

1  ample time in the case schedule to allow for the adding of these additional patents and

2  supplemental infringement and invalidity contentions (currently due June 12th) by the parties.

3  As of now, the parties' claim construction briefing is set to be completed on October 20, 2017, a

4  full five months before the *Markman* hearing date.  Surely, if these patents are added to the case

5  by the beginning of July, there is still significant time to complete claim construction discovery

6  *and* allow for claim construction to proceed in March 2018 as scheduled.

7          As these patents can be added without any change to the *Markman* hearing date or the

8  trial date, and as Defendants have not yet served their Invalidity Contentions, Google cannot

9  show any prejudice that would result from Space Data's Third Amended Complaint under

10  Federal Rule of Civil Procedure 15.

    **2.      Space Data Has Acted in Good Faith in Seeking the**
11          **Amendment.**

12          Google also cannot show any bad faith on Space Data's part. The Ninth Circuit has

13  explained that bad faith can be a party's "history of dilatory tactics," proposed amendments

14  with "doubtful value," or a party's ulterior motive (e.g., adding "causes of action on which

15  discovery had not been undertaken" in the face of a pending motion for summary judgment or

16  merely "seeking to prolong the litigation by adding new but baseless legal theories"). *Thornton*

17  *v. McClatchy Newspapers, Inc*., 261 F.3d 789, 799 (9th Cir. 2001).

18          None of these types of actions are present here. Rather, Space Data has acted

19  expeditiously to seek amendment, as explained above. Also, Space Data has brought this

20  Motion so the case may move forward efficiently, rather than requiring the filing of a separate

21  action between the same parties on similar issues, related to the same Google Loon product to

22  proceed before this Court *in seriatim*; Space Data's good faith here is apparent.

23          **3.      The Amendment Will Not Cause Any Delay to the Schedule or**
                **Proceedings.**
24

25          There will be no delay to this case as a result of the amendment, let alone undue delay.

26  "Undue delay" encompasses two inquiries, first being whether the proposed amendments would

27  cause an undue delay in the proceedings. *See e.g.*, *Brother Records, Inc. v. Jardine*, 318 F.3d

28

900, 910-11 (9th Cir. 2003). The second inquiry is whether the party seeking leave to amend unduly delayed in seeking amendment. *See e.g.*, *Caswell v. Calderon*, 363 F.3d 832, 839-40 (9th Cir. 2004).

With respect to the first inquiry, as discussed above, Space Data's amendment will not delay any of the proceedings and the Court would not have to change any of the key case schedule dates by allowing this amendment.  Additionally, judicial economy favors amendment here, since Space Data may have to file yet another complaint against Defendants if this motion to amend is denied. *See United States v. Dang*, 488 F.3d 1135, 1143 (9th Cir. 2007) (affirming an amendment on a complaint based on "[t]he rights of the parties, the ends of justice, and judicial economy.").  With respect to the second inquiry, as explained above, Space Data did not delay in seeking to amend the complaint, but rather diligently pursued this request. Space Data notified the Court and Google of its intention to add patents to this case from the outset.  Space Data further proposed its amendment to Defendants as soon as it received the Issue Notification for the '503 Patent and Space Data then brought this Motion promptly after its attempts to resolve the issue with Google failed.

### d.   In the Alternative, Space Data Should Be Allowed to Supplement Its Complaint.

Similarly, under Rule 15(d), the Court may allow Space Data to supplement its complaint for any transaction, occurrence or event that happened after the date of the pleading, unless there are reasons for denying leave such as undue delay, bad faith, prejudice, or futility of the amendment. *See Masonite*, 2011 WL 1642518, at *1. As discussed above, Google cannot show there was undue delay, bad faith, or prejudice, and neither can they show any futility. Therefore, absent leave to amend, Space Data should be granted leave to supplement its complaint to add these additional patents.

## IV.   CONCLUSION

For the foregoing reasons, Space Data respectfully requests leave to amend, or in the alternative, to supplement, its complaint to add the '503 Patent and the '706 Patent and further

1   requests that the Court provide that Space Data may file its Third Amended Complaint within

2   five days of the date of the Order granting this Motion.  Space Data further requests that if the

3   Interference Patent is issued before the hearing date on this Motion, that Space Data be

4   permitted to add the Interference Patent to the Third Amended Complaint as well.

5

6   Dated:  April 24, 2017                    Respectfully submitted,

7
                                             */s/ Spencer Hosie*
8                                            SPENCER HOSIE (CA Bar No. 101777)
                                             shosie@hosielaw.com
9                                            DIANE S. RICE (CA Bar No. 118303)
                                             drice@hosielaw.com
10                                           LYNDSEY C. HEATON (CA Bar No. 262883)
                                             lheaton@hosielaw.com
11                                           DARRELL R. ATKINSON (CA Bar No. 280564)
                                             datkinson@hosielaw.com
12                                           HOSIE RICE LLP
                                             600 Montgomery Street, 34th Floor
13                                           San Francisco, CA 94111
                                             (415) 247-6000 Tel.
14                                           (415) 247-6001 Fax
15
                                             *Attorneys for Plaintiff*
16                                           *SPACE DATA CORPORATION*

17

18

19

20

21

22

23

24

25

26

27

28