# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

SPACE DATA CORPORATION,

    Plaintiff,

v.

X, et al.,

    Defendants.

Case No. 16-cv-03260-BLF

**ORDER GRANTING MOTIONS TO SEAL**

[Re: ECF 74, 78, 81]

Before the Court are Plaintiff Space Data Corporation ("Space Data")'s motions to file under seal portions of its Second Amended Complaint, proposed Third Amended Complaint and exhibits thereto. ECF 74, 78, 81. The motion at ECF 81 is a corrected version of the motion at ECF 74. The motions are unopposed. For the reasons discussed below, the Court GRANTS Space Data's motions.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable

material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

Because the sealing motions relates to Space Data's complaints, which is more than tangentially related to the merits of the case, the instant motions are resolved under the compelling reasons standard. With this standard in mind, the Court rules on the instant motions as follows:

| **ECF No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 74-8 | Second Amended Complaint | GRANTED as to highlighted portions. | The highlighted portions contain technical proprietary confidential information, including Space Data's trade secrets, as well as confidential financial and business information that is competitively sensitive. *See* Ritchie Decl. ¶¶ 5-7, ECF 81-1. |
| 74-9 74-10 74-11 74-12 74-13 | Exhibit C to the Second Amended Complaint | GRANTED. | The entirety of the exhibit contains technical proprietary confidential information, including Space Data's trade secrets. *See* Ritchie Decl. ¶ 5. |
| 74-14 | Exhibit D to the Second Amended Complaint | GRANTED. | The entirety of the exhibit contains technical proprietary confidential information, including Space Data's trade secrets. *See* Ritchie Decl. ¶ 6, ECF 81-1. |
| 78-4 | Third Amended Complaint | GRANTED as to highlighted portions. | The highlighted portions contain technical proprietary confidential information, including Space Data's trade secrets, as well as confidential financial and business information that is competitively sensitive. *See* Ritchie Decl. ¶¶ 5-7, ECF 78-1. |
| 78-5 78-6 78-7 78-8 78-9 | Exhibit C to the Third Amended Complaint | GRANTED. | The entirety of the exhibit contains technical proprietary confidential information, including Space Data's trade secrets. *See* Ritchie Decl. ¶ 5, ECF 78-1.. |

3

| 78-10 | Exhibit D to the Third Amended Complaint | GRANTED. | The entirety of the exhibit contains technical proprietary confidential information, including Space Data's trade secrets. *See* Ritchie Decl. ¶ 6, ECF 78-1. |

For the foregoing reasons, the sealing motions at ECF 78, 81 are GRANTED. The sealing motion at ECF 74 has been corrected by the motion at ECF 81 and thus is TERMINATED as moot.

**IT IS SO ORDERED.**

Dated: May 1, 2017

_____
BETH LABSON FREEMAN
United States District Judge