UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>X, et al.,<br><br>    Defendants. | Case No. 16-cv-03260-BLF<br><br>**OMNIBUS ORDER RE MOTION TO DISMISS, MOTION FOR LEAVE TO AMEND, MOTION TO CHANGE DEADLINE TO AMEND PLEADINGS, AND MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

      Space Data Corporation ("Space Data") brings this action against Defendants Alphabet Inc. and Google Inc. (collectively, "Google"), alleging that Google's "Project Loon"—a research and development project with the mission of providing wireless services using high-altitude balloons placed in the stratosphere—improperly and unlawfully utilizes Space Data's confidential information and trade secrets and infringes Space Data's patents.  Second Am. Compl. ("SAC") ¶¶ 11-16, ECF 91.  Space Data asserts four causes of action: (1) patent infringement, under 35 U.S.C. § 1 *et seq.*; (2) misappropriation of trade secrets, under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §1836; (3) misappropriation of trade secrets, under the California Uniform Trade Secrets Action ("CUTSA"), Cal. Civ. Code § 3426 *et seq.*; and (4) breach of contract.  *See generally id.*  According to the SAC, Space Data's weather balloons carry radio transceivers, which operate collectively as a high-altitude communications platform.  *Id.* ¶¶ 42-47.  In late 2007, Google and Space Data discussed Google investing in or acquiring shares or assets of Space Data. *Id.* ¶¶ 74-85, 110.  The parties entered into a Mutual Confidentiality and Non-Disclosure Agreement ("NDA") to facilitate their discussions, which ultimately did not result in a partnership between the companies.  *Id.* ¶¶ 9, 16, 83, 137-46.

## I. GOOGLE'S MOTION TO DISMISS TRADE SECRET CLAIMS AND THE BREACH OF CONTRACT CLAIMS IN THE SECOND AMENDED COMPLAINT

The Court previously granted Google's motion to dismiss the trade secret claims and the breach of contract claims with leave to amend. *See generally* Order, ECF 59. As stated on the record and in the prior order, the Court found, among other grounds, that the first amended complaint did not satisfy the requirements for pleading the trade secrets with sufficient particularity, and did not adequately allege Google's duty not to use the information in the way alleged. Space Data has since filed a second amended complaint in an attempt to remedy the deficiencies identified by the Court. Google again moves to dismiss the trade secret claims and the breach of contract claims in the SAC. Mot., ECF 88. For the reasons stated on the record and below, the Court GRANTS IN PART Google's motion to dismiss WITH LEAVE TO AMEND.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Google first contends that Space Data's claims for misappropriation of trade secrets pursuant to both the DTSA and CUTSA are deficient because Space Data has not alleged facts sufficient to establish that Google misappropriated the trade secrets. Mot. 6-7. Specifically, Google argues that Space Data has not pled facts showing that Google had a duty not to use the information in the way alleged. *Id.* at 7.

"To state a claim for misappropriation of trade secrets under the [CUTSA], a plaintiff must allege that: (1) the plaintiff owned a trade secret; (2) the defendant misappropriated the trade secret; and (3) the defendant's actions damaged the plaintiff." *Autodesk, Inc. v. ZWCAD Software Co., Ltd.*, No. 14-1409, 2015 WL 2265479, at *5 (N.D. Cal. May 13, 2015) (citation omitted). The elements of misappropriation under the DTSA are similar to those under the CUTSA. *Compare* 18 U.S.C. § 1839(5), *with* Cal. Civ. Code § 3426.1(b).

Although the SAC contains more factual details in support of the trade secret claims

relative to the first amended complaint, it remains deficient in pleading how Google's alleged conduct is proscribed by the NDA. Space Data alleges only that Google's "use vastly exceeds the use permitted under the NDA" and "had a duty to maintain the secrecy of Space Data's trade secrets." *E.g.*, SAC ¶ 253. Such conclusory assertions, however, are not supported by adequate factual allegations. For example, the NDA provides that "Google may use Residuals for any purpose . . ." and defines "Residuals" to mean "information that is retained in the unaided memories of Google's employees or Representatives who had had access to Confidential Information pursuant to the terms of the [NDA]." Ex. A to SAC ("NDA") ¶ 8, ECF 75-1. The SAC does not sufficiently plead how Google's alleged conduct was not covered by this provision, or how it went beyond the scope of the NDA. Factual allegation on these points would be necessary to adequately plead "defendant's misappropriation," the second element of the trade secret claim. *See, e.g.*, *Farhang v. Indian Inst. of Tech., Kharagpur*, No. 08-02658-RMW, 2010 WL 2228936, at *15 (N.D. Cal. June 1, 2010) (finding that the mere allegation that defendants disclosed plaintiffs' trade secrets without their express or implied consent to be conclusory and insufficient allegation for the trade secret claim). Space Data's breach of contract claim is deficient for the same reasons the SAC has failed to adequately allege conduct that went beyond the scope permitted under the NDA. As such, the Court GRANTS IN PART Google's motion to dismiss on this ground with leave to amend.

Google further argues that the identification of trade secrets is vague and ambiguous and that the asserted trade secrets are not adequately distinguished from public information. Mot. 11-17. Google has overinflated these concerns. Instead, the Court finds that the asserted trade secrets are sufficiently identified in the SAC. With respect to identification of trade secrets in a complaint under the Rule 8 standard, the SAC contains "reasonable" detail—enough to permit Google to prepare a defense and for the court to craft limits on discovery. *See Gatan, Inc. v. Nion Co.*, No. 15-01862-PJH, 2017 WL 1196819, at *6 (N.D. Cal. Mar. 31, 2017) (noting that the party alleging misappropriation need not "define every minute detail of its claimed trade secret at the outset of the litigation") (citation omitted). Relatedly, Google also raises the issue that Space Data's amended statement under California Civil Code § 2019.210 fails to state the trade secrets with

3

1  sufficient particularity. Mot. 17-18. However, the § 2019.210 statement is an issue separate from
2  Google's motion to dismiss, and the parties do not dispute that. *See, e.g.*, June 29, 2017 H'rg Tr.
3  3:10-14; July 6, 2017 H'rg Tr. 12:17-24. Thus, the Court DENIES IN PART Google's motion to
4  dismiss on these grounds.

5  Lastly, Google argues that Space Data fails to allege any act of misappropriation after May
6  11, 2016, the date the DTSA was enacted, in support of the DTSA cause of action. *See* 18 U.S.C.
7  § 1836. Even assuming that the SAC has alleged "continuing use," as argued by Space Data, *see*
8  Opp'n 14, this is insufficient. *E.g.*, *Avago Techs. U.S. Inc. v. Nanoprecision Prod., Inc.*, No. 16-
9  03737-JCS, 2017 WL 412524, at *9 (N.D. Cal. Jan. 31, 2017) (finding no "authority suggesting
10 that the DTSA allows a misappropriation claim to be asserted based on the continued use of
11 information that was disclosed prior to the effective date of the statute"); *Cave Consulting Grp.,*
12 *Inc. v. Truven Health Analytics Inc.*, No. 15-02177-SI, 2017 WL 1436044, at *5 (N.D. Cal. Apr.
13 24, 2017) (finding that "without facts about when post-enactment use occurred and whether the
14 information disclosed was new or somehow different from the prior misappropriation, plaintiff has
15 failed to state a claim under the DTSA"). Accordingly, the Court GRANTS IN PART the motion
16 to dismiss the DTSA claim with leave to amend.

17 For the foregoing reasons, the Court GRANTS IN PART Defendants' motion to dismiss
18 claims II, III, and IV on the grounds discussed above. Space Data shall file an amended complaint
19 on or before July 20, 2017.

20 **II.  SPACE DATA'S MOTION FOR LEAVE TO FILE A THIRD AMENDED
         COMPLAINT TO ADD PATENTS AND MOTION TO CHANGE DEADLINE TO
21       AMEND THE PLEADINGS**

22 Space Data moves for leave to amend its complaint to add three patents, all of which had
23 issued when the motion was heard on July 6, 2017: U.S. Patent Nos. 9,643,706; 9,632,503;
24 9,678,193. Mot. for Leave 10, ECF 79. Google opposes the motion, claiming that Space Data
25 cannot satisfy the "good cause" standard under Fed. R. Civ. Proc 16 and that adding these patents
26 would prejudice Google's preparation of its defense based on the current case schedule. Opp'n to
27 Mot. for Leave, ECF 86.
28 Where a party moves to amend its pleadings on or before the deadline to amend the

United States District Court
Northern District of California

pleadings, a motion for leave to amend is evaluated under Fed. R. Civ. Proc. 15. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Space Data filed its motion for leave to amend on April 24, 2017, which is also the last day to amend pleadings as set forth in the case scheduling order. ECF 73. As such, the more liberal Rule 15 standard, and not Rule 16, applies here.

A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2009). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

Even though Google faults Space Data for not being diligent and unduly delaying the amendment, this argument does not persuade this Court to override the general principle of "freely giv[ing] leave [to amend] when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Space Data had previously alerted Google and this Court to the possibility of adding certain new patents at various times in this case. Especially given that the case is still at its early procedural stage, the motion for leave does not reflect undue delay or bad faith on the part of Space Data. Moreover, it does not serve judicial economy and ends of justice if Space Data's recourse is to file a separate case solely for the purpose of asserting additional patents. *See United States v. Dang*, 488 F.3d 1135, 1143 (9th Cir. 2007) (affirming the grant of leave to amend based on the lower court's consideration of "[t]he rights of the parties, the ends of justice, and judicial economy").

The factor of prejudice also does not weigh strongly against granting leave to amend. The Court recognizes that if the patents are added, the parties might need additional time to comply with their disclosure obligations under the Patent Local Rules and to prepare for the *Markman* hearing, which is currently scheduled in March 2018. In light of these deadlines, the Court invites the parties to meet and confer on the disclosure deadlines. Moreover, the Court is willing to accommodate a continuance of the *Markman* tutorial and hearing to July 20 and 27,

5

2018, should the parties make a request. In light of the foregoing discussion, the Court GRANTS Space Data's motion for leave to amend the complaint to assert U.S. Patent Nos. 9,643,706; 9,632,503; and 9,678,193.

In connection with the motion for leave to amend the complaint, Space Data has also filed an administrative motion to change the deadline to amend the pleadings. ECF 77. A motion to change a deadline in the scheduling order should be evaluated under Fed. R. Civ. Proc. 16(b), requiring "good cause." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Space Data could not assert these patents in a complaint until their issuance, which only recently occurred after the deadline to amend the pleadings. The Court thus finds "good cause" to change the deadline to amend the pleadings for the purpose of asserting these three patents. Accordingly, the Court GRANTS the motion to change the deadline to amend the pleadings to July 20, 2017, for the purpose of asserting U.S. Patent Nos. 9,643,706; 9,632,503; and 9,678,193 in an amended complaint.

### III. GOOGLE'S MOTION FOR RELIEF FROM A NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

Google moves for relief from an order of Magistrate Judge Cousins, denying Google's motion for a protective order to delay production of certain core technical documents until Space Data has adequately identified the asserted trade secrets. Mot. for Relief, ECF 117. Although this Court has stayed trade secret discovery pending Space Data's identification of its trade secrets, discovery on the patent claims has begun. Patent Local Rules require Google to disclose certain core technical documents that may overlap with discovery pertaining to Space Data's trade secret claims. Google argues that production of these core technical documents is contrary to the Court's stay of trade secret discovery in accordance with California Civil Code § 2019.210. Space Data opposes the motion, claiming that the core technical documents are relevant to patent infringement and damages claims, and that Google should not be allowed to circumvent its discovery obligations under the Patent Local Rules.

After reviewing the parties' briefing and holding hearings on this motion as well as the parties' motions discussed above, the Court finds that the patent infringement claims asserted in

this case are substantive and separate from the trade secret claims. Accordingly, the Court agrees with Magistrate Judge Cousins that Google has an obligation to produce the core technical documents in connection with the patent infringement claims. The Court anticipates that Space Data will file a third amended complaint on July 20, 2017, and thus will stay the production only until July 20, 2017. As such, Google's motion for relief is GRANTED IN PART and DENIED IN PART. Google shall not withhold the core technical documents after July 20, 2017.

**IT IS SO ORDERED.**

Dated: July 14, 2017

_____
BETH LABSON FREEMAN
United States District Judge