SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
LYNDSEY C. HEATON (CA Bar No. 262883)
lheaton@hosielaw.com
DARRELL R. ATKINSON
(CA Bar No. 280564)
datkinson@hosielaw.com
HOSIE RICE LLP
600 Montgomery Street, 34th Floor
San Francisco, California 94111
Telephone: (415) 247-6000
Facsimile    (415) 247-6001
*Attorneys for Plaintiff*
*SPACE DATA CORPORATION*

KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
CHRISTA M. ANDERSON - # 184325
canderson@keker.com
MATTHEW M. WERDEGAR - # 200470
mwerdegar@keker.com
EUGENE M. PAIGE - # 202849
epaige@keker.com
MATTHIAS A. KAMBER - # 232147
mkamber@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
LEAH PRANSKY - # 302246
lpransky@keker.com
ANDREW S. BRUNS - #315040
abruns@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
*Attorneys for Defendants*
*ALPHABET INC. and GOOGLE LLC.*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>ALPHABET INC., and GOOGLE LLC,<br><br>    Defendants. | Case No. 5:16-cv-03260-BLF (NC)<br><br>**STIPULATED ORDER RE:<br> DISCOVERY OF EMAILS**<br><br>Mag. Judge:  Hon. Nathanael M. Cousins<br>Date Filed:   June 13, 2016<br>Trial Date:    August 5, 2019<br>Courtroom:   7, Fourth Floor |

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production with respect to emails to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. This Order may be modified in the Court's discretion or by stipulation.

3. As in all cases, costs may be shifted for disproportionate email ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

6. A producing party, absent agreement or order to the contrary, may limit its search for responsive documents to the requesting party's requests for production, with respect to emails only,[1] to a total of twelve mutually agreed custodians. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional email custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

7. A producing party, absent agreement or order to the contrary, may limit its search for responsive documents to the requesting party's requests for production, with

---

[1] This Order does not govern discovery of ESI other than emails and other forms of electronic communications such as instant messaging (collectively, "non-email ESI"). The search and production of non-email ESI is governed by the Stipulated Order Re: Discovery of Electronically Stored Information.

respect to emails only, to a total of twelve mutually agreed search terms.  The parties may

jointly agree to modify the twelve email search term limit, and the terms, without the Court's

leave.  The Court shall consider contested requests for additional email search terms, upon

showing a distinct need based on the size, complexity, and issues of this specific case. The

parties shall cooperate to identify proper search terms and shall confer on a process to test the

efficacy of email search terms.  As to the agreed email search terms, the parties agree to meet

and confer in good faith with respect to replacing any email search term a party believes in

good faith to be unworkable following testing results. In general, the search terms shall be

narrowly tailored to particular issues; indiscriminate terms, such as the producing company's

name or its product name, are inappropriate unless combined with narrowing search criteria

that sufficiently reduce the risk of overproduction; a conjunctive combination of multiple

words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a

single search term; a disjunctive combination of multiple words or phrases (*e.g.*, "computer"

or "system") broadens the search, and thus each word or phrase shall count as a separate

search term unless they are variants of the same word; and use of narrowing search criteria

(*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered

when determining whether to shift costs for disproportionate discovery.

8.	Nothing in this Order prevents the parties from agreeing to use technology-

assisted review and other techniques insofar as their use improves the efficacy of discovery.

Such topics should be discussed pursuant to the District's E-Discovery Guidelines.

9.	Nothing in this Order requires a party to disclose irrelevant information or

relevant information that is protected by the attorney-client privilege, the attorney work-

product doctrine, or any other applicable privilege or immunity.  The parties do not waive

any objections to the production, discoverability, admissibility or confidentiality of any

documents or ESI.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated:  February 1, 2018	HOSIE RICE LLP

*/s/ Lyndsey C. Heaton*
LYNDSEY C. HEATON

Attorneys for Plaintiff
*SPACE DATA CORPORATION.*

Dated:  February 1, 2018          KEKER, VAN NEST & PETERS LLP

*/s/ Matthew M. Werdegar*
MATTHEW M. WERDEGAR

Attorneys for Defendants
*ALPHABET INC., GOOGLE LLC*

## **ATTESTATION**

I hereby attest pursuant to Civil Local Rule 5-1(i)(3) that concurrence in the

electronic filing of this document has been obtained from the other signatories.

Dated:  February 1, 2018,                                    */s/ Lyndsey C. Heaton*
                                                              LYNDSEY C. HEATON

**ORDER**

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: February 2, 2018



HON. NATHANAEL M. COUSINS
UNITED STATES MAGISTRATE JUDGE