1  SPENCER HOSIE (CA Bar No. 101777)
   shosie@hosielaw.com
2  DIANE S. RICE (CA Bar No. 118303)
   drice@hosielaw.com
3  LYNDSEY C. HEATON (CA Bar No. 262883)
   lheaton@hosielaw.com
4  BRANDON C. MARTIN (CA Bar No. 269624)
   bmartin@hosielaw.com
5  DARRELL R. ATKINSON (CA Bar No. 280564)
   datkinson@hosielaw.com
6  HOSIE RICE LLP
7  600 Montgomery Street, 34th Floor
   San Francisco, CA 94111
8  (415) 247-6000 Tel.
   (415) 247-6001 Fax
9

10 *Attorneys for Plaintiff*
   *SPACE DATA CORPORATION*

11

12

13                UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
14                     SAN JOSE DIVISION

15

16 SPACE DATA CORPORATION,          | Case No. 5:16-cv-03260-BLF

17          Plaintiff,              | **PLAINTIFF SPACE DATA
                                    | CORPORATION'S ANSWER AND
18 v.                               | AFFIRMATIVE DEFENSES TO
                                    | DEFENDANTS ALPHABET INC. AND
19 ALPHABET INC., and GOOGLE LLC,   | GOOGLE LLC'S COUNTERCLAIMS
20          Defendants.             |
                                    | Judge:      Hon. Beth Labson Freeman
21                                  | Date Filed: June 13, 2016
                                    | Trial Date: August 5, 2019
22

23                                  | **JURY TRIAL DEMANDED**

24

25

26

27

28

## ALPHABET INC. AND GOOGLE LLC's COUNTERCLAIMS

1.       Space Data sets forth by reference paragraphs 1 through 404 of its Third Amended Complaint in their entirety as if fully set forth herein.  No response to Google's Affirmative Defenses is required.

## NATURE OF THE ACTION

2.       Space Data admits that Google purports to seek "an order declaring that Google does not infringe any valid claim of the '941, '503, '706, or '193" Patents but denies that Google is entitled to such an order.  The remaining allegations in this paragraph are legal conclusions to which no response is required.

## THE PARTIES

3.       Space Data admits that Alphabet Inc. is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043-1351.

4.       Space Data admits that Google LLC is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043-1351.

5.       Space Data admits that it is an Arizona corporation with its principal place of business at 2535 W. Fairview Street, Suite 101, Chandler, Arizona 85224-4707.

## JURISDICTION AND VENUE

6.       Space Data admits that Google purports to bring its claims for declaratory relief under Title 35 of the United States Code.  Space Data further admits that this Court has subject matter jurisdiction over certain patent infringement and invalidity counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.  Space Data denies any remaining allegations of this paragraph.

7.       Space Data admits it is prosecuting its Complaint against Google in this Court.  Space Data admits that the parties have a December 1, 2007 Mutual

PLAINTIFF SPACE DATA CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANTS' COUNTERCLAIMS

Case No. 5:16-cv 03260-BLF (NC)

1

Confidentiality and Nondisclosure Agreement.  Space Data denies any remaining allegations in this paragraph.

8.      The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the allegations.

## FACTS COMMON TO ALL COUNTS

9.      Space Data admits it filed the underlying action against Google alleging, among other things, that Space Data is the owner of the '941, '503, '706, and '193 patents and that Google has infringed and is currently infringing the claims of the '941, '503, '706, and '193 Patents listed in Space Data's Election of Asserted Claims.  Space Data denies any remaining allegations in this paragraph.

10.     Space Data admits that Google has denied its claims of patent infringement and that Google avers that certain of the claims of the '941, '503, '706, and '193 Patents are invalid.  Space Data denies any remaining allegations in this paragraph.

11.     Space Data admits that there exists a substantial and actual controversy between Google and Space Data with respect to infringement and invalidity of the claims of the '941, '503, '706, and '193 Patents listed in Space Data's Election of Asserted Claims.  Space Data denies that there exists a substantial and actual controversy between Google and Space Data with respect to infringement or invalidity of any other claims of the '941, '193, '503, and '706 Patents.  The remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the remaining allegations in this paragraph.

## COUNTERCLAIM 1: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 6,628,941

12.     Space Data incorporates by reference its responses to the allegations of paragraphs 1 through 11 above as its response to this paragraph.

PLAINTIFF SPACE DATA CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANTS' COUNTERCLAIMS

Case No. 5:16-cv 03260-BLF (NC)

1    13.    Space Data denies the allegations in this paragraph.

2    14.    Space Data denies the allegations in this paragraph.

3    15.    Space Data denies the allegations in this paragraph.

4    16.    Space Data admits there exists an actual, continuing, justiciable case or

5    controversy between Google and Space Data as to whether the claims of the '941 Patent

6    listed in Space Data's Election of Asserted Claims are infringed by Google.  Space Data

7    denies that there exists an actual, continuing, justiciable case or controversy between

8    Google and Space Data with respect to any other claims of the '941 Patent.  Space Data

9    denies any remaining allegations in this paragraph.

10   17.    Space Data denies the allegations in this paragraph.

11   <u>**COUNTERCLAIM 2: DECLARATORY JUDGMENT OF**</u>

12   <u>**INVALIDITY OF U.S. PATENT NO. 6,628,941**</u>

13   18.    Space Data incorporates by reference its responses to the allegations of

14   paragraphs 1 through 17 above as its responses to this paragraph.

15   19.    Space Data denies the allegations in this paragraph.

16   20.    Space Data admits that it did not invent the idea of using high-altitude balloons

17   for purposes of communication.  Space Data denies that any patents, patent applications,

18   and other references, individually and/or in combination, disclose the asserted claims of

19   the '941 Patent.  Space Data denies that the asserted claims of the '941 Patent are

20   anticipated and/or rendered obvious by Campbell, Lanzerotti, Ibanez-Meier, Seligsohn I,

21   Tuval, Gover, Wong, Ayyagari, Struble, Carten, Raven Report, Cirrus Report, and

22   Djuknic.  Space Data denies that Exhibit A demonstrates that each of these references

23   anticipates and/or renders obvious, alone or in combination with any one of the other

24   references, the asserted claims of the '941 Patent.  The remaining allegations of this

25   paragraph are legal conclusions to which no response is required.  To the extent a

26   response is required, Space Data denies the remaining allegations.

27

28   PLAINTIFF SPACE DATA CORPORATION'S                    Case No. 5:16-cv 03260-BLF (NC)
     ANSWER AND AFFIRMATIVE DEFENSES
     TO DEFENDANTS' COUNTERCLAIMS
                                    3

1   21.   Space Data denies the allegations in this paragraph.

2   22.   Space Data denies that the '941 Patent is invalid under 35 U.S.C. § 112.  Space

3   Data denies that a person of ordinary skill in the art would not have understood Space

4   Data to be in possession of the claimed invention, would not have been able to make use

5   of the alleged invention without undue experimentation, and would not have understood

6   what the claims mean.  Space Data admits that certain claims of the '941 Patent include a

7   limitation stating "free floating without any longitudinal and latitudinal position control."

8   Space Data denies that the '941 Patent contains a negative limitation that is not

9   adequately supported by the specification.  Space Data denies any remaining allegations

10  in this paragraph.

11  23.   Space Data admits that certain claims of the '941 Patent use the phrase "wherein

12  said at least one of said communications devices is capable of handing off

13  communication with said first platform to said second platform as said first platform

14  moves out of a communication range of said at least one of said communications

15  devices."  Space Data denies that the '941 Patent does not adequately explain how such

16  communications devices would hand off communication from one balloon to another.

17  Space Data denies that the specification of the '941 Patent does not adequately describe

18  the criteria for determining when to perform hand off.  Space Data denies that failure to

19  adequately describe how communications devices would hand off communication from

20  one balloon to another or the criteria for determining when to perform hand off would

21  render the claims of the '941 Patent invalid for lack of written description and/or

22  enablement.  Space Data denies that any claims of the '941 Patent fail for lack of written

23  description and/or enablement.  Space Data denies any remaining allegations in this

24  paragraph.

25  24.   Space Data denies the allegations in this paragraph.

26  25.   Space Data denies the allegations in this paragraph.

27

28

1   26.     Space Data admits there exists an actual, continuing, justiciable case or

2   controversy between Google and Space Data as to whether the claims of the '941 Patent

3   listed in Space Data's Election of Asserted Claims are valid.  Space Data denies that there

4   exists an actual, continuing, justiciable case or controversy between Google and Space

5   Data with respect to the validity of any other claims of the '941 Patent.  Space Data

6   denies that there exists an actual, continuing, justiciable case or controversy between

7   Space Data and Google as to the enforceability of any claims of the '941 Patent.  Space

8   Data denies any remaining allegations in this paragraph.

9   27.     Space Data denies the allegations in this paragraph.

10  **COUNTERCLAIM 3: DECLARATORY JUDGMENT OF**

11  **NON-INFRINGEMENT OF U.S. PATENT NO. 9,632,503**

12  28.     Space Data incorporates by reference its responses to the allegations of

13  paragraphs 1 through 27 above as its responses to this paragraph.

14  29.     Space Data denies the allegations in this paragraph.

15  30.     Space Data denies the allegations in this paragraph.

16  31.     Space Data denies the allegations in this paragraph.

17  32.     Space Data admits there exists an actual, continuing, justiciable case or

18  controversy between Google and Space Data as to whether the claims of the '503 Patent

19  listed in Space Data's Election of Asserted Claims are infringed by Google.  Space Data

20  denies that there exists an actual, continuing, justiciable case or controversy between

21  Google and Space Data with respect to any other claims of the '503 Patent.  Space Data

22  denies any remaining allegations in this paragraph.

23  33.     Space Data denies the allegations in this paragraph.

24  **COUNTERCLAIM 4: DECLARATORY JUDGMENT OF**

25  **INVALIDITY OF U.S. PATENT NO. 9,632,503**

26

27

28

34.     Space Data incorporates by reference its responses to the allegations of paragraphs 1 through 33 above as its responses to this paragraph.

35.     Space Data denies the allegations in this paragraph.

36.     Space Data admits that it did not invent the idea of using high-altitude balloons for purposes of communication.  Space Data denies that any patents, patent applications, and other references, individually and/or in combination, disclose the asserted claims of the '503 Patent.  Space Data denies that the asserted claims of the '503 Patent are anticipated and/or rendered obvious by Knoblach, Campbell, Flickinger, Campbell '248, Seligsohn I, GAINS Instrumentation, Chocol, ICAO, FAA 101, Anderson, Holder, Jumper, and Smith.  Space Data denies that Knoblach, Campbell, Flickinger, Campbell '248, Seligsohn I, GAINS Instrumentation, Chocol, ICAO, FAA 101, Anderson, Holder, Jumper, and Smith disclose "balloon communications system as well as the balloon components and flight-termination devices claimed by the '503" Patent.  Space Data denies that Exhibit B demonstrates that each of these references anticipates and/or renders obvious, alone or in combination with any one of the other references, the asserted claims of the '503 Patent.  The remaining allegations of this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the remaining allegations.

37.     The allegations of this paragraph set forth speculation, argument, and legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the allegations in this paragraph.

38.     Space Data denies that the '503 Patent is invalid under 35 U.S.C. § 112.  Space Data denies that any of the claims of the '503 Patent are invalid as indefinite because of lack of antecedent basis.  Space Data admits that independent claims 1, 6, and 15 of the '503 patent each have an element stating "wherein at least one of the geographical coordinates tracking system comprises a GPS."  Space Data denies that this element lacks

1  intelligible meaning. The remaining allegations of this paragraph are legal conclusions to

2  which no response is required.  To the extent a response is required, Space Data denies

3  the remaining allegations.

4  39.     The allegations of this paragraph set forth argument and legal conclusions to

5  which no response is required.  To the extent a response is required, Space Data denies

6  the allegations of this paragraph.

7  40.     Space Data admits there exists an actual, continuing, justiciable case or

8  controversy between Google and Space Data as to whether the claims of the '503 Patent

9  listed in Space Data's Election of Asserted Claims are valid.  Space Data denies that there

10  exists an actual, continuing, justiciable case or controversy between Google and Space

11  Data with respect to the validity of any other claims of the '503 Patent.  Space Data

12  denies that there exists an actual, continuing, justiciable case or controversy between

13  Space Data and Google as to the enforceability of any claims of the '503 Patent.  Space

14  Data denies any remaining allegations in this paragraph.

15  41.     Space Data denies the allegations in this paragraph.

16  <center>**COUNTERCLAIM 5: DECLARATORY JUDGMENT OF**</center>

17  <center>**NON-INFRINGEMENT OF U.S. PATENT NO. 9,643,706**</center>

18  42.     Space Data incorporates by reference its responses to the allegations of

19  paragraphs 1 through 41 above as its responses to this paragraph.

20  43.     Space Data denies the allegations in this paragraph.

21  44.     Space Data denies the allegations in this paragraph.

22  45.     Space Data denies the allegations in this paragraph.

23  46.     Space Data admits there exists an actual, continuing, justiciable case or

24  controversy between Google and Space Data as to whether the claims of the '706 Patent

25  listed in Space Data's Election of Asserted Claims are infringed by Google.  Space Data

26  denies that there exists an actual, continuing, justiciable case or controversy between

27

28  PLAINTIFF SPACE DATA CORPORATION'S                    Case No. 5:16-cv 03260-BLF (NC)
    ANSWER AND AFFIRMATIVE DEFENSES
    TO DEFENDANTS' COUNTERCLAIMS

1   Google and Space Data with respect to any other claims of the '706 Patent.  Space Data

2   denies any remaining allegations in this paragraph.

3   47.     Space Data denies the allegations in this paragraph.

4                    **COUNTERCLAIM 6: DECLARATORY JUDGMENT OF**

5                    **INVALIDITY OF U.S. PATENT NO. 9,643,706**

6   48.     Space Data incorporates by reference its responses to the allegations of

7   paragraphs 1 through 47 above as its responses to this paragraph.

8   49.     Space Data denies the allegations in this paragraph.

9   50.     Space Data admits that it did not invent the idea of using high-altitude balloons

10  for purposes of communication.  Space Data denies that any patents, patent applications,

11  and other references, individually and/or in combination, disclose the asserted claims of

12  the '706 Patent.  Space Data denies that the asserted claims of the '706 Patent are

13  anticipated and/or rendered obvious by Knoblach, Campbell, Flickinger, Campbell '248,

14  Seligsohn I, GAINS Instrumentation, Chocol, ICAO, FAA 101, Anderson, Holder,

15  Jumper, and Smith.  Space Data denies that Knoblach, Campbell, Flickinger, Campbell

16  '248, Seligsohn I, GAINS Instrumentation, Chocol, ICAO, FAA 101, Anderson, Holder,

17  Jumper, and Smith disclose "balloon communications system as well as the balloon

18  components and flight-termination devices claimed by the '706" Patent.  Space Data

19  denies that Exhibit B demonstrates that each of these references anticipates and/or

20  renders obvious, alone or in combination with any one of the other references, the

21  asserted claims of the '706 Patent.  The remaining allegations of this paragraph are legal

22  conclusions to which no response is required.  To the extent a response is required, Space

23  Data denies the remaining allegations.

24  51.     The allegations of this paragraph set forth speculation, argument, and legal

25  conclusions to which no response is required.  To the extent a response is required, Space

26  Data denies the allegations in this paragraph.

27

28  PLAINTIFF SPACE DATA CORPORATION'S                    Case No. 5:16-cv 03260-BLF (NC)
    ANSWER AND AFFIRMATIVE DEFENSES
    TO DEFENDANTS' COUNTERCLAIMS
                                        8

52.     Space Data denies that the '706 Patent is invalid under 35 U.S.C. § 112.  Space Data denies that any of the claims of the '706 Patent, including Claim 29 thereof, are invalid as indefinite because of lack of antecedent basis.  Space Data admits that claim 29 of the '706 patent has an element stating "wherein at least one of the geographical coordinates tracking system comprises a GPS."  The remaining allegations of this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the remaining allegations.

53.     The allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the allegations of this paragraph.

54.     Space Data admits there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the claims of the '706 Patent listed in Space Data's Election of Asserted Claims are valid.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Google and Space Data with respect to the validity of any other claims of the '706 Patent.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Space Data and Google as to the enforceability of any claims of the '706 Patent.  Space Data denies any remaining allegations in this paragraph.

55.     Space Data denies the allegations in this paragraph.

## COUNTERCLAIM 7: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 9,678,193

56.     Space Data incorporates by reference its responses to the allegations of paragraphs 1 through 55 above as its responses to this paragraph.

57.     Space Data denies the allegations in this paragraph.

58.     Space Data denies the allegations in this paragraph.

59.     Space Data denies the allegations in this paragraph.

60.     Space Data admits there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the claims of the '193 Patent listed in Space Data's Election of Asserted Claims are infringed by Google.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Google and Space Data with respect to any other claims of the '193 Patent.  Space Data denies any remaining allegations in this paragraph.

61.     Space Data denies the allegations in this paragraph.

## COUNTERCLAIM 8: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 9,678,193

62.     Space Data incorporates by reference its responses to the allegations of paragraphs 1 through 61 above as its responses to this paragraph.

63.     The allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the allegations of this paragraph.

64.     Space Data admits that it did not invent the idea of using high-altitude balloons for purposes of communication.  Space Data denies that any prior art references, individually and/or in combination, disclose any of the asserted claims of the '193 Patent. The allegation that the '193 Patent is anticipated by Knoblach is a legal conclusion to which no response is required.  To the extent a response is required, Space Data denies that the '193 Patent is anticipated by Knoblach.  Space Data denies that Knoblach is prior art to the '193 Patent.  Space Data admits that Knoblach discloses each and every element of the asserted claims of the '193 Patent.  Space Data denies that the asserted claims of the '193 Patent are rendered obvious by, either alone or in combination with each other, Campbell, Seigsohn I, '090 patent, Carten, POBAL-S, (LeClaire, GAINS Instrumentation, Girz, Gildenburg, Aaron, Global Aerospace Report, and the AFCRL Report.  Space Data denies that Campbell, Seigsohn I, '090 patent, Carten, POBAL-S,

(LeClaire, GAINS Instrumentation, Girz, Gildenburg, Aaron, Global Aerospace Report, and the AFCRL Report disclose balloon communications systems as well as horizontal positioning of balloons via altitude control and relative positioning of balloons within the communications system, as claimed by the '193 Patent. The allegation that Knoblach, in combination with the above references, renders the claims of the '193 patents obvious is a legal conclusion to which no response is required. To the extent a responses is required, Space Data denies that Knoblach, in combination with the above references, renders the claims of the '193 Patent obvious. Space Data denies that Exhibit B demonstrates that each of these references anticipates and/or renders obvious, alone or in combination with the other references, the asserted claims of the '193 Patent. The remaining allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Space Data denies the remaining allegations.

65.     The allegations of this paragraph set forth speculation, argument, and legal conclusions to which no response is required. To the extent a response is required, Space Data denies the allegations in this paragraph.

66.     The allegations of this paragraph set forth argument and legal conclusions to which no response is required. To the extent a response is required, Space Data denies the allegations of this paragraph.

67.     Space Data admits there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the claims of the '193 Patent listed in Space Data's Election of Asserted Claims are valid. Space Data denies that there exists an actual, continuing, justiciable case or controversy between Google and Space Data with respect to the validity of any other claims of the '193 Patent. Space Data denies that there exists an actual, continuing, justiciable case or controversy between

1   Space Data and Google as to the enforceability of any claims of the '193 Patent.  Space

2   Data denies any remaining allegations in this paragraph.

3   68.      Space Data denies the allegations in this paragraph.

4                                   **EXCEPTIONAL CASE**

5   69.      Space Data denies that Google is entitled to an award of its attorneys' fees

6   incurred in connection with defending this action pursuant to 35 U.S.C. § 285.  Space

7   Data denies that Google does not infringe any valid or enforceable claim of the Patents-

8   in-Suit.  Space Data denies that the Patents-in-Suit are invalid and/or unenforceable.

9                                   **PRAYER FOR RELEIF**

10          These paragraphs set forth the statement of relief requested by Google to which

11  no response is required.  Space Data denies any allegations contained in the Prayer for

12  Relief to which a response is required.

13          Space Data denies each and every allegation of Google's counterclaims not

14  specifically admitted or otherwise responded to above.  Space Data specifically denies

15  that Google is entitled to a judgment, with prejudice or otherwise, dismissing Space

16  Data's Complaint against Google.  Space Data Specifically denies that Google is entitled

17  to a judgment that the Patents-in-Suit, or any claim thereof, are not infringed, invalid, and

18  unenforceable.  Space Data specifically denies that Google is entitled to an order that it is

19  the "prevailing party" with respect to Space Data's patent claims.  Space Data

20  specifically denies that Google is entitled to an award granting Google attorney's fees

21  and costs, under law or equity.  Space Data specifically denies that Google is entitled to

22  an order that it is the "prevailing party" with respect to Space Data's misappropriation of

23  trade secrets and breach of contract claims.  Space Data specifically denies that its

24  misappropriation claims were made in bad faith.  Space Data denies that Google is

25  entitled to any award of reasonable attorney's fees and costs, including expert witness

26  fees, pursuant to California Civil Code § 3426.4, 18 U.S.C. § 1836(b)(3)(D) or otherwise.

27

28  PLAINTIFF SPACE DATA CORPORATION'S                    Case No. 5:16-cv 03260-BLF (NC)
    ANSWER AND AFFIRMATIVE DEFENSES
    TO DEFENDANTS' COUNTERCLAIMS
                                            12

Space Data specifically denies that Google is entitled to any relief whatsoever of any kind against Space Data as a result of any act of Space Data or any person or entity acting on behalf of Space Data.

## AFFIRMATIVE DEFENSES TO COUNTER CLAIMS

Space Data asserts the following affirmative defenses.  To the extent any of the defenses, in whole or in part, relates to or negates an element of Google's claims, Space Data in no way seeks to relieve Google of its burden of proof or persuasion on that element.  All defenses are pled in the alternative and do not constitute an admission of liability or that Google is entitled to any relief whatsoever.  Space Data reserves any and all rights it has under the Federal Rules of Civil Procedure to assert additional defenses and/or counterclaims as additional facts are learned or present themselves during discovery or otherwise during the course of these proceedings.

### First Affirmative Defense – Issue Preclusion and Claim Preclusion
### (Counterclaim 8)

The doctrines of issue preclusion and claim preclusion preclude Google from relitigating the priority date and invalidity of the asserted claims of '193 Patent.  On June 1, 2016, Space Data filed an interference (the "Interference") with the Patent Trial and Appeal Board ("PTAB").  During the Interference, Space Data asserted that it was the senior rights holder of Claims 1-12 and 16-24 of Google's 8,820,678 patent (the "'678 Patent").  Space Data moved for judgement that, as senior rights holder of these claims, the claims should be accorded the benefit of priority to Space Data's U.S. Patent Application No. 09/342,440 filed June 29, 1999.  Google, through counsel, indicated that it did not intend to contest priority.  The PTAB held that "this concession of priority mooted the need" to consider Space Data's motion for Judgment on Priority.  The PTAB further held that Google's indication that it "did not intend to contest priority in this case" was "a concession of priority" and entered final judgment that claims 1-12 and 16-24 of

Google's '678 Patent should be cancelled in favor of Space Data.  Google did not appeal this judgment at the PTAB or in the Federal Courts.  The time for such an appeal has passed.

Claim 1 of the '678 Patent thereafter issued as asserted Claim 1 of the '193 Patent.  Claim 2 of the '678 patent issued as asserted Claim 2 of the '193 Patent.  Claim 9 of the '678 Patent issued as asserted Claim 4 of the '193 Patent.  Claim 21 of the '678 Patent was incorporated into asserted Claim 17 of the '193 Patent.  Limitations from Claim 1 of the '678 Patent were incorporated into asserted Claim 14 of the '193 Patent.

Google had a full and fair opportunity to litigate the issue of priority date and invalidity of asserted Claims 1, 2, 4, 14, and 17 of the '193 Patent at the PTAB.  It chose to concede priority instead.  In light of Google's concession on the merits of priority, the PTAB entered final judgment against Google.  That judgment can no longer be appealed.  Google was identified as the real party-in-interest with respect to the '678 Patent in the Interference.  Space Data was also identified as the real party interest.

Space Data has been prejudiced by Google's conduct, including because it could have asked the PTAB, which is staffed by experts with technical expertise, to fully address priority and invalidity of the claims at issue in the Interference.

Google is therefore precluded, under the doctrines of issue preclusion and claim preclusion, from relitigating the issue of priority and invalidity with respect to at least asserted Claims 1, 2, 4, 14, and 17 of the '193 Patent as well as any asserted claims that depend from them.  Google had its day in court on these issues with respect to these asserted claims.  It had the opportunity to present at the PTAB all the facts and advance all of its arguments on priority and invalidity with respect to these claims.  It chose instead to concede.

**Second Affirmative Defense – Judicial Estoppel**

**(Counterclaim 8)**

Google cannot assert a position in this proceeding that is contrary to or inconsistent with the positions that it has taken and continues to take with respect to certain of the '193 asserted claims at the U.S. Patent and Trademark Office and at other patent issuing entities in foreign countries.

As discussed above, asserted Claims 1, 2, 4, 14, and 17 of the '193 Patent are either identical to, or substantially similar to, certain claims of Google's '678 Patent. During prosecution of the application that resulted in the '678 Patent, the purported inventors of Google's '678 Patent swore that they were aware of their "duty to disclose information which is material to patentability" and assigned the application to Google. The applicants for the '678 Patent submitted Information Disclosure Statements to the PTO disclosing material identical to, or not materially different from, the prior art references Google now asserts invalidate the asserted claims of the '193 Patent.

The PTO rejected then-pending claims 1, 3, 13, and 26 of the '678 Patent, among others, as being anticipated by Campbell. Google then scheduled an examiner interview, and argued that a claims amendment would overcome the rejection. The PTO tentatively agreed and asked that Google submit the amended claims with a detailed explanation of why the claims—as amended—overcame Campbell.

Google then amended then-pending claims 1 and 3 as follows:

> 1.   (Currently Amended) A method comprising:
>
> determining a location of a target balloon;
>
> determining locations of one or more neighbor balloons relative to the determined location of the target balloon, wherein the target balloon comprises a communication system that is operable for data communication with at least one of the one or more neighbor balloons;
>
> determining a desired movement of the target balloon based on the

determined locations of the one or more neighbor balloons relative

to the determined location of the target balloon, <u>wherein the</u>

<u>desired movement of the target balloon comprises a desired</u>

<u>horizontal movement of the target balloon</u>; and

controlling the target balloon based on the desired movement of

the target balloon, <u>wherein controlling the target balloon based on</u>

<u>the desired movement of the target balloon comprises controlling</u>

<u>an altitude of the target balloon based on the desired horizontal</u>

<u>movement of the target balloon</u>.

3.      (Currently Amended) The method of claim [[2]] <u>1</u>, wherein

controlling the altitude of the target balloon based on the desired

horizontal movement of the target balloon comprises:

determining that the desired horizontal movement of the target

balloon can be achieved by exposing the target balloon to ambient

winds of a particular velocity;

determining that ambient winds of the particular velocity are likely

to be available at a particular altitude; and

adjusting the altitude of the target balloon to attain the particular altitude.

Google argued to the PTO that the idea of controlling internet balloons by moving

them vertically to catch microwinds to move as desired horizontally, all as part of a

coherent balloon-borne internet constellation, was manifestly novel and not anticipated.

Specifically, Google argued to the PTO:

In rejecting claim 2, the Examiner alleged that Campbell discloses

"wherein controlling the target balloon based on the desired

movement of the target balloon comprises controlling an altitude

of the target balloon based on the desired horizontal movement of

the target balloon." *See* Office Action, pp. 3-4.  Applicant submits, however, that Campbell includes no such disclosure.  Thus, the feature of "controlling an altitude of the target balloon based on the desired horizontal movement of the target balloon," as recited in amended claim 1, and the feature of "control an altitude of the balloon based on the desired horizontal movement of the balloon," recited in amended claim 26, clearly distinguish over Campbell. Accordingly, Applicant submits that claims 1 and 26, as amended, are allowable over Campbell for at least the foregoing reasons.  Applicant further submits that claims 3-5, 7-22, 26, 28 and 30-31 are allowable for at least the reason that they form allowable independent claims.

The PTO accepted Google's position and then-pending claims 1, 3, 5, and 26 of the application thereafter issued as Claims 1, 2, 9, and 21 of '678 Patent.  Priority to these claims was later awarded to Space Data and asserted Claims 1, 2, 4, 14, and 17 of the '193 Patent are either identical to, or substantially similar to, Claims 1, 2, 9, and 21 of Google's '678 Patent.

In addition to doing so in the U.S., Google has prosecuted and argued that claims identical to, substantially similar to, or incorporating Claims 1, 2, 9, and 21 of the '678 Patent are valid in foreign jurisdictions around the world, including in at least the EU, Brazil, China, Canada, and Australia.

Google has enjoyed the benefit of exclusivity of these claims after telling patent offices around the world the claims are valid.  It should be estopped from arguing otherwise in this case.

**Third Affirmative Defense – Waiver, Acquiescence, Ratification, or Consent**

**(Counterclaim 8)**

1    Google's claims and the relief sought by Google are barred, in whole or in part,

2  by the equitable doctrines of acquiescence, waiver, ratification, or consent.  On June 1,

3  2016, Space Data filed an interference (the "Interference") with the Patent Trial and

4  Appeal Board ("PTAB").  During the Interference, Space Data asserted that it was the

5  senior rights holder of Claims 1-12 and 16-24 of Google's 8,820,678 patent (the "'678

6  Patent").  Space Data moved for judgement that, as senior rights holder of these claims,

7  the claims should be accorded the benefit of priority to Space Data's U.S. Patent

8  Application No. 09/342,440 filed June 29, 1999.  Google therefore knew that the issue of

9  whether the claims 1-12 and 16-24 of Google's '678 Patent should be accorded the

10  benefit of priority to Space Data's U.S. Patent Application No. 09/342,440, filed June 20,

11  1999, was at issue in the Interference.  Google, through counsel, indicated that it did not

12  intend to contest priority.  The PTAB held that "this concession of priority mooted the

13  need" to consider Space Data's motion for Judgment on Priority.  The PTAB further held

14  that Google's indication that it "did not intend to contest priority in this case" was "a

15  concession of priority" and entered final judgment that Claims 1-12 and 16-24 of

16  Google's '678 Patent should be cancelled in favor of Space Data.  Google did not appeal

17  this judgment at the PTAB or in Federal Courts.  The time for such an appeal has passed.

18    Claim 1 of the '678 Patent thereafter issued as asserted Claim 1 of the '193

19  Patent.  Claim 2 of the '678 patent issued as asserted Claim 2 of the '193 Patent.  Claim 9

20  of the '678 Patent issued as asserted Claim 4 of the '193 Patent.  Claim 21 of the '678

21  Patent was incorporated into asserted Claim 17 of the '193 Patent.  Limitations from

22  Claim 1 of the '678 Patent were incorporated into asserted Claim 14 of the '193 Patent.

23    Google had a full and fair opportunity to litigate the issue of priority date and

24  invalidity of asserted Claims 1, 2, 4, 14, and 17 of the '193 Patent at the PTAB.  It chose

25  to concede priority instead.  In light of Google's concession on the merits of priority, the

26  PTAB entered final judgment against Google.  That judgment can no longer be appealed.

27

28  PLAINTIFF SPACE DATA CORPORATION'S          Case No. 5:16-cv 03260-BLF (NC)
      ANSWER AND AFFIRMATIVE DEFENSES
      TO DEFENDANTS' COUNTERCLAIMS

Google was identified as the real party-in-interest with respect to the '678 Patent in the Interference.  Space Data was also identified as the real party interest.

Space Data has been prejudiced by Google's conduct, including because it could have asked the PTAB, which is staffed by experts with technical expertise, to fully address priority and invalidity of the claims at issue in the Interference.

Google is therefore precluded, under by the equitable doctrines of acquiescence, waiver, ratification, or consent, from relitigating the issue of priority and invalidity with respect to at least asserted Claims 1, 2, 4, 14, and 17 of the '193 Patent as well as any asserted claims that depend from them.  Google consented and acquiesced to judgment on priority.  In addition, Google cannot now raise any "issue[ ] that w[as], or by motion could have properly been, raised and decided" during the Interference, including the validity of the claims at issue during the Interference.  *See* 37 C.F.R. § 41.127.  Google has therefore waived arguments as to invalidity with respect to at least asserted Claims 1, 2, 4, 14, and 17 of the '193 Patent as well as any asserted claims that depend from them.

## Fourth Affirmative Defense – Failure to State a Claim
## (Counterclaims 2, 4, 6, and 8)

Google purports to demand a "judgment finding that every asserted claim of the" '941, '193, '503, and '706 Patents are "unenforceable."  *See* Google's Counterclaims at ¶¶ 27, 41, 55, 68, and Prayer for Relief.  Google's Counterclaims for unenforceability are naked legal conclusions devoid of any factual enhancement whatsoever.  Google's Counterclaims for unenforceability therefore fail to state a claim upon which relief may be granted.

## Fifth Affirmative Defense – Lack of Subject Matter Jurisdiction
## (All Counterclaims)

Google purports to demand "a judgment finding that the" entirety of the '941, '193, '503, and '706 Patents are "not infringed by any of Google's products or services."

*See* Google's Counterclaims at ¶¶ 17, 33, 47, 61, and 69.  Google's infringement of claims of the '941, '193, '503, and '706 Patents other than those listed in Space Data's Election of Asserted Claims are not at issue in this case.  The Court therefore lacks jurisdiction over Google's counterclaims for non-infringement to the extent Google seeks judgment that it does not infringe claims of the '941, '193, '503, and '706 Patents other than those listed in Space Data's Election of Asserted Claims.

Google also purports to demand a judgment that the '941, '193, '503, and '706 Patents are "not infringed by ***any of Google's products or services***."  *See* Google's Counterclaims at ¶¶ 17, 33, 47, 61, and 14.  Infringement of Google's products and services, other than those products and services identified in Space Data's Disclosures of Asserted Claims and Infringement Contentions, are not at issue in this case.  The Court therefore lacks jurisdiction over Google's Counterclaims for non-infringement to the extent Google seeks judgment that its products and services, other than those identified in Space Data's Disclosures of Asserted Claims and Infringement Contentions, do not infringe the '941, '193, '503, and '706 Patents.

Google purports to demand a "judgement that the Patents-in-Suit . . . are invalid."  *See* Google's Counterclaims at Prayer for Relief.  Validity of the claims of the '941, '706, '503, and '193 Patents, other than those listed in Space Data's Election of Asserted Claims, are not at issue in this case.  The Court therefore lacks jurisdiction over Google's Counterclaims for invalidity to the extent Google seeks judgment that claims other than those listed in Space Data's Election of Asserted Claims are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Space Data requests entry of judgment in its favor and against Google as follows:

    a.    For a judgment dismissing Google's counterclaims against Space Data with prejudice; and

PLAINTIFF SPACE DATA CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANTS' COUNTERCLAIMS

Case No. 5:16-cv 03260-BLF (NC)

1        b.      Any other and further relief that this Court may deem proper and just.

2   Dated:  April 20, 2018          Respectfully submitted,

3

4                          */s/ Spencer Hosie*
                              SPENCER HOSIE (CA Bar No. 101777)

5                            shosie@hosielaw.com
                            DIANE S. RICE (CA Bar No. 118303)

6                            drice@hosielaw.com
                            LYNDSEY C. HEATON (CA Bar No. 262883)

7                            lheaton@hosielaw.com
                            BRANDON C. MARTIN (CA Bar No. 269624)

8                            bmartin@hosielaw.com
                            DARRELL R. ATKINSON (CA Bar No. 280564)

9                            datkinson@hosielaw.com
                            HOSIE RICE LLP

10                           600 Montgomery Street, 34th Floor

11                           San Francisco, CA  94111
                           (415) 247-6000 Tel.

12                           (415) 247-6001 Fax

13                           *Attorneys for Plaintiff*

14                           SPACE DATA CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28   PLAINTIFF SPACE DATA CORPORATION'S             Case No. 5:16-cv 03260-BLF (NC)
     ANSWER AND AFFIRMATIVE DEFENSES
     TO DEFENDANTS' COUNTERCLAIMS