# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., et al.,<br><br>Defendants. | Case No.  16-cv-03260-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Re: ECF 190] |

Before the Court is Plaintiff Space Data Corporation's ("Space Data") motion for partial summary judgment. Mot., ECF 190.  Space Data argues that Defendants Alphabet Inc. and Google LLC (collectively, "Google") are judicially estopped from claiming that the asserted claims in Space Data's U.S. Patent No. 9,678,193 (the "'193 patent") are invalid under 35 U.S.C. §§ 101, 102, and/or 103.  *Id.* at 1.  The Court heard oral argument on the motion on May 17, 2018. For the reasons discussed below, Space Data's motion is DENIED.

## I.  BACKGROUND

Space Data brings this action against Google, alleging that Google's "Project Loon"—a research and development project with the mission of providing wireless services using high-altitude balloons placed in the stratosphere—infringes Space Data's patents and unlawfully uses Space Data's confidential information and trade secrets.  Third Am. Compl. ("TAC"), ECF 144. Space Data asserts (1) claims for patent infringement of four patents owned by Space Data; (2) misappropriation of trade secrets, under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §1836; (3) misappropriation of trade secrets, under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426 *et seq.*; and (4) breach of contract.  *See generally id.*  In particular, Space Data claims that Google infringes Space Data's '193 patent titled ("Systems and Applications of Lighter-Than-Air (LTA) Platforms").  TAC ¶¶ 380–404.

United States District Court<br>Northern District of California

1    Space Data and Google have each filed patent applications relating to balloon

2    communicating systems.  One of Google's patent applications was issued as U.S. Patent No.

3    8,820,678 (the "'678 patent") on September 2, 2014.  Ex. A to Pransky Decl., ECF 225-2.  Shortly

4    before the '678 patent issued, on July 10, 2014, Space Data filed an application which became

5    Patent Application No. 14/328,331 (the "'331 application").  Ex. B to Pransky Decl., ECF 225-3.

6    In 2015, Space Data provoked an interference proceeding at the PTO and asserted that the claims

7    in the '331 application had priority over those in Google's '678 patent.  Ex. C to Pransky Decl.

8    (Letter to Commissioner of Patents dated April 24, 2015), ECF 225-4.  Google did not contest

9    priority in the interference proceeding.  As a result, the PTO's Patent Trial and Appeal Board

10   ("PTAB") issued a ruling in Space Data's favor.  Ex. 8 to Hosie Decl. (Interference Judgment

11   entered August 31, 2016), ECF 185-9.  Space Data's '331 application issued as the '193 patent on

12   June 13, 2017.  Ex. D to Pransky Decl., ECF 225-5.

13   **II.    LEGAL STANDARD**

14   Federal Rule of Civil Procedure 56 governs motions for summary judgment.  Summary

15   judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions

16   on file, together with the affidavits, if any, show that there is no genuine issue as to any material

17   fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v.*

18   *Catrett,* 477 U.S. 317, 322 (1986).  "Partial summary judgment that falls short of a final

19   determination, even of a single claim, is authorized by Rule 56 in order to limit the issues to be

20   tried." *State Farm Fire & Cas. Co. v. Geary,* 699 F. Supp. 756, 759 (N.D. Cal. 1987).

21   The moving party "bears the burden of showing there is no material factual dispute," *Hill*

22   *v. R+L Carriers, Inc.*, 690 F. Supp. 2d 1001, 1004 (N.D. Cal. 2010), by "identifying for the court

23   the portions of the materials on file that it believes demonstrate the absence of any genuine issue

24   of material fact." *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th

25   Cir. 1987).  In judging evidence at the summary judgment stage, the Court "does not assess

26   credibility or weigh the evidence, but simply determines whether there is a genuine factual issue

27   for trial." *House v. Bell,* 547 U.S. 518, 559-60 (2006).  A fact is "material" if it "might affect the

28   outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party.

2    *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

3           Where the moving party will have the burden of proof on an issue at trial, it must

4    affirmatively demonstrate that no reasonable trier of fact could find other than for the moving

5    party. *Celotex*, 477 U.S. at 325; *Soremekun v. Thrifty Payless, Inc.,* 509 F.3d 978, 984 (9th Cir.

6    2007).  Once the moving party meets its initial burden, the nonmoving party must set forth, by

7    affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue

8    for trial." *Liberty Lobby,* 477 U.S. at 250 (internal quotation marks omitted).  If the nonmoving

9    party's "evidence is merely colorable, or is not significantly probative, summary judgment may be

10   granted." *Id.* at 249–50 (internal citations omitted).  Mere conclusory, speculative testimony in

11   affidavits and moving papers is also insufficient to raise genuine issues of fact and defeat

12   summary judgment.  *See Thornhill Publ'g Co. v. GTE Corp.,* 594 F.2d 730, 738 (9th Cir.1979).

13   For a court to find that a genuine dispute of material fact exists, "there must be enough doubt for a

14   reasonable trier of fact to find for the [non-moving party]." *Corales v. Bennett*, 567 F.3d 554, 562

15   (9th Cir. 2009).

16   **III.    DISCUSSION**

17          Space Data seeks partial summary judgment that (1) Google is "judicially estopped from

18   arguing that references disclosed during proceedings involving [Google's] patent applications

19   and/or patents before the [PTO] and/or foreign patent offices, and references duplicative of the

20   disclosed references, constitute prior art as to asserted claims 1, 2, 4 and 17 of Space Data's ['193

21   patent] under 35 U.S.C. §§ 102 and/or 103" and (2) Google is judicially estopped from arguing

22   that asserted claims 1, 2, 4 and 17 of the '193 patent ("Asserted Claims") are invalid under 35

23   U.S.C. §§ 101, 102, and/or 103.  Mot. 1.

24          In its motion, Space Data asserts that the Asserted Claims of the ' 193 patent are identical

25   to certain claims that were issued in Google's '678 patent.  *See* Mot. 2.  Despite this identity,

26   Space Data argues, Google now contends that the Asserted Claims are invalid as being anticipated

27   or rendered obvious by certain references.  *Id.* at 11–12.  For support, Space Data points to

28   Google's Preliminary Invalidity Contentions, which lists a table of references that Google intends

United States District Court
Northern District of California

1   to rely on for its anticipation and obviousness arguments.  Ex. 16 to Hosie Decl. ("Invalidity

2   Contentions"), ECF 185-17.  In Space Data's view, Google has changed its position that it took

3   during the PTO proceedings and now argues that the Asserted Claims are invalid based on the

4   "very references that Google itself said repeatedly did not anticipate and make obvious."  Mot. 20.

5   Based on this premise, Space Data asserts that judicial estoppel bars Google from challenging the

6   validity of the Asserted Claims in this proceeding.  *Id.* at 19–21.

7        Google responds with two arguments.  First, Google contends that "[i]t is well-settled law

8   that the prosecution of a patent does not estop a party from later arguing that the patent it once

9   attempted to secure is invalid."  Opp'n 5, ECF 225.  For support, Google cites a number of cases

10  where courts have declined to apply judicial estoppel.  *Id.* at 5–6 (citing *Paramount Publix Corp.*

11  *v. Am. Tri–Ergon Corp.*, 294 U.S. 464 (1935); *Haughey v. Lee*, 151 U.S. 282 (1894); *Veaux v. S.*

12  *Oregon Sales*, 123 F.2d 455 (9th Cir. 1941); *Kellogg Switchboard & Supply Co. v. Michigan Bell*

13  *Tel. Co.*, 99 F.2d 203, 205 (6th Cir. 1938)).  Second, Google asserts that even if judicial estoppel

14  were to apply, Google is not estopped from arguing the invalidity of the Asserted Claims because

15  it has not made any inconsistent representations to the PTO and the Court.  *Id.* at 7–12.

16        The Court need not decide whether a categorical rule bars the application of judicial

17  estoppel to patent invalidity arguments because Space Data has failed to satisfy its moving burden

18  to prevail on this motion even under *New Hampshire v. Maine*, 532 U.S. 742 (2001), which Space

19  Data urges the Court to apply.

20        The doctrine of judicial estoppel provides that "[w]here a party assumes a certain position

21  in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply

22  because his interests have changed, assume a contrary position, especially if it be to the prejudice

23  of the party who has acquiesced in the position formerly taken by him."  *New Hampshire*, 532

24  U.S. at 749 (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)).  The Supreme Court in *New*

25  *Hampshire* articulated several factors that inform the courts when deciding whether to apply the

26  judicial estoppel doctrine in a particular case.  "First, a party's later position must be 'clearly

27  inconsistent' with its earlier position."  *Id.* at 750.  "Second, courts regularly inquire whether the

28  party has succeeded in persuading a court to accept that party's earlier position, so that judicial

4

United States District Court
Northern District of California

1  acceptance of an inconsistent position in a later proceeding would create 'the perception that either

2  the first or the second court was misled.'" *Id.*  "A third consideration is whether the party seeking

3  to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment

4  on the opposing party if not estopped." *Id.* at 751.  "Additional considerations may inform the

5  doctrine's application in specific factual contexts." *Id.*  In addition, "[w]hether judicial estoppel

6  applies is a matter of regional circuit law" even in patent cases.  *See, e.g.*, *Minnesota Min. & Mfg.*

7  *Co. v. Chemque, Inc.*, 303 F.3d 1294, 1302 (Fed. Cir. 2002).  The Ninth Circuit generally has

8  considered the *New Hampshire* factors in applying judicial estoppel.  *See, e.g., Elston v. Westport*

9  *Ins. Co.*, 253 F. App'x 697, 699 (9th Cir. 2007).

10       Google argues that even if judicial estoppel were to apply, Google should not be estopped

11  from arguing the invalidity of the Asserted Claims because it has not made any inconsistent

12  representations.  Opp'n 7–12.  *New Hampshire* provides that "a party's later position must be

13  'clearly inconsistent' with its earlier position" for judicial estoppel to take effect.  532 U.S. at 750.

14  The Court has reviewed the prosecution history of the '678 patent to determine whether Google is

15  correct.

16       As Space Data points out, the patent examiner issued a non-final rejection stating that

17  the '678 patent claims were anticipated or rendered obvious by U.S. Patent No. 6,167,263

18  ("Campbell").  Ex. 1 to Hosie Decl. (January 3, 2014 Non-Final Rejection), ECF 185-2.  In

19  response, Google amended independent claim 1 to recite that "the desired movement of the target

20  balloon comprises a desired horizontal movement of the target balloon" and that "controlling the

21  target balloon based on the desired movement of the target balloon comprises controlling an

22  altitude of the target balloon based on the desired horizontal movement of the target balloon."

23  Ex. 3 to Hosie Decl. 2 (March 24, 2014 Office Action Response), ECF 185-4.  Google added

24  similar features to independent claim 26.  *Id.* at 7.  Google then argued that Campbell did not

25  disclose the feature of "controlling an altitude of the target balloon based on the desired horizontal

26  movement of the target balloon" and thus the claims were patentable.  *Id.* at 15.  Subsequently, the

27  PTO issued the '678 patent.  Ex. 4 to Hosie Decl. (Issue Notification), ECF 185-5.

28       Here, Google avers that its Invalidity Contentions are not inconsistent with the prosecution

United States District Court
Northern District of California

1    history described above.  Opp'n 9.  The Court agrees.  The Invalidity Contentions assert that "the

2    only limitation of the independent claims of the '193 patent that was not disclosed by Campbell is

3    the use of altitude control for horizontal positioning of a balloon."  Invalidity Contentions 11.

4    This statement is not inconsistent with Google's representation that Campbell does not disclose

5    "controlling an altitude of the target balloon based on the desired horizontal movement of the

6    target balloon" as stated in its March 24, 2014 Office Action Response.  In fact, Google's

7    obviousness arguments are premised on Campbell's lack of disclosure.  In the Invalidity

8    Contentions, Google further identifies a number of references that purportedly cure Campbell's

9    deficiency.  Invalidity Contentions 13–20.  Google then explains why one of skill in the art would

10    have combined Campbell with those references to render independent claims 1 and 17 of the '193

11    patent obvious.  *Id.* at 12–20.  This line of reasoning does not contradict Google's arguments that

12    were presented to the PTO.  For these reasons, Space Data has not shown that Google is relying on

13    arguments that are "clearly inconsistent" with the statements made during the prosecution of

14    the '678 patent.  *New Hampshire*, 532 U.S. at 749 (holding that a party's later position must be

15    "clearly inconsistent" with its earlier position for judicial estoppel to apply).

16       The Court is unpersuaded by Space Data's other arguments.  First, Space Data argues that

17    the Invalidity Contentions are inconsistent with Google's position that was taken during the

18    parties' interference proceedings.  *See* Mot. 10–11; Reply 15.  The Invalidity Contentions assert

19    that U.S. Patent No. 6,402,090 ("Aaron") in combination with other references would render the

20    Asserted Claims obvious.  Invalidity Contentions 13–15.  According to Space Data, "Google

21    conceded during the [i]nterference [p]roceeding that Aaron did not invalidate the core '678

22    claims."  Mot. 10.  The Court disagrees with Space Data's characterization of Google's position.

23    During the interference proceeding, the PTAB considered Aaron in the context of whether certain

24    dependent claims in the '678 patent were within the same "count" [1] as independent claim 1.  Ex.

25    12 to Hosie Decl., ECF 185-13.  Whether Aaron anticipated or rendered obvious the subject matter

26

27

28

---

[1] "Count means the Board's description of the interfering subject matter that sets the scope of admissible proofs on priority."  37 C.F.R. § 41.201.  "[E]ach count must describe a patentably distinct invention."  *Id.*

1    of the Asserted Claims was not at issue.  *See id.*  As such, the Court finds that Space Data has not

2    identified any inconsistent statements made by Google regarding Aaron.

3          Second, citing to Google's Information Disclosure Statements, Space Data argues that

4    "Google told the PTO that the prior art listed did not anticipate nor render obvious" the '678

5    patent claims.  Reply 8 (citing Exs. 32, 34 to Hosie Decl. (the "'678 Information Disclosure

6    Statements"), ECF 135-33, -34).  However, the '678 Information Disclosure Statements do not

7    include any statement that Google believed that the listed references do not anticipate or render

8    obvious the claims that were being pursued.  *See* Exs. 32, 34 to Hosie Decl.  Moreover, "[t]he

9    filing of an information disclosure statement shall not be construed to be an admission that the

10   information cited in the statement is, or is considered to be, material to patentability as defined in

11   § 1.56(b)."  37 C.F.R. § 1.97.  Thus, the "mere submission of an [information disclosure

12   statement] to the USPTO does not constitute the patent applicant's admission that any reference in

13   the [information disclosure statement] is material prior art."  *Abbott Labs. v. Baxter Pharm. Prod.,*

14   *Inc.*, 334 F.3d 1274, 1279 (Fed. Cir. 2003).  The Court therefore rejects Space Data's argument

15   that the '678 Information Disclosure Statements show any "clearly inconsistent" positions taken

16   by Google.  *New Hampshire*, 532 U.S. at 749 (requiring a showing that the accused party has

17   taken a "clearly inconsistent" position for judicial estoppel to apply).

18         Third, according to Space Data, Google's inventor declaration states "that the invention

19   was Google's alone and fully novel and non-obvious."  Reply 8 (citing Ex. 36 to Hosie Decl.

20   ("Inventor Declaration"), ECF 185-37).  But the inventor declaration for the '678 patent contains

21   no such statement.  *See* Inventor Declaration.  Rather, the Inventor Declaration states that the

22   listed inventors believe that they are the first and joint inventors of "the subject matter which is

23   claimed and for which a patent is sought" and that they have a duty to disclose information which

24   is material to patentability as defined in 37 CPR § 1.56."  *See id.*  Nowhere does the Invention

25   Declaration provide that Google believes that the invention claimed in the '678 patent is neither

26   anticipated nor rendered obvious by specific references, let alone by those listed in later filed

27   information disclosure statements.

28         Accordingly, Space Data has not shown that Google's position in this case is "clearly

United States District Court
Northern District of California

7

inconsistent" with its earlier representations before the PTO under *New Hampshire*, which Space Data asserts to be governing.  The Court therefore finds that Space Data has failed to satisfy its moving burden to demonstrate that it is entitled to partial summary judgment.  *Celotex*, 477 U.S. at 325 (holding that the moving party must first affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party to establish that it is entitled to summary judgment).

As the Court noted at the hearing, Space Data may renew this argument at trial in a motion *in limine* should Google assert invalidity contentions in direct conflict with its prior position taken before the PTO on which it succeeded in obtaining issuance of the '678 patent.

## IV.   CONCLUSION

For the foregoing reasons, Space Data's motion for partial summary judgment is DENIED. The Court recognizes that Google may possibly advocate a clearly inconsistent position as this case proceeds.  This ruling is without prejudice to Space Data's ability to argue judicial estoppel later in this proceeding.

**IT IS SO ORDERED.**

Dated:  May 18, 2018

BETH LABSON FREEMAN
United States District Judge