1    KEKER, VAN NEST & PETERS LLP
     ROBERT A. VAN NEST - # 84065
2    rvannest@keker.com
     CHRISTA M. ANDERSON - # 184325
3    canderson@keker.com
     MATTHEW M. WERDEGAR - # 200470
4    mwerdegar@keker.com
     EUGENE M. PAIGE - # 202849
5    epaige@keker.com
     MATTHIAS A. KAMBER - # 232147
6    mkamber@keker.com
     RYAN K. WONG - # 267189
7    rwong@keker.com
     THOMAS E. GORMAN - # 279409
8    tgorman@keker.com
     LEAH PRANSKY - # 302246
9    lpransky@keker.com
     SHAYNE HENRY - # 300188
10   shenry@keker.com
     ANDREW S. BRUNS - # 315040
11   abruns@keker.com
     633 Battery Street
12   San Francisco, CA 94111-1809
     Telephone:    415 391 5400
13   Facsimile:    415 397 7188

14   Attorneys for Defendants
     ALPHABET INC., GOOGLE LLC, AND LOON LLC
15
                    UNITED STATES DISTRICT COURT
16
                   NORTHERN DISTRICT OF CALIFORNIA
17
                          SAN JOSE DIVISION
18

| | |
|---|---|
| 19  SPACE DATA CORPORATION, | Case No. 5:16-cv-03260-BLF |
| 20              Plaintiff, | **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF SPACE DATA CORPORATION'S FOURTH AMENDED COMPLAINT** |
| 21      v. | |
| 22  ALPHABET INC., GOOGLE LLC, AND LOON LLC, | Judge:     Hon. Beth Labson Freeman |
| 23              Defendants. | Date Filed:  June 13, 2016 |
| 24 | Trial Date:  August 5, 2019 |
| 25 | **JURY TRIAL DEMANDED** |

26

27

28

1297344

Defendants Alphabet Inc., Google LLC, and Loon LLC (collectively "Google"), by and through counsel, submit their Answer to Plaintiff Space Data Corporation's ("Space Data") Fourth Amended Complaint ("Complaint"), as follows:

## I.     INTRODUCTION AND SUMMARY

1.     Google admits that the internet has changed how people with internet access live. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of this paragraph, and therefore denies them.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

2.     Google admits that not everyone who lives in remote or undeveloped areas has online access and that terrestrial infrastructure can be expensive.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of this paragraph, and therefore denies them.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

3.     Google admits that many people in the world lack internet access and/or lack wireless access.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of this paragraph, and therefore denies them.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

4.     Google admits that it has made expanding internet access a corporate priority.  The remaining allegations of this paragraph consist of argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

5.     Google denies that the existence of a "peaceful band" of calm, structured, predictable winds in the stratosphere was or is "[c]ontrary to all conventional wisdom."  Google is without knowledge or information sufficient to form a belief as to the truth of the other factual allegations of this paragraph, and therefore denies them.  This paragraph also includes argument,

speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

6.      Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and therefore denies them.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

7.      Google admits that beginning in the fall of 2007 various Google representatives met with representatives of Space Data and received materials from Space Data about the company.   Google denies Space Data's characterization of Sergey Brin's and Larry Page's involvement.  Google further admits that it entered into a limited duration nondisclosure agreement with Space Data.  Google denies the remaining factual allegations of this paragraph. This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

8.      Google admits that a Google team, including Mr. Brin and Mr. Page, visited Space Data's Chandler, Arizona facility on February 15, 2008.  Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph concerning what balloons Space Data may have been flying during the visit or what information about those balloons was on display in Space Data's NOC, and therefore denies them.  Google denies the remaining factual allegations of this paragraph.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

9.      Google admits that its discussions with Space Data ended shortly after February 15, 2008.  Google denies the remaining allegations of this paragraph.

10.     This paragraph consists of argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them.

11.     Google admits that it publicly launched Project Loon in June 2013.  Google denies the remaining factual allegations of this paragraph.  This paragraph also includes argument,

2

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF
SPACE DATA CORPORATION'S FOURTH AMENDED COMPLAINT
Case No. 5:16-cv-03260-BLF

speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

12.     Google admits that it filed a Project Loon-related patent application in January 2012.  Google further admits that it filed a non-publication request with the application.  Google denies Space Data's characterization of the application.  Google denies the remaining factual allegations of this paragraph.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

13.     This paragraph consists of argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them.

14.     Google admits that Project Loon balloons have flown in various locations, including at times in California and elsewhere in the United States.  Google denies any remaining allegations of this paragraph.

15.     Google admits that Mike Cassidy made the statement quoted in this paragraph. Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google is without knowledge or information sufficient to form a belief as to the truth of the other factual allegations of this paragraph, and therefore denies them.  The remaining allegations of this paragraph consist of argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

16.     Google admits that what appears to be a copy of the parties' December 1, 2007 Mutual Confidentiality and Non-Disclosure Agreement ("NDA") is attached as Exhibit A to the Complaint.  Google denies the remaining allegations of this paragraph.  In particular, Google denies that it has misappropriated any Space Data trade secret or breached any provision of the NDA.  Google further denies that it infringes or has infringed, directly or indirectly, or is liable for infringement of, any valid and enforceable claim of any Space Data patent.

17.     This paragraph sets forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them.

### **THE PARTIES**

18.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

19.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

20.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

21.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

22.     Google admits that Alphabet is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California.  Google admits that Alphabet was created through a corporate reorganization completed on October 2, 2015.  Google further admits that Google LLC is a wholly owned subsidiary of XXVI Holdings Inc., which is a wholly owned subsidiary of Alphabet Inc.  Google denies any remaining allegations of this paragraph.

23.     Google admits that it is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California.  Google denies any remaining allegations of this paragraph.

24.     Google admits that Loon LLC is a Delaware limited liability company with its principal place of business at 1600 Ampitheatre Parkway, Mountain View, California.  Google admits that Loon LLC began operating the Project Loon business as a stand-alone entity on July 1, 2018.  Google further admits that Loon LLC is an indirect subsidiary of Alphabet Inc. and an affiliate of Google LLC.  Google denies any remaining allegations of this paragraph.

**JURISDICTION AND VENUE**

25.     Google admits that Space Data purports to bring this action under the patent laws of the United States, 35 U.S.C. § 271 et seq.  Google further admits that this Court has subject matter jurisdiction over patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a). Google denies any remaining allegations of this paragraph.

26.     Google admits that this Court has federal question subject matter jurisdiction over Space Data's claim for misappropriation of trade secrets under the Defend Trade Secrets Act under 18 U.S.C. § 1836(c) and 35 U.S.C. § 1331, and that the Court may exercise supplemental jurisdiction over Space Data's California state law claims for misappropriation of trade secrets and breach of contract under 28 U.SC. § 1367.  Google denies any remaining allegations of this paragraph.

27.     Google admits that venue is proper in the Northern District of California and that Google's principal place of business is within this judicial district.  Google denies any remaining allegations of this paragraph.

**INTRADISTRICT ASSIGNMENT**

28.     Google admits that the parties' NDA states that "[t]he exclusive venue for any dispute shall be in the state or federal courts within Santa Clara County, California."   The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

## II.     STATEMENT OF FACTS

### A.     Airborne Communications Platforms.[1]

29.     This paragraph consists of argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is

---

[1] Google does not understand the headings included in the Complaint to constitute allegations to which any response is required.  To the extent that the headings do constitute or include allegations to which a response is required, Google denies them.

required, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

30.     This paragraph consists of argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

31.     This paragraph consists of argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

32.     This paragraph consists of argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

33.     This paragraph consists of argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

34.     This paragraph consists of argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

**B.     Balloons and Airships**

35.     This paragraph consists of argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

36.     This paragraph consists of argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

37.     This paragraph consists of argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

**C.      Space Data: a Sailing Constellation**

38.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

39.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

40.     This paragraph consists of argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

41.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

42.     Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and therefore denies them.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

43.     Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and therefore denies them.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

44.     Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and therefore denies them.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

45.     Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and therefore denies them.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

46.     Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and therefore denies them.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

47.     Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and therefore denies them.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

48.     Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and therefore denies them.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

49.     Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and therefore denies them.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

**D.      Space Data, the Company**

50.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

51. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

52. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

53. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

54. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

55. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

56. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

57. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

58. Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and therefore denies them.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

59. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

60. Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and therefore denies them.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

61. Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and therefore denies them.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

62.     Google denies that Space Data has worked zealously to maintain the secrecy of its proprietary information.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of this paragraph, and therefore denies them. This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

63.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them

**E.     Google's Space Data Due Diligence**

64.     Google admits that it has been aware for many years that individuals would over time increasingly perform internet searches from mobile devices, such as smart phones, instead of personal computers and other non-mobile devices.  Google is without knowledge or information sufficient to form a belief as to the truth of the other factual allegations of this paragraph, and therefore denies them.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

65.     Google admits that it acquired Android Inc., a developer of software for mobile devices, in 2005.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

66.     This paragraph consists of argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them.

67.     Google admits that in 2007, the FCC announced that it would auction the 700 MHz band in early 2008.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

68.     This paragraph consists of argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

69.     Google admits that it, along with many others, engaged in efforts to have the FCC adopt certain open access provisions and policies for the 700 MHz band, and that the FCC ultimately agreed to impose certain open access provisions and policies if a minimum bid amount was exceeded.  Google denies the other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

70.     Google admits that it participated in the 700 MHz auction.  Google further admits that one of its goals in participating in the auction was to ensure that bids in excess of the minimum that trigger the open access policies and provisions were submitted.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

71.     Google admits that by early March 2008, it was apparent that Verizon had submitted a bid larger than the minimum that would trigger the open access policies and provisions, and that Verizon subsequently obtained various 700 MHz spectrum licenses.  Google further admits that Android-based mobile phones are presently the most popular type of mobile phones in the world.   Google also admits that its revenues have increased since March 2008.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

72.     Google admits that FCC rules imposed various coverage obligations on winning bidders.  Google denies the other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is

required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

73.     Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and therefore denies them.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

74.     Google admits that it received an email in August 2007 from a Space Data consultant.  Google denies Space Data's characterization of the email.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of this paragraph, and therefore denies them.

75.     Google admits that Christopher Sacca sent an email to the Space Data consultant on August 10, 2007, saying "I am curious to hear more about your proposal."  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

76.     Google admits that Google representatives met with Space Data representatives at Google's Mountain View, California headquarters on Tuesday, September 18, 2007.  Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph concerning the length of the meeting or whether Sergey Brin and Larry Page attended, and therefore denies them.  Google denies the remaining allegations of this paragraph.

77.     Google admits that Space Data provided it with information about Space Data's platform at the parties' meeting in September 2007.  Google denies Space Data's characterization of the information.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

78.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

79.     Google admits that Minnie Ingersoll sent an email to Jerry Knoblach and Jim Wiesenberg on October 17, 2007 seeking to schedule another meeting and that Ms. Ingersoll's email included the quoted language.  Google denies that the quoted language included any brackets, as appears in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it. Google denies the remaining allegations of this paragraph.

80.     Google admits that in 2007 Richard Whitt worked on public policy issues for Google.  Google further admits that Mr. Whitt met with Mr. Knoblach and Mr. Wiesenberg on October 24, 2007.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of this paragraph, and therefore denies them.

81.     Google admits that Ms. Ingersoll, Mr. Sacca, Larry Alder, and Phil Gossett met with Mr. Knoblach, Mr. Wiesenberg, and Eric Frische at Google's headquarters in Mountain View on November 1, 2007.  Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph concerning Mr. Page's and Mr. Brin's attendance, and therefore denies them.  Google admits that the parties discussed Space Data's technology and the potential for Space Data to work with Google.  Google denies Space Data's characterization of the parties' discussion.  Google denies the other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

82.     Google admits the allegations of this paragraph.

83.     Google admits that on November 28, 2007, Ms. Ingersoll introduced Space Data to Mike Pearson.  Google admits that Mr. Pearson was on Google's "Corporate Development Team."  Google admits that Ms. Ingersoll's email to Space Data included the language quoted in this paragraph.   Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies any remaining allegations of this paragraph.

84.     Google admits that Mr. Pearson had a call with Space Data representatives in early December 2007.  Google denies the call took place on December 4, 2007.  Google admits that Mr. Pearson emailed Space Data a draft proposed NDA on December 4, 2007, and that the parties thereafter executed the NDA with an effective date of December 1, 2007.  Google denies any remaining allegations of this paragraph.

85.     Google admits that Mr. Pearson asked Space Data by email on December 4, 2007 to provide certain information to assist Google in evaluating Space Data, including Space Data's capitalization table, income statement and balance sheet.  Google also admits that Mr. Pearson's email included the language quoted in this paragraph.  Google denies that the quoted language placed emphasis on any words, as appears in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

86.     Google admits that on December 14, 2017 Space Data provided Google with what Space Data represented were its audited financials and certain financial projections, including the materials attached as Exhibit D to the complaint.  Google denies that the cover email for the financial information explicitly stated that "all of the information, past, present and future, was proprietary, confidential, and fully subject to the NDA."  Google denies Space Data's characterization of the information provided.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

87.     Google admits that Mr. Sacca left Google in or about December 2007.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

88.     Google admits that Ms. Ingersoll emailed Space Data on December 20, 2007, and that her email included the quoted language.  Google denies that the quoted language placed emphasis on any words, as appears in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

89.     Google admits that the parties scheduled a conference call for January 3, 2008 and held a conference call on that date.  Google further admits that as of January 3, 2008, the number of individuals within Google involved in assessing Space Data was approximately seven.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

90.     Google admits that Space Data sent a presentation slide deck on January 2, 2008, which Space Data marked as confidential.  Google denies Space Data's characterization of the substance of the slide deck.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

91.     Google admits that the parties engaged in discussions concerning valuations of Space Data and Space Data's spectrum assets in late January 2007.  Google further admits that Space Data provided Google with what Space Data represented were its 2007 year-end, pre-audit P&L on January 25, 2008 and that the P&L was marked confidential.  Google denies the remaining allegations of this paragraph.

92.     Google admits that parties scheduled a visit by Google representatives to Space Data's Chandler, Arizona headquarters for February 15, 2008.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

93.     Google admits that Space Data provided a spreadsheet to Google on January 28, 2008.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

94.     Google admits the allegations of this paragraph.

95.     Google admits that Mr. Knoblach emailed Google a spreadsheet on February 11, 2008 and that he stated in his cover email that the spreadsheet was confidential.  Google admits that Mr. Knoblach's cover email includes that language quoted in this paragraph.  Google denies Space Data's characterization of the spreadsheet attached Mr. Knoblach's email, including that it was a "detailed analysis" as alleged in this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

96.     Google admits that Mr. Knoblach emailed Google a presentation slide deck on February 12, 2008 and that his cover email included the language quoted in this paragraph.  Google denies Space Data's characterization of the slide deck.  Google denies the other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

97.     Google admits that on February 12, 2008, Daniel Conrad of Google emailed Space Data with questions concerning Space Data's spectrum assets.  Google denies Space Data's characterization of Mr. Conrad's questions or the motivations behind them.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

98.     Google admits that on February 15, 2008, a Google team, including Sergey Brin and Larry Page, flew to Arizona, traveled from the airport to Space Data's facility by SUV, and then visited Space Data's facility.  Google denies that the group spent the better part of a day at the facility.  Google denies the remaining allegations of this paragraph.

99.     Google admits that the individuals listed in this paragraph participated in Google's February 15, 2008 visit to Space Data.  Google admits that Sergey Brin and Larry Page are cofounders of Google and are computer scientists by training.  Google admits that Larry Alder is an engineer with a degree in aeronautics and astronautics and that he joined Google in 2005.  Google admits that Mr. Alder worked in Google's Access group.  Google admits that Minnie Ingersoll worked at Google from 2002 until 2014, that she worked as a product manager from 2002 to 2011 and as a Principal from 2011 to 2014, and that she was involved in founding the Google Access group.  Google admits that Daniel Conrad was a Google engineer and served as a product manager from 2006 to 2010.  Google admits that Daniel McCloskey is an engineer who joined Google in 2007 and who is the named inventor on more than one patent.  Google denies that Mr. McCloskey served as Head of Design for Google's Advanced Technologies and Projects Group.  Google admits that Phillip Gossett was an engineer who joined Google in 2005 and was a co-inventor on patents with Mr. McCloskey.  Google denies that Mr. Gossett is still employed at Google.  Google admits that Richard Walker worked as a Google engineer from 2007 to 2010.  Google admits that Sunil Daluvoy worked on new business development at Google from 2006 until 2013 and held the title of Principal.  Google also admits that Mr. Daluvoy worked on wireless spectrum-related initiatives while at Google.  Google admits that Mike Pearson joined Google in 2005 and has worked in various business development roles while at Google.  Google admits that Joseph Faber is employed as in-house counsel at Google and that he joined Google prior to the 2008 spectrum auction.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of this paragraph, and therefore denies them.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

100.     Google admits that its representatives arrived at Space Data in the late morning of February 15, 2008.  Google admits that the Google visitors first gathered in a conference room and then were given a tour by Space Data representatives.  Google denies Space Data's characterization of the information presented during the tour.  Google denies the other factual allegations of this paragraph.  The remainder of this paragraph consists of argument, speculation

17

and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

101.    Google admits that its representatives visited Space Data's network operations control center ("NOC").  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of this paragraph, and therefore denies them.

102.    Google admits that Space Data's NOC had two large screens on the wall.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of this paragraph, and therefore denies them.

103.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

104.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

105.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

106.    Google admits that a few members of the Google team took photographs during the visit to Space Data.  Google admits that members of its team asked questions.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

107.    Google admits that part of its tour of Space Data's facilities involved launching two balloons from Space Data's parking lot.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

108.    Google admits that after the balloon launches, lunch was served.  Google further admits that after lunch, the tour of Space Data's facilities continued.  Google denies Space Data's characterization of the tour.  Google is without knowledge or information sufficient to form a belief as to the truth of Space Data's allegations concerning flight pattern of Space Data's balloons, and therefore denies them.  Google denies any remaining allegations of this paragraph.

109.    Google admits that the photographs reproduced following this paragraph appear to be of members of the Google team during the tour of Space Data's facilities, but with edits and alterations made by Space Data.  Google denies Space Data's characterization of the photographs.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

110.    Google denies Space Data's characterization of Google's Space Data tour.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

### F.    Trade Secrets Disclosed to Google

111.    Google admits that Space Data provided it with information before and during Google's February 15, 2008 visit to Space Data, including information that Space Data claimed was confidential.  Google admits that Space Data sent Google an email on February 19, 2008.  Google denies Space Data's characterization of the information provided during Google's visit.  Google denies the other factual allegations of this paragraph.  The remainder of this paragraph sets forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

112.    This paragraph consists of argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them.

113.    Google denies the factual allegations of this paragraph.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

114.    Google denies that its team photographed the screenshots referenced in this paragraph.  Google is without knowledge or information sufficient to form a belief as to the truth of the other factual allegations of this paragraph, and therefore denies them.  The remainder of this paragraph sets forth argument, speculation and conclusions to which no response is required.

19

1  To the extent this paragraph includes any additional allegations to which a response is required,

2  Google denies them.

3        115.    Google is without knowledge or information sufficient to form a belief as to the

4  truth of the factual allegations of this paragraph, and therefore denies them.  This paragraph also

5  includes argument, speculation and conclusions to which no response is required, but to the extent

6  a response is required, Google denies the allegations.

7        116.    Google is without knowledge or information sufficient to form a belief as to the

8  truth of the factual allegations of this paragraph, and therefore denies them.  The remainder of this

9  paragraph sets forth argument, speculation and conclusions to which no response is required.  To

10  the extent this paragraph includes any additional allegations to which a response is required,

11  Google denies them.

12        117.    Google denies that it saw and could photograph hundreds of similar screenshots

13  covering every balloon in the array for a period exceeding an hour and a half.  Google denies

14  Space Data's characterization of the data displayed during Google's tour.  Google is without

15  knowledge or information sufficient to form a belief as to the truth of the other factual allegations

16  of this paragraph, and therefore denies them.  The remainder of this paragraph sets forth

17  argument, speculation and conclusions to which no response is required.  To the extent this

18  paragraph includes any additional allegations to which a response is required, Google denies

19  them.

20        118.    Google is without knowledge or information sufficient to form a belief as to the

21  truth of the factual allegations of this paragraph, and therefore denies them.  The remainder of this

22  paragraph sets forth argument, speculation and conclusions to which no response is required.  To

23  the extent this paragraph includes any additional allegations to which a response is required,

24  Google denies them.

25        119.    Google is without knowledge or information sufficient to form a belief as to the

26  truth of the factual allegations of this paragraph concerning Space Data's assembly of its wind

27  data, and therefore denies them.  Google denies the other factual allegations of this paragraph.

28  The remainder of this paragraph sets forth argument, speculation and conclusions to which no

1   response is required.  To the extent this paragraph includes any additional allegations to which a

2   response is required, Google denies them.

3       120.    Google denies the factual allegations of this paragraph.  The remainder of this

4   paragraph sets forth argument, speculation and conclusions to which no response is required.  To

5   the extent this paragraph includes any additional allegations to which a response is required,

6   Google denies them.

7       121.    Google denies the allegations of this paragraph.  In particular, Google denies that

8   the allegations of this paragraph describe any trade secrets.

9       122.    Google admits that temperature increases with altitude in the stratosphere.  Google

10  is without knowledge or information sufficient to form a belief as to the truth of the factual

11  allegations of this paragraph concerning Space Data's development of a hover algorithm, and

12  therefore denies them.  Google denies the factual allegations of this paragraph concerning what

13  was conventional wisdom.  Google denies the other factual allegations of this paragraph.  The

14  remainder of this paragraph sets forth argument, speculation and conclusions to which no

15  response is required.  To the extent this paragraph includes any additional allegations to which a

16  response is required, Google denies them.

17      123.    Google denies the factual allegations of this paragraph.  The remainder of this

18  paragraph sets forth argument, speculation and conclusions to which no response is required.  To

19  the extent this paragraph includes any additional allegations to which a response is required,

20  Google denies them.

21      124.    Google is without knowledge or information sufficient to form a belief as to the

22  truth of the factual allegations of this paragraph, and therefore denies them.  The remainder of this

23  paragraph sets forth argument, speculation and conclusions to which no response is required.  To

24  the extent this paragraph includes any additional allegations to which a response is required,

25  Google denies them.

26      125.    Google is without knowledge or information sufficient to form a belief as to the

27  truth of the allegations of this paragraph, and therefore denies them.

28      126.    Google denies the allegations of this paragraph.

21

127.    Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph concerning what its team observed after lunch, and therefore denies them.  Google denies the other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

128.    The allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them.

129.    Google denies the allegations of this paragraph.  In particular, Google denies that the allegations of this paragraph describe any trade secrets.

130.    Google admits that at 60,000 plus feet, the air is very thin, and is ineffective at conducting heat.  Google denies that the ambient air temperature in the "peaceful band" is approximately negative 40 degrees Fahrenheit.  Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and therefore denies them.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

131.    Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and therefore denies them.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

132.    Google denies the allegations of this paragraph.  In particular, Google denies that the allegations of this paragraph describe any trade secrets.

133.    Google denies the factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is

required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

134.    Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph concerning what is shown on any particular screen inside Space Data's NOC, and therefore denies them.  Google denies the remaining allegations of this paragraph.

135.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

136.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

137.    Google denies the factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

138.    Google denies the allegations of this paragraph.  In particular, Google denies that the allegations of this paragraph describe any trade secrets.

139.    Google admits that the images reproduced in this paragraph are of an early iteration of Google's Project Loon flight operations center.  Google denies that Space Data is using the images in context or that the implication is the one that Space Data intends to draw from it.  Google denies that the facilities depicted in the images "bears a striking similarity to Space Data's NOC."  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

140.    Google admits that Space Data provided Google with financial information and that it designated some of that information confidential under the parties' NDA.  Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph concerning the number of pages that information would amount to if printed.  The remaining allegations of this paragraph set forth argument, speculation and

1    conclusions to which no response is required.  To the extent this paragraph includes any

2    additional allegations to which a response is required, Google denies them.

3          141.    Google admits that Space Data provided Google with what Space Data claimed

4    was a five-year financial projection on December 14, 2007 and that Space Data designated this

5    spreadsheet confidential.  Google also admits that Space Data provided Google with what Space

6    Data claimed were its audited and unaudited financial statements and its equity and shareholder

7    information.  Google admits that the subject line of the cover email designated this information as

8    confidential.  Google is without knowledge or information sufficient to form a belief as to the

9    truth of the factual allegations of this paragraph concerning the authenticity or accuracy of the

10   information provided by Space Data to Google.  Google denies Space Data's characterization the

11   substance and significance of the information.  The remaining allegations of this paragraph set

12   forth argument, speculation and conclusions to which no response is required.  To the extent this

13   paragraph includes any additional allegations to which a response is required, Google denies

14   them.

15         142.    Google denies the factual allegations of this paragraph.  The remaining allegations

16   of this paragraph set forth argument, speculation and conclusions to which no response is

17   required.  To the extent this paragraph includes any additional allegations to which a response is

18   required, Google denies them.

19         143.    Google admits that Space Data provided financial information appearing to date

20   back to 2004.  Google denies Space Data's characterization of the information.  Google is without

21   knowledge or information sufficient to form a belief as to the truth of the factual allegations of

22   this paragraph concerning the authenticity or accuracy of the information provided by Space Data

23   to Google.  Google denies the other factual allegations of this paragraph.  The remaining

24   allegations of this paragraph set forth argument, speculation and conclusions to which no

25   response is required.  To the extent this paragraph includes any additional allegations to which a

26   response is required, Google denies them.

27         144.    Google denies the allegations of this paragraph.  In particular, Google denies that

28   the allegations of this paragraph describe any trade secrets.

145.     Google admits that the cited blog post includes the language quoted in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies the other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

146.     This paragraph sets forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them.

147.     Google admits that Space Data emailed a presentation slide deck which it referred to as "vision slides."  Google denies Space Data's characterization of the slide deck.  Google denies the remaining factual allegations of this paragraph.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

148.     Google admits that on January 2, 2008, Space Data emailed a presentation slide deck, which included a slide entitled "Google with Space Data," and that Space Data marked the slide deck confidential.  Google denies Space Data's characterization of the slide deck.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

149.     Google admits that the slide deck included the two slides reproduced in this paragraph.  Google denies that Space Data is using the slides in context or that the implication is the one that Space Data intends to draw from it.  Google denies Space Data's characterization of the slide deck.  Google denies the other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

150.     Google admits that the slide deck alleged in this paragraph was marked confidential by Space Data.  Google denies Space Data's characterization of the slide deck.  Google denies the other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

151.     Google denies the allegations of this paragraph.  In particular, Google denies that the allegations of this paragraph describe any trade secrets.

**G.     The NDA**

152.     Google admits that the parties entered into an NDA with an effective date of December 1, 2007 and that the NDA includes the quoted language.  Google denies the remaining factual allegations of this paragraph.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.  In particular, Google denies Space Data's characterization of the terms of the NDA.

153.     Google admits that the parties' NDA includes the language quoted in this paragraph.  Google denies that the quoted language included the words in brackets, as appears in this paragraph.  Google denies that the implication of the quoted language is the one that Space Data intends to draw from it.  Google denies any remaining allegations of this paragraph.

154.     Google admits that the NDA includes provisions concerning the designation of information as confidential under the agreement.  Google denies that Space Data properly designated as confidential under the NDA the information it is now alleging constitutes its confidential information and trade secrets.  Google denies any remaining factual allegations of this paragraph.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.  In particular, Google denies Space Data's characterization of the terms of the NDA.

155.     Google admits that Space Data provided it with certain information after the effective date of the NDA and that Space Data designated some of that information confidential.

Google admits that the NDA includes the snippet of language quoted in this paragraph.  Google denies any remaining factual allegations of this paragraph.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.  In particular, Google denies Space Data's characterization of the terms of the NDA.

156.    Google admits that the NDA has provisions governing when and under what circumstances and conditions the agreement would terminate or expire.  Google admits that the NDA includes the snippet of language quoted in this paragraph.  Google admits that neither party to the NDA has provided the other with written notice of termination of the NDA pursuant to Section 6 of the agreement.  Google denies Space Data's characterization of the terms of the NDA.  Google denies any remaining allegations of this paragraph.

157.    Google denies the allegations of this paragraph.

158.    Google denies the allegations of this paragraph.

159.    Google admits that the NDA includes the snippet of language quoted in this paragraph.  Google denies that the quoted language included the words in brackets, as appears in this paragraph.  Google denies that the implication of the quoted language is the one that Space Data intends to draw from it.  Google denies Space Data's characterization of the terms of the NDA.  Google denies the remaining allegations of this paragraph.

160.    Google denies the allegations of this paragraph.

161.    Google denies the allegations of this paragraph.

**H.       Space Data Preserved Its Trade Secrets As Per The Terms Of the Parties' NDA**

162.    This paragraph sets forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them.

163.    Google admits that the parties' NDA contains the snippets of language quoted in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  The remaining allegations of this

paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.  In particular, Google denies Space Data's characterization of the terms of the parties' NDA

164.    This paragraph sets forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them.  In particular, Google denies Space Data's characterization of the terms of the parties' NDA.

165.    Google denies the factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

166.    Google denies the factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

167.    Google admits that Space Data's presentation to the Google team included some general discussion about winds.  Google denies the remaining allegations of this paragraph.

168.    Google admits that Space Data sent Google an email on February 19, 2008 that included the quoted language.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies any remaining allegations of this paragraph.

169.    Google denies the factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.  In particular, Google denies Space Data's characterization of the terms of the parties' NDA.

170.    Google denies the allegations of this paragraph.

171.     Google admits that as part of its tour of Space Data's facilities the Google team was shown what appeared to be a Space Data balloon payload.  Google denies the other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

172.     Google denies the factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

173.     Google admits that Space Data's February 19, 2008 email included the snippets of language quoted in this paragraph.  Google denies that the quoted language included the words in brackets, as appears in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies Space Data's characterization of that email.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.  In particular, Google denies Space Data's characterization of the NDA.

174.     Google denies the allegations of this paragraph.

175.     Google admits that Space Data's February 19, 2008 email included the snippets of language quoted in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies Space Data's characterization of that email.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.  In particular, Google denies Space Data's characterization of the terms of the NDA.

176.     Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph concerning the security of Space Data's NOC, and on that basis denies them.  Google denies the remaining allegations of this paragraph.

29

177.     Google admits that Space Data's February 19, 2008 email included the snippets of language quoted in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies Space Data's characterization of that email.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.  In particular, Google denies Space Data's characterization of the terms of the NDA.

178.     Google admits that it was sent information referenced in paragraphs 140-151 after the effective date of the parties' NDA and that Space Data designated that information confidential.  Google denies that any of this information is a trade secret, and denies the remaining factual allegations of this paragraph.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

179.     The allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them.  In particular, Google denies Space Data's characterization of the terms and conditions of the parties' NDA, and denies Space Data's conclusion that it properly designated its alleged trade secrets under the NDA.

**I.       Google Uses Space Data's Trade Secrets**

180.     The allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them.

181.     Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph concerning Space Data's purported wind-related research and development work, and on that basis denies them.  Google denies the other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

182.    Google denies the factual allegations of this paragraph.  In particular, Google denies that it was shown or provided with any Space Data trade secrets before or during its visit to Space Data or that it has used any Space Data proprietary or trade secret information in any way in connection with Project Loon.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

183.    Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph concerning Space Data's research and development of its purported "proprietary systems for monitoring its balloon constellation, controlling altitude with its hover algorithm, managing thermal heat regulation, and operating its systems from the NOC," and on that basis denies them.  Google denies the other factual allegations of this paragraph.  In particular, Google denies that it was shown or provided with any Space Data trade secrets before or during its visit to Space Data or that it has used any Space Data proprietary or trade secret information in any way in connection with Project Loon.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

184.    Google admits that Space Data provided Google with certain financial information under the NDA.  Google denies the other factual allegations of this paragraph.  In particular, Google denies Space Data's characterization of the financial information it shared or the significance or utility of that information.  Google further denies that it was shown or provided with any Space Data trade secrets before or during its visit to Space Data or that it has used any Space Data proprietary or trade secret information in any way in connection with Project Loon.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

185.     Google admits that Space Data emailed Google a slide deck which Space Data referred to as "vision slides" in early 2008 and that Space Data marked those slides confidential. Google denies the other factual allegations of this paragraph.  In particular, Google denies Space Data's characterization of the slides it shared or the significance or utility of those slides.  Google further denies that it was shown or provided with any Space Data trade secrets before or during its visit to Space Data or that it has used any Space Data proprietary or trade secret information in any way in connection with Project Loon.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

186.     Google admits that the NDA includes the snippets of language quoted in this paragraph.  Google denies that the implication of the quoted language is the one that Space Data intends to draw from it.  Google denies Space Data's summarization and characterization of the terms of the NDA.  Google further denies that it was shown or provided with any Space Data trade secrets before or during its visit to Space Data or that it has used any Space Data proprietary or trade secret information in any way in connection with Project Loon.  Google denies the other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

187.     Google admits that the NDA contains a "residuals" clause that includes the language quoted in this paragraph.  Google denies that the quoted language placed emphasis on any words or included the words in brackets, as appears in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies Space Data's characterization of the NDA.  Google denies the other factual allegations in this paragraph.  In particular, Google denies that it has breached any provision of the NDA, that it was shown or provided with any Space Data trade secrets before or during its visit to Space Data or that it has used any Space Data proprietary or trade secret information in any way in connection with Project Loon.  The remaining allegations

of this paragraph set forth argument, speculation and conclusions to which no response is required. To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

188. Google denies the factual allegations of this paragraph. In particular, Google denies that it has breached any provision of the NDA, that it was shown or provided with any Space Data trade secrets before or during its visit to Space Data or that it has used any Space Data proprietary or trade secret information in any way in connection with Project Loon. The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required. To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

189. Google denies the allegations of this paragraph.

**J.   Defendants Continue to Use Space Data's Trade Secrets**

190. The allegations of this paragraph set forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them

191. The allegations of this paragraph set forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them

192. Google denies that it has acquired, disclosed or used any Space Data trade secrets or that it has used any Space Data confidential or proprietary information in any way in connection with Project Loon. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of this paragraph, and on that basis denies them.

193. Google denies that it has acquired, disclosed or used any Space Data trade secrets or that it has used any Space Data confidential or proprietary information in any way in connection with Project Loon. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

1   This paragraph also includes argument, speculation and conclusions to which no response is

2   required, but to the extent a response is required, Google denies the allegations.

3     194. Google admits that it has flown Project Loon balloons over Peru since May 2016.

4   Google admits that in 2017, Project Loon provided internet connectivity to users in a flood

5   ravaged region of Peru.  Google admits that one of its representatives made the statement quoted

6   in this paragraph.  Google denies that the quoted language placed emphasis on any words or

7   included ellipses, as appears in this paragraph.  Google denies that Space Data is using the quoted

8   language in context or that the implication is the one that Space Data intends to draw from it.

9   Google denies the remaining allegations of this paragraph.  In particular, Google denies that it has

10   acquired, disclosed or used any Space Data trade secrets or that it has used any Space Data

11   confidential or proprietary information in any way in connection with Project Loon.

12     195. Google is without knowledge or information sufficient to form a belief as to origin

13   or accuracy of the quotation alleged in this paragraph, and on that basis denies the allegation.

14   Google denies the remaining allegations of this paragraph.  In particular, Google denies that it has

15   acquired, disclosed or used any Space Data trade secrets or that it has used any Space Data

16   confidential or proprietary information in any way in connection with Project Loon.

17     196. Google admits that it has periodically flown balloons over the United States.

18   Google is without knowledge or information sufficient to form a belief as to the truth or accuracy

19   of the allegations concerning FlightRadar24, and on that basis denies them.  Google denies the

20   remaining allegations of this paragraph.  In particular, Google denies that it has acquired,

21   disclosed or used any Space Data trade secrets or that it has used any Space Data confidential or

22   proprietary information in any way in connection with Project Loon.

23     197. Google admits that a Project Loon balloon flew over Yellowstone National Park in

24   September 2016.  Google admits that it launches balloons from Winnemucca Nevada, which then

25   fly over portions of the United States.  Google denies the remaining allegations of this paragraph.

26   In particular, Google denies that it has acquired, disclosed or used any Space Data trade secrets or

27   that it has used any Space Data confidential or proprietary information in any way in connection

28   with Project Loon.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF
SPACE DATA CORPORATION'S FOURTH AMENDED COMPLAINT
Case No. 5:16-cv-03260-BLF

198.    Google admits that the image reproduced in this paragraph is from Google. Google denies the remaining allegations of this paragraph.

199.    Google denies the allegations of this paragraph.  In particular, Google denies that it has acquired, disclosed or used any Space Data trade secrets or that it has used any Space Data confidential or proprietary information in any way in connection with Project Loon.

200.    Google admits that it received the items alleged in this paragraph .  Google admits that the quoted language appears in a Google document.  Google denies that the quoted language included the words in brackets, as appears in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies any remaining allegations of this paragraph.

201.    Google admits that it has dedicated significant funding and personnel to Project Loon since 2016.  Google denies that the specific employee and budget numbers alleged in this paragraph are accurate.  Google denies the remaining allegations of this paragraph.  In particular, Google denies that it has acquired, disclosed or used any Space Data trade secrets or that it has used any Space Data confidential or proprietary information in any way in connection with Project Loon.

202.    Google admits that its Project Loon balloons are launched from the state of Nevada in the United States and from the United States territory of Puerto Rico.  Google admits that its Project Loon balloons are manufactured in the United States.  Google admits that its Project Loon balloons are generally monitored and controlled from Mountain View, California. Google denies the other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

203.    Google denies the allegations of this paragraph.  In particular, Google denies that it has acquired, disclosed or used any Space Data trade secrets or that it has used any Space Data confidential or proprietary information in any way in connection with Project Loon.

204.     Google denies the allegations of this paragraph.  In particular, Google denies that it has acquired, disclosed or used any Space Data trade secrets or that it has used any Space Data confidential or proprietary information in any way in connection with Project Loon.

205.     Google denies the allegations of this paragraph.  In particular, Google denies that it has acquired, disclosed or used any Space Data trade secrets or that it has used any Space Data confidential or proprietary information in any way in connection with Project Loon.

**K.     Google's Project Loon**

206.     Google denies the allegations of this paragraph.

207.     Google admits the allegations of this paragraph.

208.     Google admits the allegations of this paragraph.

209.     Google admits that a role of the Rapid Evaluation Team is to quickly vet the viability of proposed research projects.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

210.     Google admits that Mike Cassidy made the statement quoted in this paragraph. Google denies that the quoted language included the words in brackets, as appears in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  This paragraph also includes argument, speculation and conclusions to which no response is required, but to the extent a response is required, Google denies the allegations.

211.     Google admits that Richard DeVaul reported to Astro Teller when Mr. DeVaul joined X.  Google denies remaining the allegations of this paragraph.

212.     Google denies the allegations of this paragraph.

213.     Google denies the allegations of this paragraph.

214.     Google denies the allegations of this paragraph.

215.     Google denies the allegations of this paragraph.

216.     Google admits that DeVaul and others at Google developed techniques for controlling the direction of travel of a balloon through adjustments to the balloon's altitude. Google denies the other factual allegations of this paragraph. The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required. To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

217.     Google admits the allegations of this paragraph.

218.     Google admits the allegations of this paragraph.

219.     Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph concerning the subject matter of the photograph reproduced in this paragraph, and on that basis denies them. The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required. To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

220.     Google admits the allegations of this paragraph.

221.     The allegations of this paragraph set forth argument, speculation, and conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them.

222.     Google admits that between August and December 2011, DeVaul and others working with him continued to launch balloons.   The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required. To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

223.     Google admits that it has marked Project Loon balloon payloads with the language quoted in this paragraph. Google denies that the quoted language included the words in brackets, as appears in this paragraph. The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required. To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

224.    Google admits that from 2011 through June 2016, it launched and landed nearly a thousand Loon balloons.  Google further admits that it has accumulated many thousands of hours of flight time, collecting wind data, and that it has refined its balloon-related technology.  Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph concerning whether it has accumulated hundreds of thousands of hours of flight time, and on that basis denies them.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

225.    Google admits that it had its first publicly announced balloon launch in New Zealand in June 2013.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

226.    Google admits that in January 2012, it filed the first patent application related to its Project Loon research and development work, and that Google has since filed more than 100 patent applications related to that work.  Google denies the other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

227.    Google admits that over time it has refined Project Loon's technology.  Google admits that it now purchases balloons from Raven Aerospace.  Google is without knowledge or information sufficient to form a belief as to the truth of the other factual allegations of this paragraph, and on that basis denies them.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

228.    Google admits allegations of this paragraph.

229.    Google admits that its balloons are made of polyethylene.  Google admits that its balloons have at least two mechanisms for terminating balloon flight and a parachute connected

38

to the balloon payload.  Google denies that the mechanisms for terminating balloon flight are as "described below."  Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph concerning why Space Data may or may not have chosen to use polyethylene balloons, and on that basis denies them.  Google denies the other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

230.    Google admits the allegations of this paragraph.

231.    Google admits that it currently launches balloons from Winnemucca, Nevada and Puerto Rico.  Google denies the remaining allegations of this paragraph.

232.    Google admits that its balloons are made in the United States, that Google generally controls its balloons from Mountain View, California, and that Google controls its balloons using, in part, Google hardware and software resident in Mountain View, California.  Google denies that its balloons have always been controlled from Mountain View, California or that they are controlled entirely using Google hardware and software resident in Mountain View, California.  Google denies the other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

233.    Google admits the allegations of this paragraph.

234.    Google admits that the cited Google website included the image reproduced in this paragraph.  Google denies that Space Data is using the image in context or that the implication is the one that Space Data intends to draw from it.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

235.    Google admits that the ability to control the direction of travel of Project Loon balloons is important to the success of the project.  The remaining allegations of this paragraph

39

set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

236.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

237.    Google admits that the cited Google website included the image reproduced in this paragraph.  Google denies that Space Data is using the image in context or that the implication is the one that Space Data intends to draw from it.  Google denies that Project Loon presently operates as summarily described in the reproduced image.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

238.    Google admits that Richard DeVaul made the statement quoted in this paragraph in the video cited in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies any remaining allegations of this paragraph.

239.    Google admits that Baris Erkmen made the statement quoted in this paragraph in the video cited in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies any remaining allegations of this paragraph.

240.    Google admits that Mr. Erkmen made the statement quoted in this paragraph in the blog post cited in this paragraph.   Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies the other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

241.     Google admits that Astro Teller made the statement quoted in this paragraph in the video cited in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

242.     Google admits that Mr. Cassidy made the statement quoted in this paragraph in the video cited in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

243.     Google admits that the cited Google website included the "Loon: general anatomy" image reproduced in this paragraph.  Google denies that Space Data is using the image in context or that the implication is the one that Space Data intends to draw from it.  Google denies that Project Loon presently operates as summarily described in the reproduced image. Google admits that the images of balloons included in this paragraph are of Project Loon balloons.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

244.     Google admits that Larry Page visited Space Data's facility.  Google admits that Mr. Page made the statement quoted in this paragraph in the video cited in this paragraph. Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies the other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

245.    The allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them.

246.    Google admits that the language quoted in this paragraph appears in the video cited in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies the other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

247.    Google denies the allegations of this paragraph.

248.    Google admits that the language quoted and images reproduced in this paragraph are included in the blog post cited in this paragraph.  Google denies that the quoted language placed emphasis on any words or included the "***", as appears in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

249.    Google denies the factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

**L.       Google Zealously Patens Every Aspect of Project Loon**

250.    Google admits that it has applied for and obtained patents in connection with Project Loon's research and development work.  Google denies the remaining factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation

and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

251.    The allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them.

252.    Google admits that it is the owner by assignment of the cited United States patent. Google admits that the cited patent includes the quoted language.  Google denies that the quoted language placed emphasis on any words or included the ellipses or words in brackets, as appears in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required. To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

253.    Google admits that the patent cited in this paragraph includes the quoted language. Google denies that the quoted language included the ellipses or words in brackets, as appears in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

254.    Google denies the factual allegations of this paragraph.   The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

255.    Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph concerning what question Minnie Ingersoll may have asked during the visit to Space Data's facilities or what books she may have been shown in response to that question, and therefore denies them.  Google denies the other factual allegations

of this paragraph.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

256.    Google admits that it is the owner by assignment of the cited United States patent. The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

257.    Google denies the factual allegations of this paragraph.   The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

258.    Google admits that it is the owner by assignment of the cited United States patent. The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

259.    Google admits that it is the owner by assignment of the cited United States patent. The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

260.    Google admits that it is the owner by assignment of the cited United States patent. Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph concerning what coffee table book in Space Data's lobby may have been passed around during Google's visit to Space Data's facilities or what illustrations that book may have contained.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

261.    Google admits that it is the owner by assignment of the cited United States patent. The remaining allegations of this paragraph set forth argument, speculation and conclusions to

1   which no response is required.  To the extent this paragraph includes any additional allegations to

2   which a response is required, Google denies them.

3          262.    Google admits that it is the owner by assignment of the cited United States patent.

4   The remaining allegations of this paragraph set forth argument, speculation and conclusions to

5   which no response is required.  To the extent this paragraph includes any additional allegations to

6   which a response is required, Google denies them.

7          263.    Google admits that it is the owner by assignment of the cited United States patent.

8   The remaining allegations of this paragraph set forth argument, speculation and conclusions to

9   which no response is required.  To the extent this paragraph includes any additional allegations to

10   which a response is required, Google denies them.

11          264.    Google admits that it is the owner by assignment of the cited United States patent.

12   The remaining allegations of this paragraph set forth argument, speculation and conclusions to

13   which no response is required.  To the extent this paragraph includes any additional allegations to

14   which a response is required, Google denies them.

15          265.    Google admits that since January 9, 2012, it has filed at least 102 Project Loon-

16   related patent applications that have subsequently been published, and that many of those

17   applications have matured into issued patents.  Google admits that Google filed non-publication

18   requests with respect to the Project Loon-related patent applications it filed in January 2012.

19   Google further admits that there are non-published Google Loon patent applications pending.

20   The remaining allegations of this paragraph set forth argument, speculation and conclusions to

21   which no response is required.  To the extent this paragraph includes any additional allegations to

22   which a response is required, Google denies them.

23          **M.**    **The Interference:  Google's Copycat Claim Now Belong to Space Data**

24          266.    Google denies the factual allegations of this paragraph.  The remaining allegations

25   of this paragraph set forth argument, speculation and conclusions to which no response is

26   required.  To the extent this paragraph includes any additional allegations to which a response is

27   required, Google denies them.

28

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF
SPACE DATA CORPORATION'S FOURTH AMENDED COMPLAINT
Case No. 5:16-cv-03260-BLF

267.     Google admits that it filed a patent application on January 9, 2012 with the title quoted in this paragraph.  Google admits it also filed a non-publication request.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

268.     Google admits the allegations of this paragraph.

269.     Google admits that the background section of the specification of the '678 patent states:  "However, there are many areas of the world where data connectivity is still unavailable, or if available, is unreliable and/or costly.  Accordingly, additional network infrastructure is desirable."  Google admits that the same or similar language appears in other Project Loon-related Google patents.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  The remaining allegations of this paragraph set forth argument, speculation and conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

270.     Google admits that the '678 patent contains the language quoted in this paragraph.  Google denies that the quoted language placed emphasis on any words or included the ellipses, as appears in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

271.     The allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them.

272.     The allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them.

273.    Google denies the factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

274.    Google admits that Space Data filed an interference with the Patent Trial and Appeal Board ("PTAB") on June 1, 2016.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

275.    Google admits that it elected not to contest the interference.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

276.    Google admits on August 31, 2016, the PTAB issued a ruling in Space Data's favor, and that on December 22, 2016, a final judgment was issued.  Google denies that "the Google application and Google claims went back to the PTO to be assigned to Space Data."   To the contrary, Google still owns the '678 patent, including the underlying specification and various claims that were not awarded to Space Data as a result of the interference action.  Moreover, no claims were ever "assigned" by the Patent and Trademark Office ("PTO") from Google to Space Data, as reflected in the publicly available assignment records at the PTO.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

277.    Google admits that the PTO issued a Notice of Allowance with respect to what is now United States Patent No. 9,678,193 on April 12, 2017, and that the patent issued to Space Data on June 13, 2017.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

278.     Google denies the factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

## COUNT I

### (Infringement of United States Patent No. 6,628,941 Against all Defendants)

279.     Google incorporates by reference its responses to the allegations of paragraphs 1 to 278 above as its response to this paragraph.

280.     Google admits that the '941 patent, on its face, bears the title quoted in this paragraph and an issuance date of September 30, 2003.  Google admits that what appears to be a copy of the '941 patent is attached to the Complaint as Exhibit B.  Google denies that the '941 patent was duly and legally issued.  Google denies any remaining allegations of this paragraph.

281.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

282.     Google admits that the cited website included the language quoted in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies the remaining allegations of this paragraph, and specifically denies that Google has infringed, directly or indirectly, or is liable for infringement of any valid and enforceable claim of the '941 patent.

283.     Google admits that the cited website included the language quoted in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies any remaining allegations of this paragraph.

284.     Google admits that the cited website included the images reproduced in this paragraph.  Google denies that Space Data is using the images or their contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth

1    argument and legal conclusions to which no response is required.  To the extent this paragraph

2    includes any additional allegations to which a response is required, Google denies them.

3            285.    Google admits that the cited website included the image reproduced in this

4    paragraph.  Google denies that Space Data is using the image or its contents in context or that the

5    implication is the one that Space Data intends to draw from it.  Google denies any other factual

6    allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and

7    legal conclusions to which no response is required.  To the extent this paragraph includes any

8    additional allegations to which a response is required, Google denies them.

9            286.    Google admits that the cited website included the images reproduced in this

10   paragraph.  Google denies that Space Data is using the images or their contents in context or that

11   the implication is the one that Space Data intends to draw from it.  Google denies any other

12   factual allegations of this paragraph.  The remaining allegations of this paragraph set forth

13   argument and legal conclusions to which no response is required.  To the extent this paragraph

14   includes any additional allegations to which a response is required, Google denies them.

15           287.    Google admits that the cited website included the images reproduced in this

16   paragraph.  Google denies that Space Data is using the images or their contents in context or that

17   the implication is the one that Space Data intends to draw from it.  Google denies any other

18   factual allegations of this paragraph.  The remaining allegations of this paragraph set forth

19   argument and legal conclusions to which no response is required.  To the extent this paragraph

20   includes any additional allegations to which a response is required, Google denies them.

21           288.    Google admits that the cited google.com website included the second image

22   reproduced in this paragraph, that Mike Cassidy is pictured in the first image reproduced in this

23   paragraph, and that Mr. Cassidy made the statement excerpted in this paragraph in the video cited

24   in this paragraph.  Google denies that Space Data is using the images or their contents or the

25   quoted language in context or that the implication is the one that Space Data intends to draw from

26   it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of

27   this paragraph set forth argument and legal conclusions to which no response is required.  To the

28

49

1    extent this paragraph includes any additional allegations to which a response is required, Google

2    denies them.

3        289.    Google admits that the cited website included the images reproduced in this

4    paragraph.  Google denies that Space Data is using the images or their contents in context or that

5    the implication is the one that Space Data intends to draw from it.  Google denies any other

6    factual allegations of this paragraph.  The remaining allegations of this paragraph set forth

7    argument and legal conclusions to which no response is required.  To the extent this paragraph

8    includes any additional allegations to which a response is required, Google denies them.

9        290.    Google admits that the cited websites included the images and text reproduced in

10   this paragraph.  Google denies that Space Data is using the images or their contents or the quoted

11   language in context or that the implication is the one that Space Data intends to draw from it.

12   Google denies any other factual allegations of this paragraph.  The remaining allegations of this

13   paragraph set forth argument and legal conclusions to which no response is required.  To the

14   extent this paragraph includes any additional allegations to which a response is required, Google

15   denies them.

16       291.    Google denies the allegations of this paragraph, and specifically denies that

17   Google has infringed, directly or indirectly, or is liable for infringement of any valid and

18   enforceable claim of the '941 patent.

19       292.    Google admits that Space Data sent Google presentation slide decks that noted in

20   passing that Space Data had patents granted.  Google denies that Space Data sent these materials

21   in September 2007.  Google admits that Google representatives visited Space Data's facilities on

22   February 15, 2008 and that they participated in launching two balloons during the visit.  Google

23   admits that in February 2012, the applicants for the '678 patent submitted an information

24   disclosure statement listing, among many other references, the '941 patent.  Google denies the

25   remaining allegations of this paragraph, and specifically denies that it has infringed, directly or

26   indirectly, or is liable for infringement of any valid and enforceable claim of the '941 patent or

27   that it has done so willfully, intentionally, or in subjective bad faith.

28       293.    Google denies the allegations of this paragraph.

294.    Google denies the allegations of this paragraph.

295.    Google denies the allegations of this paragraph.

296.    Google denies the allegations of this paragraph.

## <u>COUNT II</u>

### (Misappropriation of Trade Secrets Pursuant to 18 U.S.C. §§ 1836(b) and 1837 Against All Defendants)

297.    Google incorporates by reference its responses to the allegations of paragraphs 1 to 278 above as its response to this paragraph.

298.    Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph concerning the details of certain of Space Data's purported security measures.  Google denies that Space Data has undertaken reasonable measures to keep secret its proprietary confidential information.  Google denies that Space Data disclosed any trade secrets to Google or that it did so in a manner compliant with the NDA.  Google denies the allegations of this paragraph.

299.    Google denies the allegations of this paragraph.

300.    Google denies the allegations of this paragraph, and specifically denies that it has misappropriated any Space Data trade secret.

301.    Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph concerning whether and when Space Data has deployed on balloons or their functionality, and therefore denies them.  Google denies the remaining allegations of this paragraph.

302.    Defendants admit that they are organized under the laws of the state of Delaware. Google denies the remaining allegations of this paragraph.

303.    Google denies the allegations of this paragraph.

304.    Google denies the allegations of this paragraph.

305.    Google denies the allegations of this paragraph.

**COUNT III**

**(Misappropriation of Trade Secret Pursuant to California Civil Code § 3426, *et seq.* Against All Defendants)**

306.    Google incorporates by reference its responses to the allegations of paragraphs 1 to 278 above as its response to this paragraph.

307.    Google is without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph concerning the details of certain of Space Data's purported security measures.  Google denies that Space Data has undertaken reasonable measures to keep secret its proprietary confidential information.  Google denies that Space Data disclosed any trade secrets to Google or that it did so in a manner compliant with the NDA.  Google denies the allegations of this paragraph.

308.    Google denies the allegations of this paragraph.

309.    Google denies the allegations of this paragraph, and specifically denies that it has misappropriated any Space Data trade secret.

310.    Google denies the allegations of this paragraph.

311.    Google denies the allegations of this paragraph.

312.    Google denies the allegations of this paragraph.

**COUNT IV**

**(Breach of Written Contract Against All Defendants)**

313.    Google incorporates by reference its responses to the allegations of paragraphs 1 to 278 above as its response to this paragraph.

314.    Google admits that the Google and Space Data entered into an NDA with an effective date of December 1, 2007 and that a copy of that NDA appears to be attached to the Complaint as Exhibit A.  Google denies any remaining allegations of this paragraph.

315.    Google denies the allegations of this paragraph.

316.    Google denies the allegations of this paragraph.

317.    Google denies the allegations of this paragraph.

52

318.    Google admits that the parties' NDA contains the snippets of language quoted in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies Space Data's characterization of the terms of the NDA.  Google denies the remaining allegations of this paragraph.

319.    Google admits that the parties' NDA contains the snippets of language quoted in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies Space Data's characterization of the terms of the NDA.  Google denies the remaining allegations of this paragraph.

320.    Google denies the allegations of this paragraph.

321.    Google denies the allegations of this paragraph.

## <u>COUNT V</u>

**(Infringement of United States Patent No. 9,632,503 Against all Defendants)**

322.    Google incorporates by reference its responses to the allegations of paragraphs 1 to 278 above as its response to this paragraph.

323.    Google admits that the '503 patent, on its face, bears the title quoted in this paragraph and an issuance date of April 25, 2017.  Google admits that what appears to be a copy of the '503 patent is attached to the Complaint as Exhibit E.  Google denies that the '503 patent was duly and legally issued.  Google denies any remaining allegations of this paragraph.

324.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

325.    Google denies the allegations of this paragraph, and specifically denies that Google has infringed, directly or indirectly, or is liable for infringement of any valid and enforceable claim of the '503 patent.

326.    Google admits that the cited website included the images reproduced in this paragraph.  Google denies that Space Data is using the images or their contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other

53

factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

327.    Google admits that the cited website included the images reproduced in this paragraph.  Google denies that Space Data is using the images or their contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

328.    Google admits that the cited website included the image reproduced in this paragraph.  Google denies that the original image included the red and blue boxes appearing in the image in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

329.    Google admits that the cited website included the image reproduced in this paragraph.  Google denies that the original image included the red and blue boxes appearing in the image in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

330.    Google admits that the cited website included the image reproduced in this paragraph.  Google denies that the original image included the green and blue boxes or underlining appearing in the image in this paragraph.  Google denies that Space Data is using the

image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

331.    Google admits that the cited website included the image reproduced in this paragraph.  Google denies that the original image included the red and blue boxes or the green circle appearing in the image in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

332.    Google admits that the cited website included the images reproduced in this paragraph.  Google denies that Space Data is using the images or their contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

333.    Google admits that the cited website included the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

334.    Google admits that the cited website included the images reproduced in this paragraph.  Google denies that Space Data is using the images or their contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other

55

factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

335.     Google admits that the cited website included the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

336.     Google admits that the cited website included the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google admits that the ICAO Rules of the Air, Annex 2 includes the language quoted in this paragraph.   Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

337.     Google admits that the cited website included the images reproduced in this paragraph.  Google denies that Space Data is using the images or their contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

338.     Google admits that the cited website included the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and

legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

339.    Google admits that the cited website included the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

340.    Google admits that the cited website included the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

341.    Google admits that the cited website included the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google admits that the ICAO Rules of the Air, Annex 2 includes the language quoted in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

342.    Google admits that the cited website included the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google admits that the ICAO Rules of the Air, Annex 2 includes the language quoted in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space

Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

343.     Google denies the allegations of this paragraph, and specifically denies that Google has infringed, directly or indirectly, or is liable for infringement of any valid and enforceable claim of the '503 patent.

344.     Google admits that on April 7, 2017, Space Data's litigation counsel in this action sent an email to Google's litigation counsel in this action stating "the 020 app has issued and we will have it in hand in two weeks.  We will add this patent to case.  Will goog stipulate or do we need to file for leave?"  Google admits that on April 25, 2017, Space Data's litigation counsel in this action sent an email to Google's litigation counsel in this action stating that the '503 patent had issued.  Google denies the remaining allegations of this paragraph.

345.     Google admits that Space Data sent Google presentation slide decks that noted in passing that Space Data had patents granted.  Google denies that Space Data sent these materials in September 2007.  Google admits that Google representatives visited Space Data's facilities on February 15, 2008 and that they participated in launching two balloons during the visit.  Google denies the remaining allegations of this paragraph.

346.     Google admits that on April 12, 2007, Space Data's litigation counsel in this action emailed Google's litigation counsel in this action the materials listed in this paragraph.  Google admits that the claims of the '503 patent did not change during prosecution.  Google denies the remaining allegations of this paragraph.

347.     Google denies the allegations of this paragraph, and specifically denies that it has infringed, directly or indirectly, or is liable for infringement of any valid and enforceable claim of the '503 patent or that it has done so willfully or intentionally.

348.     Google denies the allegations of this paragraph.

349.     Google denies the allegations of this paragraph.

350.     Google denies the allegations of this paragraph.

58

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF
SPACE DATA CORPORATION'S FOURTH AMENDED COMPLAINT
Case No. 5:16-cv-03260-BLF

351.    Google denies the allegations of this paragraph.

## COUNT VI

### (Infringement of United States Patent No. 9,643,706 Against all Defendants)

352.    Google incorporates by reference its responses to the allegations of paragraphs 1 to 278 above as its response to this paragraph.

353.    Google admits that the '706 patent, on its face, bears the title quoted in this paragraph and an issuance date of May 9, 2017.  Google admits that what appears to be a copy of the '706 patent is attached to the Complaint as Exhibit F.  Google denies that the '706 was duly and legally issued.  Google denies any remaining allegations of this paragraph.

354.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

355.    Google denies the allegations of this paragraph, and specifically denies that Google has infringed, directly or indirectly, or is liable for infringement of any valid and enforceable claim of the '706 patent.

356.    Google admits that the cited website included the images reproduced in this paragraph.  Google denies that the original image included the greenish circle around the balloon or the yellow triangle in the second image in this paragraph.  Google denies that Space Data is using the images or their contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

357.    Google admits that the cited website included the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

59

358.     Google admits that the cited website included the image reproduced in this paragraph.  Google denies that the original image included the green and blue boxes or underlining appearing in the image in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

359.     Google admits that the cited website included the image reproduced in this paragraph.  Google denies that the original image included the red and blue boxes or the green circle appearing in the image in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

360.     Google admits that the cited website included the images reproduced in this paragraph.  Google denies that Space Data is using the images or their contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

361.     Google admits that the cited website included the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

362.    Google admits that the cited website included the images reproduced in this paragraph.  Google denies that Space Data is using the images or their contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

363.    Google admits that the cited website included the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

364.    Google admits that the cited website included the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google admits that the ICAO Rules of the Air, Annex 2 includes the language quoted in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

365.    Google admits that the cited website included the images reproduced in this paragraph.  Google denies that Space Data is using the images or their contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

366.    Google admits that the cited website included the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

367.    Google admits that the cited website included the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

368.    Google admits that the cited website included the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

369.    Google admits that the cited website included the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

370.    Google admits that the cited website included the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google admits that the ICAO Rules of the Air, Annex 2 includes the language quoted in this paragraph.  Google denies that

Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

371.    Google admits that the cited website included the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents in context or that the implication is the one that Space Data intends to draw from it.  Google admits that the ICAO Rules of the Air, Annex 2 includes the language quoted in this paragraph.  Google denies that Space Data is using the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

372.    Google denies the allegations of this paragraph, and specifically denies that Google has infringed, directly or indirectly, or is liable for infringement of any valid and enforceable claim of the '706 patent.

373.    Google admits that on April 21, 2017, Space Data's litigation counsel in this action sent an email to Google's litigation counsel in this action attaching the issue notification for the '706 patent.  Google denies the remaining allegations of this paragraph.

374.    Google admits that Space Data sent Google presentation slide deck that noted in passing  Space Data had patents granted.  Google denies that Space Data sent these materials in September 2007.  Google admits that Google representatives visited Space Data's facilities on February 15, 2008 and that they participated in launching two balloons during the visit.  Google denies the remaining allegations of this paragraph.

375.    Google admits that Space Data's litigation counsel in this action provided Google's litigation counsel in this action with a copy of the file wrapper for the '706 patent application on April 18, 2017 and, later, with a draft claim chart for the '706 patent.  Google

63

admits that the claims of the '706 patent did not change during prosecution.  Google denies the remaining allegations of this paragraph.

376.    Google denies the allegations of this paragraph, and specifically denies that it has infringed, directly or indirectly, or is liable for infringement of any valid and enforceable claim of the '706 patent or that it has done so willfully or intentionally.

377.    Google denies the allegations of this paragraph.

378.    Google denies the allegations of this paragraph.

379.    Google denies the allegations of this paragraph.

380.    Google denies the allegations of this paragraph.

## COUNT VII

**(Infringement of United States Patent No. 9,678,193 Against all Defendants)**

381.    Google incorporates by reference its responses to the allegations of paragraphs 1 to 278 above as its response to this paragraph.

382.    Google admits that the '193 patent, on its face, bears the title quoted in this paragraph and an issuance date of June 13, 2017.  Google admits that what appears to be a copy of the '193 patent is attached to the Complaint as Exhibit G.  Google denies that the '193 patent was duly and legally issued.  Google denies any remaining allegations of this paragraph.

383.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

384.    Google denies the allegations of this paragraph, and specifically denies that Google has infringed, directly or indirectly, or is liable for infringement of any valid and enforceable claim of the '193 patent.

385.    Google admits that the cited website included the images reproduced in this paragraph.  Google denies that the original image included the red boxes appearing in the images in this paragraph.  Google denies that Space Data is using the images or their contents in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth

64

1  argument and legal conclusions to which no response is required.  To the extent this paragraph

2  includes any additional allegations to which a response is required, Google denies them.

3  386.  Google admits that Dan Piponi made the statement quoted in this paragraph in the

4  video cited in this paragraph and that the video cited in this paragraph includes the image

5  reproduced in this paragraph.  Google denies that Mr. Piponi's quoted statement is complete or

6  unaltered by Space Data.  Google denies that Space Data is using the image or its contents or the

7  quoted language in context or that the implication is the one that Space Data intends to draw from

8  it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of

9  this paragraph set forth argument and legal conclusions to which no response is required.  To the

10  extent this paragraph includes any additional allegations to which a response is required, Google

11  denies them.

12  387.  Google admits that the cited website included the image reproduced in this

13  paragraph.  Google denies that Space Data is using the image or its contents in context or that the

14  implication is the one that Space Data intends to draw from it.  Google denies any other factual

15  allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and

16  legal conclusions to which no response is required.  To the extent this paragraph includes any

17  additional allegations to which a response is required, Google denies them.

18  388.  Google admits that the plus.google.com post cited in this paragraph includes the

19  first image reproduced in this paragraph, that Dan Piponi made the first statement quoted in this

20  paragraph in the plus.google.com post cited in this paragraph, that the video cited in this

21  paragraph includes the second image reproduced in this paragraph, and that Mr. Piponi made the

22  second statement quoted in this paragraph in the video cited in this paragraph.  Google denies that

23  Mr. Piponi's second quoted statement is complete or unaltered by Space Data.  Google denies that

24  Space Data is using the images or their contents or the quoted language in context or that the

25  implication is the one that Space Data intends to draw from it.  Google denies any other factual

26  allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and

27  legal conclusions to which no response is required.  To the extent this paragraph includes any

28  additional allegations to which a response is required, Google denies them.

389.    Google admits that the plus.google.com post cited in this paragraph includes the language quoted in this paragraph and that the video cited in this paragraph includes the image reproduced in this paragraph.  Google denies that Space Data is using the image or its contents or the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

390.    Google admits that the plus.google.com post cited in this paragraph includes the image reproduced in this paragraph and the language quoted in this paragraph.  Google denies that Space Data is using the image or its contents or the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

391.    Google admits that the plus.google.com post cited in this paragraph includes the first image reproduced in this paragraph and the language quoted in this paragraph and that the video cited in this paragraph includes the second image reproduced in this paragraph.  Google denies that Space Data is using the images or their contents or the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

392.    Google admits that the .pdf cited in this paragraph includes the images reproduced in this paragraph and the snippet of language quoted in this paragraph.  Google denies that Space Data is using the images or their contents or the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal

conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

393.    Google admits that the website cited in this paragraph includes the images reproduced in this paragraph and the snippet of language quoted in this paragraph.  Google denies that Space Data is using the images or their contents or the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

394.    Google admits that the video cited in this paragraph includes the images reproduced in this paragraph and the first statement quoted in this paragraph and that the .pdf cited in this paragraph includes the second snippet quoted in this paragraph.  Google denies that the language quoted is complete and unaltered by Space Data.  Google denies that Space Data is using the images or their contents or the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any additional allegations to which a response is required, Google denies them.

395.    Google admits that the plus.google.com post cited in this paragraph includes the first image reproduced in this paragraph, that Dan Piponi made the first statement quoted in this paragraph in the plus.google.com post cited in this paragraph, that the video cited in this paragraph includes the second image reproduced in this paragraph, and that Mr. Piponi made the second statement quoted in this paragraph in the video cited in this paragraph.  Google denies that Mr. Piponi's second quoted statement is complete or unaltered by Space Data.  Google denies that Space Data is using the images or their contents or the quoted language in context or that the implication is the one that Space Data intends to draw from it.  Google denies any other factual allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and

1    legal conclusions to which no response is required.  To the extent this paragraph includes any

2    additional allegations to which a response is required, Google denies them.

3        396.    Google admits that the plus.google.com post cited in this paragraph includes the

4    image reproduced in this paragraph and the language quoted in this paragraph.  Google denies

5    that Space Data is using the image or its contents or the quoted language in context or that the

6    implication is the one that Space Data intends to draw from it.  Google denies any other factual

7    allegations of this paragraph.  The remaining allegations of this paragraph set forth argument and

8    legal conclusions to which no response is required.  To the extent this paragraph includes any

9    additional allegations to which a response is required, Google denies them.

10       397.    Google denies the allegations of this paragraph, and specifically denies that

11   Google has infringed, directly or indirectly, or is liable for infringement of any valid and

12   enforceable claim of the '193 patent.

13       398.    Google admits that litigation counsel for the parties discussed the pending '193

14   patent application in an October 27, 2016 joint case management conference statement in this

15   action, and that Space Data's litigation counsel sent Google's litigation counsel a copy of the '193

16   patent on June 13, 2017.  Google denies the remaining allegations of this paragraph.

17       399.    Google denies the allegations of this paragraph.

18       400.    Google admits that the language of Claim 1 of the '193 patent appeared by way of

19   an amendment to an existing claim of the application that issued as the '193 patent, and the

20   language of Claim 1 matches a claim in the Google application that issued as the '678 patent on

21   March 24, 2014, but Google denies that the implication is the one that Space Data intends to draw

22   from it.  Google admits that Google elected not to contest priority between certain claims of the

23   '678 patent and the application that issued as the '193 patent.  Google admits that Space Data's

24   litigation counsel in this action provided Google's litigation counsel in this action with a claim

25   chart for the '193 patent prior to the filing of Space Data's complaint that first asserted the '193

26   patent.  Google admits that Space Data's litigation counsel in this action provided Google's

27   litigation counsel in this action with various updates concerning the status of the prosecution of

28   the '193 patent.  Google denies the remaining allegations of this paragraph.

401.    Google denies the allegations of this paragraph, and specifically denies that it has infringed, directly or indirectly, or is liable for infringement of any valid and enforceable claim of the '706 patent or that it has done so willfully or intentionally.

402.    Google denies the allegations of this paragraph.

403.    Google denies the allegations of this paragraph.

404.    Google denies the allegations of this paragraph.

405.    Google denies the allegations of this paragraph.

## **PRAYER FOR RELIEF**

These paragraphs set forth the statement of relief requested by Space Data to which no response is required.  Google denies any allegations contained in the Prayer for Relief to which a response is required.

Google denies each and every allegation of Space Data's complaint not specifically admitted or otherwise responded to above.  Google specifically denies that it misappropriated or is liable for misappropriation of any trade secret belonging to Space Data, that it has breached or is liable for breach of contract, or that it has infringed or is liable for infringement of any valid and enforceable patent claims of Space Data.  Google further specifically denies that Space Data is entitled to any relief whatsoever of any kind against Google as a result of any act of Google or any person or entity acting on behalf of Google.

## **AFFIRMATIVE DEFENSES**

Google asserts the following affirmative defenses.  To the extent any of the defenses, in whole or in part, relates to or negates an element of Space Data's claims, Google in no way seeks to relieve Space Data of its burden of proof or persuasion on that element.  All defenses are pled in the alternative and do not constitute an admission of liability or that Space Data is entitled to any relief whatsoever.  Google reserves any and all rights it has under the Federal Rules of Civil Procedure to assert additional defenses and/or counterclaims as additional facts are learned or present themselves during discovery or otherwise during the course of these proceedings.

**First Affirmative Defense – Independent Development**
**(Counts II – IV)**

Google independently developed Project Loon and its business model and technology. What is now Project Loon was conceived by Richard DeVaul in 2011 and was thereafter independently developed by Mr. DeVaul and many others through years of research, hard work, and trial and error, without the use or benefit of any of Space Data's alleged trade secrets or confidential information.

**Second Affirmative Defense – Generally Known**
**(Counts II – IV)**

Space Data's alleged trade secrets and confidential information constitute information that is generally known to the public or to other persons who can obtain economic value from its disclosure or use, including persons with special knowledge and skill in the ballooning and high-altitude communications platform fields.  Space Data's alleged trade secrets and confidential information are common to numerous public and preexisting balloon and balloon-based communications systems.  Space Data's alleged trade secrets and confidential information also consist of information that has been described, detailed, and pictured in publications and on publicly available Internet sites, including, for example, in Space Data's own patents and public presentations, and in public news stories about Space Data.

**Third Affirmative Defense – Readily Ascertainable**
**(Counts II – IV)**

Space Data's alleged trade secrets and confidential information are readily ascertainable by proper means from publicly available information about the stratosphere and stratospheric wind conditions, high-altitude ballooning, wireless communications systems, and other topics, including from Space Data's own publicly available patents and patent applications, press interviews and public presentations, as well as many other, third-party sources.  Space Data's alleged trade secrets and confidential information consist of information that has been described, detailed, and pictured in publications and on publicly available Internet sites, including, for example, in Space Data's own patents and public presentations, and in public news stories about

70

1   Space Data.

2   **Fourth Affirmative Defense – No Reasonable Efforts to Maintain Secrecy**
    **(Counts II – IV)**

3

4   Space Data has not taken reasonable efforts under the circumstances to maintain the

5   secrecy of its alleged trade secrets and confidential information.  On information and belief,

6   Space Data has conveyed its alleged trade secrets and confidential information to various

7   individuals and entities, including potential business partners, customers, journalists, and Google

8   itself, without a non-disclosure or confidentiality agreement, or under a non-disclosure or

9   confidentiality agreement of limited scope and duration.  Additionally, on information and belief,

10  Space Data has publicly disclosed some or all of its alleged trade secrets and confidential

11  information with each launch of its balloon platforms, as each of those balloon platforms

12  allegedly embodies some or all of Space Data's purported trade secrets and confidential

13  information, and the platform is freely available for inspection by any member of the public who

14  encounters it once it has landed.  On information and belief, Space Data also has disclosed some

15  or all of its alleged trade secrets and confidential information in its own patents and patent

16  applications.

17  **Fifth Affirmative Defense – Lack of Independent Economic Value**
    **(Counts II – III)**

18

19  Space Data's alleged trade secrets do not derive independent economic value, actual or

20  potential, from not being generally known to the public or to other persons who can obtain

21  economic value from their disclosure or use.  Space Data's alleged trade secrets comprise

22  information that is already generally known to the public or to other persons who can obtain

23  economic value from its disclosure or use, including persons with special knowledge and skill in

24  the ballooning and high-altitude communications platform fields.  Also, upon information and

25  belief, Space Data's attempts to monetize its alleged trade secrets have been generally

26  unsuccessful, and Space Data's business, despite having access to all of Space Data's alleged

27  trade secrets, has generally been unsuccessful.

28

71

**Sixth Affirmative Defense – Statute of Limitations**
**(Counts II – III)**

Space Data's claims for misappropriation of trade secrets are barred, in whole or in part, by the applicable statute of limitations.  Space Data was aware of Google's plans and efforts to develop its own allegedly copy-cat balloon-based high-altitude communications system more than three years before Space Data filed its original complaint in this action.  Specifically, Space Data was aware as a result of various news articles of Google's research and development of a balloon-based communications system by May 2013, at the latest.

**Seventh Affirmative Defense – Invalidity**
**(Counts I & V-VII)**

The claims of the Patents-in-Suit are invalid and unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, because the claims are directed to abstract ideas or other non-statutory subject matter; because the claims lack novelty, and are taught and suggested by the prior art; because the claims are obvious in view of the prior art; and because the claims suffer from a failure of written description, lack of enablement, and claim indefiniteness.  Attached hereto as **Exhibit A** and **Exhibit B**, respectively, are Google's Preliminary Invalidity Contentions Re: U.S. Patent No. 6,628,941 and Preliminary Invalidity Contentions Re: U.S. Patent Nos. 9,632,503, 9,653,706, and 9,678,193, which are incorporated herein by reference.

The Patents-in-Suit are invalid under U.S.C. §§ 102, 103 because the prior art anticipates and/or renders them obvious.  Space Data did not invent the idea of free-floating stratospheric balloons for providing telecommunications links.  To the contrary, numerous patents, patent applications, and other references, individually and/or in combination, disclose the asserted claims of the Patents-in-Suit.  Specifically, the asserted claims of U.S. Patent No. 6,628,941 are anticipated and/or rendered obvious by: U.S. Patent No. 6,167,263 (Campbell), U.S. Patent No. 6,324,398 (Lanzerotti), U.S. Patent No. 5,949,766 (Ibanez-Meier), WO 95/04407 (Seligsohn I), WO 97/15992 (Tuval), WO 97/07609 (Gover), WO 97/33790 (Wong), U.S. Patent No. 6,018,659 (Ayyagari), U.S. Patent No. 3,424,405 (Struble); "An Investigation of the Applicability of High

72

Altitude, Lighter-Than-Air (LTA) Vehicles to the Tactical Communications Relay Problem"
(Carten), "Raven Final Report - High Altitude Relay Platform System" (Raven Report), "A
System Architecture for Long Duration Free Floating Flight for Military Applications" (Cirrus
Report), and "Establishing Wireless Communications Services via High-Altitude Aeronautical
Platforms: A Concept Whose Time Has Come?" (Djuknic), which disclose the use of networks of
high-altitude platforms for communications.  As detailed in Exhibit A, these prior art references
anticipate and/or render obvious, alone or in combination with any one of the other prior art
references, the asserted claims of the '941 patent.

Similarly, U.S. Patent No. 9,678,193 is anticipated by WO 01/01710 (Knoblach), which
discloses each and every element of the asserted claims.  The asserted claims of the '193 patent
are also rendered obvious by, either alone or in combination with each other, Campbell, Seligsohn
I, Struble, U.S. Patent No. 6,402,090 ('090 patent), Carten, POBAL-S Report (POBAL-S), "The
Powered Balloon System" (LeClaire), GAINS Instrumentation, "Global Air-Ocean In-Situ
System (GAINS)" (Girz), "Systems for Long Duration Flights" (Nishimura), "General
Philosophy and Techniques of Balloon Control" (Gildenburg), "Balloon Trajectory Control"
(Aaron), "Global Constellation of Stratospheric Scientific Platforms" (Global Aerospace Report),
and the "AFCRL Report on Research" (AFCRL Report), which disclose balloon communications
systems as well as horizontal positioning of balloons via altitude control and relative positioning
of balloons within the communications system, as claimed by the '193 patent.  To the extent that
Knoblach does not anticipate each claim of the '193 patent, Knoblach, in combination with the
above references, renders the claims obvious.  As detailed in Exhibit B, these prior art references
anticipate and/or render obvious, alone or in combination with the other prior art references, the
asserted claims of the '193 patent.

Likewise, the asserted claims of U.S. Patent Nos. 9,632,503 and 9,643,706 are anticipated
and/or rendered obvious by Knoblach, Campbell, U.S. Patent No. 3,432,122 (Flickinger), U.S.
Patent No. 5,645,248 (Campbell '248), Seligsohn I, GAINS Instrumentation, Superpressure
Stratospheric Vehicle (Chocol), ICAO Rules of the Air (ICAO), 14 C.F.R. § 101 (FAA 101),
"Universal Terminate Package for NSBF Balloon Operations", "Electrolytic Cell Timers for

73

1    Balloon-Borne Applications" (Anderson)," New Systems For Extending The Useful Float

2    Duration Of Standard Zero-Pressure Balloon Flights" (Holder), "Lightweight Payloads For

3    Superpressure Balloon Flights" (Jumper), and "The Ultralong Duration Balloon Project: A New

4    Capability" (Smith), which disclose balloon communications systems, as well as the balloon

5    components and flight-termination devices claimed by the '503 and '706 patents.  As detailed in

6    Exhibit B, these prior art references anticipate and/or render obvious, alone or in combination

7    with the other prior art references, the asserted claims of the '503 and '706 patents.

8         Further, the '941 patent is invalid under 35 U.S.C. § 101 to the extent that Space Data

9    takes the position, either expressly or inherently, that the Asserted Claims broadly cover the

10   abstract idea of using a network or constellation of free-floating stratospheric balloons to provide

11   line-of sight communications.  To the extent that Space Data takes the position, either expressly

12   or inherently, that the asserted claims of the '193 patent broadly cover relative positioning of

13   balloons using altitude adjustment, they are likewise invalid as a matter of law under 35 U.S.C.

14   § 101.  Along similar lines, Space Data appears to interpret the '503 and '706 patents as

15   effectively covering any constellation of communications balloons that satisfies United States or

16   international regulations, such as ICAO Rules of the Air ("ICAO") and 14 C.F.R. § 101 ("FAA

17   101"), which renders the asserted claims invalid as a matter of law under 35 U.S.C. § 101.

18        The Patents-In-Suit are also invalid under 35 U.S.C. § 112 because a person of ordinary

19   skill in the art would not have understood the alleged inventors to be in possession of the claimed

20   invention, would not have been able to make use of the alleged invention without undue

21   experimentation, and would not have understood what the claims meant.  For instance, the '941

22   patent contains a negative limitation—"free floating without any longitudinal and latitudinal

23   position control"—that is not adequately supported by the specification.  Other claims of the '941

24   patent fail for lack of written description and/or enablement because of the use of the phrase

25   "wherein said at least one of said communications devices is capable of handing off

26   communication with said first platform to said second platform as said first platform moves out of

27   a communication range of said at least one of said communications devices."  The specification

28   of the '941 patent does not explain how such communications devices (*e.g.*, cellular phones)

1    would hand off communication from one balloon to another, nor does the specification describe

2    the criteria for determining when to perform hand off.  Further, many of the asserted claims of the

3    '941 patent fail for impermissibly claiming both a system and the method for using that system.

4    For example, the '941 patent claims a system that includes a method step related to the manner of

5    launching the balloons so as to control relative spacing.  Furthermore, the phrases "free floating

6    without any longitudinal and latitudinal position control" and "said plurality of lighter-than-air

7    platforms are launched in a manner such that when in an operating range of 60,000 to 140,000

8    feet there is substantially a relative distance between said plurality of lighter-than-air platforms"

9    fail to inform those skilled in the art about the scope of the claimed invention with reasonable

10   certainty, and are therefore indefinite.

11         The '193 patent suffers from similar failings that render it invalid under 35 U.S.C. § 112.

12   Specifically, one of skill in the art would not have understood Space Data to be in possession of

13   an invention comprising numerous of the limitations of the asserted claims of the '193 patent, and

14   the specification does not enable a person of ordinary skill in the art to make and use such an

15   invention without undue experimentation.  For instance, as also explained in Exhibit B, one of

16   skill in the art would not have understood Space Data's specification to enable relative balloon

17   positioning and control, mesh networking, or balloon-to-balloon communication.

18         The '503 and '706 patents are also invalid under 35 U.S.C. § 112.  As an initial matter,

19   many of the claims of the '503 patent are invalid as indefinite because of a lack of antecedent

20   basis.  For example, independent claims 1, 6, and 15 of the '503 patent each have an element

21   requiring "wherein at least one of the geographical coordinates tracking system comprises a

22   GPS."  In addition to the lack of intelligible meaning of this element in light of the confusing

23   grammar, there is a more fundamental problem:  the claims never introduce the term

24   "geographical coordinates tracking system."  Similarly, claim 29 of the '706 patent is invalid for

25   lack of antecedent basis of the phrase "wherein at least one of the geographical coordinates

26   tracking system comprises a GPS."  Accordingly, these independent claims are invalid as

27   indefinite because they do not introduce a "geographical coordinates tracking system."  Various

28   other claims of the '503 and '706 patents are invalid for indefiniteness because they include

1  language that fails to inform those skilled in the art about the scope of the invention with

2  reasonable certainty.  For example, the claims containing the phrases "substantially drifts along

3  with the wind currents" and "substantially drifts along with the wind currents taking into account

4  the wind currents" are indefinite.

5  **Eighth Affirmative Defense – Acquiescence, Waiver, Ratification, or Consent**
**(Counts II-IV)**

6

7  Space Data's claims and the relief sought by Space Data are barred, in whole or in part, by

8  the equitable doctrines of acquiescence, waiver, ratification, or consent.  Space Data knew that

9  pursuant to the terms of the parties' Mutual Confidentiality and Nondisclosure Agreement

10  ("NDA"), any obligation that Google had to protect any alleged confidential information

11  disclosed by Space Data to Google expired three years after the date of the disclosure; that is by,

12  February 2011 at the latest.  Space Data also knew that it had the right under the NDA to request

13  in writing prior to that expiration of the three-year protection period that Google return or destroy

14  the alleged confidential information.  Yet despite knowing that it needed to take affirmative steps

15  prior to February 2011, at the latest, to protect its alleged confidential information beyond

16  February 2011, Space Data never asked Google to return or destroy any Space Data confidential

17  information.  Instead, Space Data knowingly and voluntarily let the NDA's three-year protection

18  period pass without taking any action with respect to its alleged confidential information.

19  Additionally, Space Data unreasonably delayed in bringing this action after learning in

20  2013 of Project Loon and its alleged use of Space Data's purported trade secrets and confidential

21  information, and its delay indicated to Google that Space Data acquiesced and consented to

22  Project Loon, and Google has been prejudiced as a result of Space Data's conduct.  Google

23  officially disclosed Project Loon in June 2013, and Space Data was aware of the project through

24  press reports by May 2013, at the latest, yet Space Data did not take any action or raise any

25  concerns about Project Loon until it filed this action in 2016.  Instead, Space Data reached out to

26  Google seeking to assist Google with Project Loon, without indicating any concerns regarding the

27  source of the technology or other information used by Google in connection with the project.

28  Google thus did not know that Space Data objected in any way to Project Loon for years, until

Space Data finally filed suit.  Google has been prejudiced by Space Data's conduct, including because it could have made different technical or business choices to address Space Data's claims before investing millions of additional dollars in Project Loon.

### Ninth Affirmative Defense – Laches
### (Counts II-IV)

Space Data's claims and the relief sought by Space Data are barred, in whole or in part, by the equitable doctrine of laches.  Space Data unreasonably delayed in bringing this action after learning in 2013 of Project Loon and its alleged use of Space Data's purported trade secrets and confidential information, and Google has been prejudiced as a result.  Google officially disclosed Project Loon in June 2013, and Space Data was aware of the project through press reports by May 2013, at the latest, yet Space Data did not take any action or raise any concerns about Project Loon until it filed this action in 2016.  Instead, Space Data reached out to Google seeking to assist Google with Project Loon, without indicating any concerns regarding the source of the technology or other information used by Google in connection with the project.  Google thus did not know that Space Data objected in any way to Project Loon for years, until Space Data finally filed suit.  Google has been prejudiced by Space Data's conduct, including because it could have made different technical or business choices to address Space Data's claims before investing millions of additional dollars in Project Loon.

### Tenth Affirmative Defense – Unfulfilled Conditions Precedent
### (Count IV)

Space Data's claim for breach of contract and the relief sought by Space Data for breach of contract is barred, in whole or in part, because Space Data failed to fulfill conditions precedent to the enforcement of the contract.  On information and belief, this failure includes, but is not limited to, Space Data's failure to designate its alleged confidential information as required by the NDA.

### Eleventh Affirmative Defense – Failure to Mitigate
### (All Counts)

Space Data failed to take reasonable and appropriate steps to mitigate the damages it

claims to have incurred.  First, Space Data failed to properly designate some or all of its alleged

confidential information and trade secrets as required by the NDA.  Space Data also knew that

pursuant to the terms of the parties' NDA, any obligation that Google had to protect any alleged

confidential information disclosed by Space Data to Google expired three years after the date of

the disclosure; that is by, February 2011 at the latest.  Space Data also knew that it had the right

under the NDA to request in writing prior to that expiration of the three-year protection period

that Google return or destroy the alleged confidential information.  Yet despite knowing that it

needed to take affirmative steps prior to February 2011, at the latest, to protect its alleged

confidential information beyond February 2011, Space Data never asked Google to return or

destroy any Space Data confidential information.  Instead, Space Data knowingly and voluntarily

let the NDA's three-year protection period pass without taking any action with respect to its

alleged confidential information.

Additionally, Space Data unreasonably delayed in bringing this action after learning in

2013 of Project Loon and its alleged use of Space Data's purported trade secrets and confidential

information or about any alleged infringement by Google of any Space Data Patent.  Google

officially disclosed Project Loon in June 2013, and Space Data was aware of the project through

press reports by May 2013, at the latest, yet Space Data did not take any action or raise any

concerns about Project Loon until it filed this action in 2016.  Instead, Space Data reached out to

Google seeking to assist Google with Project Loon, without indicating any concerns regarding the

source of the technology or other information used by Google in connection with the project.

Google thus did not know that Space Data objected in any way to Project Loon for years, until

Space Data finally filed suit.

### **ALPHABET INC. GOOGLE LLC, AND LOON LLC'S COUNTERCLAIMS**

Counter-claimants ALPHABET INC., GOOGLE LLC, and LOON LLC (collectively

"Google") allege their Counterclaims against Counter-defendant SPACE DATA

CORPORATION ("Space Data") as follows:

1.      Google sets forth by reference paragraphs 1 through 405 of its Amended Answer to the Fourth Amended Complaint, as well as Google's Affirmative Defenses to the Fourth Amended Complaint, in their entirety as if fully set forth herein.

## NATURE OF THE ACTION

2.      This action arises under the United States patent laws, 35 U.S.C. § 1, *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Google seeks an order declaring that Google does not infringe any valid claim of the '941, '503, '706, or '193 patents.

## THE PARTIES

3.      Alphabet Inc. is a Delaware corporation, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043-1351.

4.      Google LLC is a Delaware limited liability company, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043-1351.

5.      Loon LLC is a Delaware limited liability company, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043-1351.

6.      In its Complaint, Space Data alleges that it is an Arizona corporation with its principal place of business at 2535 W. Fairview Street, Suite 101, Chandler, Arizona 85224-4707.

## JURISDICTION AND VENUE

7.      These are counterclaims for Declaratory Relief for which this Court has jurisdiction under Title 35 of the United States Code, as well as under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

8.      This Court has personal jurisdiction over Space Data by virtue of its prosecution of its Complaint in this Court.  This Court also has personal jurisdiction over Space Data because the parties agreed to adjudicate any dispute arising out of the parties' December 1, 2007 Mutual Confidentiality and Nondisclosure Agreement in the state or federal courts within Santa Clara County, California.

9.      Venue is proper in this district under 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTS

10.     Space Data filed the underlying action against Google alleging, *inter alia*, that it is

79

owner of the '941, '503, '706 and '193 patents (collectively, the "Patents-in-Suit") and that Google has infringed and/or is currently infringing the Patents-in-Suit through Google's research and development of its Project Loon stratospheric balloon-based communication system.

11.     Google denies Space Data's claims of patent infringement and avers that the Patents-in-Suit and each of their claims are, among other things, invalid.

12.     There exists a substantial and actual controversy between Google and Space Data of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the non-infringement by Google and the invalidity of the Patents-in-Suit.

## COUNTERCLAIM 1:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,628,941

13.     Google incorporates by reference the preceding averments set forth in Counterclaim paragraphs 1–12.

14.     Google does not and has not infringed any claim of the '941 patent in any manner, directly or indirectly.

15.     Google cannot infringe an invalid patent and the '941 patent is invalid.  *See infra* Counterclaim 2.  And even if valid, Google does not infringe any of the claims of the '941 patent in any manner—neither directly nor indirectly and neither literally nor pursuant to the doctrine of equivalents.

16.     For instance, Project Loon's stratospheric balloon-based communication system does not comprise a "constellation" of lighter-than-air platforms, as claimed by the '941 patent. Additionally, the spacing of the balloons within Project Loon's balloon communication system is not determined by or dependent upon the manner in which the balloons are launched as claimed in the '941 patent.  That is, Project Loon balloons are not "launched in a manner such that . . . there is a substantially a relative distance between said plurality of lighter-than-air platforms"— which every asserted claim of the '941 patent requires.

17.     As a result of Space Data's actions and statements, including the filing of the Complaint and its allegations that Google infringes one or more valid and enforceable claims of

the '941 patent, there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the '941 patent is infringed by Google.

18.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Google is entitled to a judgment finding that the '941 patent is not infringed by any of Google's products or services.

## COUNTERCLAIM 2:  DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,628,941

19.     Google incorporates by reference the preceding averments set forth in Counterclaim paragraphs 1–18.

20.     The claims of the '941 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112, including because the alleged invention thereof lacks utility; attempts to claim patent ineligible subject matter; is taught by, suggested by, and/or obvious in view of, the prior art; and/or is not adequately supported by the written description of the patented invention.

21.     Space Data did not invent the idea of free-floating stratospheric balloons for providing telecommunications links.  To the contrary, numerous patents, patent applications, and other references, individually and/or in combination, disclose the asserted claims of the '941 patent.  Specifically, the asserted claims of the '941 patent are anticipated and/or rendered obvious by Campbell, Lanzerotti, Ibanez-Meier, Seligsohn I, Tuval, Gover, Wong, Ayyagari, Struble, Carten, Raven Report, Cirrus Report, and Djuknic, which disclose high-altitude networks of platforms used for communications.  Exhibit A demonstrates that each of these prior art references anticipates and/or renders obvious, alone or in combination with any one of the other prior art references, the asserted claims of the '941 patent.

22.     Further, the '941 patent is invalid under 35 U.S.C. § 101 to the extent that Space Data takes the position, either expressly or inherently, that the Asserted Claims broadly cover the abstract idea of using free-floating stratospheric balloons to provide line-of sight communications.

23.     The '941 patent is also invalid under 35 U.S.C. § 112 because a person of ordinary skill in the art would not have understood Space Data to be in possession of the claimed invention, would not have been able to make use of the alleged invention without undue experimentation, and would not have understood what the claims meant.  For instance, the '941 patent contains a negative limitation—"free floating without any longitudinal and latitudinal position control"—that is not adequately supported by the specification.

24.     Other claims of the '941 patent fail for lack of written description and/or enablement because of the use of the phrase "wherein said at least one of said communications devices is capable of handing off communication with said first platform to said second platform as said first platform moves out of a communication range of said at least one of said communications devices."  The specification of the '941 patent does not explain how such communications devices (e.g., cellular phones) would hand off communication from one balloon to another, nor does the specification describe the criteria for determining when to perform hand off.

25.     Further, many of the asserted claims of the '941 patent fail for impermissibly claiming both a system and the method for using that system.  For example, the '941 patent claims a system that includes a method step related to the manner of launching the balloons so as to control relative spacing.

26.     Furthermore, the phrases "free floating without any longitudinal and latitudinal position control" and "said plurality of lighter-than-air platforms are launched in a manner such that when in an operating range of 60,000 to 140,000 feet there is substantially a relative distance between said plurality of lighter-than-air platforms" fail to inform those skilled in the art about the scope of the invention with reasonable certainty, and are therefore indefinite.

27.     As a result of Space Data's actions and statements, including the filing of the Complaint and its allegations that Google infringes one or more valid and enforceable claims of the '941 patent, there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to the validity and enforceability of the '941 patent.

28.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., Google is entitled to a judgment finding that every asserted claim of the '941 patent is invalid and unenforceable.

## COUNTERCLAIM 3:  DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 9,632,503

29.     Google incorporates by reference the preceding averments set forth in Counterclaim paragraphs 1–28.

30.     Google does not and has not infringed any claim of the '503 patent in any manner, directly or indirectly.

31.     Google cannot infringe an invalid patent and the '503 patent is invalid.  *See infra* Counterclaim 4.  And even if valid, Google does not infringe any of the claims of the '503 patent in any manner—neither directly nor indirectly and neither literally nor pursuant to the doctrine of equivalents.

32.     For instance, Project Loon balloons do not have "at least two separate power sources for the first and second flight termination devices," as claimed in the '503 patent.  Project Loon balloons also do not have a "tether that when broken separates the unmanned balloon and the payload," as required by all of the asserted claims of the '503 patent.  Also, Project Loon's communication system does not comprise a plurality of airborne platforms with payloads "configured to communicate with an additional airborne payload attached to a separate unmanned balloon[.]"

33.     As a result of Space Data's actions and statements, including the filing of the Complaint and its allegations that Google infringes one or more valid and enforceable claims of the '503 patent, there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the '503 patent is infringed by Google.

34.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., Google is entitled to a judgment finding that the '503 patent is not infringed by any of Google's products or services.

## COUNTERCLAIM 4:  DECLARATORY JUDGMENT OF

## INVALIDITY OF U.S. PATENT NO. 9,632,503

35.     Google incorporates by reference the preceding averments set forth in Counterclaim paragraphs 1–34.

36.     The claims of the '503 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, including because the alleged invention thereof lacks utility; attempts to claim patent ineligible subject matter; is taught by, suggested by, and/or obvious in view of, the prior art; and/or is not adequately supported by the written description of the patented invention.

37.     Space Data did not invent the idea of free-floating stratospheric balloons for providing telecommunications links.  To the contrary, numerous patents, patent applications, and other references, individually and/or in combination, disclose many, if not all, of the asserted claims of the '503 patent.  Specifically, the asserted claims of the '503 patent are anticipated and/or rendered obvious by Knoblach, Campbell, Flickinger, Campbell '248, Seligsohn I, GAINS Instrumentation, Chocol, ICAO, FAA 101, Anderson, Holder, Jumper, and Smith, which disclose balloon communications system as well as the balloon components and flight-termination devices claimed by the '503 patent.  Exhibit B demonstrates that these prior art references anticipate and/or render obvious, alone or in combination with the other prior art references, the asserted claims of the '503 patent.

38.     Space Data also appears to interpret the '503 patent as effectively covering any constellation of communications balloons that satisfies U.S. or international regulations, such as ICAO and FAA 101, which renders the asserted claims invalid as a matter of law under 35 U.S.C. § 101.

39.     The '503 patent is also invalid under 35 U.S.C. § 112.  Many of the claims of the '503 patent are invalid as indefinite because of a lack of antecedent basis.  For example, independent claims 1, 6, and 15 of the '503 patent each have an element requiring "wherein at least one of the geographical coordinates tracking system comprises a GPS."  In addition to the lack of intelligible meaning of this element in light of the confusing grammar, there is a more

84

fundamental problem:  the claims do not introduce a "geographical coordinates tracking system."

40.     Various other claims of the '503 patent are invalid for indefiniteness because they include language that fails to inform those skilled in the art about the scope of the invention with reasonable certainty.  For example, the claims containing the phrases "substantially drifts along with the wind currents" and "substantially drifts along with the wind currents taking into account the wind currents" are indefinite.

41.     As a result of Space Data's actions and statements, including the filing of the Complaint and its allegations that Google infringes one or more valid and enforceable claims of the '503 patent, there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to the validity and enforceability of the '503 patent.

42.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., Google is entitled to a judgment finding that every asserted claim of the '503 patent is invalid and unenforceable.

## COUNTERCLAIM 5:  DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 9,643,706

43.     Google incorporates by reference the preceding averments set forth in Counterclaim paragraphs 1–42.

44.     Google does not and has not infringed any claim of the '706 patent in any manner, directly or indirectly.

45.     Google cannot infringe an invalid patent and the '706 patent is invalid.  *See infra* Counterclaim 6.  And even if valid, Google does not infringe any of the claims of the '706 patent in any manner—neither directly nor indirectly and neither literally nor pursuant to the doctrine of equivalents.

46.     For instance, Project Loon balloons do not have "at least two separate power sources for the first and second flight termination devices," as claimed in the '706 patent.  Project Loon balloons also do not have a "tether that when broken separates the gas enclosure and the payload."  Additionally, Project Loon's balloon payloads do not have a transceiver that "is capable of communicating with communication devices that are separate from the unmanned

85

balloon and include…a payload of another operational unmanned balloon" or a payload that "is configured to configured to communicate with an additional airborne payload attached to a separate unmanned balloon[.]"

47.     As a result of Space Data's actions and statements, including the filing of the Complaint and its allegations that Google infringes one or more valid and enforceable claims of the '706 patent, there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the '706 patent is infringed by Google.

48.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Google is entitled to a judgment finding that the '706 patent is not infringed by any of Google's products or services.

**COUNTERCLAIM 6:  DECLARATORY JUDGMENT OF**

**INVALIDITY OF U.S. PATENT NO. 9,643,706**

49.     Google incorporates by reference the preceding averments set forth in Counterclaim paragraphs 1–48.

50.     The claims of the '706 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112, including because the alleged invention thereof lacks utility; attempts to claim patent ineligible subject matter; is taught by, suggested by, and/or obvious in view of, the prior art; and/or is not adequately supported by the written description of the patented invention.

51.     Space Data did not invent the idea of free-floating stratospheric balloons for providing telecommunications links.  To the contrary, numerous patents, patent applications, and other references, individually and/or in combination, disclose many, if not all, of the asserted claims of the '706 patent.  Specifically, the asserted claims of the '706 patent are anticipated and/or rendered obvious by Knoblach, Campbell, Flickinger, Campbell '248, Seligsohn I, GAINS Instrumentation, Chocol, ICAO, FAA 101, Anderson, Holder, Jumper, and Smith, which disclose balloon communications system, as well as the balloon components and flight-termination devices claimed by the '706 patent.  Exhibit B demonstrates that these prior art references

86

anticipate and/or render obvious, alone or in combination with the other prior art references, the asserted claims of the '706 patent.

52.     Space Data also appears to interpret the '706 patent as effectively covering any constellation of communications balloons that satisfies U.S. or international regulations, such as ICAO and FAA 101, which renders the asserted claims invalid as a matter of law under 35 U.S.C. § 101.

53.     The '706 patent is also invalid under 35 U.S.C. § 112.  For example, claim 29 of the '706 patent is invalid as indefinite because of the lack of antecedent basis of the phrase "wherein at least one of the geographical coordinates tracking system comprises a GPS."  That is, the independent claim does not introduce a "geographical coordinates tracking system."

54.     Various other claims of the '706 patent are invalid for indefiniteness because they include language that fails to inform those skilled in the art about the scope of the invention with reasonable certainty.  For example, the claims containing the phrases "substantially drifts along with the wind currents" and "substantially drifts along with the wind currents taking into account the wind currents" are indefinite.

55.     As a result of Space Data's actions and statements, including the filing of the Complaint and its allegations that Google infringes one or more valid and enforceable claims of the '706 patent, there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to the validity and enforceability of the '706 patent.

56.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Google is entitled to a judgment finding that every asserted claim of the '706 patent is invalid and unenforceable.

### COUNTERCLAIM 7:  DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT OF U.S. PATENT NO. 9,678,193

57.     Google incorporates by reference the preceding averments set forth in Counterclaim paragraphs 1–56.

58.     Google does not and has not infringed any claim of the '193 patent in any manner, directly or indirectly.

59. Google cannot infringe an invalid patent and the '193 patent is invalid. *See infra* Counterclaim 8. And even if valid, Google does not infringe any of the claims of the '706 patent in any manner—neither directly nor indirectly and neither literally nor pursuant to the doctrine of equivalents.

60. For instance, Google does not control the spacing of balloons based on the relative distance to neighbor balloons. Specifically, Google does not "determin[e] a desired movement of the target balloon based on the determined locations of the one or more neighbor balloons relative to the determined location of the target balloon," as required by all of the asserted claims. Also, Project Loon balloons do not comprise "a communication system that is operable for data communication with at least one or more neighbor balloons[.]" Project Loon balloons also are not part of a "mesh network" of balloons.

61. As a result of Space Data's actions and statements, including the filing of the Complaint and its allegations that Google infringes one or more valid and enforceable claims of the '193 patent, there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the '193 patent is infringed by Google.

62. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Google is entitled to a judgment finding that the '193 patent is not infringed by any of Google's products or services.

## COUNTERCLAIM 8:  DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 9,678,193

63. Google incorporates by reference the preceding averments set forth in Counterclaim paragraphs 1–62.

64. The claims of the '193 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, including because the alleged invention thereof lacks utility; attempts to claim patent ineligible subject matter; is taught by, suggested by, and/or obvious in view of, the prior art; and/or is not adequately supported by the written description of the patented invention.

65.     Space Data did not invent the idea of free-floating stratospheric balloons for providing telecommunications links.  To the contrary, numerous patents, patent applications, and other references, individually and/or in combination, disclose many, if not all, of the asserted claims of the '193 patent.  The '193 patent is anticipated by Knoblach, which discloses each and every element of the asserted claims.  The asserted claims of the '193 patent are further rendered obvious by, either alone or in combination with each other, Campbell, Seligsohn I,'090 patent, Carten, POBAL-S, (LeClaire, GAINS Instrumentation, Girz, Gildenburg, Aaron, Global Aerospace Report, and the AFCRL Report, which disclose balloon communications systems as well as horizontal positioning of balloons via altitude control and relative positioning of balloons within the communications system, as claimed by the '193 patent.  To the extent that Knoblach does not anticipate each claim of the '193 patent, Knoblach, in combination with the above references, renders the claims obvious.  Exhibit B demonstrates that these prior art references anticipate and/or renders obvious, alone or in combination with the other prior art references, the asserted claims of the '193 patent.

66.     Further, the '193 patent is invalid under 35 U.S.C. § 101 to the extent that Space Data takes the position, either expressly or inherently, that the asserted claims of the '193 patent broadly cover relative positioning of balloons using altitude adjustment, they are likewise invalid as a matter of law under 35 U.S.C. § 101.

67.     The '193 patent is also invalid under 35 U.S.C. § 112.  Specifically, one of skill in the art would not have understood Space Data to be in possession of an invention comprising numerous of the limitations of the asserted claims of the '193 patent, and the specification does not enable a person of ordinary skill in the art to make and use such invention without undue experimentation.  For instance, one of skill in the art would not have understood Space Data's specification to enable relative balloon positioning and control, mesh networking, or balloon-to-balloon communication.

68.     As a result of Space Data's actions and statements, including the filing of the Complaint and its allegations that Google infringes one or more valid and enforceable claims of

the '193 patent, there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to the validity and enforceability of the '193 patent.

69.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Google is entitled to a judgment finding that every asserted claim of the '193 patent is invalid and unenforceable.

## EXCEPTIONAL CASE

70.     On information and belief, this is an exceptional case entitling Google to an award of its attorneys' fees incurred in connection with defending this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Plaintiff's assertion of the Patents-in-Suit against Google with the knowledge that Google does not infringe any valid or enforceable claim of the Patents-in-Suit and/or that the Patents-in-Suit are invalid and/or unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Google requests entry of judgment in its favor and against Space Data as follows:

a.      For a judgment dismissing Space Data's Complaint against Google with prejudice;

b.      For a judgment that the Patents-in-Suit, and each and every asserted claim thereof, are not infringed, invalid, and unenforceable;

c.      For an order that Google is the "prevailing party" with respect to Space Data's patent claims and that this case is "exceptional" within the meaning of 35 U.S.C. § 285, and for an award granting Google its reasonable attorney's fees and costs, as permitted by law or equity;

d.      For an order that Google is the "prevailing party" with respect to Space Data's misappropriation of trade secrets and breach of contract claims and that Space Data's misappropriation claims were made in bad faith, and for an award granting Google its reasonable attorney's fees and costs, including expert witness fees, pursuant to California Civil Code § 3426.4, 18 U.S.C. § 1836(b)(3)(D), and/or as otherwise permitted by law or equity; and

e.      Any other and further relief that this Court may deem just and proper.

1

## **JURY DEMAND**

2      Google hereby demands a jury trial for all issues so triable.

3

4                                                       Respectfully submitted,

5      Dated:  September 6, 2018                        KEKER, VAN NEST & PETERS LLP

6

7                                          By:   /s/ *Matthew M. Werdegar*
                                                 ROBERT A. VAN NEST
8                                                CHRISTA M. ANDERSON
                                                 MATTHEW M. WERDEGAR
9                                                EUGENE M. PAIGE
                                                 MATTHIAS A. KAMBER
10                                               THOMAS E. GORMAN
                                                 LEAH PRANSKY
11                                               ANDREW S. BRUNS

12                                               Attorneys for Defendants
                                                 ALPHABET INC., GOOGLE LLC, AND
13                                               LOON LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF
SPACE DATA CORPORATION'S FOURTH AMENDED COMPLAINT
Case No. 5:16-cv-03260-BLF