SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
LYNDSEY C. HEATON (CA Bar No. 262883)
lheaton@hosielaw.com
BRANDON C. MARTIN (CA Bar No. 269624)
bmartin@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
HOSIE RICE LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*SPACE DATA CORPORATION*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>            Plaintiff,<br><br>v.<br><br>ALPHABET INC., GOOGLE LLC, and LOON LLC<br><br>            Defendants. | Case No. 5:16-cv-03260-BLF<br><br>**PLAINTIFF SPACE DATA CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS ALPHABET INC., GOOGLE LLC, AND LOON LLC'S COUNTERCLAIMS TO SPACE DATA CORPORATION'S FOURTH AMENDED COMPLAINT**<br><br>Judge:      Hon. Beth Labson Freeman<br>Date Filed:  June 13, 2016<br>Trial Date:   August 5, 2019<br><br>**JURY TRIAL DEMANDED** |

## ALPHABET INC., GOOGLE LLC, AND LOON LLC's COUNTERCLAIMS

1.    Space Data sets forth by reference paragraphs 1 through 405 of its Fourth Amended Complaint in their entirety as if fully set forth herein.  No response to Google's Affirmative Defenses is required.

## NATURE OF THE ACTION

2.    Space Data admits that Google purports to seek "an order declaring that Google does not infringe any valid claim of the '941, '503, '706, or '193" Patents but denies that Google is entitled to such an order.  The remaining allegations in this paragraph are legal conclusions to which no response is required.

## THE PARTIES

3.    Space Data admits that Alphabet Inc. is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043-1351.

4.    Space Data admits that Google LLC is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043-1351.

5.    Space Data admits that Loon LLC is a Delaware limited liability company, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043-1351.

6.    Space Data admits that it is an Arizona corporation with its principal place of business at 2535 W. Fairview Street, Suite 101, Chandler, Arizona 85224-4707.

## JURISDICTION AND VENUE

7.    Space Data admits that Google purports to bring its claims for declaratory relief under Title 35 of the United States Code.  Space Data further admits that this Court has subject matter jurisdiction over certain patent infringement and invalidity counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.  Space Data denies any remaining allegations of this paragraph.

8.    Space Data admits it is prosecuting its Complaint against Google in this Court. Space Data admits that the parties have a December 1, 2007 Mutual Confidentiality and Nondisclosure Agreement.  Space Data denies any remaining allegations in this paragraph.

9.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the allegations.

## FACTS COMMON TO ALL COUNTS

10.    Space Data admits it filed the underlying action against Google alleging, among other things, that Space Data is the owner of the '941, '503, '706, and '193 patents and that Google has infringed and is currently infringing the claims of the '941, '503, '706, and '193 Patents listed in Space Data's Election of Asserted Claims.  Space Data denies any remaining allegations in this paragraph.

11.    Space Data admits that Google has denied its claims of patent infringement and that Google avers that certain of the claims of the '941, '503, '706, and '193 Patents are invalid. Space Data denies any remaining allegations in this paragraph.

12.    Space Data admits that there exists a substantial and actual controversy between Google and Space Data with respect to infringement and invalidity of the claims of the '941, '503, '706, and '193 Patents listed in Space Data's Election of Asserted Claims.  Space Data denies that there exists a substantial and actual controversy between Google and Space Data with respect to infringement or invalidity of any other claims of the '941, '193, '503, and '706 Patents.  The remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the remaining allegations in this paragraph.

## COUNTERCLAIM 1: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 6,628,941

13.    Space Data incorporates by reference its responses to the allegations of paragraphs 1 through 12 above as its response to this paragraph.

14.  Space Data denies the allegations in this paragraph.

15.  Space Data denies the allegations in this paragraph.

16.  Space Data denies the allegations in this paragraph.

17.  Space Data admits there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the claims of the '941 Patent listed in Space Data's Election of Asserted Claims are infringed by Google.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Google and Space Data with respect to any other claims of the '941 Patent.  Space Data denies any remaining allegations in this paragraph.

18.  Space Data denies the allegations in this paragraph.

## COUNTERCLAIM 2: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,628,941

19.  Space Data incorporates by reference its responses to the allegations of paragraphs 1 through 18 above as its responses to this paragraph.

20.  Space Data denies the allegations in this paragraph.

21.  Space Data admits that it did not invent the idea of using high-altitude balloons for purposes of communication.  Space Data denies that any patents, patent applications, and other references, individually and/or in combination, disclose the asserted claims of the '941 Patent.  Space Data denies that the asserted claims of the '941 Patent are anticipated and/or rendered obvious by Campbell, Lanzerotti, Ibanez-Meier, Seligsohn I, Tuval, Gover, Wong, Ayyagari, Struble, Carten, Raven Report, Cirrus Report, and Djuknic.  Space Data denies that Exhibit A demonstrates that each of these references anticipates and/or renders obvious, alone or in combination with any one of the other references, the asserted claims of the '941 Patent.  The remaining allegations of this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the remaining allegations.

22.   Space Data denies the allegations in this paragraph.

23.   Space Data denies that the '941 Patent is invalid under 35 U.S.C. § 112.  Space Data denies that a person of ordinary skill in the art would not have understood Space Data to be in possession of the claimed invention, would not have been able to make use of the alleged invention without undue experimentation, and would not have understood what the claims mean.  Space Data admits that certain claims of the '941 Patent include a limitation stating "free floating without any longitudinal and latitudinal position control."  Space Data denies that the '941 Patent contains a negative limitation that is not adequately supported by the specification.  Space Data denies any remaining allegations in this paragraph.

24.   Space Data admits that certain claims of the '941 Patent use the phrase "wherein said at least one of said communications devices is capable of handing off communication with said first platform to said second platform as said first platform moves out of a communication range of said at least one of said communications devices."  Space Data denies that the '941 Patent does not adequately explain how such communications devices would hand off communication from one balloon to another.  Space Data denies that the specification of the '941 Patent does not adequately describe the criteria for determining when to perform hand off.  Space Data denies that failure to adequately describe how communications devices would hand off communication from one balloon to another or the criteria for determining when to perform hand off would render the claims of the '941 Patent invalid for lack of written description and/or enablement.  Space Data denies that any claims of the '941 Patent fail for lack of written description and/or enablement.  Space Data denies any remaining allegations in this paragraph.

25.   Space Data denies the allegations in this paragraph.

26.   Space Data denies the allegations in this paragraph.

27.   Space Data admits there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the claims of the '941 Patent listed in Space

Data's Election of Asserted Claims are valid.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Google and Space Data with respect to the validity of any other claims of the '941 Patent.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Space Data and Google as to the enforceability of any claims of the '941 Patent.  Space Data denies any remaining allegations in this paragraph.

28.  Space Data denies the allegations in this paragraph.

**COUNTERCLAIM 3: DECLARATORY JUDGMENT OF**

**NON-INFRINGEMENT OF U.S. PATENT NO. 9,632,503**

29.  Space Data incorporates by reference its responses to the allegations of paragraphs 1 through 28 above as its responses to this paragraph.

30.  Space Data denies the allegations in this paragraph.

31.  Space Data denies the allegations in this paragraph.

32.  Space Data denies the allegations in this paragraph.

33.  Space Data admits there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the claims of the '503 Patent listed in Space Data's Election of Asserted Claims are infringed by Google.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Google and Space Data with respect to any other claims of the '503 Patent.  Space Data denies any remaining allegations in this paragraph.

34.  Space Data denies the allegations in this paragraph.

**COUNTERCLAIM 4: DECLARATORY JUDGMENT OF**

**INVALIDITY OF U.S. PATENT NO. 9,632,503**

35.  Space Data incorporates by reference its responses to the allegations of paragraphs 1 through 34 above as its responses to this paragraph.

36.  Space Data denies the allegations in this paragraph.

1    37.   Space Data admits that it did not invent the idea of using high-altitude balloons for

2    purposes of communication.  Space Data denies that any patents, patent applications, and

3    other references, individually and/or in combination, disclose the asserted claims of the '503

4    Patent.  Space Data denies that the asserted claims of the '503 Patent are anticipated and/or

5    rendered obvious by Knoblach, Campbell, Flickinger, Campbell '248, Seligsohn I, GAINS

6    Instrumentation, Chocol, ICAO, FAA 101, Anderson, Holder, Jumper, and Smith.  Space

7    Data denies that Knoblach, Campbell, Flickinger, Campbell '248, Seligsohn I, GAINS

8    Instrumentation, Chocol, ICAO, FAA 101, Anderson, Holder, Jumper, and Smith disclose

9    "balloon communications system as well as the balloon components and flight-termination

10   devices claimed by the '503" Patent.  Space Data denies that Exhibit B demonstrates that

11   each of these references anticipates and/or renders obvious, alone or in combination with any

12   one of the other references, the asserted claims of the '503 Patent.  The remaining allegations

13   of this paragraph are legal conclusions to which no response is required.  To the extent a

14   response is required, Space Data denies the remaining allegations.

15   38.   The allegations of this paragraph set forth speculation, argument, and legal

16   conclusions to which no response is required.  To the extent a response is required, Space

17   Data denies the allegations in this paragraph.

18   39.   Space Data denies that the '503 Patent is invalid under 35 U.S.C. § 112.  Space

19   Data denies that any of the claims of the '503 Patent are invalid as indefinite because of lack

20   of antecedent basis.  Space Data admits that independent claims 1, 6, and 15 of the '503

21   patent each have an element stating "wherein at least one of the geographical coordinates

22   tracking system comprises a GPS."  Space Data denies that this element lacks intelligible

23   meaning. The remaining allegations of this paragraph are legal conclusions to which no

24   response is required.  To the extent a response is required, Space Data denies the remaining

25   allegations.

26

27

28

1   40.   The allegations of this paragraph set forth argument and legal conclusions to which

2   no response is required.  To the extent a response is required, Space Data denies the

3   allegations of this paragraph.

4   41.   Space Data admits there exists an actual, continuing, justiciable case or controversy

5   between Google and Space Data as to whether the claims of the '503 Patent listed in Space

6   Data's Election of Asserted Claims are valid.  Space Data denies that there exists an actual,

7   continuing, justiciable case or controversy between Google and Space Data with respect to

8   the validity of any other claims of the '503 Patent.  Space Data denies that there exists an

9   actual, continuing, justiciable case or controversy between Space Data and Google as to the

10  enforceability of any claims of the '503 Patent.  Space Data denies any remaining allegations

11  in this paragraph.

12  42.   Space Data denies the allegations in this paragraph.

13  **COUNTERCLAIM 5: DECLARATORY JUDGMENT OF**

14  **NON-INFRINGEMENT OF U.S. PATENT NO. 9,643,706**

15  43.   Space Data incorporates by reference its responses to the allegations of paragraphs

16  1 through 42 above as its responses to this paragraph.

17  44.   Space Data denies the allegations in this paragraph.

18  45.   Space Data denies the allegations in this paragraph.

19  46.   Space Data denies the allegations in this paragraph.

20  47.   Space Data admits there exists an actual, continuing, justiciable case or controversy

21  between Google and Space Data as to whether the claims of the '706 Patent listed in Space

22  Data's Election of Asserted Claims are infringed by Google.  Space Data denies that there

23  exists an actual, continuing, justiciable case or controversy between Google and Space Data

24  with respect to any other claims of the '706 Patent.  Space Data denies any remaining

25  allegations in this paragraph.

26  48.   Space Data denies the allegations in this paragraph.

27

28  PLAINTIFF SPACE DATA CORPORATION'S        7        Case No. 5:16-cv 03260-BLF (NC)
    ANSWER AND AFFIRMATIVE DEFENSES
    TO DEFENDANTS' COUNTERCLAIMS

## **COUNTERCLAIM 6: DECLARATORY JUDGMENT OF**

## **INVALIDITY OF U.S. PATENT NO. 9,643,706**

49.  Space Data incorporates by reference its responses to the allegations of paragraphs 1 through 48 above as its responses to this paragraph.

50.  Space Data denies the allegations in this paragraph.

51.  Space Data admits that it did not invent the idea of using high-altitude balloons for purposes of communication.  Space Data denies that any patents, patent applications, and other references, individually and/or in combination, disclose the asserted claims of the '706 Patent.  Space Data denies that the asserted claims of the '706 Patent are anticipated and/or rendered obvious by Knoblach, Campbell, Flickinger, Campbell '248, Seligsohn I, GAINS Instrumentation, Chocol, ICAO, FAA 101, Anderson, Holder, Jumper, and Smith.  Space Data denies that Knoblach, Campbell, Flickinger, Campbell '248, Seligsohn I, GAINS Instrumentation, Chocol, ICAO, FAA 101, Anderson, Holder, Jumper, and Smith disclose "balloon communications system as well as the balloon components and flight-termination devices claimed by the '706" Patent.  Space Data denies that Exhibit B demonstrates that each of these references anticipates and/or renders obvious, alone or in combination with any one of the other references, the asserted claims of the '706 Patent.  The remaining allegations of this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the remaining allegations.

52.  The allegations of this paragraph set forth speculation, argument, and legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the allegations in this paragraph.

53.  Space Data denies that the '706 Patent is invalid under 35 U.S.C. § 112.  Space Data denies that any of the claims of the '706 Patent, including Claim 29 thereof, are invalid as indefinite because of lack of antecedent basis.  Space Data admits that claim 29 of the '706 patent has an element stating "wherein at least one of the geographical coordinates tracking

system comprises a GPS."  The remaining allegations of this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the remaining allegations.

54.  The allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the allegations of this paragraph.

55.  Space Data admits there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the claims of the '706 Patent listed in Space Data's Election of Asserted Claims are valid.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Google and Space Data with respect to the validity of any other claims of the '706 Patent.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Space Data and Google as to the enforceability of any claims of the '706 Patent.  Space Data denies any remaining allegations in this paragraph.

56.  Space Data denies the allegations in this paragraph.

## COUNTERCLAIM 7: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 9,678,193

57.  Space Data incorporates by reference its responses to the allegations of paragraphs 1 through 56 above as its responses to this paragraph.

58.  Space Data denies the allegations in this paragraph.

59.  Space Data denies the allegations in this paragraph.

60.  Space Data denies the allegations in this paragraph.

61.  Space Data admits there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the claims of the '193 Patent listed in Space Data's Election of Asserted Claims are infringed by Google.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Google and Space Data

with respect to any other claims of the '193 Patent.  Space Data denies any remaining

allegations in this paragraph.

62.  Space Data denies the allegations in this paragraph.

**COUNTERCLAIM 8: DECLARATORY JUDGMENT OF**

**INVALIDITY OF U.S. PATENT NO. 9,678,193**

63.  Space Data incorporates by reference its responses to the allegations of paragraphs

1 through 62 above as its responses to this paragraph.

64.  The allegations of this paragraph set forth argument and legal conclusions to which

no response is required.  To the extent a response is required, Space Data denies the

allegations of this paragraph.

65.  Space Data admits that it did not invent the idea of using high-altitude balloons for

purposes of communication.  Space Data denies that any prior art references, individually

and/or in combination, disclose any of the asserted claims of the '193 Patent.  The allegation

that the '193 Patent is anticipated by Knoblach is a legal conclusion to which no response is

required.  To the extent a response is required, Space Data denies that the '193 Patent is

anticipated by Knoblach.  Space Data denies that Knoblach is prior art to the '193 Patent.

Space Data admits that Knoblach discloses each and every element of the asserted claims of

the '193 Patent.  Space Data denies that the asserted claims of the '193 Patent are rendered

obvious by, either alone or in combination with each other, Campbell, Seigsohn I, '090

patent, Carten, POBAL-S, (LeClaire, GAINS Instrumentation, Girz, Gildenburg, Aaron,

Global Aerospace Report, and the AFCRL Report.  Space Data denies that Campbell,

Seigsohn I, '090 patent, Carten, POBAL-S, (LeClaire, GAINS Instrumentation, Girz,

Gildenburg, Aaron, Global Aerospace Report, and the AFCRL Report disclose balloon

communications systems as well as horizontal positioning of balloons via altitude control and

relative positioning of balloons within the communications system, as claimed by the '193

Patent.  The allegation that Knoblach, in combination with the above references, renders the

claims of the '193 patents obvious is a legal conclusion to which no response is required.  To the extent a response is required, Space Data denies that Knoblach, in combination with the above references, renders the claims of the '193 Patent obvious.  Space Data denies that Exhibit B demonstrates that each of these references anticipates and/or renders obvious, alone or in combination with the other references, the asserted claims of the '193 Patent.  The remaining allegations of this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the remaining allegations.

66.   The allegations of this paragraph set forth speculation, argument, and legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the allegations in this paragraph.

67.   The allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the allegations of this paragraph.

68.   Space Data admits there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the claims of the '193 Patent listed in Space Data's Election of Asserted Claims are valid.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Google and Space Data with respect to the validity of any other claims of the '193 Patent.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Space Data and Google as to the enforceability of any claims of the '193 Patent.  Space Data denies any remaining allegations in this paragraph.

69.   Space Data denies the allegations in this paragraph.

**EXCEPTIONAL CASE**

70.   Space Data denies that Google is entitled to an award of its attorneys' fees incurred in connection with defending this action pursuant to 35 U.S.C. § 285.  Space Data denies that

1    Google does not infringe any valid or enforceable claim of the Patents-in-Suit.  Space Data

2    denies that the Patents-in-Suit are invalid and/or unenforceable.

3                              **PRAYER FOR RELEIF**

4        These paragraphs set forth the statement of relief requested by Google to which no

5    response is required.  Space Data denies any allegations contained in the Prayer for Relief to

6    which a response is required.

7        Space Data denies each and every allegation of Google's counterclaims not specifically

8    admitted or otherwise responded to above.  Space Data specifically denies that Google is

9    entitled to a judgment, with prejudice or otherwise, dismissing Space Data's Complaint

10   against Google.  Space Data specifically denies that Google is entitled to a judgment that the

11   Patents-in-Suit, or any claim thereof, are not infringed, invalid, and unenforceable.  Space

12   Data specifically denies that Google is entitled to an order that it is the "prevailing party"

13   with respect to Space Data's patent claims.  Space Data specifically denies that Google is

14   entitled to an award granting Google attorney's fees and costs, under law or equity.  Space

15   Data specifically denies that Google is entitled to an order that it is the "prevailing party"

16   with respect to Space Data's misappropriation of trade secrets and breach of contract claims.

17   Space Data specifically denies that its misappropriation claims were made in bad faith.

18   Space Data denies that Google is entitled to any award of reasonable attorney's fees and

19   costs, including expert witness fees, pursuant to California Civil Code § 3426.4, 18 U.S.C. §

20   1836(b)(3)(D) or otherwise.  Space Data specifically denies that Google is entitled to any

21   relief whatsoever of any kind against Space Data as a result of any act of Space Data or any

22   person or entity acting on behalf of Space Data.

23                      **AFFIRMATIVE DEFENSES TO COUNTER CLAIMS**

24       Space Data asserts the following affirmative defenses.  To the extent any of the defenses,

25   in whole or in part, relates to or negates an element of Google's claims, Space Data in no

26   way seeks to relieve Google of its burden of proof or persuasion on that element.  All

27

28

1  defenses are pled in the alternative and do not constitute an admission of liability or that

2  Google is entitled to any relief whatsoever.  Space Data reserves any and all rights it has

3  under the Federal Rules of Civil Procedure to assert additional defenses and/or counterclaims

4  as additional facts are learned or present themselves during discovery or otherwise during the

5  course of these proceedings.

**First Affirmative Defense – Issue Preclusion and Claim Preclusion**

**(Counterclaim 8)**

8        The doctrines of issue preclusion and claim preclusion preclude Google from relitigating

9  the priority date and invalidity of the asserted claims of '193 Patent.  On June 1, 2016, Space

10  Data filed an interference (the "Interference") with the Patent Trial and Appeal Board

11  ("PTAB").  During the Interference, Space Data asserted that it was the senior rights holder

12  of Claims 1-12 and 16-24 of Google's 8,820,678 patent (the "'678 Patent").  Space Data

13  moved for judgement that, as senior rights holder of these claims, the claims should be

14  accorded the benefit of priority to Space Data's U.S. Patent Application No. 09/342,440 filed

15  June 29, 1999.  Google, through counsel, indicated that it did not intend to contest priority.

16  The PTAB held that "this concession of priority mooted the need" to consider Space Data's

17  motion for Judgment on Priority.  The PTAB further held that Google's indication that it "did

18  not intend to contest priority in this case" was "a concession of priority" and entered final

19  judgment that claims 1-12 and 16-24 of Google's '678 Patent should be cancelled in favor of

20  Space Data.  Google did not appeal this judgment at the PTAB or in the Federal Courts.  The

21  time for such an appeal has passed.

22        Claim 1 of the '678 Patent thereafter issued as asserted Claim 1 of the '193 Patent.

23  Claim 2 of the '678 patent issued as asserted Claim 2 of the '193 Patent.  Claim 9 of the '678

24  Patent issued as asserted Claim 4 of the '193 Patent.  Claim 21 of the '678 Patent was

25  incorporated into asserted Claim 17 of the '193 Patent.  Limitations from Claim 1 of the '678

26  Patent were incorporated into asserted Claim 14 of the '193 Patent.

27

28  PLAINTIFF SPACE DATA CORPORATION'S          13          Case No. 5:16-cv 03260-BLF (NC)
    ANSWER AND AFFIRMATIVE DEFENSES
    TO DEFENDANTS' COUNTERCLAIMS

1   Google had a full and fair opportunity to litigate the issue of priority date and invalidity

2   of asserted Claims 1, 2, 4, 14, and 17 of the '193 Patent at the PTAB.  It chose to concede

3   priority instead.  In light of Google's concession on the merits of priority, the PTAB entered

4   final judgment against Google.  That judgment can no longer be appealed.  Google was

5   identified as the real party-in-interest with respect to the '678 Patent in the Interference.

6   Space Data was also identified as the real party interest.

7   Space Data has been prejudiced by Google's conduct, including because it could have

8   asked the PTAB, which is staffed by experts with technical expertise, to fully address priority

9   and invalidity of the claims at issue in the Interference.

10   Google is therefore precluded, under the doctrines of issue preclusion and claim

11   preclusion, from relitigating the issue of priority and invalidity with respect to at least

12   asserted Claims 1, 2, 4, 14, and 17 of the '193 Patent as well as any asserted claims that

13   depend from them.  Google had its day in court on these issues with respect to these asserted

14   claims.  It had the opportunity to present at the PTAB all the facts and advance all of its

15   arguments on priority and invalidity with respect to these claims.  It chose instead to

16   concede.

17   **Second Affirmative Defense – Judicial Estoppel**

18   **(Counterclaim 8)**

19   Google cannot assert a position in this proceeding that is contrary to or inconsistent with

20   the positions that it has taken and continues to take with respect to certain of the '193

21   asserted claims at the U.S. Patent and Trademark Office and at other patent issuing entities in

22   foreign countries.

23   As discussed above, asserted Claims 1, 2, 4, 14, and 17 of the '193 Patent are either

24   identical to, or substantially similar to, certain claims of Google's '678 Patent.  During

25   prosecution of the application that resulted in the '678 Patent, the purported inventors of

26   Google's '678 Patent swore that they were aware of their "duty to disclose information which

27

28   PLAINTIFF SPACE DATA CORPORATION'S         14         Case No. 5:16-cv 03260-BLF (NC)
     ANSWER AND AFFIRMATIVE DEFENSES
     TO DEFENDANTS' COUNTERCLAIMS

is material to patentability" and assigned the application to Google.  The applicants for the '678 Patent submitted Information Disclosure Statements to the PTO disclosing material identical to, or not materially different from, the prior art references Google now asserts invalidate the asserted claims of the '193 Patent.

The PTO rejected then-pending claims 1, 3, 13, and 26 of the '678 Patent, among others, as being anticipated by Campbell.  Google then scheduled an examiner interview, and argued that a claims amendment would overcome the rejection.  The PTO tentatively agreed and asked that Google submit the amended claims with a detailed explanation of why the claims—as amended—overcame Campbell.

Google then amended then-pending claims 1 and 3 as follows:

> 1.      (Currently Amended) A method comprising:
>
> determining a location of a target balloon;
>
> determining locations of one or more neighbor balloons relative to the determined location of the target balloon, wherein the target balloon comprises a communication system that is operable for data communication with at least one of the one or more neighbor balloons;
>
> determining a desired movement of the target balloon based on the determined locations of the one or more neighbor balloons relative to the determined location of the target balloon, wherein the desired movement of the target balloon comprises a desired horizontal movement of the target balloon; and
>
> controlling the target balloon based on the desired movement of the target balloon, wherein controlling the target balloon based on the desired movement of the target balloon comprises controlling an altitude of the target balloon based on the desired horizontal

movement of the target balloon.

3.      (Currently Amended) The method of claim [[2]] 1, wherein controlling the altitude of the target balloon based on the desired horizontal movement of the target balloon comprises:

determining that the desired horizontal movement of the target balloon can be achieved by exposing the target balloon to ambient winds of a particular velocity;

determining that ambient winds of the particular velocity are likely to be available at a particular altitude; and

adjusting the altitude of the target balloon to attain the particular altitude.

Google argued to the PTO that the idea of controlling internet balloons by moving them vertically to catch microwinds to move as desired horizontally, all as part of a coherent balloon-borne internet constellation, was manifestly novel and not anticipated.  Specifically, Google argued to the PTO:

In rejecting claim 2, the Examiner alleged that Campbell discloses "wherein controlling the target balloon based on the desired movement of the target balloon comprises controlling an altitude of the target balloon based on the desired horizontal movement of the target balloon."  *See* Office Action, pp. 3-4.  Applicant submits, however, that Campbell includes no such disclosure.  Thus, the feature of "controlling an altitude of the target balloon based on the desired horizontal movement of the target balloon," as recited in amended claim 1, and the feature of "control an altitude of the balloon based on the desired horizontal movement of the balloon," recited in amended claim 26, clearly distinguish over Campbell.

1    Accordingly, Applicant submits that claims 1 and 26, as amended, are

2    allowable over Campbell for at least the foregoing reasons.  Applicant

3    further submits that claims 3-5, 7-22, 26, 28 and 30-31 are allowable for at

4    least the reason that they form allowable independent claims.

5    The PTO accepted Google's position and then-pending claims 1, 3, 5, and 26 of the

6    application thereafter issued as Claims 1, 2, 9, and 21 of '678 Patent.  Priority to these claims

7    was later awarded to Space Data and asserted Claims 1, 2, 4, 14, and 17 of the '193 Patent

8    are either identical to, or substantially similar to, Claims 1, 2, 9, and 21 of Google's '678

9    Patent.

10   In addition to doing so in the U.S., Google has prosecuted and argued that claims

11   identical to, substantially similar to, or incorporating Claims 1, 2, 9, and 21 of the '678 Patent

12   are valid in foreign jurisdictions around the world, including in at least the EU, Brazil, China,

13   Canada, and Australia.

14   Google has enjoyed the benefit of exclusivity of these claims after telling patent offices

15   around the world the claims are valid.  It should be estopped from arguing otherwise in this

16   case.

17   **Third Affirmative Defense – Waiver, Acquiescence, Ratification, or Consent**

18   **(Counterclaim 8)**

19   Google's claims and the relief sought by Google are barred, in whole or in part, by the

20   equitable doctrines of acquiescence, waiver, ratification, or consent.  On June 1, 2016, Space

21   Data filed an interference (the "Interference") with the Patent Trial and Appeal Board

22   ("PTAB").  During the Interference, Space Data asserted that it was the senior rights holder

23   of Claims 1-12 and 16-24 of Google's 8,820,678 patent (the "'678 Patent").  Space Data

24   moved for judgement that, as senior rights holder of these claims, the claims should be

25   accorded the benefit of priority to Space Data's U.S. Patent Application No. 09/342,440 filed

26   June 29, 1999.  Google therefore knew that the issue of whether the claims 1-12 and 16-24 of

27

28   PLAINTIFF SPACE DATA CORPORATION'S          17          Case No. 5:16-cv 03260-BLF (NC)
     ANSWER AND AFFIRMATIVE DEFENSES
     TO DEFENDANTS' COUNTERCLAIMS

1  Google's '678 Patent should be accorded the benefit of priority to Space Data's U.S. Patent

2  Application No. 09/342,440, filed June 20, 1999, was at issue in the Interference.  Google,

3  through counsel, indicated that it did not intend to contest priority.  The PTAB held that "this

4  concession of priority mooted the need" to consider Space Data's motion for Judgment on

5  Priority.  The PTAB further held that Google's indication that it "did not intend to contest

6  priority in this case" was "a concession of priority" and entered final judgment that Claims 1-

7  12 and 16-24 of Google's '678 Patent should be cancelled in favor of Space Data.  Google

8  did not appeal this judgment at the PTAB or in Federal Courts.  The time for such an appeal

9  has passed.

10       Claim 1 of the '678 Patent thereafter issued as asserted Claim 1 of the '193 Patent.

11  Claim 2 of the '678 patent issued as asserted Claim 2 of the '193 Patent.  Claim 9 of the '678

12  Patent issued as asserted Claim 4 of the '193 Patent.  Claim 21 of the '678 Patent was

13  incorporated into asserted Claim 17 of the '193 Patent.  Limitations from Claim 1 of the '678

14  Patent were incorporated into asserted Claim 14 of the '193 Patent.

15       Google had a full and fair opportunity to litigate the issue of priority date and invalidity

16  of asserted Claims 1, 2, 4, 14, and 17 of the '193 Patent at the PTAB.  It chose to concede

17  priority instead.  In light of Google's concession on the merits of priority, the PTAB entered

18  final judgment against Google.  That judgment can no longer be appealed.  Google was

19  identified as the real party-in-interest with respect to the '678 Patent in the Interference.

20  Space Data was also identified as the real party interest.

21       Space Data has been prejudiced by Google's conduct, including because it could have

22  asked the PTAB, which is staffed by experts with technical expertise, to fully address priority

23  and invalidity of the claims at issue in the Interference.

24       Google is therefore precluded, under by the equitable doctrines of acquiescence, waiver,

25  ratification, or consent, from relitigating the issue of priority and invalidity with respect to at

26  least asserted Claims 1, 2, 4, 14, and 17 of the '193 Patent as well as any asserted claims that

27

28  PLAINTIFF SPACE DATA CORPORATION'S          18          Case No. 5:16-cv 03260-BLF (NC)
    ANSWER AND AFFIRMATIVE DEFENSES
    TO DEFENDANTS' COUNTERCLAIMS

1   depend from them.  Google consented and acquiesced to judgment on priority.  In addition,

2   Google cannot now raise any "issue[ ] that w[as], or by motion could have properly been,

3   raised and decided" during the Interference, including the validity of the claims at issue

4   during the Interference.  *See* 37 C.F.R. § 41.127.  Google has therefore waived arguments as

5   to invalidity with respect to at least asserted Claims 1, 2, 4, 14, and 17 of the '193 Patent as

6   well as any asserted claims that depend from them.

**Fourth Affirmative Defense – Failure to State a Claim**

**(Counterclaims 2, 4, 6, and 8)**

9       Google purports to demand a "judgment finding that every asserted claim of the" '941,

10   '193, '503, and '706 Patents are "unenforceable."  *See* Google's Counterclaims at ¶¶ 28, 42,

11   56, 69, and Prayer for Relief.  Google's Counterclaims for unenforceability are naked legal

12   conclusions devoid of any factual enhancement whatsoever.  Google's Counterclaims for

13   unenforceability therefore fail to state a claim upon which relief may be granted.

**Fifth Affirmative Defense – Lack of Subject Matter Jurisdiction**

**(All Counterclaims)**

16       Google purports to demand "a judgment finding that the" entirety of the '941, '193,

17   '503, and '706 Patents are "not infringed by any of Google's products or services."  *See*

18   Google's Counterclaims at ¶¶ 18, 34, 48, 62, and 70.  Google's infringement of claims of the

19   '941, '193, '503, and '706 Patents other than those listed in Space Data's Election of

20   Asserted Claims are not at issue in this case.  The Court therefore lacks jurisdiction over

21   Google's counterclaims for non-infringement to the extent Google seeks judgment that it

22   does not infringe claims of the '941, '193, '503, and '706 Patents other than those listed in

23   Space Data's Election of Asserted Claims.

24       Google also purports to demand a judgment that the '941, '193, '503, and '706 Patents

25   are "not infringed by ***any of Google's products or services***."  *See* Google's Counterclaims at

26   ¶¶ 18, 34, 48, and 61.  Infringement of Google's products and services, other than those

27

28   PLAINTIFF SPACE DATA CORPORATION'S          19          Case No. 5:16-cv 03260-BLF (NC)
     ANSWER AND AFFIRMATIVE DEFENSES
     TO DEFENDANTS' COUNTERCLAIMS

1  products and services identified in Space Data's Disclosures of Asserted Claims and

2  Infringement Contentions, are not at issue in this case.  The Court therefore lacks jurisdiction

3  over Google's Counterclaims for non-infringement to the extent Google seeks judgment that

4  its products and services, other than those identified in Space Data's Disclosures of Asserted

5  Claims and Infringement Contentions, do not infringe the '941, '193, '503, and '706 Patents.

6      Google purports to demand a "judgement that the Patents-in-Suit . . . are invalid."  *See*

7  Google's Counterclaims at Prayer for Relief.  Validity of the claims of the '941, '706, '503,

8  and '193 Patents, other than those listed in Space Data's Election of Asserted Claims, are not

9  at issue in this case.  The Court therefore lacks jurisdiction over Google's Counterclaims for

10 invalidity to the extent Google seeks judgment that claims other than those listed in Space

11 Data's Election of Asserted Claims are invalid.

12                    **PRAYER FOR RELIEF**

13     WHEREFORE, Space Data requests entry of judgment in its favor and against Google

14 as follows:

15     a.      For a judgment dismissing Google's counterclaims against Space Data

16             with prejudice; and

17     b.      Any other and further relief that this Court may deem proper and just.

18 Dated:  September 20, 2018          Respectfully submitted,

19

20                                     */s/ Spencer Hosie*
                                       SPENCER HOSIE (CA Bar No. 101777)
21                                     shosie@hosielaw.com
                                       DIANE S. RICE (CA Bar No. 118303)
22                                     drice@hosielaw.com
                                       LYNDSEY C. HEATON (CA Bar No. 262883)
23                                     lheaton@hosielaw.com
                                       BRANDON C. MARTIN (CA Bar No. 269624)
24                                     bmartin@hosielaw.com
                                       DARRELL R. ATKINSON (CA Bar No. 280564)
25                                     datkinson@hosielaw.com
                                       HOSIE RICE LLP

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

600 Montgomery Street, 34th Floor
San Francisco, CA  94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
SPACE DATA CORPORATION