SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
BRANDON C. MARTIN (CA Bar No. 269624)
bmartin@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
HOSIE RICE LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*SPACE DATA CORPORATION*

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., GOOGLE LLC, and LOON LLC,<br><br>Defendants. | Case No. 5:16-cv-03260-BLF<br><br>**PLAINTIFF SPACE DATA CORPORATION'S OPPOSITION TO DEFENDANTS' MOTION FOR STAY**<br><br>Date: April 4, 2019<br>Time: 9 a.m.<br>Courtroom: 3, Fifth Floor<br>Judge: Hon. Beth Labson Freeman<br><br>Date Filed: June 13, 2016<br><br>Trial Date: August 5, 2019 |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION AND SUMMARY. .................................................................................... 1

II.  PROCEDURAL HISTORY..................................................................................................... 1

III. THE LAW. ............................................................................................................................... 2

IV.  ARGUMENT. .......................................................................................................................... 2

   A.   Space Data Has Not Waived its Right to a Jury Trial. .............................................. 2

   B.   The Three Factors and The Totality of the Circumstances Weigh Heavily Against Granting a Stay. ......................................................................................................... 3

     i.   This Motion Arises Late in the Litigation ................................................................. 3

     ii.  Staying the Case Will Not Simplify the Issues Before the Court............................ 4

     iii. Staying the Case Unduly Prejudices and Disadvantages Space Data. ................... 6

V.   CONCLUSION........................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases** — **Pages**

*Adaptix, Inc. v. HTC Corp.*, No. 5:14-cv-02359-PSG, 2015 WL 12839246, at *2 (N.D. Cal. Aug. 5, 2015) ........ 4, 5

*Asetek Holdings, Inc. v. Cooler Master Co., Ltd*, No. 13-cv-00457-JST, 2014 WL 1350813, at * 5 (N.D. Cal. Apr. 3, 2014) ........ 7

*Avago Tech. Fiber IP (Singapore) Pte. Ltd. v. IPTronics Inc.*, No. 10-cv-02863-EFD, at * 5 (N.D. Cal. Jul. 28, 2011) ........ 7

*Aylus Networks, Inc. v. Apple Inc.*, No. C-13-4700 EMC, 2015 WL 12976113, at *1 (N.D. Cal. June 2, 2015) ........ 4

*Clinton v. Jones*, 520 U.S. 681, 708 (1997) ........ 3

*Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 15-cv-03295-BLF, 2016 WL 7732542, at *4 (N.D. Cal. Jul. 25, 2016) ........ 5

*GoPro, Inc. v. C&A Mktg., Inc.,* No. 16-CV-03590-JST, 2017 WL 2591268, at *4 (N.D. Cal. June 15, 2017) ........ 4, 5

*Hewlett-Packard Co. v. ServiceNow, Inc.*, No. 14-CV-00570-BLF, 2015 WL 5935368, at *2 (N.D. Cal. Oct. 13, 2015) ........ 5, 7

*In re Tech. Licensing Corp.*, 423 F.3d 1286, 1287 (Fed. Cir. 2005) ........ 3

*Lighting Sci. Group Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co., Ltd.*, No. 16-cv-03886-BLF, 2017 WL 2633131 (N.D. Cal. Jun. 19, 2017) ........ 8

*Novadaq Tech. v. Karl Storz GmbH & Co. K.G.,* No. 14-cv-04853-PSG, 2015 WL 9266497, at *3 (N.D. Cal. Dec. 18, 2015) ........ 3

*Presido Components Inc v. Am. Technical Ceramics Corp.*, 702 F. 3d 1351, 1363 (Fed. Cir. 2012) ........ 8

*Ricoh Co. v. Aeroflex Inc.,* No. C03-02289 MJJ, 2006 WL 3708069 (N.D. Cal. Dec. 14, 2006) ........ 3, 4

*Tegal Corp. v. Tokyo Electron Am., Inc.*, 257 F. 3d 1331, 1338 (Fed. Cir. 2001) ........ 3

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.,* No. C 12-05501 SI, 2014 WL 121640, at *1 (N.D. Cal. Jan. 13, 2014). ........ 2, 9

*VIA Tech., Inc. v. Computer Int'l*, No. 14-cv-03586-BLF, 2017 WL 3051048, at *6 (N.D. Cal. Jul. 19, 2017) ........ 3

# I. INTRODUCTION AND SUMMARY.

This case has been pending for over three years. All fact and expert discovery has long-since closed. By the time this stay motion is heard, Google's Summary Judgment Motion will be fully briefed and argument imminent. All Daubert motions will have been filed, with argument imminent. The Court decided Space Data's Summary Judgment Motion long ago. And the case will be just three months from trial when the Court hears the stay motion.

On the merits, Google repeatedly assumes its premise.

First, Space Data did not waive a jury trial on the '706 Patent. Its expert was not asked to opine on '706 damages. Space Data **itself** has not abandoned such damages and need not make that election yet.

Second, there will be substantial overlap between the '706 case and the balance of the case. *See* § IV.B.ii, below. The witnesses will overlap. The proof will overlap. Google is essentially asking that what could be done once instead be done twice. Proliferating litigation serves no one well.

Finally, Space Data is a direct competitor of Google and will suffer undue prejudice by delaying the conclusion of this litigation.

# II. PROCEDURAL HISTORY.

Space Data filed this case in mid-2016. *See* ECF 1. Google filed three successive 12(b)(6) motions, *see* ECF 46, 88 & 159, and the pleadings were settled in December 2017. *See* ECF 176.

The Court held a tutorial on July 20, 2018, and a Markman hearing on July 27, 2018. The Court issued its Order Construing Claims on September 6, 2018. *See* ECF 298, 302 & 352.

Fact discovery closed in late June 2018. ECF 154-1. The parties served voluminous opening expert reports on September 14, 2018. Space Data served its rebuttal report on invalidity on November 16. Google served a rebuttal report on infringement on the same

date, and (by agreement of the parties) its rebuttal report on damages on December 7. *See* Hosie Dec., ¶2. All expert depositions pertaining to infringement and invalidity were concluded by December 17, and expert depositions on damages will be complete in January 2019. *Id.*, ¶3.

Space Data filed a Summary Judgment Motion on January 11, 2018. ECF 185. The Court ruled on that motion on May 18, 2018. ECF 255. Google will file its Summary Judgment Motion on January 11, 2019, *see* ECF 154-1, three weeks after it filed this motion to stay, and the summary judgment will be fully briefed before the Court hears this stay motion. *See id*. All Daubert motions will also be filed before this stay motion is heard. *See id.*

The case is set for trial on August 5, 2019, a date set 17 months ago. *See id.*

## III.   THE LAW.

Courts in this district typically consider the following factors when considering a stay pending PTO proceedings: "(1) whether discovery in the case is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.,* No. C 12-05501 SI, 2014 WL 121640, at *1 (N.D. Cal. Jan. 13, 2014).

## IV.   ARGUMENT.

### A.  *Space Data Has Not Waived its Right to a Jury Trial.*

As an initial matter, Google's suggestion that Space Data as an entity waived its right to a Seventh Amendment jury trial on the '706 Patent is misguided. It is true that Space Data's expert was not asked to opine on damages for the '706, and did not do so. Hosie Dec., Ex. 4 at 37:4-9. The expert also notes in her report that she believes that Space Data is seeking only injunctive relief for the patent. But an outside expert cannot waive the principal's Seventh Amendment right to a jury trial. *See Novadaq Tech. v. Karl Storz GmbH & Co. K.G.,* No. 14-cv-04853-PSG, 2015 WL 9266497, at *3 (N.D. Cal. Dec. 18, 2015).

1  Further, Space Data has not yet made its damages election, and need not do so yet.

2  Google cites cases where the patentees withdrew their damages claims through
3  **affirmative notices to the court**. *See Tegal Corp. v. Tokyo Electron Am., Inc*., 257 F. 3d
4  1331, 1338 ("Tegal informed the district court judge that it was dropping its claim for
5  damages") (Fed. Cir. 2001); *In re Tech. Licensing Corp*., 423 F.3d 1286, 1287 (Fed. Cir.
6  2005) ("TLC withdrew its claim for damages for past infringement and notified the district
7  court that it would seek only injunctive relief"). The single sentence in Dr. Meyers report
8  that Google identifies cannot waive Space Data's '706 damages claim. *Cf. VIA Tech., Inc. v.*
9  *Computer Int'l*, No. 14-cv-03586-BLF, 2017 WL 3051048, at *6 (N.D. Cal. Jul. 19, 2017)
10 ("Moreover, the Court is not persuaded that an entire damages theory [trade secret unjust
11 enrichment] could be waived by simple representations at a hearing on a motion to
12 dismiss.").

### B. The Three Factors and The Totality of the Circumstances Weigh Heavily Against Granting a Stay.

15 Apart from the bench trial issue, this case should not be stayed. "The proponent of a
16 stay bears the burden of establishing its need," and Defendants have not met this burden.
17 *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

#### i.  **This Motion Arises Late in the Litigation**

19 Google concedes that "discovery in this case is nearly complete and a trial date has
20 been set." Defendant' Motion to Stay ("Def.'s Br.") at 4:25-26. However, Google proceeds
21 to argue that "significant work remains" in this litigation because "all of the parties' trial
22 preparation—as well as the Court's—still lies ahead[.]" *Id.* at 5:12-13. This argument
23 effectively writes out the first factor of the motion to stay inquiry—after all, parties must
24 prepare for trial up until the jury begins its deliberations. *Ricoh Co. v. Aeroflex Inc.,* No.
25 C03-02289 MJJ, 2006 WL 3708069 (N.D. Cal. Dec. 14, 2006), which Google cites in
26 support, nowhere suggests that the late stage of that case weighed in favor of a stay. Instead,
27 the court concluded that a stay was appropriate in light of other circumstances. *See id.* at *3

28

& *5-6. At best, *Ricoh* stands for the proposition that the stage of litigation is not the sole factor. *See id.* at *5.

The stage of this litigation heavily weighs against a stay. Under this factor the question is whether the litigation has reached a late stage; here it has. *See Aylus Networks, Inc. v. Apple Inc.*, No. C-13-4700 EMC, 2015 WL 12976113, at *1 (N.D. Cal. June 2, 2015) ("[T]his case is no longer 'in an early stage of proceedings,' and thus a stay is disfavored[]"). Over the course of this case, and as of the date of this writing, the parties have filed over 50 motions, many complex. *See* Hosie Dec., ¶4. With fact and expert discovery long since closed, *Markman* complete, and all summary judgment briefing complete and *Daubert* motions filed by the time this motion is heard, *see* § II above, it is clear that this case is long in the tooth.[1] *See Adaptix, Inc. v. HTC Corp.*, No. 5:14-cv-02359-PSG, 2015 WL 12839246, at *2 (N.D. Cal. Aug. 5, 2015) ("While the range of what qualifies as 'early stage' is relative, there is a general consensus that where 'the parties have fully briefed the issue of the claim construction, attended a Markman hearing, and received a claim construction order,' discovery is well underway such to counsel against a stay . . . . With the trial date just under a year away, these cases have already reached an advanced stage, and this court has put significant work into these cases this far. This all weighs against granting a stay").

### ii. Staying the Case Will Not Simplify the Issues Before the Court.

As to the second factor, simplification, "[a] proper simplification analysis would look to what would be resolved by [IPR] review versus what would remain." *GoPro, Inc. v. C&A Mktg., Inc.,* No. 16-CV-03590-JST, 2017 WL 2591268, at *4 (N.D. Cal. June 15, 2017). In *GoPro*, similarly to the instant case, "half of the case would remain, and would be

---

[1] The Court is not strictly limited to considering events that had occurred when the motion was filed. "[Although] the Court should consider the state of the litigation as of the date of filing of the motion to stay, the Federal Circuit has also made clear that 'courts are not obligated to ignore advances in the litigation' at the time it considers the motion." GoPro, Inc. v. C&A Mktg., Inc., No. 16-CV-03590-JST, 2017 WL 2591268, at *3 (N.D. Cal. June 15, 2017).

… (Footnote continued on next page) …

substantially unaffected by the IPR proceedings." That the '193 Patent, comprising half of the asserted claims and over half of the patent argumentation, would remain unaffected by the IPR, weighs "against a finding of likelihood of simplification of the issues."[2] *Id.; see also Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 15-cv-03295-BLF, 2016 WL 7732542, at *4 (N.D. Cal. Jul. 25, 2016) ("[T]he majority of patents in this action are not subject to any patent office proceeding and imposing a stay would not meaningfully simplify issues in this case"); *Adaptix*, 2015 WL 12839246, at *1 ("Because the court is not convinced that a stay would enhance efficiency in a case where only certain claims are in review proceedings, the motion is DENIED").

Google nevertheless argues that severing and staying the '706 portion of the case makes sense as the IPR process may simplify or invalidate asserted claims. Perhaps so; perhaps not. The IPR tea leaves are becoming increasingly difficult to read.[3]

What is clear, however, is that there is real efficiency in deciding the '706 issues in conjunction with the rest of the case. The '706 relates to high altitude balloons with certain components and the '193 relates to specific methods of controlling high altitude balloons as part of fleet management. As a practical matter, some of the methods of fleet management claimed by the '193 make use of many of the balloon components claimed by the '706 patent. All but a few of the limitations in the remaining asserted '706 claims will be perforce covered in the '193 presentation on infringement. *See* Hosie Dec., Ex. 1 (highlighted

---

[2] Google cites to *Hewlett-Packard Co. v. ServiceNow, Inc.*, No. 14-CV-00570-BLF, 2015 WL 5935368, at *2 (N.D. Cal. Oct. 13, 2015) to support its argument that courts "regularly" stay only part of a case pending IPR; however in *Hewlett-Packard*, the court recognized "that the unique procedural circumstance present [t]here—that trial is set so far out that [the two] patents [subject to the stay] could be integrated back into the litigation following resolution of the IPRs—distinguishe[d] th[at] case from others in which district courts concluded that institution of IPR as to some but not all asserted claims did not warrant a stay."

[3] For example, Google cites the *MasterObjects v. eBay* case, in which Judge White granted a stay pending an IPR. After a year, when the PTAB upheld as patentable every single challenged claim, the case returned to Judge White. *See* Hosie Dec., Ex. 5. A challenging party can no longer assume IPR invalidity conclusions.

… (Footnote continued on next page) …

portions will be covered in '193 presentation) & Ex. 2 (showing overlap between '193 and '706 claims). There will be substantial overlap between '706 and '193, as a result. The witnesses, both expert and percipient, will be the same. The arguments will be very similar. *See* Hosie Dec., Exs. 1-2. Despite what Google argues, it appears that many of the prior art references may be the same.

Google's approach would force the Court to return to the '706 Patent months after the principal case has concluded.[4] Given the overlap of the '706 issues, even assuming for argument's sake that a bench trial is needed, *see* § IV.A, it seems far more sensible to schedule a one-day bench trial at the close of the principal case, when the witnesses have just testified and the memories of all are fresh.

Google proposes a false economy. The maximum simplification a stay of the '706 can cause at this juncture is saving some fraction of trial preparation now in exchange for weeks of respooling for a second trial months from now with the same witnesses.

As a stay will lead to neither simplification of the issues before the Court nor increased judicial economy, but rather likely duplication of effort due to overlap between the Patents-in-Suit, this factor weighs heavily against staying the case as to the '706.

### iii. Staying the Case Unduly Prejudices and Disadvantages Space Data.

Space Data and Google's Project Loon operate in rarified air. As Google itself repeatedly recognized, the very idea of providing internet services from stratospheric balloons was deemed "crazy." *See, e.g.*, Hosie Dec., Ex. 3 at SD_108034 ("[It] started about four years ago as an experimental idea. When you think about it, it sounds a bit crazy"). Space Data and Google are direct competitors in this space. Given this competition, a stay will unduly prejudice Space Data.

---

[4] Even if the PTAB resolves the IPR on schedule by November 2019, it will likely take several months to get a separate '706 trial on the court's calendar (per the Court's Standing Order RE Civil Cases § E(3), "the Court is setting hearings approximately 5 months out").

"Unlike patent infringement actions involving non-practicing entities, infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages." *Avago Tech. Fiber IP (Singapore) Pte. Ltd. v. IPTronics Inc.*, No. 10-cv-02863-EFD, at * 5 (N.D. Cal. Jul. 28, 2011).  Accordingly, "[c]ourts recognize that, when the parties are direct competitors, the risk of prejudice is higher to the non-moving party than it would be otherwise." *Asetek Holdings, Inc. v. Cooler Master Co., Ltd*, No. 13-cv-00457-JST, 2014 WL 1350813, at * 5 (N.D. Cal. Apr. 3, 2014).  The requisite direct competition can be shown by indirect evidence.  *See Hewlett-Packard Co. v. ServiceNow, Inc.*, No. 14-cv-00570-BLF, 2015 WL 1737920, at * 3 (N.D. Cal. Apr. 9, 2015).

Google's bald assertion that Space Data cannot present evidence of competition is wrong.  Space Data and Google compete to provide balloon communication services to telecommunication providers for commercial services in the U.S. and abroad.  *Compare, e.g.,* Hosie Dec., Ex. 6 & Ex. 7 ■■■ *with e.g., id.* Ex. 8, 68:20-25 & *id.,* Ex. 9, 704-705 ■■■.  ■■■ *Compare,* Hosie Dec., Ex. 10 ■■■ *with e.g.*, Hosie Dec., Ex. 11 ■■■; *see also id.*, Ex. 12, 207:1-25.  And, they compete to provide emergency communication services in the wake of disasters.  *Compare, e.g. id.*, Ex. 13 ■■■ *with e.g.*, *id.*, Ex. 14 (■■■

For example, following the passage of Hurricane Maria, Space Data and Google bid for the chance to provide wireless coverage to Puerto Rico.  Google won; Space Data came in second.  *See* Hosie Dec., Ex. 15, 678-79.  ■■■ *See id*. Ex. 13.  ■■■ *See id*. at GOOG-SD-00300577 ■■■

███████████████████████████████████████████████████████
█████████████[5]

In arguing that Space Data cannot show undue prejudice, Google primarily relies on *Lighting Sci. Group Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co., Ltd*., No. 16-cv-03886-BLF, 2017 WL 2633131 (N.D. Cal. Jun. 19, 2017).  In *Lighting* the court found that direct competition resulted in prejudice.  *Id*. at 4.  However, the court further found that the prejudice was weak, as "several considerations dampen[ed]" patentee's claim of prejudice.  Google's reliance on *Lightening* is misplaced.  The facts in that case are very different from the facts here:

1. In *Lighting* the patentee licensed its patents.  *See id*. at *4; *cf*. at *1 ("To date 14, of these actions have settled").  Space Data does not.  *See* Hosie Dec., Ex. 16 at 58.

2. In *Lighting* the accused infringer was a "small player" in a competitor heavy market.  2017 WL 2633131 at *4.  Here, Google is a very big fish.

3. In *Lighting* the patentee did not present "any concrete evidence" that "customers have purchased allegedly infringing products when they would otherwise have purchased [patentee] products, or that [patentee] has lost any market share to [the accused infringer.]"  *Id*.  Here, Space Data provides a specific example of a loss—a high-profile project—to Google (Puerto Rico) and provides example documents and testimony on competition.[6]

Under these circumstances, every month counts.  A stay unduly prejudices Space Data.

The passage of time will also prejudice Space Data in another important way. [7]  As

---

[5] Additionally, the fact that claims of Google's '678 Patent were deemed to be rightfully Space Data's during an interference, *see* ECF 185 at 9-11, evidences the fact that the two are direct competitors.  *Cf. Presido Components Inc v. Am. Technical Ceramics Corp*., 702 F. 3d 1351, 1363 (Fed. Cir. 2012) (the fact that the infringer "analyzed" the patentee's application before filing its own application indicated that the parties were "close competitors").

[6] The above-cited documents are just a small subset of the evidence on competition.  But that is a fight for a different day.

[7] Google also argues that prejudice to Space Data is mitigated by its "failure to move for preliminary injunction." Def.'s Br. at 7. However, courts in this district have previously rejected the notion that moving for preliminary injunction inevitably correlates with prejudice: "[a] party may decide to forego seeking a preliminary injunction for a variety of

… (Footnote continued on next page) …

explained above, Space Data will either have to put on the same evidence, including witnesses, twice, or be disadvantaged by the Court hearing evidence months before it considers it.

Additionally, granting this stay motion would grant a tactical advantage to Google. By the time this motion is heard, Google will have filed a Summary Judgment Motion arguing that the '706 is invalid. If this Court agrees, its decision on Summary Judgment will moot Google's Motion for Stay. If, however, the Court denies Google's '706 invalidity motion, then Google's stay motion very directly represents a request for a "do-over" in a different venue. While expedient (for Google), this is hardly efficient. This factor also heavily weighs against a stay.

## V.      CONCLUSION.

All three factors weigh against staying the '706 portion of the case.

Space Data respectfully requests that this Court deny Google's 11th-hour request to stay a portion of this case, and let the case proceed to trial as has been envisioned by all parties for a very long time indeed.

Dated:  December 18, 2018                Respectfully submitted,

*/s/ Spencer Hosie*_____
SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
BRANDON C. MARTIN (CA Bar No. 269624)
bmartin@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
HOSIE RICE LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
(415) 247-6000 Tel.

---

reasons having nothing to do with its view of the merits." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.,* No. C 12-05501 SI, 2014 WL 121640, at *3 (N.D. Cal. Jan. 13, 2014). Google points to two factually dissimilar cases for support, and as this is a fact-intensive inquiry, their argument is unavailing.

(415) 247-6001 Fax

*Attorneys for Plaintiff*
*SPACE DATA CORPORATION*