# EXHIBIT 5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASTEROBJECTS, INC., <br> Plaintiff, <br> v. <br> EBAY, INC., <br> Defendant. | Case No. 16-cv-06824-JSW <br><br> **ORDER LIFTING STAY** <br> Re: Dkt. No. 42 |

Now pending before the Court is plaintiff MasterObjects, Inc.'s ("MasterObjects") motion to lift the stay currently in place. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court finds the motion suitable for disposition without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). For the reasons set forth below, the Court HEREBY GRANTS MasterObjects's motion.

**BACKGROUND**

MasterObjects filed this complaint on November 28, 2016, alleging defendant eBay, Inc. ("eBay") infringed U.S. Patent No. 8,539,024 ("'024 Patent"). (Dkt. No. 1.) On motion from eBay, this Court issued an Order on May 17, 2015 staying this case pending *inter partes* review ("IPR") of twenty claims of the '024 Patent. (Dkt. No. 36.) On July 25, 2018, the U.S. Patent and Trademark Office Trial and Appeal Board ("PTAB") issued its final written decision ("FWD") in the IPR. (Dkt. No. 42-2.) The PTAB concluded that eBay had failed to demonstrate that any of the twenty claims before it were invalid due to obviousness or lack of novelty. (*Id.* at p. 36.) eBay appealed the PTAB's decision to the Federal Circuit on August 10, 2018. (Dkt. 45-1 at ¶ 7.) MasterObjects asks this Court to lift the stay currently in place, while eBay argues the Court should extend the stay until the Federal Circuit issues its opinion.

**ANALYSIS**

A. **Applicable Legal Standards.**

An IPR is a procedure by which the PTAB reexamines a patent. Once an IPR petition is filed, the U.S. Patent and Trademark Office ("PTO") must decide within three months whether to grant a petition for IPR. 35 U.S.C. § 314(b). If the PTO grants a petition for IPR, the PTAB must complete the IPR within one year. 35 U.S.C. §§ 6(a)-(c), 316(a)(11).

This Court has the "inherent power" to manage its own docket. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). The determination of whether to grant a stay pending the outcome of an IPR is soundly within the Court's discretion. *Id.* The standard for determining whether an existing stay should remain in place is the same as the standard for determining whether a Court should impose a stay in the first place. *Smart Modular Techns., Inc. v. Netlist, Inc.*, No. 12-cv-2319-TLN-EFB, 2016 WL 5159524, at *2 (E.D. Cal. Sept. 21, 2016).

When ruling on a stay, courts consider: (i) the stage of the litigation, including the status of discovery and whether the matter has been set for trial; (ii) whether a stay will simplify the issues in question; and (iii) whether a stay will unduly prejudice or tactically disadvantage the party opposing the stay. *In re Cygnus Telecom. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citations omitted). A court may also examine the "totality of the circumstances" to determine whether a stay is appropriate. *Netlist, Inc. v. Smart Storage Sys, Inc.*, No. 13-cv-5889-YGR, 2014 WL 4145412, at *1 (N.D. Cal. Aug. 21, 2014) (citation omitted).

On balance, the Court finds these factors weigh in favor of lifting the stay.

B. **The Applicable Factors Weigh in Favor of Lifting the Stay**.

1. **Early Stage of Litigation.**

The Court does not agree with MasterObjects that this case is "trial-ready." MasterObjects avers that the parties have completed significant discovery, summary judgment motion practice, and claim construction concerning a parent patent[1]. Those steps may very well have bearing on issues in play here. Even so, the work completed with respect to the parent patent does not

---

[1] The '024 Patent is a continuation of U.S. Patent No. 8,112,529.

2

obviate the need for discovery, claim construction, or other proceedings regarding the '024 Patent. The Court opined as much in its Order imposing the stay, and there is nothing before the Court to upset this determination.

In its Order granting eBay's motion for a stay, this Court observed that the case was "at a relatively early stage," noting there had been no case management conference, no discovery, and no claim construction. (Dkt. No. 36 at p. 5.) Of course, the state of the litigation is unchanged. Yet, the existence of a stay, on its own, does not justify its perpetuation: this case would remain frozen in its nascent stage if the Court continued the stay. *See Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, No. 14-cv-1288-JPS, 2016 WL 7495808, at *2 (E.D. Wis. Dec. 30, 2016) ("Yet until the stay in this case is lifted, there will always be a great deal of discovery remaining.") Lifting the stay allows the case to advance, and the Court is perfectly capable of making adjustments to the scope of the case, as needed, to accommodate any decision the Federal Circuit renders. *See Smart Modular*, 2016 WL 5159524, at *3 ("…should a decision be rendered by [the reviewing body] that affects this case, appropriate adjustments could then be made.").

The Court therefore concludes this factor is neutral.

**2.      Low Probability Federal Circuit Decision Will Simplify the Case.**

A court's consideration of the appropriateness of a stay is necessarily different (i) before an IPR has been instituted or completed and (ii) during the pendency of an appeal of an IPR. The purpose of an IPR is, where possible, to shift disputes about patent validity from the courts to an expert agency and to "facilitate the removal of patents that were improvidently granted." *In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1285 (Fed. Cir. 2015) (citations omitted), *aff'd sub nom. Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131 (2016). According to the PTAB, "an *inter partes* review is neither a patent examination nor a patent reexamination, but is a trial, adjudicatory in nature which constitutes litigation." *Id.* at 1289 (citations and quotations omitted). Staying a case until an IPR FWD is issued is often desirable because of the likelihood that this "expert panel" will bring its wisdom to bear on often highly technical and idiosyncratic issues. Accordingly, by the time the Federal Circuit reviews an appeal of a FWD, the patent claims at issue have undergone an adversarial process concerning their validity. In other words, all things

3

being equal, the prospect for simplification of patent matters in a case wanes greatly after the PTAB has issued its FWD.

Here, the PTAB's expert review has already streamlined the issues in this case by ruling that the claims of the patent were novel and nonobvious.[2] (Dkt. No. 42-2 at p. 36.) Further, the likelihood of the Federal Circuit's overturning the PTAB's IPR decision is approximately one in ten. (Dkt. No. 42-4). Moreover, it is far from certain that the Federal Circuit will issue anything more expansive than a one-line, summary affirmance. (Dkt. No. 46-2); *Personal Audio, LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 629 n.3 (E.D. Tex. 2017). eBay's hope that the Federal Circuit will issue additional claim construction[3] is speculative: "Waiting for the possibility" of additional claim construction guidance "does not justify an indeterminate stay." *Id.* at 629.

The case for simplification now is quite different than it was when eBay originally applied for a stay: "now the best data point we have from the PTAB suggests that these claims will survive." *See Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, No. 14-cv-1430-LPS-CJB, 2018 WL 1061370, at *2 (D. Del. Feb. 26, 2018); *see also Smart Modular*, 2016 WL 5159524, at *2-4 (lifting stay during appeal of reexamination decision that affirmed seven claims). Again, in the unlikely event the Federal Circuit provides additional guidance, this Court can adjust the scope of the litigation appropriately.

This factor tilts in favor of lifting the stay.

### 3. Additional Delay Would Prejudice MasterObjects.

All stays involve a delay: this, without more, does not constitute prejudice. *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 15-cv-1356-EJD, 2014 WL 116340, at *5 (N.D. Cal. Jan. 13, 2014). In its Order imposing the stay, the Court observed that waiting for the results of an IPR

---

[2] The PTAB's ruling did not affirm the validity of the identified claims of the patent. Rather, the ruling stated that the claims were novel and were nonobvious. PTAB did not consider, for example, challenges to whether the claims described patentable subject matter under 35 U.S.C. § 101. In other words, the PTAB's ruling indicates that the claims under IPR were not invalid due to anticipation and obviousness.

[3] The PTAB opined that the term "usability" did not require express construction. (Dkt. No. 42-2 at p. 11.)

4

1  would not prejudice MasterObjects because such a stay would not impose an unfair tactical

2  advantage on eBay. (Dkt. No. 36 at p. 6.) At that time, however, the parties and the Court

3  contemplated a stay only until the PTAB resolved the IPR eBay sought. (See *id.* at p. 2

4  ("Defendant argues that the relevant factors favor a stay until the later of (1) the PTAB's denial of

5  its IPR petition, or (2) the PTAB's final decision on any instituted IPR.") and p. 6 ("[T]he Court

6  . . . therefore grants Defendant's motion for a stay pending *inter partes* review.").) As PTAB must

7  complete IPR by a statutorily-imposed deadline, the stay the Court imposed on May 5, 2017 had a

8  natural endpoint. *See Acqis, LLC v. EMC Corp.*, No. 14-cv-13560, 2016 WL 4250245, at *2 (D.

9  Mass. Aug. 10, 2016). The Federal Circuit, however, has no such deadline.

Indeed, statistics demonstrate that the median time for disposition of cases submitted to the Federal Circuit is approximately one year. (Dkt. No. 42-2)[4]; *see, e.g., Puget BioVentures, LLC v. DePuy Orthopaedics, Inc.*, No. 10-cv-463-JD-MGG, 2017 WL 3495595, at *4 (N.D. Ind. Aug. 14, 2017) (stays pending appeal can last several years). An additional year or more "is a long time to be asked to continue to wait," particularly where the additional delay is pegged to a relatively low likelihood that the Federal Circuit will overturn the PTAB's FWD or provide additional claim construction. *See Elm*, 2018 WL 1061370, at *2; *see also Personal Audio,* 230 F. Supp. 3d at 627 (indeterminate delay can be unfairly prejudicial).

MasterObjects has further argued that a delay of resolution in this case impairs its ability to license its intellectual property. eBay argues that that the appeal to the Federal Circuit, regardless of whether the Court extends the stay, will "cloud" MasterObjects' patent. eBay points to *Realtime Data, LLC v. Silver Peak Sys., Inc.* for the proposition that lifting a stay does not dispel difficulties licensing a patent where ongoing appeals to the Federal Circuit contest the validity of those same patents. No. 17-cv-2373-PJH, 2018 WL 3744223, at *2 (N.D. Cal. Aug. 7, 2018).

Yet, as MasterObjects points out, *Realtime* is distinguishable. In that case, the IPRs that catalyzed the stay yielded a mixed result, driving both parties to the IPR to appeal. *Id.* at *1-2.

---

[4] District courts commonly use reversal statistics at the Federal Circuit when determining whether a stay is appropriate. *See, e.g.*, *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 629 9E.D. Tex. 2017).

5

Further, while the IPRs were on appeal, non-parties filed additional IPRs implicating the patents-in-suit. *Id.* at *1. At the time the court extended the stay, then, new IPRs were still before the PTAB and awaiting an initial determination. *Id.* at *1-2. Moreover, the IPR deemed some patents invalid. *Id.* at *2. Lifting the stay with the understanding that a ruling of invalidity could be reversed was worrisome to the court because it risked duplication of efforts and inefficiencies of scale if the unpatentable patents were later deemed patentable. *Id.* The facts leading the court to continue the stay, in other words, were far more complicated than the facts at issue in this case.

Here, there is one IPR at issue; the IPR resulted in a ruling confirming that all claims on review were novel and nonobvious; only eBay contests the results of the IPR; and the PTAB invalidated no claims. The Court agrees with MasterObjects that the clouded title here is a different, simpler variety than that of the intellectual property at issue in *Realtime*. Accordingly, allowing this case to proceed, even with the ongoing Federal Circuit appeal, decreases the likelihood of prolonged uncertainty with respect to the patent at issue. Under these facts, a delay pegged to the "mere possibility" that Federal Circuit will overturn the PTAB's FWD (or affirm and provide additional claim construction) does not outweigh the prejudice to MasterObjects inherent in an additional delay of the proceedings. *See Zoll Med. Corp. v. Respironics, Inc.*, No. 12-cv-1778-LPS, 2015 WL 4126741, at *1 (D. Del. July 8, 2015).

This factor tilts in favor of lifting the stay.

## CONCLUSION

For all the reasons discussed above, this Court grants MasterObjects's motion to lift the stay. If eBay wishes to re-notice its motion to dismiss, it may do so by December 7, 2018.

IT IS SO ORDERED.

Dated: November 7, 2018

_Jeffrey S. White_
JEFFREY S. WHITE
United States District Judge

6