SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
BRANDON C. MARTIN (CA Bar No. 269624)
bmartin@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
HOSIE RICE LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*SPACE DATA CORPORATION*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ALPHABET INC., GOOGLE LLC, and LOON LLC,<br><br>　　　　Defendants. | Case No. 5:16-cv-03260-BLF (NC)<br><br>**DECLARATION OF GEORGE RITCHIE IN SUPPORT OF PLAINTIFF'S RESPONSE TO CORRECTED DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS REPLY MOTION TO STAY AND EXHIBITS THERETO (ECF 402)**<br><br>Judge:　　Hon. Beth Labson Freeman<br>Trial Date:　August 5, 2019<br>Courtroom:　3, Fifth Floor |

I, George Ritchie, declare as follows:

1. I make this declaration of my own personal knowledge, in support of Space Data Corporation's ("Space Data" or "Plaintiff") Response to Corrected Defendants' Administrative Motion to File Under Seal Portions of its Reply Motion to Stay and Exhibits Thereto. If called upon to testify to the matters stated herein, I could and would do so competently.

2. I am Space Data's C.F.O. I am familiar with Space Data's technology, finances, and business relationships, as well as Space Data's efforts to maintain the secrecy of its proprietary confidential information. In my role as C.F.O., I oversee Space Data's financial planning, and I am intimately familiar with Space Data's business operations, including costs, logistics, strategy, and finances. In addition, I am familiar with Space Data's litigation activities.

3. Space Data, an Arizona company, has spent years, and tens of millions of dollars in private investment, developing its technology. Space Data provides constellations of stratospheric floating balloons for communication applications, including its SkySite™ and SkyStat™ platforms. Space Data has entered into numerous contracts with oil and oil field service companies and has contracts with the U.S. military. Space Data has deployed its technology in the U.S. and abroad.

4. Space Data has undertaken, and does undertake, reasonable efforts to maintain the secrecy of its proprietary confidential information. Space Data employees sign secrecy agreements, Space Data facilities are security card or conventionally keyed, locked, controlled at the front door and under electronic monitoring, visitors to Space Data facilities sign in on a visitor log, and Space Data enters into non-disclosure agreements with third party prospective partners prior to showing them Space Data's proprietary confidential information. Space Data maintains copies of non-disclosure agreements it has entered into in its electronic and hard copy records.

5. I am familiar with information contained in the yellow-highlighted portions of pages 4-5 of Defendants' Reply to Space Data's Opposition to Defendants' Motion to Stay, and the information contained in Exhibits F, G, and K to the Declaration of Leah Pransky in Support of Defendants' Reply to Space Data's Opposition to Defendants' Motion to Stay (the "Exhibits"), including the highlighted portions of the Exhibits. I do not take a position on Defendants' argumentation within the yellow-highlighted portions of pages 4-5 of Defendants' Reply to Space Data's Opposition to Defendants' Motion to Stay, but am familiar with the confidential Space Data material referenced or reflected therein. I am familiar with the consequences of public disclosure of the highlighted portions of Defendants' Reply to Space Data's Opposition to Defendants' Motion to Stay and the highlighted information in the Exhibits.

6. The information contained in Exhibit F at the highlighted lines on page 120 reveals business strategy decisions and detailed financial information that Space Data considers confidential. The disclosure of the highlighted lines of Exhibit F would reveal information pertaining to Space Data's finances as well as its strategic plans.

7. Space Data considers information contained in highlighted lines of Exhibit G to be confidential information. Further, the information contained in highlighted lines of Exhibit G pertains to third-parties, as it pertains to customer contracts. The disclosure of this information would reveal specific monetary figures pertaining to these customer contracts, in addition to other sensitive information.

8. The information contained in highlighted lines of Exhibit K pertains to Space Data's confidential business strategy. Space Data considers this information to be sensitive, and its disclosure risks Space Data's relationships with potential customers, as well as exposure of Space Data's business operations and strategy.

9. The information contained in the yellow-highlighted portions of page 4, lines 21 &-24, and page 5, lines 4 & 13 of Defendants' Reply to Space Data's Opposition to Defendants' Motion to Stay reflects confidential Space Data information. Lines 21& 24 of

1  page 4 pertain to conversations with third-parties with which Space Data discussed business
2  opportunities. Disclosure of this information would provide insight into Space Data joint
3  strategic plans. Line 4 of page 5 pertains to Space Data's revenue sources and confidential
4  business strategy. Line 13 of page 5 reflects Space Data's confidential business strategies.
5  Space Data considers all of this information to be confidential.  Disclosure of this
6  information would reveal competitively sensitive information, and risk competitive
7  disadvantage to Space Data's business efforts.

8       10.     Space Data considers the strategic, technical, and/or financial information
9  revealed by the above-identified portions of the Defendants' Reply to Space Data's
10 Opposition to Defendants' Motion to Stay, and the highlighted portions of Exhibits F, G, and
11 K thereto, to be sensitive confidential information.  Space Data does not make this
12 information generally available to the public, and as detailed above, Space Data has taken
13 reasonable steps to maintain the secrecy of its sensitive information.  Space Data believes
14 that this information would be valuable to a competitor or potential competitor and/or that its
15 disclosure may harm Space Data's relationships with third parties.  Space Data believes that
16 public disclosure of this information may work serious economic injury to Space Data, and
17 that disclosure could place Space Data at a competitive disadvantage.

18     I declare under penalty of perjury under the laws of the United States that the
19 forgoing is true and correct, and that this declaration is executed at __Chandler__, Arizona, on
20 December 28, 2018.

_____
George Ritchie

RITCHIE DECL. ISO PLAINTIFF'S RESP. TO              3              Case No. 5:16-cv 03260-BLF (NC)
CORRECTED MOT. TO SEAL PORTIONS OF REPLY
MOT. TO STAY AND EXHIBITS THERETO

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111