**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., et al.,<br><br>Defendants. | Case No. 16-cv-03260-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO SEAL AT ECF 378**<br><br>[Re: ECF 378] |

Before the Court is Defendants' motion to seal their opposition brief to Plaintiff's motion for leave to file a fifth amended complaint and certain exhibits thereto. ECF 378. For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Defendants' motion.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id*. (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Parties moving to seal documents must also comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed Defendants' sealing motion and the declarations of the designating parties submitted in support thereof. The Court finds that the parties have articulated compelling reasons to seal certain portions of one of the exhibits to Defendants' opposition brief. The proposed redactions are generally narrowly tailored. The Court's rulings on the sealing requests are set forth in the table below.

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 378-4 | Google's Opposition to Space Data's Motion for Leave to File Fifth Amended Complaint | DENIED. | Plaintiff, the designating party, does not seek to seal any portion of this document. *See* Plaintiff's Response at 1, ECF 383. |
| 378-5 | Exhibit E to Kamber Decl. i/s/o Google's Opposition to Space Data's Motion for Leave to File Fifth Amended Complaint | DENIED. | Plaintiff, the designating party, does not seek to seal any portion of this document. *See* Plaintiff's Response at 1, ECF 383. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 378-6 | Exhibit G to Kamber Decl. i/s/o Google's Opposition to Space Data's Motion for Leave to File Fifth Amended Complaint | GRANTED as to the portions marked by Plaintiff, the designating party, at 16:18-22; 17:3-6; 18:10. *See* ECF 383-1. | Contains confidential and proprietary technical information relating to balloon coverage simulations and assessing balloon/platform performance; contains sensitive financial information. Ritchie Decl. ¶¶ 5, 6, ECF 383-2. Disclosure of this information may cause serious economic harm to Plaintiff. *Id.* ¶ 7. |
|  |  | DENIED as to the remainder. | Plaintiff, the designating party, does not seek to seal the remainder. *See* Plaintiff's Response at 1, ECF 383. |
| 378-7 | Exhibit P to Kamber Decl. i/s/o Google's Opposition to Space Data's Motion for Leave to File Fifth Amended Complaint | DENIED. | Plaintiff, the designating party, does not seek to seal any portion of this document. *See* Plaintiff's Response at 1, ECF 383. |

## III. CONCLUSION

For the foregoing reasons, Defendants' sealing motion at ECF 378 is GRANTED IN PART and DENIED IN PART. For any request that has been denied in whole or in part, if the designating party has not already publicly submitted the properly redacted version of the documents, the submitting party shall file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days from the filing of this order.

**IT IS SO ORDERED.**

Dated: January 22, 2019

_____
BETH LABSON FREEMAN
United States District Judge