**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SPACE DATA CORPORATION, | Case No. 16-cv-03260-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SEALING MOTION AT ECF 395; GRANTING IN PART AND DENYING IN PART DEFENDANTS' SEALING MOTION AT ECF 402** |
| ALPHABET INC., et al., | |
| Defendants. | |

[Re: ECF 395, 402]

Before the Court are two administrative motions to seal: (1) Plaintiff's motion to seal portions of Plaintiff's opposition to Defendants' motion to stay and exhibits thereto; and (2) Defendants' motion to seal portions of its reply to its motion to stay and exhibits thereto. *See* ECF 395; ECF 402. For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART each motion.

## I.      LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id*. (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Parties moving to seal documents must also comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed Plaintiff and Defendants' sealing motions and the declarations of the designating parties submitted in support thereof. The Court finds that the parties have articulated compelling reasons to seal certain portions of the submitted documents. The proposed redactions are generally narrowly tailored. The Court's rulings on the sealing requests are set forth in the tables below.

### A. ECF 395 (Plaintiff's Motion)

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 395-14 | Plaintiff's Opposition to Defendants' Motion to Stay | GRANTED as to the highlighted portions at 7:15-18; 7:20-21; 7:24-27; 8:1-2. | Contains information related to Defendants' confidential technology, business plans and strategy. Yaghmour Decl. ¶ 4, ECF 398-1. Disclosure of this information may have significant negative effects on Defendants' business. Id. ¶ 6. |
| 395-15 | Exhibit 4 | DENIED. | Defendants, the designating party, do not seek to seal any portion of |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | this document.  *See* Defendants' Response at 1–2, ECF 398. |
| 395-16 | Exhibit 6 | GRANTED as to the entire exhibit. | Contains information related to Defendants' confidential technology, business plans and strategy.  Yaghmour Decl. ¶ 4, ECF 398-1.  Disclosure of this information may have significant negative effects on Defendants' business.  *Id.* ¶ 6. |
| 395-17 | Exhibit 7 | GRANTED as to the entire exhibit. | Contains information related to Defendants' confidential technology, business plans and strategy.  Yaghmour Decl. ¶ 4, ECF 398-1.  Disclosure of this information may have significant negative effects on Defendants' business.  *Id.* ¶ 6. |
| 395-18 | Exhibit 9 | GRANTED as to the highlighted portions at 704:1-7; 704:21-22; 705:21; 705:23-25. | Contains information related to confidential business discussion with third parties.  Knoblach Decl. ¶ 6, ECF 395-2.  Disclosure of this information may cause economic harm to Plaintiff and harm Plaintiff's relationships with third parties.  *Id.* ¶ 10. |
| 395-19 | Exhibit 10 | GRANTED as to the entire exhibit. | Contains information related to Defendants' confidential technology, business plans and strategy.  Yaghmour Decl. ¶ 4, ECF 398-1.  Disclosure of this information may have significant negative effects on Defendants' business.  *Id.* ¶ 6. |
| 395-20 | Exhibit 11 | GRANTED as to the entire exhibit. | Contains information related to confidential customer contracts Knoblach Decl. ¶ 7, ECF 395-2.  Disclosure of this information may cause economic harm to Plaintiff and harm Plaintiff's relationships with third parties.  *Id.* ¶ 10. |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 395-21 | Exhibit 12 | GRANTED as to the highlighted portions at 207:1-20. | Contains information related to confidential customer conversations. Knoblach Decl. ¶ 8, ECF 395-2. Disclosure of this information may cause economic harm to Plaintiff and harm Plaintiff's relationships with third parties. *Id.* ¶ 10. |
| 395-22 | Exhibit 13 | GRANTED as to the entire exhibit. | Contains information related to Defendants' confidential technology, business plans and strategy. Yaghmour Decl. ¶ 4, ECF 398-1. Disclosure of this information may have significant negative effects on Defendants' business. *Id.* ¶ 6. |
| 395-23 | Exhibit 14 | GRANTED as to the entire exhibit. | Contains information related to potential partnership agreement with a third party. Knoblach Decl. ¶ 9, ECF 395-2. Disclosure of this information may cause economic harm to Plaintiff and harm Plaintiff's relationships with third parties. *Id.* ¶ 10. |

**B.    ECF 402 (Defendants' Motion)**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 402-4 | Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Stay | GRANTED as to the highlighted portions at 4:21-22; 4:24; 5:4; 5:6-7; 5:13. | Portions at 5:6-7 contain information related to Defendants' confidential technology, business plans and strategy. Yaghmour Decl. ¶ 4, ECF 402-1. Disclosure of this information may have significant negative effects on Defendants' business. *Id.* ¶ 6. <br><br>Portions at 4:21-22; 4:24; 5:4; 5:13 contain information related to Plaintiff's confidential conversations with third parties or Plaintiff's confidential business strategy. Ritchie Decl. ¶ 9, ECF 405-1. Disclosure of this |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | information may cause serious economic injury to Plaintiff. *Id.* ¶ 10. |
| | | DENIED as to the remainder. | Plaintiff, the designating party for the remainder, does not seek to seal the remainder. *See* Plaintiff's Response at 1, ECF 405. |
| 402-5 | Exhibit F to Pransky Reply Decl. | GRANTED as to the portions marked by Plaintiff, the designating party, at 120:20-22. | Contains information related to Plaintiff's confidential business strategy. Ritchie Decl. ¶ 6, ECF 405-1. Disclosure of this information may cause serious economic injury to Plaintiff. *Id.* ¶ 10. |
| | | DENIED as to the remainder. | Plaintiff, the designating party for the remainder, does not seek to seal the remainder. *See* Plaintiff's Response at 1, ECF 405. |
| 402-6 | Exhibit G to Pransky Reply Decl. | GRANTED as to the portions marked by Plaintiff, the designating party, at 133:6-8; 133:16-18; 133:22-23; 169:14; 169:18-20; 169:23; 169:25; 170:4-6; 170:13; 170:16-22; 239:4-7; 239:18-25; 240:1; 240:13-16; 240:19-125. | Contains information related to Plaintiff's confidential customer contracts. Ritchie Decl. ¶ 7, ECF 405-1. Disclosure of this information may cause serious economic injury to Plaintiff. *Id.* ¶ 10. |
| | | DENIED as to the remainder. | Plaintiff, the designating party for the remainder, does not seek to seal the remainder. *See* Plaintiff's Response at 1, ECF 405. |
| 402-7 | Exhibit H to Pransky Reply Decl. | DENIED. | Plaintiff, the designating party, does not seek to seal any portion of this document. *See* Plaintiff's Response at 1, ECF 405. |
| 402-8 | Exhibit I to Pransky Reply Decl. | GRANTED as to the entire exhibit. | Contains information related to Defendants' confidential technology, business plans and |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | strategy. Yaghmour Decl. ¶ 4, ECF 402-1. Disclosure of this information may have significant negative effects on Defendants' business. *Id.* ¶ 6. |
| 402-9 | Exhibit J to Pransky Reply Decl. | GRANTED as to the entire exhibit. | Contains information related to Defendants' confidential technology, business plans and strategy. Yaghmour Decl. ¶ 4, ECF 402-1. Disclosure of this information may have significant negative effects on Defendants' business. *Id.* ¶ 6. |
| 402-10 | Exhibit K to Pransky Reply Decl. | GRANTED as to the portions marked by Plaintiff, the designating party, at 677:10-13; 677:15-19. | Contains information related to Plaintiff's confidential business strategy. Ritchie Decl. ¶ 8, ECF 405-1. Disclosure of this information may cause serious economic injury to Plaintiff. *Id.* ¶ 10. |
| | | DENIED as to the remainder. | Plaintiff, the designating party for the remainder, does not seek to seal the remainder. *See* Plaintiff's Response at 1, ECF 405. |

## III. CONCLUSION

For the foregoing reasons, Plaintiff's sealing motion at ECF 395 and Defendants' sealing motion at ECF 402 are each GRANTED IN PART and DENIED IN PART. For any request that has been denied in whole or in part, if the designating party has not already publicly submitted the properly redacted version of the documents, the submitting party shall file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days from the filing of this order.

**IT IS SO ORDERED.**

Dated: January 22, 2019

_____
BETH LABSON FREEMAN
United States District Judge