**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SPACE DATA CORPORATION, <br> Plaintiff, <br> v. <br> ALPHABET INC., et al., <br> Defendants. | Case No. 16-cv-03260-BLF <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT** <br><br> [Re: ECF 356] |

Before the Court is Plaintiff's Motion for Leave to File Fifth Amended Complaint ("Motion"). Motion, ECF 356. Pursuant to Civil Local Rule 7-1(b), the Court finds Plaintiff's Motion suitable for submission without oral argument. For the reasons stated below, Plaintiff's Motion for Leave to File Fifth Amended Complaint is GRANTED, and Plaintiff shall make its attorney Mr. Charles Wieland available for deposition.

**I. BACKGROUND**

Plaintiff Space Data Corporation ("Space Data") brings this lawsuit against Defendants Alphabet Inc., Google LLC, and Loon LLC (collectively, "Google" or "Defendants"), alleging various claims including infringement of four of Space Data's patents directed to wireless communication technology using high-altitude balloons: U.S. Patent Nos. 6,628,941 ("the '941 Patent"); 9,632,503 ("the '503 Patent"); 9,643,706 ("the '706 Patent"); and 9,678,193 ("the '193 Patent") (collectively, the "Asserted Patents"). *See generally* Fourth Amended Compl., ECF 344.

Plaintiff now seeks leave to file a fifth amended complaint—well after its deadline to amend the pleadings set by the Court's scheduling order. *See* ECF 73. Specifically, Plaintiff requests to add two Certificates of Correction: one removing an inadvertently named co-inventor from the '706 Patent and another adjusting the '913 Patent's priority date information. *See*

Motion at 1–2, ECF 356. Google opposes in part. Google has no objection to Plaintiff's request to remove the specified co-inventor from the '706 Patent but opposes Plaintiff's request to add the Certificate of Correction for the '913 Patent absent additional discovery. *See* Opp'n at 1, 1 n.1, 9, ECF 378-4.

## II. LEGAL STANDARD

A party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). A "good cause determination focuses primarily on the diligence of the moving party." *Yeager v. Yeager*, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Courts may consider any resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson,* 975 F.2d at 609).

Meanwhile, Rule 15(a) provides that "[t]he court should freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, such leave "is not to be granted automatically." *In re W. States*, 715 F.3d at 738 (internal quotation and citation omitted). Instead, the court should consider the following factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Id.*

## III. DISCUSSION

The PTO issued the inventorship Certificate of Correction for the '706 Patent on August 14, 2018, and the priority Certificate of Correction for the '193 Patent on October 9, 2018. *See* Ex. 1 (at Exs. F & G) to Hosie Decl., ECF 356-2. As Plaintiff's instant Motion was filed on November 9, 2018, the Court finds that Plaintiff exercised reasonable diligence in filing its Motion for leave to amend. *See Yeager*, 2009 WL 1159175, at *2–3. Indeed, Google does not object to the timing of Plaintiff's Motion but instead "focuse[s] on one factor: prejudice under Rule 15(a)." *See* Opp'n at 5.

1    Google's prejudice argument concerns only the '193 Patent and Google does not object to
2    addition of the '706 Patent's Certificate of Correction. *Id.* at 1, 5. Thus, having exercised
3    reasonable diligence and without objection from the opposing party, Plaintiff may amend its
4    pleading to add the '706 Patent's Certificate of Correction without restriction.

5    The '193 Patent's Certificate of Correction is another matter. To obtain this Certificate of
6    Correction, Plaintiff's attorney Mr. Charles Wieland represented to the PTO on July 10, 2018, that
7    "[p]atentee only recently discovered *in April 2018* that priority information for this patent was
8    inaccurate on the face of the patent." *See* Ex. L to Kamber Decl. at 44 (emphasis added), ECF
9    379-13. However, Google points to multiple pieces of evidence indicating that Space Data may
10   have been aware of the purported inaccuracy years earlier. *See, e.g.*, Ex. D to Kamber Decl. at 2,
11   ECF 379-5; Ex. F to Kamber Decl. at 8, ECF 379-7; *see also* Opp'n at 2–3, ECF 378-4. Based on
12   this record, Google "anticipate[s] an inequitable-conduct defense . . . [to] Space Data's insertion of
13   the ['193 Patent's] Certificate of Correction into this case." *See* Opp'n at 5.

14   Google therefore contends that its ability to develop its anticipated inequitable-conduct
15   defense is "directly prejudiced" by Plaintiff's "refus[al] to produce Mr. Wieland for a deposition."
16   *Id.* at 5. Google proposes the Court grant Plaintiff's Motion on the condition Google is permitted
17   to conduct a deposition of Mr. Wieland. *See id.* at 9. Plaintiff disagrees, arguing that "[a]ny
18   inequitable conduct allegations are of marginal relevance," that Google already had an opportunity
19   to take "inequitable conduct discovery," and that deposition of Mr. Wieland would "mire the
20   parties and Court in proliferating privilege, work-product and waiver disputes." *See* Reply at 3–5,
21   ECF 384.

22   The Court agrees with Google's proposal to grant Plaintiff's Motion on the condition
23   Google be permitted to depose Mr. Wieland. Prejudice to the opposing party is a relevant factor in
24   determining whether to grant leave to amend the pleadings. *See In re W. States*, 715 F.3d at 738.
25   The Court finds that Google would be prejudiced in the absence of an opportunity to question Mr.
26   Wieland on this topic. Neither Google nor the Court is required to accept Space Data's say so on
27   this issue. Thus, it is not for Plaintiff to adjudicate the relevance of Google's anticipated
28   inequitable conduct allegations, and based on the record, such a defense may have merit.

1    Furthermore, previous discovery on this issue took place *before* Mr. Wieland's July 10, 2018 statement to the PTO, as Plaintiff acknowledges. *See* Reply at 5. While Google deposed Plaintiff's CEO in the days after July 10, 2018, the Court recognizes that "[t]he crux of Google's [anticipated] inequitable conduct claim turns on Space Data's representations to the PTO, which were submitted by Mr. Wieland, not [Plaintiff's CEO]." *See* Opp'n at 9. Finally, while Plaintiff complains of a privilege quagmire, no privilege issues are presently before the Court and are not determinative of the instant Motion.

In sum, the Court GRANTS Plaintiff's Motion with respect to the '193 Patent on the condition that Plaintiff make Mr. Wieland available for deposition.

## IV. ORDER

For the foregoing reasons, the Court GRANTS Plaintiff's Motion with respect to the '706 Patent's Certificate of Correction without restriction and GRANTS Plaintiff's Motion with respect to the '193 Patent's Certificate of Correction on the condition Plaintiff make Mr. Wieland available for deposition consistent with this Order. The instant Order is in no way a ruling on privilege that may be asserted. In the event privilege is asserted and not resolved or any other discovery dispute arises from this Order, such dispute(s) shall be referred to the assigned magistrate judge.

The hearing set for February 7, 2019 is hereby VACATED. Plaintiff's fifth amended complaint shall be filed no later than February 15, 2019.

**IT IS SO ORDERED.**

Dated: February 1, 2019

_____
BETH LABSON FREEMAN
United States District Judge