UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., et al.,<br><br>Defendants. | Case No. 16-cv-03260-BLF<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY '706 PATENT PROCEEDINGS**<br><br>[Re: ECF 374] |

Before the Court is Defendants' Motion to Stay '706 Patent Proceedings pending *Inter Partes* Review ("Motion"). *See* Motion, ECF 374. Plaintiff opposes Defendants' Motion. *See* Opp'n, ECF 393. The Court previously ruled that Defendants' Motion would be determined without oral argument. *See* ECF 456. For the reasons stated below, the Court DENIES Defendants' motion to stay.

I.  **BACKGROUND**

Plaintiff Space Data Corporation ("Space Data") brings this action against Defendants Alphabet Inc., Google LLC, and Loon LLC (collectively, "Google") alleging that Google's "Project Loon"—a research and development project with the mission of providing wireless services using high-altitude balloons placed in the stratosphere—infringes Space Data's patents and unlawfully uses Space Data's confidential information and trade secrets. *See generally* Fifth Amended Complaint ("5AC"), ECF 434. Space Data asserts (1) claims for patent infringement of four patents owned by Space Data; (2) misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836 & 1837; (3) misappropriation of trade secrets under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426 *et seq.*; and (4) breach

1  of contract. *See generally id.* The four asserted patents are U.S. Patent Nos. 6,628,941 ("the '941
2  patent"); 9,632,503 ("the '503 patent"); 9,643,706 ("the '706 patent"); and 9,678,193 ("the '193
3  patent"). *See id.* ¶ 17.

4  Fact discovery in this action closed on June 29, 2018. *See* ECF 154, 154-1. Expert
5  discovery closed in January 2019. *See* ECF 373. On May 18, 2018, the Court denied Space
6  Data's motion for partial summary judgment that Google is judicially estopped from claiming that
7  the asserted claims in the '193 patent are invalid under 35 U.S.C. §§ 101, 102, and/or 103. *See*
8  ECF 255. On September 6, 2018, the Court issued its Order Construing Claims and found all
9  asserted claims of the '941 and '503 patents invalid for indefiniteness. *See* ECF 352 at 25–26. As
10 a result, only the '193 and '706 patents remain live in this action. Google's summary judgment
11 motion has been fully briefed and is set to be heard on April 11, 2019. The last day for the Court
12 to hear *Daubert* motions in this action is May 30, 2019, and trial is set to begin on August 5, 2019.

13 On November 7, 2018, the Patent Trial and Appeal Board ("PTAB") of the U.S. Patent and
14 Trademark Office ("PTO") instituted *inter partes* review ("IPR") on all asserted claims of the '706
15 patent. *See* Pransky Decl. ¶¶ 4–5, ECF 374-2; Exs. A & B to Pransky Decl., ECF 374-3, 374-4.
16 Google now moves to stay Space Data's claim for infringement of the '706 patent pending
17 completion of the '706 patent IPR proceedings. *See* Motion at 1.

18 **II.   LEGAL STANDARD**

19 A district court has inherent power to manage its own docket and stay proceedings,
20 "including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon,*
21 *Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). A court is under no obligation to stay
22 proceedings pending parallel litigation in the PTAB. *See Aylus Networks, Inc. v. Apple, Inc.*, 2014
23 WL 5809053, at *1 (N.D. Cal. Nov. 6, 2014). The factors that courts in this district consider when
24 determining whether to stay litigation are: "(1) whether discovery is complete and whether a trial
25 date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and
26 (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the
27 nonmoving party." *PersonalWeb Techs., LLC v. Apple, Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D.
28 Cal. 2014) (internal quotation and citation omitted).

## III. DISCUSSION

### A. Stage of the Litigation

First, the Court looks to the question of whether the litigation has progressed significantly enough for a stay to be disfavored. *See PersonalWeb Techs., LLC*, 69 F. Supp. 3d at 1025. Factors courts have considered include whether parties have engaged in costly expert discovery and dispositive motion practice, whether the court has issued its claim construction order, and whether the court has set a trial date. *See id.* at 1025–26.

The instant action was filed nearly three years ago, in June 2016. *See generally* Compl., ECF 1. The litigation has progressed significantly since that time. Fact and expert discovery are closed. *See* ECF 154, 154-1, 373. The Court has ruled on Space Data's motion for partial summary judgment and has issued its *Markman* order. *See* ECF 255, 352. Google's motion for summary judgment is fully briefed and set to be heard in a month. The deadline to file *Daubert* motions is fast approaching and the parties' August 2019 trial date is on the horizon.

Google argues that this factor favors a stay because "significant work remains for both the parties and the Court." *See* Motion at 5. The Court disagrees. This case is in an advanced stage. While true that much work remains in this action, much work has been completed. The Court recognizes that Google's motion to stay was filed on December 4, 2018, before Google's summary judgment motion was filed and briefed; however, "courts are not obligated to ignore advances in the litigation" when considering a motion to stay. *See GoPro, Inc. v. C&A Marketing, Inc.*, 2017 WL 2591268, at *3 (N.D. Cal. June 15, 2017) (internal quotation and citation omitted). In sum, "this case is no longer in an early stage of proceedings, and thus a stay is disfavored." *See Aylus Networks, Inc. v. Apple Inc.*, 2015 WL 12976113, at *1.

### B. Simplification of Issues

As an initial matter, the parties dispute whether Space Data has waived its right a jury trial on the '706 patent based on whether Space Data seeks damages for infringement of the '706 patent. *See* Motion at 3–4; Opp'n at 2–3. This important issue will not be resolved ancillary to the instant motion to stay. However, for the purposes of the instant analysis only, the Court assumes that the '706 patent issues should be addressed at a bench portion of the parties' trial and

3

reaches the same conclusion on Google's motion to stay.

"Courts routinely consider the expertise of the PTO, under which claim validity will be rigorously reevaluated, as an important factor in determining whether to stay its proceedings." *See Ricoh Co. v. Aeroflex Inc.*, 2006 WL 3708069, at *3 (N.D. Cal. Dec. 14, 2006) (citing examples). Google argues that without a stay "there is a serious risk of inconsistent outcomes regarding the validity of the '706 patent" and that this factor "weighs heavily in favor of a stay because the IPR may resolve ***all*** issues related to the '706 patent." *See* Motion at 5 (emphasis in original). Space Data counters that "there is real efficiency in deciding the '706 [patent] issues in conjunction with the rest of the case" and that "Google's approach would force the Court to return to the '706 [p]atent months after the principal case has concluded." *See* Opp'n at 5, 6. Google responds that a stay would simplify the case because after IPR "either some (or all) of the asserted '706 patent claims will be cancelled or amended, or Google will be subject to IPR estoppel." *See* Reply at 3, ECF 403.

The Court finds that while invalidation in IPR of any of the '706 patent claims at issue would narrow the scope of the litigation, there is limited risk of wasting resources by proceeding as planned with the instant action because the '706 patent infringement claim is a relatively small portion of the overall case. Indeed, staying the '706 patent would have no effect on the '193 patent infringement claim, the DTSA and CUTSA trade secret claims, or the breach of contract claim. In other words, the parties are set to try this action in August 2019 and the principals and numerous witness are set to appear irrespective of whether the '706 patent is stayed. Even if the '706 patent is tried before the bench, that aspect of the trial would be a bench portion of the parties' currently scheduled trial rather than a stand-alone separately scheduled proceeding. Thus, staying the '706 patent also poses a risk of wasted resources as the Court would have to reconvene the parties and witnesses at a later date if the asserted claims of the '706 patent survive IPR.

The Court is under no obligation to stay this proceeding pending parallel litigation in the PTAB. *See Aylus Networks, Inc. v. Apple, Inc.*, 2014 WL 5809053, at *1 (N.D. Cal. Nov. 6, 2014). Here, the simplification of issues factor cuts both ways and is essentially neutral.

### C. Undue Prejudice

The last factor to be considered is whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *See PersonalWeb Techs., LLC*, 69 F. Supp. 3d at 1025. Delay alone does not typically constitute undue prejudice, because "parties having protection under the patent statutory framework may not 'complain of the rights afforded to others by that same statutory framework.'" *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, at *3 (N.D. Cal. Mar. 16, 2006) (quoting *Pegasus Dev. Corp. v. DirecTV, Inc.*, 2003 WL 21105073, at *2 (D. Del. May 14, 2003)).

Google argues that a stay "would cause only a few months delay in the adjudication of [the '706] patent" if it survives IPR, *see* Motion at 7, and that Space Data "has not and cannot present evidence that it will suffer competitive harm if a stay is granted" because the parties are not competitors, *see* Reply at 4. Space Data contends that the parties compete—for example, that Google and Space Data "compete to provide emergency communication services in the wake of disasters"—and that Space Data would be prejudiced by "hav[ing] to put on the same evidence, including witnesses, twice." *See* Opp'n at 7–9. Google responds that Space Data does not provide "concrete evidence" that it lost sales to Google. *See* Reply at 4.

Space Data's claim of prejudice that would result from a stay of the '706 patent is rather tepid. Space Data offers little or no evidence of competitive injury. *See Lighting Sci. Grp. Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co. Ltd*., 2017 WL 2633131, at *4 (N.D. Cal. June 19, 2017) (finding claim of prejudice weak without "concrete evidence that [plaintiff] specifically lost sales . . . or market share" to defendant). However, the Court is mindful that dividing Plaintiff's case may put Plaintiff at a disadvantage relative to Google and that the Court is currently setting trials in 2022. Overall, Space Data's case for prejudice is weak at best and neutral at worst.

### D. Balancing the Factors

Upon balancing, the factors do not weigh in favor of granting a stay of the '706 patent issues pending IPR. Factor one cuts against granting a stay, factor two is neutral, and factor three is neutral or weighs slightly against granting a stay. Even if the Court construes the factors in a light most favorable to Google—i.e. considers factor three (prejudice) neutral and factor two

(simplification of the issues) to weigh in favor of granting a stay—factor one nonetheless balances the equation. Accordingly, a stay is not warranted.

## IV. ORDER

For the foregoing reasons, Defendants' Motion to Stay '706 Patent Proceedings pending *Inter Partes* Review is DENIED.

**IT IS SO ORDERED.**

Dated: March 12, 2019

_____
BETH LABSON FREEMAN
United States District Judge