1    SPENCER HOSIE (CA Bar No. 101777)
     shosie@hosielaw.com
2    DIANE S. RICE (CA Bar No. 118303)
     drice@hosielaw.com
3    BRANDON C. MARTIN (CA Bar No. 269624)
     bmartin@hosielaw.com
4    DARRELL R. ATKINSON (CA Bar No. 280564)
     datkinson@hosielaw.com
5    HOSIE RICE LLP
6    600 Montgomery Street, 34th Floor
     San Francisco, CA 94111
7    (415) 247-6000 Tel.
     (415) 247-6001 Fax
8

9    *Attorneys for Plaintiff*
     *SPACE DATA CORPORATION*

10

11

12                    UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
13                          SAN JOSE DIVISION

14

15   SPACE DATA CORPORATION,              Case No. 5:16-cv-03260-BLF

16                 Plaintiff,             **PLAINTIFF SPACE DATA
                                          CORPORATION'S ANSWER AND
17   v.                                   AFFIRMATIVE DEFENSES TO
                                          DEFENDANTS ALPHABET INC.,
18   ALPHABET INC., GOOGLE LLC, and       GOOGLE LLC, AND LOON LLC'S
     LOON LLC                             COUNTERCLAIMS TO SPACE
19                 Defendants.            DATA CORPORATION'S FIFTH
                                          AMENDED COMPLAINT
20
                                          Judge:     Hon. Beth Labson Freeman
21                                        Date Filed: June 13, 2016
                                          Trial Date: August 5, 2019
22

23                                        **JURY TRIAL DEMANDED**

24

25

26

27

## ALPHABET INC., GOOGLE LLC, AND LOON LLC's COUNTERCLAIMS

1.    Space Data sets forth by reference paragraphs 1 through 405 of its Fifth Amended Complaint in their entirety as if fully set forth herein.  No response to Google's Affirmative Defenses is required.

## NATURE OF THE ACTION

2.    Space Data admits that Google purports to seek "an order declaring that Google does not infringe any valid claim of the '941, '503, '706, or '193" Patents but denies that Google is entitled to such an order.  The remaining allegations in this paragraph are legal conclusions to which no response is required.

## THE PARTIES

3.    Space Data admits that Alphabet Inc. is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043-1351.

4.    Space Data admits that Google LLC is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043-1351.

5.    Space Data admits that Loon LLC is a Delaware limited liability company, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043-1351.

6.    Space Data admits that it is an Arizona corporation with its principal place of business at 2535 W. Fairview Street, Suite 101, Chandler, Arizona 85224-4707.

## JURISDICTION AND VENUE

7.    Space Data admits that Google purports to bring its claims for declaratory relief under Title 35 of the United States Code.  Space Data further admits that this Court has subject matter jurisdiction over certain patent infringement and invalidity counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.  Space Data denies any remaining allegations of this paragraph.

8.    Space Data admits it is prosecuting its Complaint against Google in this Court. Space Data admits that the parties have a December 1, 2007 Mutual Confidentiality and Nondisclosure Agreement.  Space Data denies any remaining allegations in this paragraph.

9.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the allegations.

## FACTS COMMON TO ALL COUNTS

10.   Space Data admits it filed the underlying action against Google alleging, among other things, that Space Data is the owner of the '941, '503, '706, and '193 patents and that Google has infringed and is currently infringing the claims of the '941, '503, '706, and '193 Patents listed in Space Data's Election of Asserted Claims.  Space Data denies any remaining allegations in this paragraph.

11.   Space Data admits that Google has denied its claims of patent infringement and that Google avers that certain of the claims of the '941, '503, '706, and '193 Patents are invalid. Space Data denies any remaining allegations in this paragraph.

12.   Space Data admits that there exists a substantial and actual controversy between Google and Space Data with respect to infringement and invalidity of the claims of the '941, '503, '706, and '193 Patents listed in Space Data's Election of Asserted Claims.  Space Data denies that there exists a substantial and actual controversy between Google and Space Data with respect to infringement or invalidity of any other claims of the '941, '193, '503, and '706 Patents.  The remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the remaining allegations in this paragraph.

## COUNTERCLAIM 1: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 6,628,941

13.   Space Data incorporates by reference its responses to the allegations of paragraphs 1 through 12 above as its response to this paragraph.

14.   Space Data denies the allegations in this paragraph.

15.   Space Data denies the allegations in this paragraph.

16.   Space Data denies the allegations in this paragraph.

17.   Space Data admits there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the claims of the '941 Patent listed in Space Data's Election of Asserted Claims are infringed by Google.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Google and Space Data with respect to any other claims of the '941 Patent.  Space Data denies any remaining allegations in this paragraph.

18.   Space Data denies the allegations in this paragraph.

## COUNTERCLAIM 2: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,628,941

19.   Space Data incorporates by reference its responses to the allegations of paragraphs 1 through 18 above as its responses to this paragraph.

20.   Space Data denies the allegations in this paragraph.

21.   Space Data admits that it did not invent the idea of using high-altitude balloons for purposes of communication.  Space Data denies that any patents, patent applications, and other references, individually and/or in combination, disclose the asserted claims of the '941 Patent.  Space Data denies that the asserted claims of the '941 Patent are anticipated and/or rendered obvious by Campbell, Lanzerotti, Ibanez-Meier, Seligsohn I, Tuval, Gover, Wong, Ayyagari, Struble, Carten, Raven Report, Cirrus Report, and Djuknic.  Space Data denies that Exhibit A demonstrates that each of these references anticipates and/or renders obvious, alone or in combination with any one of the other references, the asserted claims of the '941 Patent.  The remaining allegations of this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the remaining allegations.

22.   Space Data denies the allegations in this paragraph.

23.   Space Data denies that the '941 Patent is invalid under 35 U.S.C. § 112.  Space Data denies that a person of ordinary skill in the art would not have understood Space Data to be in possession of the claimed invention, would not have been able to make use of the alleged invention without undue experimentation, and would not have understood what the claims mean.  Space Data admits that certain claims of the '941 Patent include a limitation stating "free floating without any longitudinal and latitudinal position control."  Space Data denies that the '941 Patent contains a negative limitation that is not adequately supported by the specification.  Space Data denies any remaining allegations in this paragraph.

24.   Space Data admits that certain claims of the '941 Patent use the phrase "wherein said at least one of said communications devices is capable of handing off communication with said first platform to said second platform as said first platform moves out of a communication range of said at least one of said communications devices."  Space Data denies that the '941 Patent does not adequately explain how such communications devices would hand off communication from one balloon to another.  Space Data denies that the specification of the '941 Patent does not adequately describe the criteria for determining when to perform hand off.  Space Data denies that failure to adequately describe how communications devices would hand off communication from one balloon to another or the criteria for determining when to perform hand off would render the claims of the '941 Patent invalid for lack of written description and/or enablement.  Space Data denies that any claims of the '941 Patent fail for lack of written description and/or enablement.  Space Data denies any remaining allegations in this paragraph.

25.   Space Data denies the allegations in this paragraph.

26.   Space Data denies the allegations in this paragraph.

27.   Space Data admits there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the claims of the '941 Patent listed in Space

Data's Election of Asserted Claims are valid.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Google and Space Data with respect to the validity of any other claims of the '941 Patent.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Space Data and Google as to the enforceability of any claims of the '941 Patent.  Space Data denies any remaining allegations in this paragraph.

28.   Space Data denies the allegations in this paragraph.

**COUNTERCLAIM 3: DECLARATORY JUDGMENT OF**

**NON-INFRINGEMENT OF U.S. PATENT NO. 9,632,503**

29.   Space Data incorporates by reference its responses to the allegations of paragraphs 1 through 28 above as its responses to this paragraph.

30.   Space Data denies the allegations in this paragraph.

31.   Space Data denies the allegations in this paragraph.

32.   Space Data denies the allegations in this paragraph.

33.   Space Data admits there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the claims of the '503 Patent listed in Space Data's Election of Asserted Claims are infringed by Google.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Google and Space Data with respect to any other claims of the '503 Patent.  Space Data denies any remaining allegations in this paragraph.

34.   Space Data denies the allegations in this paragraph.

**COUNTERCLAIM 4: DECLARATORY JUDGMENT OF**

**INVALIDITY OF U.S. PATENT NO. 9,632,503**

35.   Space Data incorporates by reference its responses to the allegations of paragraphs 1 through 34 above as its responses to this paragraph.

36.   Space Data denies the allegations in this paragraph.

37.   Space Data admits that it did not invent the idea of using high-altitude balloons for purposes of communication.  Space Data denies that any patents, patent applications, and other references, individually and/or in combination, disclose the asserted claims of the '503 Patent.  Space Data denies that the asserted claims of the '503 Patent are anticipated and/or rendered obvious by Knoblach, Campbell, Flickinger, Campbell '248, Seligsohn I, GAINS Instrumentation, Chocol, ICAO, FAA 101, Anderson, Holder, Jumper, and Smith.  Space Data denies that Knoblach, Campbell, Flickinger, Campbell '248, Seligsohn I, GAINS Instrumentation, Chocol, ICAO, FAA 101, Anderson, Holder, Jumper, and Smith disclose "balloon communications system as well as the balloon components and flight-termination devices claimed by the '503" Patent.  Space Data denies that Exhibit B demonstrates that each of these references anticipates and/or renders obvious, alone or in combination with any one of the other references, the asserted claims of the '503 Patent.  The remaining allegations of this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the remaining allegations.

38.   The allegations of this paragraph set forth speculation, argument, and legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the allegations in this paragraph.

39.   Space Data denies that the '503 Patent is invalid under 35 U.S.C. § 112.  Space Data denies that any of the claims of the '503 Patent are invalid as indefinite because of lack of antecedent basis.  Space Data admits that independent claims 1, 6, and 15 of the '503 patent each have an element stating "wherein at least one of the geographical coordinates tracking system comprises a GPS."  Space Data denies that this element lacks intelligible meaning. The remaining allegations of this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the remaining allegations.

40.  The allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the allegations of this paragraph.

41.  Space Data admits there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the claims of the '503 Patent listed in Space Data's Election of Asserted Claims are valid.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Google and Space Data with respect to the validity of any other claims of the '503 Patent.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Space Data and Google as to the enforceability of any claims of the '503 Patent.  Space Data denies any remaining allegations in this paragraph.

42.  Space Data denies the allegations in this paragraph.

## COUNTERCLAIM 5: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 9,643,706

43.  Space Data incorporates by reference its responses to the allegations of paragraphs 1 through 42 above as its responses to this paragraph.

44.  Space Data denies the allegations in this paragraph.

45.  Space Data denies the allegations in this paragraph.

46.  Space Data denies the allegations in this paragraph.

47.  Space Data admits there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the claims of the '706 Patent listed in Space Data's Election of Asserted Claims are infringed by Google.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Google and Space Data with respect to any other claims of the '706 Patent.  Space Data denies any remaining allegations in this paragraph.

48.  Space Data denies the allegations in this paragraph.

## COUNTERCLAIM 6: DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 9,643,706

49.   Space Data incorporates by reference its responses to the allegations of paragraphs 1 through 48 above as its responses to this paragraph.

50.   Space Data denies the allegations in this paragraph.

51.   Space Data admits that it did not invent the idea of using high-altitude balloons for purposes of communication.  Space Data denies that any patents, patent applications, and other references, individually and/or in combination, disclose the asserted claims of the '706 Patent.  Space Data denies that the asserted claims of the '706 Patent are anticipated and/or rendered obvious by Knoblach, Campbell, Flickinger, Campbell '248, Seligsohn I, GAINS Instrumentation, Chocol, ICAO, FAA 101, Anderson, Holder, Jumper, and Smith.  Space Data denies that Knoblach, Campbell, Flickinger, Campbell '248, Seligsohn I, GAINS Instrumentation, Chocol, ICAO, FAA 101, Anderson, Holder, Jumper, and Smith disclose "balloon communications system as well as the balloon components and flight-termination devices claimed by the '706" Patent.  Space Data denies that Exhibit B demonstrates that each of these references anticipates and/or renders obvious, alone or in combination with any one of the other references, the asserted claims of the '706 Patent.  The remaining allegations of this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the remaining allegations.

52.   The allegations of this paragraph set forth speculation, argument, and legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the allegations in this paragraph.

53.   Space Data denies that the '706 Patent is invalid under 35 U.S.C. § 112.  Space Data denies that any of the claims of the '706 Patent, including Claim 29 thereof, are invalid as indefinite because of lack of antecedent basis.  Space Data admits that claim 29 of the '706 patent has an element stating "wherein at least one of the geographical coordinates tracking

system comprises a GPS." The remaining allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Space Data denies the remaining allegations.

54. The allegations of this paragraph set forth argument and legal conclusions to which no response is required. To the extent a response is required, Space Data denies the allegations of this paragraph.

55. Space Data admits there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the claims of the '706 Patent listed in Space Data's Election of Asserted Claims are valid. Space Data denies that there exists an actual, continuing, justiciable case or controversy between Google and Space Data with respect to the validity of any other claims of the '706 Patent. Space Data denies that there exists an actual, continuing, justiciable case or controversy between Space Data and Google as to the enforceability of any claims of the '706 Patent. Space Data denies any remaining allegations in this paragraph.

56. Space Data denies the allegations in this paragraph.

## COUNTERCLAIM 7: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 9,678,193

57. Space Data incorporates by reference its responses to the allegations of paragraphs 1 through 56 above as its responses to this paragraph.

58. Space Data denies the allegations in this paragraph.

59. Space Data denies the allegations in this paragraph.

60. Space Data denies the allegations in this paragraph.

61. Space Data admits there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the claims of the '193 Patent listed in Space Data's Election of Asserted Claims are infringed by Google. Space Data denies that there exists an actual, continuing, justiciable case or controversy between Google and Space Data

PLAINTIFF SPACE DATA CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANTS' COUNTERCLAIMS

Case No. 5:16-cv 03260-BLF (NC)

1   with respect to any other claims of the '193 Patent.  Space Data denies any remaining

2   allegations in this paragraph.

3       62.   Space Data denies the allegations in this paragraph.

4           **COUNTERCLAIM 8: DECLARATORY JUDGMENT OF**

5           **INVALIDITY OF U.S. PATENT NO. 9,678,193**

6       63.   Space Data incorporates by reference its responses to the allegations of paragraphs

7   1 through 62 above as its responses to this paragraph.

8       64.   The allegations of this paragraph set forth argument and legal conclusions to which

9   no response is required.  To the extent a response is required, Space Data denies the

10  allegations of this paragraph.

11      65.   Space Data admits that it did not invent the idea of using high-altitude balloons for

12  purposes of communication.  Space Data denies that any prior art references, individually

13  and/or in combination, disclose any of the asserted claims of the '193 Patent.  The allegation

14  that the '193 Patent is anticipated by Knoblach is a legal conclusion to which no response is

15  required.  To the extent a response is required, Space Data denies that the '193 Patent is

16  anticipated by Knoblach.  Space Data denies that Knoblach is prior art to the '193 Patent.

17  Space Data admits that Knoblach discloses each and every element of the asserted claims of

18  the '193 Patent.  Space Data denies that the asserted claims of the '193 Patent are rendered

19  obvious by, either alone or in combination with each other, Campbell, Seligsohn I, '090

20  patent, Carten, POBAL-S, (LeClaire, GAINS Instrumentation, Girz, Gildenburg, Aaron,

21  Global Aerospace Report, and the AFCRL Report.  Space Data denies that Campbell,

22  Seligsohn I, '090 patent, Carten, POBAL-S, (LeClaire, GAINS Instrumentation, Girz,

23  Gildenberg, Aaron, Global Aerospace Report, and the AFCRL Report disclose balloon

24  communications systems as well as horizontal positioning of balloons via altitude control and

25  relative positioning of balloons within the communications system, as claimed by the '193

26  Patent.  The allegation that Knoblach, in combination with the above references, renders the

27

28

claims of the '193 patents obvious is a legal conclusion to which no response is required.  To the extent a response is required, Space Data denies that Knoblach, in combination with the above references, renders the claims of the '193 Patent obvious.  Space Data denies that Exhibit B demonstrates that each of these references anticipates and/or renders obvious, alone or in combination with the other references, the asserted claims of the '193 Patent.  The remaining allegations of this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the remaining allegations.

66.   The allegations of this paragraph set forth speculation, argument, and legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the allegations in this paragraph.

67.   The allegations of this paragraph set forth argument and legal conclusions to which no response is required.  To the extent a response is required, Space Data denies the allegations of this paragraph.

68.   Space Data admits there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to whether the claims of the '193 Patent listed in Space Data's Election of Asserted Claims are valid.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Google and Space Data with respect to the validity of any other claims of the '193 Patent.  Space Data denies that there exists an actual, continuing, justiciable case or controversy between Space Data and Google as to the enforceability of any claims of the '193 Patent on any grounds separate from Google's inequitable conduct affirmative defense / counterclaim.  Space Data denies any remaining allegations in this paragraph.

69.   Space Data denies the allegations in this paragraph.

## COUNTERCLAIM 9: DECLARATORY JUDGMENT OF UNENFORCEABILITY OF U.S. PATENT NO. 9,678,193

70.  Space Data admits the allegations in this paragraph.

71.  Space Data admits that the October 9, 2018 certificate of correction amended the recitation of "Related U.S. Application Data" on the cover pages of the '193 Patent such that the cover pages' recitation of "Related U.S. Application Data" now includes "application No. 09/342,440, filed on Jun. 29, 1999, now Pat. No. 6,628,941."  The October 9, 2018 certificate of correction did not alter the recitation of the "Related Applications" information on the first page of the specification of the '193 Patent.  The "Related Applications" information on the first page of the specification has always included "application Ser. No. 09/342,440 filed Jun. 29, 1999, now U.S. Pat. No. 6,628,941."  Any remaining allegations of this paragraph set forth argument and legal conclusion to which no response is required; to the extent a response is required, Space Data denies any remaining allegations in this paragraph.

72.  Space Data admits that the prosecution history of the '193 Patent reflects that filing receipts related to the '193 Patent's application were sent to Space Data in 2014 and that those receipts did not include an explicit reference to Application No. 09/342,440 in the section titled "Domestic Priority data as claimed by applicant."  Space Data denies the remaining allegations in this paragraph.

73.  Space Data admits that the filing receipts in the prosecution history of the '193 Patent dated July 23, 2014 and September 8, 2014 did not include an explicit reference to Application No. 09/342,440 in the section titled "Domestic Priority data as claimed by applicant."  Space Data denies the remaining allegations in this paragraph.

74.  Space Data denies the allegations in this paragraph.

75.  Space Data admits the allegations in this paragraph.

76.  Space Data admits that "Defendants' Preliminary Invalidity Contentions Re U.S. Patent Nos. 9,632,503, 9,643,706 and 9,678,193," served November 17, 2017, contained the following contention:

WO 01/01710 (Knoblach) anticipates the Asserted Claims of the '193 patent under 32 U.S.C. § 102(b).  As reflected on the face of the document, the '193 patent

claims priority to Provisional Application No. 60/284,799 filed April 18, 2011—
it is not, as Space Data alleges "entitled to the benefit of the filling date of U.S.
Application No. 09/342,440, which was filed on June 29, 1999." Aug. 25, 2017
Infringement Contentions at 7. But because the provisional application does not
support the Asserted Claims, Space Data is not entitled to the provisional filing
date. Indeed, even the April 18, 2002 non-provisional application does not support
the Asserted Claims of the '193 patent. A one-for-one identification of where
Knoblach discloses the elements of the Asserted Claims is detailed in Exhibit A.

Space Data admits that this portion of "Defendants' Preliminary Invalidity Contentions Re

U.S. Patent Nos. 9,632,503, 9,643,706 and 9,678,193" contains no emphasis, and that this

specific contention appears on page 8 of "Defendants' Preliminary Invalidity Contentions Re

U.S. Patent Nos. 9,632,503, 9,643,706 and 9,678,193." Space Data denies any remaining

allegations in this paragraph.

77. Space Data admits that on May 16, 2018, Raj S. Davé filed a "Request for

Certificate of Correction Under 35 U.S.C. § 255" to correct the "Related U.S. Application

Data" on the cover page of the '193 Patent. The remaining allegations of this paragraph set

forth argument and legal conclusion to which no response is required; to the extent a

response is required, Space Data denies any remaining allegations in this paragraph.

78. Space Data admits that 37 C.F.R. § 1.78(e) states, in part:

If the reference required by 35 U.S.C. 120 . . . is presented after the time period
provided by paragraph (d)(3) of this section, the claim . . . for the benefit of a prior-
filed . . . nonprovisional application . . . may be accepted if the reference required
by paragraph (d)(2) of this section was unintentionally delayed.

And:

A petition to accept an unintentionally delayed claim under 35 U.S.C. 120 . . .
for the benefit of a prior-filed application must be accompanied by: . . . (3) A
statement that the entire delay between the date the benefit claim was due under
paragraph (d)(3) of this section and the date the benefit claim was filed was
unintentional. The Director may require additional information where there is
a question whether the delay was unintentional.

37 C.F.R. § 1.78(e). Space Data denies that 37 C.F.R. § 1.78 so much as mentions

certificates of correction. The remaining allegations of this paragraph set forth argument and

1  legal conclusion to which no response is required; to the extent a response is required, Space

2  Data denies any remaining allegations in this paragraph.

3      79.   Space Data denies that it filed a "petition for certificate of correction" on May 16,

4  2018.  As stated above in Space Data's response to the allegations contained in paragraph 77,

5  on May 16, 2018, Raj S. Davé filed a "Request for Certificate of Correction Under 35 U.S.C.

6  § 255."  Space Data admits that the "Request for Certificate of Correction Under 35 U.S.C. §

7  255" filed by Mr. Davé on May 16, 2018 did not include a statement that "the entire period

8  of delay between the date the benefit claim was due under Rule 1.78(d)(3) and the date the

9  benefit claim was filed in seeking a correction was unintentional."  Space Data denies that

10 the PTO initially rejected the Request filed by Mr. Davé.  On June 13, 2018, the PTO

11 "Approved" the May 16, 2018 "Request for Certificate of Correction Under 35 U.S.C. §

12 255."  Space Data also denies that the "Request for Certificate of Correction under 35 U.S.C.

13 § 255" was denied on *July 10*, 2018.  Rather, a *July 6*, 2018 "Office communication" stated

14 in-part as follows:

15 (Check one)
   ☐ Approved          ☐ Approved in Part     ☑ Denied

16
   Comments: <u>This COC decision supercedes previous decision on 06/13/2018. The COC request is</u>
17            <u>denied for failing to satisfy MPEP 1481.03 - Correction of 35 U.S.C. 119 and 35 U.S.C.</u>
             <u>120 Benefits. Petition via 37 CFR 1.78 (e) and corresponding fee have not been satisfied.</u>

18 SPE Response – Certificate of Correction under 1.323/1.324 (July 6, 2018).  Space Data

19 denies any remaining allegations in this paragraph.

20     80.   Space Data admits that Google sent Mr. Davé a letter on June 11, 2018.  Space Data

21 denies the remaining allegations in this paragraph.

22     81.   Space Data admits the allegations in this paragraph.

23     82.   Space Data denies the allegations in this paragraph.

24     83.   Space Data admits that on July 18, 2018, Google provided Mr. Wieland with a copy

25 of a Google petition ("Submission of Comments and Petition to the Director Under 37 C.F.R.

26 § 1.181 Seeking Denial of Patent Owner's Request for Certificate of Correction for U.S.

27

28

1  Patent No. 9,678,193") to the PTO director.  Space Data denies the remaining allegations in

2  this paragraph.

3      84.   Space Data admits that Google filed a "Submission of Comments and Petition to the

4  Director Under 37 C.F.R. § 1.181 Seeking Denial of Patent Owner's Request for Certificate

5  of Correction for U.S. Patent No. 9,678,193" with the USPTO on July 18, 2018.  Space Data

6  denies the remaining allegations in this paragraph.

7      85.   Space Data admits that in a July 30, 2018 "Resubmitted 37 CFR 1.78(e) Petition for

8  an Unintentionally Delayed Domestic Priority Claim" Charles F. Wieland III—Space Data's

9  counsel—represented, at page 7, that: "The Patentee only recently discovered in April 2018

10 that priority information for this patent was inaccurate on the face of the patent."  The

11 remaining allegations of this paragraph either set forth argument and legal conclusion to

12 which no response is required—and to the extent a response is require are denied—or are

13 allegations that are denied.

14     86.   Space Data admits that it sent a letter to counsel for Google on November 6, 2018

15 that stated in part: "Space Data has been explicitly of-record for more than a year that the

16 '941 priority date (June 29, 1999) was the correct priority date for the '193 patent."  *See*

17 Hosie Ltr. To Kamber (Nov. 6, 2018).  Space Data denies that this statement is in conflict

18 with Mr. Wieland's assertion to the PTO that: "The Patentee only recently discovered in

19 April 2018 that priority information for this patent was inaccurate on the face of the patent."

20 Space Data denies Defendants' characterization of the letter, including the allegation that the

21 letter "acknowledged" that "Space Data was aware of the priority-date issue well before

22 April 2018."  Space Data denies the remaining allegations in this paragraph.

23     87.   Space Data denies the allegations in this paragraph.

24     88.   Space Data denies the allegations in this paragraph.

25     89.   Space Data admits that it admitted, on April 20, 2018, that "Knoblach discloses

26 each and every element of the asserted claims of the '193 Patent."  The remaining allegations

27

28

in this paragraph set forth argument and legal conclusion to which no response is required. To the extent a response is required, Space Data denies the remaining allegations in this paragraph.

90.  Space Data denies the allegations in this paragraph.

91.  Space Data denies the allegations in this paragraph.

92.  Space Data admits that there exists an actual, continuing, justiciable case or controversy between Google and Space Data as to the enforceability of the '193 patent. Space Data denies all remaining allegations in this paragraph.

## EXCEPTIONAL CASE

93.  Space Data denies that Google is entitled to an award of its attorneys' fees incurred in connection with defending this action pursuant to 35 U.S.C. § 285.  Space Data denies that Google does not infringe any valid or enforceable claim of the Patents-in-Suit.  Space Data denies that the Patents-in-Suit are invalid and/or unenforceable.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Google to which no response is required.  Space Data denies any allegations contained in the Prayer for Relief to which a response is required.

Space Data denies each and every allegation of Google's counterclaims not specifically admitted or otherwise responded to above.  Space Data specifically denies that Google is entitled to a judgment, with prejudice or otherwise, dismissing Space Data's Complaint against Google.  Space Data specifically denies that Google is entitled to a judgment that the Patents-in-Suit, or any claim thereof, are not infringed, invalid, and unenforceable.  Space Data specifically denies that Google is entitled to an order that it is the "prevailing party" with respect to Space Data's patent claims.  Space Data specifically denies that Google is entitled to an award granting Google attorney's fees and costs, under law or equity.  Space Data specifically denies that Google is entitled to an order that it is the "prevailing party"

1  with respect to Space Data's misappropriation of trade secrets and breach of contract claims.

2  Space Data specifically denies that its misappropriation claims were made in bad faith.

3  Space Data denies that Google is entitled to any award of reasonable attorney's fees and

4  costs, including expert witness fees, pursuant to California Civil Code § 3426.4, 18 U.S.C. §

5  1836(b)(3)(D) or otherwise.  Space Data specifically denies that Google is entitled to any

6  relief whatsoever of any kind against Space Data as a result of any act of Space Data or any

7  person or entity acting on behalf of Space Data.

8  ## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

9  Space Data asserts the following affirmative defenses.  To the extent any of the defenses,

10  in whole or in part, relates to or negates an element of Google's claims, Space Data in no

11  way seeks to relieve Google of its burden of proof or persuasion on that element.  All

12  defenses are pled in the alternative and do not constitute an admission of liability or that

13  Google is entitled to any relief whatsoever.  Space Data reserves any and all rights it has

14  under the Federal Rules of Civil Procedure to assert additional defenses and/or counterclaims

15  as additional facts are learned or present themselves during discovery or otherwise during the

16  course of these proceedings.

17  ### First Affirmative Defense – Issue Preclusion and Claim Preclusion

18  ### (Counterclaim 8)

19  The doctrines of issue preclusion and claim preclusion preclude Google from relitigating

20  the invalidity of the asserted claims of '193 Patent.  On June 1, 2016, Space Data filed an

21  interference (the "Interference") with the Patent Trial and Appeal Board ("PTAB").  During

22  the Interference, Space Data asserted that it was the senior rights holder of Claims 1-12 and

23  16-24 of Google's 8,820,678 patent (the "'678 Patent").  Google, through counsel, indicated

24  that it did not intend to contest priority.  The PTAB held that "this concession of priority

25  mooted the need" to consider Space Data's motion for Judgment on Priority.  The PTAB

26  further held that Google's indication that it "did not intend to contest priority in this case"

27

28  PLAINTIFF SPACE DATA CORPORATION'S          17          Case No. 5:16-cv 03260-BLF (NC)
ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANTS' COUNTERCLAIMS

1   was "a concession of priority" and entered final judgment that claims 1-12 and 16-24 of

2   Google's '678 Patent should be cancelled in favor of Space Data.  Google did not appeal this

3   judgment at the PTAB or in the Federal Courts.  The time for such an appeal has passed.

4        Claim 1 of the '678 Patent thereafter issued as asserted Claim 1 of the '193 Patent.

5   Claim 2 of the '678 patent issued as asserted Claim 2 of the '193 Patent.  Claim 9 of the '678

6   Patent issued as asserted Claim 4 of the '193 Patent.  Claim 21 of the '678 Patent was

7   incorporated into asserted Claim 17 of the '193 Patent.  Limitations from Claim 1 of the '678

8   Patent were incorporated into asserted Claim 14 of the '193 Patent.

9        Google had a full and fair opportunity to litigate the issue of invalidity of asserted

10   Claims 1, 2, 4, 14, and 17 of the '193 Patent at the PTAB.  It chose to concede priority

11   instead.  In light of Google's concession on the merits of priority, the PTAB entered final

12   judgment against Google.  That judgment can no longer be appealed.  Google was identified

13   as the real party-in-interest with respect to the '678 Patent in the Interference.  Space Data

14   was also identified as the real party interest.

15        Space Data has been prejudiced by Google's conduct, including because it could have

16   asked the PTAB, which is staffed by experts with technical expertise, to fully address

17   invalidity of the claims at issue in the Interference.

18        Google is therefore precluded, under the doctrines of issue preclusion and claim

19   preclusion, from relitigating the issue of invalidity with respect to at least asserted Claims 1,

20   2, 4, 14, and 17 of the '193 Patent as well as any asserted claims that depend from them.

21   Google had its day in court on these issues with respect to these asserted claims.  It had the

22   opportunity to present at the PTAB all the facts and advance all of its arguments on invalidity

23   with respect to these claims.  It chose instead to concede.

**Second Affirmative Defense – Judicial Estoppel**

**(Counterclaim 8)**

1    Google cannot assert a position in this proceeding that is contrary to or inconsistent with

2    the positions that it has taken and continues to take with respect to certain of the '193

3    asserted claims at the U.S. Patent and Trademark Office and at other patent issuing entities in

4    foreign countries.

5    As discussed above, asserted Claims 1, 2, 4, 14, and 17 of the '193 Patent are either

6    identical to, or substantially similar to, certain claims of Google's '678 Patent.  During

7    prosecution of the application that resulted in the '678 Patent, the purported inventors of

8    Google's '678 Patent swore that they were aware of their "duty to disclose information which

9    is material to patentability" and assigned the application to Google.  The applicants for the

10   '678 Patent submitted Information Disclosure Statements to the PTO disclosing material

11   identical to, or not materially different from, the prior art references Google now asserts

12   invalidate the asserted claims of the '193 Patent.

13   The PTO rejected then-pending claims 1, 3, 13, and 26 of the '678 Patent, among others,

14   as being anticipated by Campbell.  Google then scheduled an examiner interview, and argued

15   that a claims amendment would overcome the rejection.  The PTO tentatively agreed and

16   asked that Google submit the amended claims with a detailed explanation of why the

17   claims—as amended—overcame Campbell.

18   Google then amended then-pending claims 1 and 3 as follows:

19       1.      (Currently Amended) A method comprising:

20           determining a location of a target balloon;

21           determining locations of one or more neighbor balloons relative to

22           the determined location of the target balloon, wherein the target

23           balloon comprises a communication system that is operable for

24           data communication with at least one of the one or more neighbor

25           balloons;

26           determining a desired movement of the target balloon based on the

27

28

1    determined locations of the one or more neighbor balloons relative

2    to the determined location of the target balloon, <u>wherein the</u>

3    <u>desired movement of the target balloon comprises a desired</u>

4    <u>horizontal movement of the target balloon</u>; and

5    controlling the target balloon based on the desired movement of

6    the target balloon, <u>wherein controlling the target balloon based on</u>

7    <u>the desired movement of the target balloon comprises controlling</u>

8    <u>an altitude of the target balloon based on the desired horizontal</u>

9    <u>movement of the target balloon</u>.

10    3.    (Currently Amended) The method of claim [[2]] <u>1</u>, wherein

11    controlling the altitude of the target balloon based on the desired

12    horizontal movement of the target balloon comprises:

13    determining that the desired horizontal movement of the target

14    balloon can be achieved by exposing the target balloon to ambient

15    winds of a particular velocity;

16    determining that ambient winds of the particular velocity are likely

17    to be available at a particular altitude; and

18    adjusting the altitude of the target balloon to attain the particular altitude.

19    Google argued to the PTO that the idea of controlling internet balloons by moving them

20    vertically to catch microwinds to move as desired horizontally, all as part of a coherent

21    balloon-borne internet constellation, was manifestly novel and not anticipated.  Specifically,

22    Google argued to the PTO:

23    In rejecting claim 2, the Examiner alleged that Campbell discloses

24    "wherein controlling the target balloon based on the desired

25    movement of the target balloon comprises controlling an altitude

26    of the target balloon based on the desired horizontal movement of

27

28    PLAINTIFF SPACE DATA CORPORATION'S        20        Case No. 5:16-cv 03260-BLF (NC)
ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANTS' COUNTERCLAIMS

1    the target balloon." *See* Office Action, pp. 3-4.  Applicant submits,

2    however, that Campbell includes no such disclosure.  Thus, the

3    feature of "controlling an altitude of the target balloon based on the

4    desired horizontal movement of the target balloon," as recited in

5    amended claim 1, and the feature of "control an altitude of the

6    balloon based on the desired horizontal movement of the balloon,"

7    recited in amended claim 26, clearly distinguish over Campbell.

8    Accordingly, Applicant submits that claims 1 and 26, as amended, are

9    allowable over Campbell for at least the foregoing reasons.  Applicant

10    further submits that claims 3-5, 7-22, 26, 28 and 30-31 are allowable for at

11    least the reason that they form allowable independent claims.

12    The PTO accepted Google's position and then-pending claims 1, 3, 5, and 26 of the

13    application thereafter issued as Claims 1, 2, 9, and 21 of '678 Patent.  Priority to these claims

14    was later awarded to Space Data and asserted Claims 1, 2, 4, 14, and 17 of the '193 Patent

15    are either identical to, or substantially similar to, Claims 1, 2, 9, and 21 of Google's '678

16    Patent.

17    In addition to doing so in the U.S., Google has prosecuted and argued that claims

18    identical to, substantially similar to, or incorporating Claims 1, 2, 9, and 21 of the '678 Patent

19    are valid in foreign jurisdictions around the world, including in at least the EU, Brazil, China,

20    Canada, and Australia.

21    Google has enjoyed the benefit of exclusivity of these claims after telling patent offices

22    around the world the claims are valid.  It should be estopped from arguing otherwise in this

23    case.

24    **Third Affirmative Defense – Waiver, Acquiescence, Ratification, or Consent**

25    **(Counterclaim 8)**

26

27

1    Google's claims and the relief sought by Google are barred, in whole or in part, by the

2    equitable doctrines of acquiescence, waiver, ratification, or consent.  On June 1, 2016, Space

3    Data filed an interference (the "Interference") with the Patent Trial and Appeal Board

4    ("PTAB").  During the Interference, Space Data asserted that it was the senior rights holder

5    of Claims 1-12 and 16-24 of Google's 8,820,678 patent (the "'678 Patent").  Google, through

6    counsel, indicated that it did not intend to contest priority.  The PTAB held that "this

7    concession of priority mooted the need" to consider Space Data's motion for Judgment on

8    Priority.  The PTAB further held that Google's indication that it "did not intend to contest

9    priority in this case" was "a concession of priority" and entered final judgment that Claims 1-

10   12 and 16-24 of Google's '678 Patent should be cancelled in favor of Space Data.  Google

11   did not appeal this judgment at the PTAB or in Federal Courts.  The time for such an appeal

12   has passed.

13   Claim 1 of the '678 Patent thereafter issued as asserted Claim 1 of the '193 Patent.

14   Claim 2 of the '678 patent issued as asserted Claim 2 of the '193 Patent.  Claim 9 of the '678

15   Patent issued as asserted Claim 4 of the '193 Patent.  Claim 21 of the '678 Patent was

16   incorporated into asserted Claim 17 of the '193 Patent.  Limitations from Claim 1 of the '678

17   Patent were incorporated into asserted Claim 14 of the '193 Patent.

18   Google had a full and fair opportunity to litigate the issue of invalidity of asserted

19   Claims 1, 2, 4, 14, and 17 of the '193 Patent at the PTAB.  It chose to concede priority

20   instead.  In light of Google's concession on the merits of priority, the PTAB entered final

21   judgment against Google.  That judgment can no longer be appealed.  Google was identified

22   as the real party-in-interest with respect to the '678 Patent in the Interference.  Space Data

23   was also identified as the real party interest.

24   Space Data has been prejudiced by Google's conduct, including because it could have

25   asked the PTAB, which is staffed by experts with technical expertise, to fully address

26   invalidity of the claims at issue in the Interference.

27

28   PLAINTIFF SPACE DATA CORPORATION'S        22        Case No. 5:16-cv 03260-BLF (NC)
     ANSWER AND AFFIRMATIVE DEFENSES
     TO DEFENDANTS' COUNTERCLAIMS

Google is therefore precluded, under by the equitable doctrines of acquiescence, waiver, ratification, or consent, from relitigating the issue of invalidity with respect to at least asserted Claims 1, 2, 4, 14, and 17 of the '193 Patent as well as any asserted claims that depend from them.  Google consented and acquiesced to judgment on priority.  Google cannot now raise any "issue[ ] that w[as], or by motion could have properly been, raised and decided" during the Interference, including the validity of the claims at issue during the Interference.  *See* 37 C.F.R. § 41.127.  Google has therefore waived arguments as to invalidity with respect to at least asserted Claims 1, 2, 4, 14, and 17 of the '193 Patent as well as any asserted claims that depend from them.

### Fourth Affirmative Defense – Failure to State a Claim

### (Counterclaims 2, 4, 6, and 8)

Google purports to demand a "judgment finding that every asserted claim of the" '941, '193, '503, and '706 Patents are "unenforceable."  *See* Google's Counterclaims at ¶¶ 28, 42, 56, 69, and Prayer for Relief.  Google's counterclaims for unenforceability contained in Counterclaims 2, 4, 6, and 8 are naked legal conclusions devoid of any factual enhancement whatsoever.  These counterclaims for unenforceability therefore fail to state a claim upon which relief may be granted.

### Fifth Affirmative Defense – Lack of Subject Matter Jurisdiction

### (Counterclaims 1 to 8)

Google purports to demand "a judgment finding that the" entirety of the '941, '193, '503, and '706 Patents are "not infringed by any of Google's products or services."  *See* Google's Counterclaims at ¶¶ 18, 34, 48 & 62.  Google's infringement of claims of the '941, '193, '503, and '706 Patents other than those listed in Space Data's Election of Asserted Claims are not at issue in this case.  The Court therefore lacks jurisdiction over Google's counterclaims for non-infringement to the extent Google seeks judgment that it does not

1  infringe claims of the '941, '193, '503, and '706 Patents other than those listed in Space

2  Data's Election of Asserted Claims.

3     Google also purports to demand a judgment that the '941, '193, '503, and '706 Patents

4  are "not infringed by ***any of Google's products or services***."  *See* Google's Counterclaims at

5  ¶¶ 18, 34, 48, and 62.  Infringement of Google's products and services, other than those

6  products and services identified in Space Data's Disclosures of Asserted Claims and

7  Infringement Contentions, are not at issue in this case.  The Court therefore lacks jurisdiction

8  over Google's Counterclaims for non-infringement to the extent Google seeks judgment that

9  its products and services, other than those identified in Space Data's Disclosures of Asserted

10  Claims and Infringement Contentions, do not infringe the '941, '193, '503, and '706 Patents.

11     Google purports to demand a "judgement that the Patents-in-Suit . . . are invalid."  *See*

12  Google's Counterclaims at Prayer for Relief.  Validity of the claims of the '941, '706, '503,

13  and '193 Patents, other than those listed in Space Data's Election of Asserted Claims, are not

14  at issue in this case.  The Court therefore lacks jurisdiction over Google's Counterclaims for

15  invalidity to the extent Google seeks judgment that claims other than those listed in Space

16  Data's Election of Asserted Claims are invalid.

17                **Sixth Affirmative Defense – Failure to State a Claim**

18                               **(Counterclaim 9)**

19     Google's Counterclaim 9 fails to state a claim upon which relief can be granted.

20  For example, Google alleges that "in seeking a certificate to alter its priority claim for the

21  '193 patent, Space Data knowingly made material misrepresentations to the PTO . . . The

22  '193 patent is therefore unenforceable due to inequitable conduct."  *See* Google's

23  Counterclaims at ¶ 91.  But Google also alleges that its "interference counsel served Mr.

24  Wieland with a copy of a Google petition to the PTO Director."  *See id.*, at ¶ 83.  This

25  Google admission—that Google submitted its own "petition to the PTO Director"—

26  negates Google's allegations of materiality, rendering Google's Counterclaim 9 infirm on

27

28  PLAINTIFF SPACE DATA CORPORATION'S          24          Case No. 5:16-cv 03260-BLF (NC)
   ANSWER AND AFFIRMATIVE DEFENSES
   TO DEFENDANTS' COUNTERCLAIMS

1  its face.   Counterclaim 9 also fails to comply with Federal Rule of Civil Procedure 9's

2  particularity requirement.

3  **PRAYER FOR RELIEF**

4      WHEREFORE, Space Data requests entry of judgment in its favor and against Google

5  as follows:

6      a.    For a judgment dismissing Google's counterclaims against Space Data

7          with prejudice; and

8      b.    Any other and further relief that this Court may deem proper and just.

9  Dated:  March 13, 2019      Respectfully submitted,

10

11      */s/ Spencer Hosie*_____
        SPENCER HOSIE (CA Bar No. 101777)

12      shosie@hosielaw.com
        DIANE S. RICE (CA Bar No. 118303)

13      drice@hosielaw.com
        BRANDON C. MARTIN (CA Bar No. 269624)

14      bmartin@hosielaw.com
        DARRELL R. ATKINSON (CA Bar No. 280564)

15      datkinson@hosielaw.com
        HOSIE RICE LLP

16      600 Montgomery Street, 34th Floor

17      San Francisco, CA  94111
        (415) 247-6000 Tel.

18      (415) 247-6001 Fax

19      *Attorneys for Plaintiff*
        SPACE DATA CORPORATION

20

21

22

23

24

25

26

27

28