**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., et al.,<br><br>Defendants. | Case No. 16-cv-03260-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS MOTION FOR RECONSIDERATION OF THE COURT'S GRANT OF SUMMARY JUDGMENT AS TO NON-INFRINGEMENT OF THE '193 PATENT**<br><br>[Re: ECF 539] |

On May 9, 2019, this Court granted in part and denied in part Defendants Alphabet Inc., Google LLC, and Loon LLC's (collectively, "Google") motion for summary judgment ("Order"). Order, ECF 524. The Order granted Google's motion for summary judgment of non-infringement of U.S. Patent No. 9,678,193 ("the '193 patent"). *See* Order at 8–12, 21.

Presently before the Court is Plaintiff Space Data Corporation's ("Space Data") Motion for Leave to File its Motion for Reconsideration of the Court's Grant of Summary Judgment as to Non-Infringement of the '193 Patent ("Motion for Leave"). Motion for Leave, ECF 539. The Civil Local Rules provide that no response need be filed and no hearing need be held with respect to a motion for leave to file a motion for reconsideration. Civ. L.R. 7-9(d).

**I.   LEGAL STANDARD**

A motion for leave to file a motion for reconsideration may be filed prior to the entry of a final judgment in the case. Civ. L.R. 7-9(a). "The moving party must specifically show reasonable diligence in bringing the motion" and one of the following circumstances:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the

interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

In addition, "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Civ. L.R. 7-9(c). Whether to grant leave to file under Rule 7-9 is committed to the Court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.-USA*, 570 F. App'x 675, 676 (9th Cir. 2014). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## II. DISCUSSION

Space Data brings this motion for leave under Civ. L.R. 7-9(b)(3) only, arguing that the Court "failed to consider material facts and dispositive legal arguments presented to the Court." *See* Motion for Leave at 1. Specifically, Space Data argues that the Court erred in the following three ways: (1) "the Court erred in reading a limitation into the '193 Patent, contrary to the words of the claim and the explicit text of the specification"; (2) "the Court adopted one of three competing 'plain meanings' on summary judgment, per se improper under this Court's *Finisar* opinion"; and (3) "the Court erred in ruling that Space Data presented no evidence establishing that Loon necessarily determines relative location to function." *See* Motion for Leave at 1–2. The Court first addresses Space Data's second argument, followed by Space Data's first argument, and lastly Space Data's third argument.

Space Data's second argument is that the Court's Order improperly "adopted one of three competing 'plain [and ordinary] meanings'" of the claim term at issue. *See* Motion for Leave at 2. In support, Space Data cites *Finisar Corp. v. Nistica, Inc.*, Case No. 5:13-cv-03345-BLF, Dkt. No. 514 at *8 (N.D. Cal. June 3, 2015), apparently for the proposition that at summary judgment the Court should consider the claim constructions put forth by the non-moving party, *see id.*; *see*

1   *also* Motion for Leave at 2.  Space Data's argument is misplaced.  The question presented by
2   Google's motion for summary judgment was not claim construction, but rather whether Google
3   was entitled to summary judgment of non-infringement under the plain and ordinary meaning of
4   the claim term at issue.  Space Data acknowledged in its opposition brief that its expert "has never
5   assigned a special or technical definition to 'relative location.'"  *See* Plaintiff's Opp'n at 21,
6   ECF 439-5.  In its Order, the Court found that "both [parties'] experts [] agree that a plain and
7   ordinary meaning should govern," *see* Order at 9, and ruled that Google does not practice the
8   "determining locations . . . relative to . . ." step of the '193 patent under the plain and ordinary
9   meaning of that claim term, *see* Order at 10–11.  Moreover, the Court's Order explicitly noted that
10  "Google is **not seeking claim construction**," that "the instant 'determining locations . . . relative
11  to . . .' term was not construed in the Court's *Markman* order," and that "Google is **not asking the**
12  **Court to revisit its prior constructions**."  *See* Order at 9–10 (emphasis added and removed).

13  In fact, as pointed out in the Order, it was Space Data, not Google, who belatedly sought
14  claim construction at the summary judgment phase.  *See* Order at 10 ("[I]t appears clear that it is
15  Space Data who now seeks claim construction in order to defeat Google's [summary judgment]
16  argument.").  Put differently, Space Data's opposition to Google's motion for summary judgment
17  contorts its own expert's opinion—which presented a plain and ordinary meaning—in seeking a
18  specific meaning in response to Google's motion.  *See* Plaintiff's Opp'n at 21; *see also* Order at 9–
19  10.  But, Space Data failed to seek additional claim construction in the four months between the
20  Court issuing its Order Construing Claims (ECF 352) and Google filing its motion for summary
21  judgment, or in the three months between Google filing its motion for summary judgment and the
22  Court's hearing on the motion.

23  In any event, the Court considered Space Data's proposed interpretation of the claim
24  term—which Space Data advised was "the [plain and] ordinary" meaning, *see* Plaintiff's Opp'n at
25  21—and found it wholly inconsistent with the plain and ordinary meaning revealed by the claim
26  language and specification, *see* Order at 10–11.  Thus, Space Data's second argument in support
27  of its Motion for Leave amounts only to what was already considered and rejected by the Court
28  and does not provide sufficient reasons to grant leave.

Next, the Court considers Space Data's first argument in support of its Motion for Leave—that "the Court erred in reading a limitation into the '193 Patent, contrary to the words of the claim and the explicit text of the specification." *See* Motion for Leave at 1. This argument mischaracterizes the Court's Order and is unwarranted. The Court's Order reads no limitation into the '193 patent—rather, as the Order makes clear, the Court analyzed whether Google was entitled to summary judgment of non-infringement of the '193 patent under the plain and ordinary meaning of the term at issue. *See* Order at 8 ("Google's motion for summary judgment of non-infringement of the '193 patent [] turns on a single question—whether the accused Loon system practices the '**determining locations . . . relative to . . .**' [step].") (emphasis in original). In doing so, the Court considered the claim language and specification and applied the plain and ordinary meaning of the "determining locations . . . relative to" term, "which on its face requires an actual determination of relative locations." *See* Order at 10–11. Thus, although Space Data clearly disagrees with the Court's summary judgment ruling of non-infringement, Space Data has not demonstrated "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before" issuance of the summary judgment order. Civ. L.R. 7-9(b)(3).

Lastly, the Court considers Space Data's third argument in support of its Motion for Leave—that "the Court erred in ruling that Space Data presented no evidence establishing that Loon necessarily determines relative location to function." *See* Motion for Leave at 2. This argument is without merit. The Court considered Space Data's submissions in support of its assertion that Loon practices the claim step at issue and found them inadequate to withstand summary judgment in Google's favor. *See* Order at 11–12. Thus, Space Data's argument—which essentially boils down to "the Court was wrong"—does not provide sufficient reasons to grant leave.

In sum, Space Data's motion for leave to file a motion for reconsideration pursuant to Civ. L.R. 7-9(b)(3) is DENIED.

//

//

4

## III. ORDER

Although Space Data clearly disagrees with the Court's summary judgment ruling of non-infringement of the '193 patent , Space Data has not demonstrated "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before" issuance of the summary judgment order.  Civ. L.R. 7-9(b)(3).  Accordingly, Space Data's motion for leave to file a motion for reconsideration of the Court's Grant of Summary Judgment as to Non-Infringement of the '193 Patent is DENIED.

**IT IS SO ORDERED.**

Dated:  May 29, 2019

_____
BETH LABSON FREEMAN
United States District Judge