1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5 **SAN JOSE DIVISION**

6

| | |
|---|---|
| 7 SPACE DATA CORPORATION, | Case No. 16-cv-03260-BLF |
| 8 Plaintiff, | |
| 9 v. | **OMNIBUS ORDER RE: THE PARTIES' DAUBERT SEALING MOTIONS** |
| 10 ALPHABET INC., et al., | [Re: ECF 479, 482, 494, 497, 519] |
| 11 Defendants. | |

12

13     Before the Court are the parties' administrative motions to file under seal portions of their

14 briefing and exhibits in connection with the parties' *Daubert* motions.  ECF 479, 482, 494, 497,

15 519.  For the reasons stated below, each motion is GRANTED IN PART and DENIED IN PART.

16 **I.     LEGAL STANDARD**

17     "Historically, courts have recognized a 'general right to inspect and copy public records

18 and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. Of*

19 *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

20 U.S. 589, 597 & n. 7 (1978)).  Accordingly, when considering a sealing request, "a 'strong

21 presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

22 *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to

23 motions that are "more than tangentially related to the underlying cause of action" bear the burden

24 of overcoming the presumption with "compelling reasons" that outweigh the general history of

25 access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

26 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

27     However, "while protecting the public's interest in access to the courts, we must remain

28 mindful of the parties' right to access those same courts upon terms which will not unduly harm

United States District Court
Northern District of California

their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013).  Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c).  *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.  *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."  Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by

highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).  "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."  Civ. L.R. 79-5(e)(1).

## II.    DISCUSSION

The Court has reviewed Plaintiff and Defendants' sealing motions and the declarations of the designating parties submitted in support thereof.  The Court finds that the parties have articulated compelling reasons to seal certain portions of the submitted documents.  The proposed redactions are generally narrowly tailored.  The Court's rulings on the sealing requests are set forth in the tables below.

### A.    ECF 479 (Plaintiff's motion re Plaintiff's *Daubert* motion and exhibits)

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 479-18 | Plaintiff's Notice of Motion and Daubert Motion to Exclude Expert Testimony and Portions of Related Expert Reports, and Exhibits Thereto | GRANTED as to Google's request: highlighted portions. | Contains confidential information about the design and operation of Loon's navigational systems and its technical development.  Werdegar Decl. ¶ 6, ECF 487-1. Public disclosure would expose Google to competitive harm.  *Id.* |
| 479-19 | Exhibit 1 to the Hosie Declaration | GRANTED as to Space Data's request: yellow highlighted portions. | Contains Space Data's proprietary information, including purported trade secrets.  *See* Ritchie Decl. ¶ 6, ECF 481.  Public disclosure would expose Space Data to competitive harm.  *Id.* |
| | | GRANTED as to Google's request: orange highlighted portions. | Contains confidential information about Google's project development practices.  Werdegar Decl. ¶ 7, ECF 487-1. Public disclosure would expose Google to |

United States District Court
Northern District of California

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | competitive harm.  *Id.* |
| 479-20 | Exhibit 2 to the Hosie Declaration | GRANTED as to Google's request: Page 98, lines 4-6. | Contains confidential information about Google's project development practices, including discussions about a project under consideration. Werdegar Decl. ¶ 8, ECF 487-1.  Public disclosure would expose Google to competitive harm.  *Id.* |
| 479-21 | Exhibit 3 to the Hosie Declaration | GRANTED as to Space Data's request: highlighted portions. | Contains Space Data's proprietary information, including purported trade secrets.  *See* Ritchie Decl. ¶ 6, ECF 481.  Public disclosure would expose Space Data to competitive harm.  *Id.* |
| | | GRANTED as to Google's request: **Table of Contents:** VI B.1a–d; VIII.A–C.<br><br>**Body Text:** ¶¶ 72; 73 (first line); 74 (last line); 75; 76–116, 83 (heading); 91 (heading); 101 (heading); 106 (heading); 118–33; 147; 148 (lines 2, 3, and 6); 149 (last three lines); 150–54; 156–60; 164 (first two lines); 165–73; 174 (third line); 175 (second and fifth line); 176–77; 178 (first two lines); 179 (first line); 180; 183, 194–96; 198 (first three lines); 199–200; 202; 221–26; 238–40; 240 n.12; 242–44; 246–48; 251–55; 277–81; 282 (last two lines); 284–86; 287 (last line); 291–92; 297 (third line); 304 (heading); 305 (last three lines); 306–08, 307 (heading); 310 (heading) 310–13, 314 (first two lines); 325 (first three lines); 326 (first three lines); 327-28; 329 (bottom 6 lines); 330 (including | Contains confidential information about the design and operation of Loon's flight and navigational systems.  Werdegar Decl. ¶ 9, ECF 487-1. Public disclosure would expose Google to competitive harm.  *Id.* |

4

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | images); 333–34; 335–36 (including image); 343; 345–57; 359–60; 362–63; 368–69; 371; 374–75; 376 (third line); 377–78; 380–81.<br><br>DENIED as to the remainder. | <br><br><br><br><br><br>Google, the designating party, does not seek to seal the remainder. |
| 479-22 | Exhibit 4 to the Hosie Declaration | GRANTED as to Google's request: highlighted portions. | Contains confidential information about the design and operation of Loon's navigational systems. Werdegar Decl. ¶ 10, ECF 487-1.  Public disclosure would expose Google to competitive harm.  *Id.* |
| 479-23 | Exhibit 8 to the Hosie Declaration | DENIED. | Google, the designating party, does not seek to seal this document. |
| 479-24 | Exhibit 11 to the Hosie Declaration | GRANTED as to Google's request: highlighted portions. | Contains confidential information about the design and operation of Loon's navigational systems. Werdegar Decl. ¶ 11, ECF 487-1.  Public disclosure would expose Google to competitive harm.  *Id.* |
| 479-25 | Exhibit 13 to the Hosie Declaration | GRANTED as to Space Data's request: highlighted portions.<br><br><br><br><br><br><br><br>GRANTED as to Google's request: **Headings:** 2.4; 2.5.2 (second line).<br><br>**Body Paragraphs**: ¶¶ 15 (second to last line); 18 (last three lines); 20; 24 (highlighted portion); 26 (last two lines); 27–28; 30 (third to | Contains Space Data's proprietary information, including purported trade secrets.  *See* Ritchie Decl. ¶ 13, ECF 481.  Public disclosure would expose Space Data to competitive harm.  *Id.*<br><br>Contains confidential information about Google's business development, practices, and strategy, including how Google evaluates strategic partner relationships.  Werdegar |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | last line); 31–36; 38; 39 (lines two and three); 40; 42 (second line); 44; 45 (first and second to last line); 46–47; 52 (last seven lines); 104–19; 140 (last line); 146; 148 (last two lines) 184; 187 (second line); 188; 195–96; 201 (first two lines); 209 (first three lines); 223; 224 (bottom seven lines); 258–59; 260 (last five lines); 270; 272–75; 277 (last two lines); 278 (line three); 283, 285 (last five lines); 286; 287 (lines three to five); 288–93; 294 (line five); 295; 296 (lines three, four and eight); 297 (last three lines); 302–03; 308–11; 312 (third line); 313 (lines two and three); 316 (last three lines); 317–19; 320 (third line and last three lines); 321 (lines one and three to five); 329 (last two lines); 330 (last six lines); 331; 338 (lines seven and eight); 340 (line 2); 344 (line three); 348; 365 (last line); 444; 446 (last two lines); 447 (lines three to five and lines 10 to 13). | Decl. ¶ 12, ECF 487-1. Public disclosure would expose Google to competitive harm. *Id.* |
| | | **Footnotes:** nn. 3, 13 (highlighted portion); 24; 32; 38; 47; 109; 111; 126; 157; 270–71; 278; 280; 288; 290–91; 306; 308. | |
| | | **Exhibits:** Exhibit 2 (entirety) Exhibit 3, ver. 1 & nn. 1, 5, and 12; Exhibit 3, ver. 2 & nn. 1, 5, and 12; Exhibit 3, ver. 3 & nn. 1, 5, and 12. | |
| | | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder. |
| 479-26 | Exhibit 14 to the Hosie Declaration | GRANTED as to Google's request: Pg. 25, lines 16, 23; Pg. 28, lines 12–20. | Contains confidential information about Google's business development, practices, and strategy, |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | including how Google evaluates strategic partner relationships.  Werdegar Decl. ¶ 13, ECF 487-1.  Public disclosure would expose Google to competitive harm.  *Id.* |
| | | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder. |
| 479-27 | Exhibit 15 to the Hosie Declaration | GRANTED as to Google's request: Pg. 21, lines 16–22. | Contains confidential information about Google's revenue and financial information.  Werdegar Decl. ¶ 14, ECF 487-1.  Public disclosure would expose Google to competitive harm.  *Id.* |
| | | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder. |
| 479-28 | Exhibit 16 to the Hosie Declaration | GRANTED as to Google's request: 193:1–194:25; 198:1–199:25. | Contains confidential information about Google's business development practices, including internal discussions about technologies being developed.  Werdegar Decl. ¶ 15, ECF 487-1.  Public disclosure would expose Google to competitive harm.  *Id.* |
| 479-29 | Exhibit 17 to the Hosie Declaration | GRANTED as to Google's request: The following paragraphs found on pages 7 to 10: ¶¶ 5; 7; 8–9; 14; 18; 21; 41–42. | Contains confidential information about Google's business development practices, including internal discussions about technologies being developed.  Werdegar Decl. ¶ 16, ECF 487-1.  Public disclosure to expose Google to |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---------|------------------------|--------|-----------|
|  |  | DENIED as to the remainder. | competitive harm. *Id.* Google, the designating party, does not seek to seal the remainder. |
| 479-30 | Exhibit 18 to the Hosie Declaration | GRANTED as to Google's request: Entirety of page 2. | Contains confidential information about the design and operation of Loon's flight systems. Werdegar Decl. ¶ 17, ECF 487-1. Public disclosure would expose Google to competitive harm. *Id.* |
|  |  | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder. |
| 479-31 | Exhibit 19 to the Hosie Declaration | GRANTED as to Google's request: Pg. 8, lines 3–7. | Contains confidential information about the design and operation of Loon's balloon fleet. Werdegar Decl. ¶ 18, ECF 487-1. Public disclosure would expose Google to competitive harm. *Id.* |
|  |  | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder. |

**B.   ECF 482 (Defendants' motion re Defendants' *Daubert* motion and exhibits)**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---------|------------------------|--------|-----------|
| 482-4 | Google's Motion to Exclude Expert Testimony | GRANTED as to Google's request: yellow highlighted portions. | Contains confidential information about Loon's R&D plans, business plans, and financial projections. Werdegar Decl. ¶ 8, ECF 482-1. Public disclosure would expose Google to competitive harm. *Id.* |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | GRANTED as to Space Data's request: Pg. 10, lines 25-28. | Contains Space Data's proprietary financial information, including purported trade secrets. *See* Ritchie Decl. ¶ 6, ECF 488-1. Public disclosure would expose Space Data to competitive harm. *Id.* |
| 482-5 | **Exhibit 1** to the Declaration of Matthew M. Werdegar I/S/O Google's Motion to Exclude Expert Testimony (Excerpts of the Report of Dr. Christine Meyer ("Meyer Report") and Exhibits 5, 6C & 6D) | GRANTED as to Google's request: The following paragraphs, Exhibits and accompanying footnotes: ¶¶ 82-90; 92-112; 114; 121; 124-31; 134-37; 140; 142-45; 149-50; 153-58; 163-66; 169-72; 175-76; 182-84; 186-96; 199-202; 206-07; 209-10; Exhibits 5, 6C, & 6D. | Contains confidential information about Google's business development practices, including internal discussions about Google's marketing and partnership plans. Werdegar Decl. ¶ 9, ECF 482-1. Public disclosure would expose Google to competitive harm. *Id.* |
| | | GRANTED as to Space Data's request: ¶ 147. | Contains Space Data's confidential strategic business information, including information pertaining to third-parties. *See* Ritchie Decl. ¶ 7, ECF 488-1. Public disclosure would expose Space Data to competitive harm. *Id.* |
| | | DENIED as to the remainder. | Space Data, the designating party, does not seek to seal the remainder. |
| 482-6 | **Exhibit 2** to the Werdegar Declaration (Excerpts of the Addendum to the Meyer Report) | GRANTED as to Google's request: ¶¶ 13; 14 (second line only); 19; nn.4-7, 9-10, 14-16. | Contains confidential information about Google's revenue and financial projections. Werdegar Decl. ¶ 10, ECF 482-1. Public disclosure would expose Google to competitive harm. *Id.* |
| | | DENIED as to the remainder. | Space Data, the designating |

9

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | party, does not seek to seal the remainder. |
| 482-8 | **Exhibit 4** to the Werdegar Declaration (Excerpts of the December 2018 Deposition of Christine Meyer) | GRANTED as to Google's request: 42:1-43:15; 44:6-44:25; 95:17-95:24; 96:11-97:9; 97:24-98:25; 100:23-101:18; 104:2-106:25; 107:21-110:5; 110:14-110:25; 122:1-124:10; 127:2-127:8; 228:9-228:14; 228:18-229:15; 238:1-238:25; 250:5-250:23.<br><br>GRANTED as to Space Data's request:  Pg. 73, lines 22-25; pg. 95, lines 10, 15, and 19; pg. 229, line 20.<br><br>DENIED as to the remainder. | Contains confidential information about Loon's business plans and financial projections.  Werdegar Decl. ¶ 11, ECF 482-1. Public disclosure would expose Google to competitive harm.  *Id.*<br><br>Contains Space Data's confidential financial and strategic business information, including information pertaining to third-parties.  *See* Ritchie Decl. ¶¶ 6, 7, ECF 488-1. Public disclosure would expose Space Data to competitive harm.  *Id.*<br><br>Space Data, the designating party, does not seek to seal the remainder. |
| 482-9 | **Exhibit 5** to the Werdegar Declaration (Excerpts of the Deposition of Anne Bray) | GRANTED as to Google's request: the entire document. | Contains confidential information about Google's business development practices, including internal discussions about Google's partnership plans.  Werdegar Decl. ¶ 12, ECF 482-1. Public disclosure would expose Google to competitive harm.  *Id.* |
| 482-10 | **Exhibit 7** to the Werdegar Declaration (Space Data's July 2018 Amended Responses to Google's Interrogatory No. 8) | GRANTED as to Google's request: highlighted portions of pages 84 to 85 as indicated in Google's Administrative Motion to File Under Seal and accompanying Exhibit. | Contains confidential information about Google's business development practices, including internal discussions about Google's partnership plans.  Werdegar Decl. ¶ 13, ECF 482-1. Public disclosure would expose Google to |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | DENIED as to the remainder. | competitive harm. *Id.*<br><br>Space Data, the designating party, does not seek to seal the remainder. |
| 482-11 | **Exhibit 8** to the Werdegar Declaration (Space Data's 2015 Consolidated Financial Report) | GRANTED as to Space Data's request:  the entire document. | Contains Space Data's proprietary financial information, including purported trade secrets. *See* Ritchie Decl. ¶ 6, ECF 488-1.  Public disclosure would expose Space Data to competitive harm. *Id.* |
| 482-12 | **Exhibit 9** to the Werdegar Declaration (Opening Expert Report of Sam Pullen) | DENIED. | Space Data, the designating party, does not seek to seal this document. |
| 482-13 | **Exhibit 10** to the Werdegar Declaration (Excerpts of Appendix A to the Expert Report of Sam Pullen) | GRANTED as to Google's request:  ¶¶ 485-86; 486; 486 nn.749-51; 655; 655 n.922; 677; 678.<br><br>DENIED as to the remainder. | Contains confidential information about the design and operation of Loon's navigational systems. Werdegar Decl. ¶ 14, ECF 482-1.  Public disclosure would expose Google to competitive harm. *Id.*<br><br>Space Data, the designating party, does not seek to seal the remainder. |

**C.   ECF 494 (Plaintiff's motion re Opposition brief and exhibits)**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 494-19 | Plaintiff's Opposition to Defendants' Motion to Exclude Expert Testimony | GRANTED as to Space Data's request:  highlighted portions at pg. 8, lines 10 & 12. | Contains Space Data's proprietary business information, including information pertaining to third-party partners. *See* Ritchie Decl. ¶¶ 5, 9, ECF 494-1.  Public disclosure would expose |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | Space Data to competitive harm. *Id.* |
| | | GRANTED as to Google's request: highlighted portions, plus:<br>• page 9, line 18, text in second parenthetical;<br>• page 10, line 3, text between "opine that" and "is non-infringing";<br>• and page 10, line 5, text between "which used" and "infringed." | Contains confidential information about Loon's business development, practices, and strategy. Werdegar Decl. ¶ 6, ECF 510-1. Public disclosure would expose Google to competitive harm. *Id.* |
| 494-20 | Exhibit A to the Hosie Declaration | GRANTED as to Space Data's request:<br>• ¶ 11(f)<br>• ¶ 14 (lines 4)<br>• ¶ 15 (company at lines 5 & 6)<br>• ¶ 50 (lines 4-5)<br>• ¶ 61 (end of line 4)<br>• ¶ 64 (lines 3-4 & 6-7)<br>• ¶ 66 (line 4)<br>• ¶ 147<br>• ¶ 217 (dollar amounts)<br>• Footnote 537. | Contains Space Data's proprietary business information, including information pertaining to third-party partners. *See* Ritchie Decl. ¶¶ 5–9, ECF 494-1. Public disclosure would expose Space Data to competitive harm. *Id.* |
| | | GRANTED as to Google's request:<br>**The following paragraphs and accompanying footnotes: ¶¶11(b) & (c); 19-20; 26-28; 29 (last two sentences); 30; 33-36; 41-48; 51-52; 82-90; 92-112; 114; 121; 124-31; 134-37; 140; 142-45; 149-50; 153-58; 163-66; 169-72; 175-76; 182-84; 186-96; 199-02; 206-07; 209-10; 218-19.**<br><br>**Footnote**: n. 53.<br><br>**Headings**: B.1 (pg. 12); B.3 (pg. 19); II.C.1 (page 23); III.C.4. (page 47); III.E.a.2.i-v (pages 62-65). | Contains confidential information about Google's business development and partnership plans, including highly sensitive revenue and financial information. Werdegar Decl. ¶ 7, ECF 510-1. Public disclosure would expose Google to competitive harm. *Id.* |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder. |
| 494-21 | Exhibit B to the Hosie Declaration | GRANTED as to Google's request: highlighted portions of ¶ 140 and nn. 38 & 157. | Contains confidential information about Google's marketing and partnership plans.  Werdegar Decl. ¶ 8, ECF 510-1.  Public disclosure would expose Google to competitive harm. *Id.* |
| | | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder. |
| 494-22 | Exhibit C to the Hosie Declaration | GRANTED as to Space Data's request:  pg. 117, line 8 (name of project). | Contains Space Data's confidential information that pertains to a prospective relationship with a third-party.  Hosie Decl. ¶ 6, ECF 494-2. |
| | | GRANTED as to Google's request: Pg. 117, line 8. | Contains confidential information about Google's strategic partnership practices, including specific business relationships under evaluation.  Werdegar Decl. ¶ 9, ECF 510-1.  Public disclosure would expose Google to competitive harm.  *Id.* |
| | | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder. |
| 494-23 | Exhibit D to the Hosie Declaration | GRANTED as to Google's request: the entire document. | Contains confidential information about Loon's business development, practices, and strategy.  Werdegar Decl. ¶ 10, ECF 510-1.  Public disclosure would expose Google to competitive harm.  *Id.* |

13

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---------|------------------------|--------|-----------|
| 494-24 | Exhibit E to the Hosie Declaration | GRANTED as to Space Data's request:  the entire document. | Contains Space Data's proprietary business information, including information pertaining to third-party partners. *See* Ritchie Decl. ¶¶ 8, 9, ECF 494-1.  Public disclosure would expose Space Data to competitive harm.  *Id.* |
| 494-25 | Exhibit F to the Hosie Declaration | GRANTED as to Space Data's request:  the entire document. | Contains Space Data's proprietary business information, including information pertaining to third-party partners. *See* Ritchie Decl. ¶¶ 8, 9, ECF 494-1.  Public disclosure would expose Space Data to competitive harm.  *Id.* |
| 494-26 | Exhibit G to the Hosie Declaration | GRANTED as to Space Data's request:  the entire document. | Contains Space Data's proprietary business information, including information pertaining to third-party partners. *See* Ritchie Decl. ¶¶ 8, 9, ECF 494-1.  Public disclosure would expose Space Data to competitive harm.  *Id.* |
| 494-27 | Exhibit H to the Hosie Declaration | GRANTED as to Space Data's request:  the entire document. | Contains Space Data's proprietary business information, including information pertaining to third-party partners. *See* Ritchie Decl. ¶¶ 8, 9, ECF 494-1.  Public disclosure would expose Space Data to competitive harm.  *Id.* |
| 494-28 | Exhibit I to the Hosie Declaration | GRANTED as to Space Data's request:  highlighted portions. | Contains Space Data's proprietary business information, including information pertaining to |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | third-party partners. *See* Ritchie Decl. ¶¶ 8, 9, ECF 494-1.  Public disclosure would expose Space Data to competitive harm.  *Id.* |
| 494-29 | Exhibit J to the Hosie Declaration | GRANTED as to Google's request: highlighted portions. | Contains confidential information about Loon's R&D plans, including technologies under development.  Werdegar Decl. ¶ 11, ECF 510-1. Public disclosure would expose Google to competitive harm.  *Id.* |
| 494-30 | Exhibit K to the Hosie Declaration | GRANTED as to Google's request: highlighted portions. | Contains confidential information about Google's R&D plans, including revenue information. Werdegar Decl. ¶ 12, ECF 510-1.  Public disclosure would expose Google to competitive harm. *Id.* |
| 494-31 | Exhibit L to the Hosie Declaration | GRANTED as to Google's request: the entire document. | Contains confidential information about Loon's R&D plans, including technologies under development.  Werdegar Decl. ¶ 13, ECF 510-1. Public disclosure would expose Google to competitive harm.  *Id.* |
| 494-32 | Exhibit M to the Hosie Declaration | GRANTED as to Google's request: the entire document. | Contains confidential information about Loon's R&D plans, including technologies under development.  Werdegar Decl. ¶ 14, ECF 510-1. Public disclosure would expose Google to competitive harm.  *Id.* |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---------|------------------------|--------|-----------|
| 494-33 | Exhibit N to the Hosie Declaration | GRANTED as to Google's request: highlighted portions. | Contains confidential information about Loon's R&D plans, including technologies under development. Werdegar Decl. ¶ 15, ECF 510-1. Public disclosure would expose Google to competitive harm. *Id.* |

**D.   ECF 497 (Defendants' motion re Opposition brief and exhibits)**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---------|------------------------|--------|-----------|
| 497-4 | Google's Opposition to Space Data's Motion to Exclude Expert Testimony and Portions of Related Experts | GRANTED as to Google's request: yellow highlighted portions. | Contains confidential information about the design and operation of Loon's navigational systems. Dowd Decl. ¶ 9, ECF 497-1. Public disclosure would expose Google to competitive harm. *Id.* |
| | | GRANTED as to Space Data's request: <br> • lines 19 (start to "*Id.* ¶ 64.") <br> • line 20 (between "photographs" and "displayed") <br> • line 22 (between "showing" and "*Id.* ¶¶ 61, 64."). <br><br> DENIED as to the remainder. | Contains Space Data's confidential technical, business planning, and financial information. Knoblach Decl. ¶¶ 5, 9, ECF 511-1. Public disclosure would expose Space Data to competitive harm. *Id.* <br><br> Space Data, the designating party, does not seek to seal the remainder. |
| 497-5 | **Exhibit 4** to Kamber Declaration (Excerpts of the Expert Report of Christine S. Meyer, Ph.D.) | GRANTED as to Google's request: The following paragraphs and accompanying footnotes: ¶ 51, 52 & n.146, 206, 209–210 & nn.509–530, 218, 219. | Contains confidential information about Google's business development, practices, and strategy, including methods Google X uses to select projects for development. Dowd Decl. ¶ 10, ECF 497-1. Public disclosure would |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | expose Google to competitive harm. *Id.* |
| | | GRANTED as to Space Data's request:<br>• ¶ 50 (lines 4-5)<br>• ¶ 61 (end of line 4)<br>• ¶ 64 (lines 3-4 & 6-7)<br>• ¶ 66 (line 4)<br>• ¶ 217 (dollar amounts)<br>• Footnote 537 (dollar amounts).<br><br>DENIED as to the remainder. | Contains Space Data's confidential technical, business planning, and financial information, including purported trade secrets. Knoblach Decl. ¶¶ 6, 7, 9, ECF 511-1. Public disclosure would expose Space Data to competitive harm. *Id.*<br><br>Space Data, the designating party, does not seek to seal the remainder. |
| 497-7 | **Exhibit 5** to Kamber Declaration (Excerpts of the Deposition of Christine S. Meyer, Ph.D.) | GRANTED as to Google's request: 236:5–6. | Contains confidential information about Loon's profitability. Dowd Decl. ¶ 11, ECF 497-1. Public disclosure would expose Google to competitive harm. *Id.* |
| 497-8 | **Exhibit 6** to Kamber Declaration (Plaintiff Space Data Corporation's July 3, 2018 Amended Responses to Defendant Google LLC's Interrogatory Nos. 14 and 21) | GRANTED as to Google's request: 17:1–18:12, 19:5–32:19.<br><br><br>GRANTED as to Space Data's request:<br>• page 8, lines 24-25 & 27<br>• page 9, lines 1-2 ("critical to" to "was not known") & 5 ("about the" to "ability to")<br>• page 10, lines 25-26 ("NOC center" to "reflected on")<br>• page 33, lines 17 ("related to" to "and"), 20-22 | Contains confidential information about Loon's navigational systems and its technical development. Dowd Decl. ¶ 12, ECF 497-1. Public disclosure would expose Google to competitive harm. *Id.*<br><br>Contains Space Data's confidential technical, business planning, and financial information, including purported trade secrets. Knoblach Decl. ¶¶ 6–9, ECF 511-1. Public disclosure would expose Space Data to competitive harm. *Id.* |

17

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | ("balloons spaced" to "based upon"), 23 ("knowledge that" to "there are"), 24-25 ("appropriately" to "by steering") & 27 (start to "In particular") <br>• page 34, lines 1 (start to "knowledge of"), 3 ("balloons" to "If only"), 13-17, 18-20 ("silicone" to "This trade secret"), 21-26 ("contains" to end of 26) <br>• page 35, lines 7 ("achieve to "through a"), 8 ("combination of" to "as illustrated"), 13-16 ("regarding the" to "as depicted") & 21-28 (lettered bullet points) <br>• page 36, lines 1-3 (lettered bullet points), 7-10 (lettered bullet points), 12-13 ("effectively" to "with these"), 16-17 ("effectively" to "with these"), 20-21 ("effectively" to "with these"), 24-25 ("effectively" to "with these") & 27 <br>• page 37, lines 1 (start to "is not"), 2 ("effectively" to with"), 10-28 <br>• page 38, lines 1-28 (entire page) <br>• page 39, lines 1-7, 10-23 & 26 <br>• page 40, lines 8-16 (bullet points) <br>• page 41, line 13 (company name) <br>• page 42, lines 23-24 ("there's" to "just"). <br><br>DENIED as to the remainder. | Space Data, the designating party, does not seek to seal the remainder. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 497-9 | **Exhibit 9** to Kamber Declaration (GOOG-SD-0135538) | GRANTED as to Google's request: the entire document. | Contains confidential information about Loon's design, strategy, and function.  Dowd Decl. ¶ 13, ECF 497-1.  Public disclosure would expose Google to competitive harm. *Id.* |
| 497-10 | **Exhibit 11** to Kamber Declaration (Plaintiff Space Data Corporation's July 10, 2018 Amended Responses to Defendant Google Inc.'s Amended First Set of Interrogatories Nos. 1, 6, and 7) | GRANTED as to Google's request: 30:15–19, 31:2–3, 31:6–8, 34:7–35:7, 35:11–37:5, 37:10–38:4, 38:5–23, 39:1–3, 39:8–26, 40:10–15, 43:24–25, 45:11–16, 45:24–46:4, 46:6–52:2, 52:10–13, 52:19–27, 53:2–4, 53:21–54:16, 54:21–55:21, 56:3–24, 56:25, 57:1–9, 57:10, 57:11, 57:13, 59:12, 60:12–16, 62:5–9, 62:12–20, 63:7–11.<br><br>GRANTED as to Space Data's request:<br><br>• page 20, line 3<br>• page 21, lines 10 (dollar amount) & 26-27 ("balloon" to "latex")<br>• page 29, lines 2-3 (dollar amounts)<br>• page 33, lines 1-2 (company names), 14 ("conversations with" to project"), 15 ("coverage" to end) & 23-24 (dollar amounts)<br>• page 68, lines 24 (start to "already had"), 25 ("determine that" to end), 26 (start to "altitude")<br>• page 69, line 10 (dollar amount).<br><br>DENIED as to the remainder. | Contains confidential information about Google's business development, practices, and strategy, including methods Google X uses to select projects for development.  Dowd Decl. ¶ 14, ECF 497-1.  Public disclosure would expose Google to competitive harm.  *Id.*<br><br>Contains Space Data's confidential technical, business planning, and financial information, including purported trade secrets.  Knoblach Decl. ¶¶ 7–9, ECF 511-1.  Public disclosure would expose Space Data to competitive harm.  *Id.*<br><br>Space Data, the designating party, does not seek to seal the remainder. |

United States District Court
Northern District of California

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 497-11 | **Exhibit 12** to Kamber Declaration (Plaintiff Space Data Corporation's PLR 3-8 Disclosure) | GRANTED as to Google's request: The following paragraphs and accompanying footnotes: 2:16–3:14, 3:22–11:7, 11:14–16, 11:19–22, 15:7–12, 15:13–15, 16:1–4, 18:11–20, 19:22–23, 23:3–8, 25:5–8, 26:17–27:11, 29:15–19, 29:22–30:4, 30:9–11, 32:9–17, 33:5–13, 36:1 –15, 37:1–13, 38:22–39:8, 39:12–24; nn. 1, 2. | Contains confidential information about Google's business development, practices, and strategy, including methods Google X uses to select projects for development.  Dowd Decl. ¶ 15, ECF 497-1. Public disclosure would expose Google to competitive harm.  *Id.* |
|  |  | GRANTED as to Space Data's request: <br> • page 18, lines 1-2 (dollar amounts). | Contains Space Data's confidential technical, business planning, and financial information, including purported trade secrets.  Knoblach Decl. ¶¶ 6, 9, ECF 511-1. Public disclosure would expose Space Data to competitive harm.  *Id.* |
|  |  | DENIED as to the remainder. | Space Data, the designating party, does not seek to seal the remainder. |

**E.    ECF 519 (Plaintiff's motion re Reply brief and exhibits)**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 519-3 | Plaintiff's Reply to Defendants' Opposition to Plaintiff's Daubert Motion | GRANTED as to Google's request: highlighted portions of 3:27; 4:1-14; and 8:3-4. | Contains confidential information about Loon's navigational systems and its research and development plans.  Werdegar Decl. ¶ 6, ECF 522-1.  Public disclosure would expose Google to competitive harm. *Id.* |
|  |  | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder. |

United States District Court
Northern District of California

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 519-4 | Exhibit 22 to Hosie Declaration | DENIED. | Google, the designating party, does not seek to seal this document. |
| 519-5 | Exhibit 24 to Hosie Declaration | GRANTED as to Google's request: ¶¶ 218 (last five lines, between the words "serve." and "despite"); 219 (last two lines, between the words "an" and "which"). | Contains confidential information about Google's business development, practices, and strategy, including evaluation of third-party partners. Werdegar Decl. ¶ 7, ECF 522-1. Public disclosure would expose Google to competitive harm. *Id.* |
| | | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder. |
| 519-6 | Exhibit 26 to Hosie Declaration | GRANTED as to Google's request: **Body Paragraphs and all accompanying footnotes**: ¶¶ 162-167; 237-241; 288-292; 308; 366 (two lines on page 214); 367 (first four lines); 370-75; **Footnotes**: n.534, 535, 537; **Images**: Image below ¶ 166; image above ¶ 292; images above ¶ 371 on page 216; images below ¶ 371 on page 217; and both images on page 218. | Contains confidential information about Loon's navigational systems and its technical development. Werdegar Decl. ¶ 8, ECF 522-1. Public disclosure would expose Google to competitive harm. *Id.* |
| | | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder. |
| 519-7 | Exhibit 32 to Hosie Declaration | GRANTED as to Google's request: highlighted portions of 1:10-11 and 1:22. | Contains confidential information about Loon's navigational systems and its technical development. Werdegar Decl. ¶ 9, ECF 522-1. Public disclosure would expose Google to competitive harm. *Id.* |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder. |
| 519-8 | Exhibit 34 to Hosie Declaration | GRANTED as to Google's request: 6:24-6:26; 22:1-3; 22:5 (email address only). | Contains confidential information about Loon's navigational and operational systems.  Werdegar Decl. ¶ 10, ECF 522-1. Public disclosure would expose Google to competitive harm.  *Id.* |
| | | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder. |

## III.    CONCLUSION

For the foregoing reasons, the sealing motions at ECF 479, 482, 494, 497, and 519 are each GRANTED IN PART and DENIED IN PART.  For any request that has been denied and the properly unredacted or lesser redacted document consistent with this order has not been filed, the submitting party must file the unredacted (or lesser redacted) documents into the public record **no earlier than 4 days and no later than 10 days from the filing of this order**.  Civ. L.R. 79-5(e)(2).

**IT IS SO ORDERED.**

Dated: May 30, 2019

BETH LABSON FREEMAN
United States District Judge