UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION


| | | |
|---|---|---|
| SPACE DATA CORPORATION, | ) | CV-16-3260-BLF |
| | ) | |
| PLAINTIFF, | ) | SAN JOSE, CALIFORNIA |
| | ) | |
| VS. | ) | MAY 31, 2019 |
| | ) | |
| ALPHABET INC., GOOGLE LLC, AND | ) | PAGES 1 - 45 |
| LOON LLC, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

_____


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE


A P P E A R A N C E S:

FOR THE PLAINTIFF:      HOSIE RICE LLP
                        BY:  DARRELL ATKINSON
                        600 MONTGOMERY STREET, 34TH FLOOR
                        SAN FRANCISCO, CALIFORNIA 94111

FOR THE DEFENDANTS:     KEKER, VAN NEST & PETERS LLP
                        BY:  MATTHIAS KAMBER
                             MATTHEW WERDEGAR
                        633 BATTERY STREET
                        SAN FRANCISCO, CALIFORNIA 94111


OFFICIAL COURT REPORTER:
                        IRENE L. RODRIGUEZ, CSR, RMR, CRR
                        CERTIFICATE NUMBER 8074


PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED WITH COMPUTER

|        |    |                                                              |
|--------|----|--------------------------------------------------------------|
|        | 1  | SAN JOSE, CALIFORNIA                    MAY 31, 2019          |
|        | 2  | P R O C E E D I N G S                                        |
|        | 3  | (COURT CONVENED AT 9:02 A.M.)                                |
| 09:02AM | 4  | THE COURT:  CALLING CASE 16-3260, SPACE DATA        |
| 09:02AM | 5  | CORPORATION VERSUS ALPHABET, ET AL.                          |
| 09:02AM | 6  | COUNSEL, PLEASE STATE YOUR APPEARANCES.                  |
| 09:02AM | 7  | MR. ATKINSON:  DARRELL ATKINSON FOR PLAINTIFF,      |
| 09:02AM | 8  | SPACE DATA.                                                  |
| 09:02AM | 9  | THE COURT:  HELLO, MR. ATKINSON.  NICE TO SEE YOU.  |
| 09:02AM | 10 | MR. KAMBER:  GOOD MORNING, YOUR HONOR.              |
| 09:02AM | 11 | MATHIAS KAMBER OF KEKER, VAN NEST & PETERS ON BEHALF OF      |
| 09:02AM | 12 | DEFENDANTS.                                                  |
| 09:02AM | 13 | THE COURT:  THANK YOU.  GOOD MORNING.               |
| 09:02AM | 14 | MR. WERDEGAR:  GOOD MORNING, YOUR HONOR.            |
| 09:02AM | 15 | MATTHEW WERDEGAR ALSO OF KEKER, VAN NEST & PETERS ALSO ON    |
| 09:02AM | 16 | BEHALF OF DEFENDANTS.                                        |
| 09:02AM | 17 | THE COURT:  NICE TO SEE YOU BOTH.  SINCE THIS MOTION |
| 09:02AM | 18 | WAS FILED IT'S NARROWED SIGNIFICANTLY, OR THESE TWO MOTIONS, |
| 09:02AM | 19 | BASED UPON MY SUMMARY JUDGMENT ORDER.  I RECOGNIZE THAT A    |
| 09:02AM | 20 | SIGNIFICANT PART OF THE CASE IN THE '193 WAS WRAPPED UP IN THAT |
| 09:02AM | 21 | ORDER.  BUT I'VE LOOKED AT THE MOTION FOR RECONSIDERATION, AND |
| 09:02AM | 22 | I GOT THAT RULING OUT JUST SO THAT WE'D KNOW WHAT WE WERE    |
| 09:03AM | 23 | DEALING WITH TODAY.                                          |
| 09:03AM | 24 | SO LET'S GO FORWARD ON THIS.  I'M ONLY GOING TO BE DEALING |
| 09:03AM | 25 | WITH THEN SPACE DATA'S MOTION; IS THAT CORRECT, MR. KAMBER?  |

09:03AM 1          MR. KAMBER:  THAT IS CORRECT, YOUR HONOR.

09:03AM 2          THE COURT:  OKAY.  EXCUSE ME.  WE WILL, OF COURSE,

09:03AM 3   TERMINATE YOURS AS MOOT BECAUSE OF THE RULING.

09:03AM 4       IT SEEMS TO ME, MR. ATKINSON, THAT YOUR MOTION AS TO

09:03AM 5   DR. HANSMAN AND DR. INGBERMAN REALLY RELY ON THE SAME ISSUE.  I

09:03AM 6   MUST SAY THAT IT'S A CONCERNING ISSUE TO ME, AND I -- SO I

09:03AM 7   THINK WE SHOULD PROBABLY SPEND A LITTLE BIT OF TIME TALKING

09:03AM 8   ABOUT IT.

09:03AM 9          MR. ATKINSON:  YES, YOUR HONOR.  WOULD YOU LIKE ME

09:03AM 10  TO APPROACH THE PODIUM?

09:03AM 11         THE COURT:  YES.  SURE.

09:03AM 12         MR. ATKINSON:  YOUR HONOR, SO IN THIS SITUATION

09:03AM 13  DR. MEYER, THE EXPERT THAT IS BEING REBUTTED, IS A DAMAGES

09:03AM 14  EXPERT.  SHE MAKES REFERENCES TO LIABILITY BUT IT IS

09:04AM 15  ASSUMPTIONS.  IN THOSE ASSUMPTIONS SHE'S CITING TO DISCOVERY

09:04AM 16  RESPONSES, SHE'S CITING TO COMPLAINTS.  IN HER DEPOSITION SHE

09:04AM 17  AFFIRMS THAT ALL SHE'S DOING IS SHE HAS ASSUMED LIABILITY AND

09:04AM 18  SHE'S OPINING ON DAMAGES.

09:04AM 19         THE COURT:  SO, YOU KNOW, SOMETIMES WITH -- IN AN

09:04AM 20  INFRINGEMENT CASE WE WOULD GET AN EXPERT WHO WOULD SIMPLY

09:04AM 21  PRESUME INFRINGEMENT BUT THEN GO INTO THE GEORGIA-PACIFIC

09:04AM 22  FACTORS LEAVING THE MANNER AND SCOPE OF INFRINGEMENT ASIDE

09:04AM 23  BECAUSE IT'S NOT RELEVANT.

09:04AM 24      SO THAT FOUNDATION ON WHICH THE DAMAGES EXPERT MUST BEGIN

09:04AM 25  IS REALLY JUST STRAIGHTFORWARD.  THE ARGUMENT MADE BY GOOGLE

09:04AM  1    HERE IS I THINK REALLY OF A DIFFERENT SORT WHERE CERTAINLY

09:04AM  2    DR. MEYER ASSUMES THAT THERE'S MISUSE OF THE TRADE SECRET.

09:04AM  3              MR. ATKINSON:  YES, YOUR HONOR.

09:04AM  4              THE COURT:  BUT THEN SHE ACTUALLY, I THINK THAT

09:05AM  5    GOOGLE IS CORRECT, INTERTWINES INTO HER DAMAGES ANALYSIS THE

09:05AM  6    SHAPE AND FORM AND EFFECT OF PARTICULAR ASPECTS OF THE MISUSE

09:05AM  7    IN ORDER TO BUILD HER DAMAGES OPINION, AND THAT'S WHERE I HAVE

09:05AM  8    SOME CONCERNS, THAT MAKES IT DIFFERENT THAN IN THE NORMAL, IF

09:05AM  9    WE'RE IN THE PATENT ARENA, THE DAMAGES EXPERT WHO SIMPLY SAYS

09:05AM  10   FOR PURPOSES OF A HYPOTHETICAL NEGOTIATION WE ASSUME A VALID

09:05AM  11   PATENT AND INFRINGEMENT.

09:05AM  12             MR. ATKINSON:  YOUR HONOR, I THINK I UNDERSTAND YOUR

09:05AM  13   CONCERN, BUT I DON'T THINK THAT'S ACTUALLY WHAT HAS HAPPENED

09:05AM  14   HERE.

09:05AM  15             THE COURT:  OKAY.

09:05AM  16             MR. ATKINSON:  SO HER OPINION IS RATHER

09:05AM  17   STRAIGHTFORWARD.  SO IN THE BEGINNING THERE'S A LOT OF

09:05AM  18   INTRODUCTORY INFORMATION.  SHE BASICALLY IS JUST LAYING, YOU

09:05AM  19   KNOW, THE BACKGROUND.  THERE YOU CAN SEE THAT SHE'S REALLY NOT

09:05AM  20   OPINING ON ANYTHING.  SHE'S BASICALLY JUST CITING TO

09:05AM  21   ALLEGATIONS.

09:05AM  22             THE COURT:  SURE.

09:05AM  23             MR. ATKINSON:  THEN SHE GETS TO UNJUST ENRICHMENT

09:05AM  24   THEORY, WHICH IS ACTUALLY A FEW PAGES LONG.  AND THERE HERSELF

09:06AM  25   SHE SAYS, LOOK, IT'S THE DEVELOPMENT COSTS.  SHE'S ASSUMING

09:06AM  1    THAT THE TRADE SECRETS WOULD BE VALUABLE TO GOOGLE, FOR

09:06AM  2    EXAMPLE.  SHE'S ASSUMING THAT THAT INFORMATION IS NOT PUBLICLY

09:06AM  3    KNOWN.  THOSE THINGS THEMSELVES ARE JUST LIABILITY ELEMENTS IN

09:06AM  4    A TRADE SECRET CASE.

09:06AM  5         I THINK PART OF THE CONFUSION MAY STEM FROM THE FACT THAT

09:06AM  6    IN A TRADE SECRET CASE, UNLIKE A PATENT CASE, THE WORD "VALUE"

09:06AM  7    GETS THROWN AROUND IN A DIFFERENT CONTEXT, IN THE LIABILITY

09:06AM  8    CONTEXT.  I THINK IT'S THAT LIABILITY CONTEXT IS ACTUALLY WHAT

09:06AM  9    DR. HANSMAN AND DR. INGBERMAN IS COMING FROM AS OPPOSED TO WHAT

09:06AM  10   DR. MEYER HAS DONE.

09:06AM  11        SO, THEREFORE, THE TRADE SECRET ON THE STATUTES MUST HAVE

09:06AM  12   INDEPENDENT ECONOMIC VALUE, AND THAT'S A LIABILITY QUESTION.  I

09:06AM  13   THINK THAT'S ACTUALLY WHAT DR. HANSMAN AND DR. INGBERMAN ARE

09:06AM  14   GETTING AT.

09:06AM  15        YOU CAN SEE THAT, YOUR HONOR, WHEN YOU LOOK AT THEIR

09:06AM  16   REPORT BECAUSE --

09:06AM  17             THE COURT:  CAN YOU SLOW DOWN.

09:06AM  18             MR. ATKINSON:  SORRY, YOUR HONOR.  YOU CAN SEE THAT

09:06AM  19   WHEN YOU LOOK AT THEIR REPORTS BECAUSE THEY'RE GOING ON AND ON

09:06AM  20   AND ON ABOUT WHAT IS PUBLICLY KNOWN, WHAT PUBLIC DISCLOSURES

09:06AM  21   WERE MADE.

09:06AM  22        SO, FOR EXAMPLE, DR. HANSMAN ADMITS THAT DR. MEYER DID NOT

09:07AM  23   LOOK AT THE PHOTOGRAPHS, AND HE UNDERSTANDS THAT BASED ON THE

09:07AM  24   REPORT, AND THEN HE HIMSELF THEN GOES AND LOOKS AT THE

09:07AM  25   PHOTOGRAPHS, ANALYZES THEM, COMPARES THEM TO PUBLIC INFORMATION

09:07AM 1    AND COMPARES THEM TO THE PATENTS.  THAT IS ALL STUFF THAT IS

09:07AM 2    WAY BEYOND THE SCOPE OF DR. MEYER'S OPINION, AND, THEREFORE, IS

09:07AM 3    EXCLUDABLE UNDER THE RELEVANT CASE LAW.

09:07AM 4         EVEN UNDER THE LAW THAT DEFENDANTS CITE IT WOULD NOT BE

09:07AM 5    WITHIN THE SAME SUBJECT MATTER.  IT'S NOT A SITUATION WHERE A

09:07AM 6    DAMAGES EXPERT IS REBUTTING A DAMAGES EXPERT.  IT'S LIABILITY

09:07AM 7    VERSUS DAMAGES.

09:07AM 8         I DON'T THINK DR. MEYER HAS CROSSED THE LINE WHERE SHE'S

09:07AM 9    GONE INTO THESE LIABILITY ISSUES.  IT'S JUST A -- IT'S ACTUALLY

09:07AM 10   AN UNJUST ENRICHMENT THEORY LOOKING AT DEVELOPMENT COSTS, AND

09:07AM 11   DR. HANSMAN AND DR. INGBERMAN ARE NOT PROPERLY ADDRESSING THAT.

09:07AM 12   THEY'VE GONE WELL BEYOND THAT AND GONE INTO LIABILITY ISSUES.

09:07AM 13        THE COURT:  SO DR. INGBERMAN IS YOUR DAMAGES EXPERT;

09:07AM 14   CORRECT?

09:07AM 15        MR. ATKINSON:  DR. INGBERMAN IS GOOGLE'S.

09:07AM 16        THE COURT:  I'M SORRY, THE DEFENDANTS?

09:07AM 17        MR. ATKINSON:  YES.

09:07AM 18        THE COURT:  IS GOOGLE'S DAMAGES EXPERT.  SO HE, OF

09:08AM 19   COURSE, CANNOT OPINE.  AND THEN IT WOULD BE A TRUE DAUBERT

09:08AM 20   MOTION IF HE WAS TRYING TO OPINE ON MISUSE BECAUSE HE'S NOT.

09:08AM 21        HE'S AN ECONOMIST; CORRECT?

09:08AM 22        MR. ATKINSON:  YES, YOUR HONOR.  AND IN THAT RESPECT

09:08AM 23   NOT ONLY DOES HE NOT HAVE THE EXPERTISE TO OPINE ON MISUSE, HE

09:08AM 24   ALSO DOES NOT HAVE THE EXPERTISE TO OPINE ON WHAT IS GENERALLY

09:08AM 25   KNOWN, AND, THEREFORE, OPINE ON WHAT DEPRIVES ECONOMIC VALUE OR

09:08AM 1    NOT.

09:08AM 2              THE COURT:  SO LET ME ASK YOU ABOUT THE OTHER POINT

09:08AM 3    THAT I THOUGHT WAS CONCERNING TO ME IN GOOGLE'S PAPERS, AND,

09:08AM 4    THAT IS, IT APPEARS THAT THROUGHOUT THE DISCOVERY PROCESS THAT

09:08AM 5    SPACE DATA TOLD GOOGLE THAT THE MISUSE EVIDENCE WOULD COME

09:08AM 6    THROUGH AN EXPERT.

09:08AM 7         YOU THEN CHOSE TO NOT HAVE AN EXPERT ON MISUSE.

09:08AM 8         NOW, I AGREE WITH YOU.  YOU DON'T NEED AN EXPERT FOR

09:08AM 9    MISUSE OF THE TYPE OF THEORY THAT YOU'RE PUTTING FORTH.

09:08AM 10        BUT IF YOU MISLED GOOGLE THROUGHOUT THE DISCOVERY PROCESS

09:09AM 11   AND THEY DIDN'T KNOW UNTIL THE DATE EXPERT REPORTS WERE DUE

09:09AM 12   THAT YOU WEREN'T PRODUCING ONE ON MISUSE, WHAT WOULD THEIR

09:09AM 13   REMEDY BE WHEN THEY WERE PROPERLY, OR REASONABLY ANYWAY,

09:09AM 14   RELYING ON THEIR OPPORTUNITY TO REBUT YOUR EXPERT ON LIABILITY?

09:09AM 15             MR. ATKINSON:  YOUR HONOR, IF I MAY TAKE THAT

09:09AM 16   TWOFOLD.  SO, ONE, I AM DISPUTING THE FACT THAT THEY WERE

09:09AM 17   MISLED AND THEN, TWO --

09:09AM 18             THE COURT:  SURE.  OKAY.

09:09AM 19             MR. ATKINSON:  THE ONLY EVIDENCE THAT GOOGLE CITED

09:09AM 20   AS TO WHETHER OR NOT THEY MISLED WAS NOT AN INTERROGATORY

09:09AM 21   RESPONSE BUT THE OBJECTIONS TO THE INTERROGATORY RESPONSE.  THE

09:09AM 22   FULL SENTENCE --

09:09AM 23             THE COURT:  WELL, THAT'S -- I MEAN, NO PERSON -- NO

09:09AM 24   ATTORNEY IN YOUR FIRM WOULD SAY THAT THEY WERE ATTEMPTING --

09:09AM 25   THAT THEY MISSTATED THAT, WOULD THEY?  I'M SURE THEY HONESTLY

09:09AM 1    SIGNED THOSE PAPERS.

09:09AM 2         MR. ATKINSON:  YES, YOUR HONOR, BUT IT'S AN

09:09AM 3    OBJECTION.  IT RESERVES RIGHTS.  IT'S NOT A REPRESENTATION THAT

09:09AM 4    EXPERTS WILL DEFINITELY BE USED.

09:09AM 5         AND THAT SAME SENTENCE, YOUR HONOR, ALSO TALKS ABOUT

09:10AM 6    NEEDING FACT DISCOVERY WHICH WAS EXCISED FROM GOOGLE'S --

09:10AM 7         THE COURT:  DID YOU SUPPLEMENT YOUR INTERROGATORY

09:10AM 8    RESPONSES, THEN, WHEN YOU DIDN'T HAVE AN EXPERT?

09:10AM 9         MR. ATKINSON:  I DO NOT BELIEVE WE DID, YOUR HONOR.

09:10AM 10        THE COURT:  PROBABLY NOT.

09:10AM 11        MR. ATKINSON:  BUT THE 26(A)(2) DISCLOSURES WOULD

09:10AM 12   HAVE BEEN THE RELEVANT INFORMATION THAT WE WERE NOT GOING TO

09:10AM 13   HAVE AN EXPERT ON THAT SUBJECT ONCE THEY SAW THE REPORTS.

09:10AM 14        THE COURT:  UH-HUH.

09:10AM 15        MR. ATKINSON:  AND THEN THE OTHER ISSUE WITH THAT IS

09:10AM 16   BASED ON THAT ONE STATEMENT THAT ACTUALLY READS MANY OF

09:10AM 17   GOOGLE'S CORPORATE WITNESSES MAY HAVE NOT YET TESTIFIED, AND

09:10AM 18   THEN IT GOES ON TO SAY TO THE EXPERT STATEMENT, WE TOOK THIS

09:10AM 19   TESTIMONY AND DECIDED NOT TO HAVE AN EXPERT OPINE, GOOGLE KNEW

09:10AM 20   THAT THESE WERE KEY AND CRITICAL ISSUES IN THE CASE.

09:10AM 21        SO WHILE I'M NOT DISPUTING THE BURDEN, GOOGLE ITSELF

09:10AM 22   IDENTIFIED THE THINGS THAT DR. INGBERMAN AND DR. HANSMAN OPINE

09:10AM 23   ON IN THEIR AFFIRMATIVE DEFENSES MULTIPLE TIMES.

09:10AM 24        SO THAT'S INDEPENDENT DEVELOPMENT, GENERALLY KNOWN,

09:10AM 25   GENERALLY AVAILABLE --

09:10AM  1          THE COURT:  SO A LOT OF THAT IS NOT AN AFFIRMATIVE

09:10AM  2     DEFENSE WHERE -- AND BY "THAT" I MEAN WHERE GOOGLE WOULD HAVE

09:11AM  3     THE BURDEN OF PROOF.

09:11AM  4          USUALLY THEY GET WASHED OUT BEFORE I HAVE TO BE CONCERNED,

09:11AM  5     BUT THERE IS A STUPID AND ELEMENTARY OVERUSE OF AFFIRMATIVE

09:11AM  6     DEFENSES.

09:11AM  7          AS AN AFFIRMATIVE DEFENSE ALLEGING THAT THE PARTY CAN'T

09:11AM  8     PROVE AN ESSENTIAL ELEMENT IS NOT AN AFFIRMATIVE DEFENSE.  SO

09:11AM  9     ANYTHING THAT GOOGLE MIGHT HAVE SAID IN ITS LABEL OF

09:11AM 10     AFFIRMATIVE DEFENSES, WHICH WAS A STATEMENT ON WHICH IT DIDN'T

09:11AM 11     BEAR THE BURDEN OF PROOF, IS NOT AN AFFIRMATIVE DEFENSE.

09:11AM 12          MR. ATKINSON:  YES, YOUR HONOR.  MY POINT IS A

09:11AM 13     LITTLE BIT DIFFERENT.  I'M NOT SAYING THAT GOOGLE HAD THE

09:11AM 14     BURDEN ON THOSE.

09:11AM 15          THE COURT:  OKAY.

09:11AM 16          MR. ATKINSON:  WHAT I'M SAYING IS THAT IT'S PROOF

09:11AM 17     THAT GOOGLE KNEW THAT THESE WERE KEY ISSUES IN PLAINTIFF'S

09:11AM 18     CASE-IN-CHIEF, AND, THEREFORE, THERE WAS NOTHING UNFAIR.  THESE

09:11AM 19     WERE ANTICIPATED KEY ELEMENTS.

09:11AM 20          THE COURT:  WELL, YOU KNOW, YOU CITE MY CLEAR-VIEW

09:11AM 21     TECHNOLOGY ORDER, AND, FRANKLY, YOU MISCITE IT OR YOU

09:11AM 22     MISUNDERSTOOD WHAT WAS THE FACTUAL CIRCUMSTANCES OF THAT CASE.

09:12AM 23          IN THAT CASE IT WAS AN EXPERT'S REPORT, A TECHNICAL

09:12AM 24     EXPERT'S REPORT APPENDED FULLY TO THE DAMAGES EXPERT'S REPORT

09:12AM 25     AS A WAY OF OFFERING EVIDENCE TO PROVE A TRUE COUNTERCLAIM AND

09:12AM  1      AFFIRMATIVE DEFENSE.

09:12AM  2          THAT'S WHY IT WASN'T ALLOWED, AND IT WAS, IT WAS MAYBE

09:12AM  3      UNDER THE UMBRELLA OF A SIMILAR CATEGORY TO THIS, BUT FACTUALLY

09:12AM  4      IT WAS DISTINCT.

09:12AM  5          BUT HERE I GUESS I'M JUST REALLY TROUBLED BY -- I MEAN,

09:12AM  6      CERTAINLY -- I'M JUST TRYING TO BREAK THIS DOWN.  SPACE DATA

09:12AM  7      WAS NOT REQUIRED TO HAVE AN EXPERT ON LIABILITY IN THIS CASE.

09:12AM  8      NO ONE IS ARGUING OTHERWISE.

09:12AM  9          AND THERE'S NO OBJECTION TO YOUR DISCOVERY RESPONSES, AT

09:12AM 10      LEAST NOT YET.  I GUESS WE'LL SEE THAT IN THE MILLS BECAUSE

09:12AM 11      THAT'S NOT WHAT WE'RE DOING HERE TODAY.

09:12AM 12          SO CLEARLY WE HAVE A REBUTTAL REPORT THAT IS BY GOOGLE

09:13AM 13      THAT IS ATTEMPTING TO REBUT THE UNDERLYING ASSUMPTIONS THAT

09:13AM 14      DR. MEYER RELIED UPON.

09:13AM 15              MR. ATKINSON:  YES, YOUR HONOR.

09:13AM 16              THE COURT:  AND I'M JUST STILL A LITTLE STYMIED BY

09:13AM 17      HOW -- I DON'T THINK A DEFENDANT IS REQUIRED TO SHADOWBOX AND

09:13AM 18      PRESENT AN EXPERT REPORT IN ADVANCE OF SEEING THE PLAINTIFF'S

09:13AM 19      THEORY AND PROOF OF LIABILITY.

09:13AM 20          THE DEFENDANT ONLY NEEDS TO KNOCK OUT THE THEORY AND

09:13AM 21      EVIDENCE YOU PRESENT AND NOT WHAT IT BELIEVES YOU MIGHT BE ABLE

09:13AM 22      TO.  THAT WOULD BE FUNDAMENTALLY UNFAIR.  SO THAT'S -- THAT'S

09:13AM 23      WHY I'M STRUGGLING WITH THIS.

09:13AM 24              MR. ATKINSON:  YOUR HONOR, THERE'S TWO PARTS.  LET

09:13AM 25      ME ACTUALLY FIRST CIRCLE BACK.  I DON'T THINK I FULLY ANSWERED

09:13AM  1    YOUR OTHER QUESTION --

09:13AM  2            THE COURT:  OKAY.

09:13AM  3            MR. ATKINSON:  -- AS TO WHAT GOOGLE COULD HAVE DONE

09:13AM  4    DIFFERENTLY.

09:13AM  5        PRETTY MUCH -- I AM NOT SURE IF IT WAS THE DAY AFTER OR A

09:13AM  6    FEW DAYS AFTER WE RECEIVED THE REPORT, WE SENT GOOGLE A LETTER

09:14AM  7    SAYING THAT WE BELIEVE THIS IS IMPROPER REBUTTAL, AND THEN WE

09:14AM  8    RAISED IT AGAIN IN HANSMAN'S DEPOSITION AND WE RAISE IT AGAIN

09:14AM  9    IN THE SUMMARY JUDGMENT OPPOSITION.

09:14AM  10       AT NO TIME DID GOOGLE MOVE -- THERE'S NOTHING THAT GOOGLE

09:14AM  11   CITES TO PUT THE BURDEN ON THE PLAINTIFF TO COME FORWARD AND

09:14AM  12   ASK FOR AN AMENDMENT TO THE SCHEDULE SO THAT WE CAN THEN BRING

09:14AM  13   A SURREBUTTAL.

09:14AM  14       WHAT GOOGLE SHOULD HAVE DONE WAS COME INTO THE COURT AND

09:14AM  15   ASKED FOR LEAVE AND TO MODIFY THE SCHEDULE.

09:14AM  16       INSTEAD, THEY'VE TRIED TO PUT THE BURDEN ON US WHEN

09:14AM  17   THEY'RE THE ONES WHO WHEN THEY SAW THAT AND IF THEY COULD CLAIM

09:14AM  18   ACTUAL SURPRISE SHOULD HAVE THEN DONE SOMETHING.

09:14AM  19       TO YOUR SECOND POINT, YOUR HONOR, I THINK EVEN UNDER

09:14AM  20   GOOGLE'S CASE LAW THAT THEY CITE, FOR EXAMPLE, THE SERAS

09:14AM  21   (PHONETIC) OPINION AND TLC OPINION, IT IS VERY CLEAR THAT THE

09:14AM  22   RISK IS ON THE DEFENDANT.  SO, YES, THE DEFENDANT DOESN'T HAVE

09:14AM  23   TO PUT IN AN OPENING REPORT.  THEY CERTAINLY DON'T HAVE THE

09:14AM  24   BURDEN FOR IT.  BUT THEY ARE MAKING THAT CONSCIOUS DECISION,

09:14AM  25   AND THEY ARE TAKING ON THE RISK.  SO THAT WOULD HAVE BEEN

09:15AM 1    GOOGLE'S DECISION.  AS TO BEARING THE RISK, AGAIN, THEY CANNOT

09:15AM 2    COME UP WITH THE ONUS OF SPACE DATA TO HAVE DONE SOMETHING AND

09:15AM 3    PUT THEM ON NOTICE THAT WE THOUGHT WAS IMPROPER AND SAT BACK

09:15AM 4    AND DONE NOTHING UNTIL NOW, YOUR HONOR.

09:15AM 5              THE COURT:  AND THESE ARGUMENTS REALLY APPLY TO BOTH

09:15AM 6    EXPERTS THAT ARE AT ISSUE HERE?

09:15AM 7              MR. ATKINSON:  YES, YOUR HONOR.  I GUESS

09:15AM 8    SPECIFICALLY IT WAS --

09:15AM 9              THE COURT:  AND WHAT OTHER ISSUES WERE THERE WITH

09:15AM 10   DR. INGBERMAN?

09:15AM 11             MR. ATKINSON:  THE OTHER ISSUES ARE THAT IT LACKS

09:15AM 12   FOUNDATION, YOUR HONOR.

09:15AM 13     SO WITH DR. INGBERMAN IT'S NOT JUST THAT HE IS IMPROPERLY

09:15AM 14   REBUTTING.  HE HAS NO FOUNDATION FOR HIS REBUTTAL, AND THAT'S

09:15AM 15   BECAUSE HE IS AN ECONOMIST.  HE'S NOT A TECHNICAL EXPERT.  HE

09:15AM 16   CANNOT LOOK TO PUBLIC INFORMATION AND SAY WHETHER OR NOT HE

09:15AM 17   BELIEVES THAT'S WITHIN THE SCOPE OF THE 2019 OR NOT, YOUR

09:15AM 18   HONOR.

09:15AM 19             THE COURT:  WELL, HE'S CLEARLY A DAMAGES EXPERT AND

09:16AM 20   NOT A TECHNICAL EXPERT.

09:16AM 21     I'M JUST LOOKING AT MY NOTES TO SEE IF THERE'S --

09:16AM 22     (PAUSE IN PROCEEDINGS.)

09:16AM 23             THE COURT:  WELL, IT SEEMS TO ME THAT DR. INGBERMAN

09:16AM 24   CAN CERTAINLY TESTIFY ABOUT HIS OPINIONS ON VALUE OF THE TRADE

09:16AM 25   SECRET AND, JUST AS DR. MEYER DOES, HE CAN BUILD IN AND DISCUSS

09:17AM  1      THE ASSUMPTIONS ON WHICH HE RELIED.

09:17AM  2              MR. ATKINSON:  YOUR HONOR, IN THIS SITUATION,

09:17AM  3      BECAUSE I DON'T BELIEVE VALUE IN THIS CONTEXT IS ACTUALLY THE

09:17AM  4      DAMAGES CONTEXT FOR VALUE, I DON'T BELIEVE THAT IS CORRECT.

09:17AM  5          AGAIN, I THINK WHEN HE'S SAYING THERE'S NO VALUE, HE'S

09:17AM  6      SAYING IT'S NOT VALUABLE BECAUSE IT'S NOT SECRET, WHICH IS

09:17AM  7      DIFFERENT FROM DR. MEYER'S OPINION WHICH IS THAT THE DAMAGES IS

09:17AM  8      THE UNJUST DEVELOPMENT COSTS.

09:17AM  9          SO IN THIS CASE FOR HIM TO SAY THAT IT HAS NO VALUE IS FOR

09:17AM 10      HIM TO -- AND HE'S NOT -- IT'S NOT A SITUATION WHERE HE'S USING

09:17AM 11      A LIABILITY BASIS FROM A TECHNICAL EXPERT TO THEN CARRY OVER

09:17AM 12      INTO SOME SORT OF MEANINGFUL DAMAGES ANALYSIS.  THERE IS NONE.

09:17AM 13      HE WOULD JUST BE PARROTING DR. HANSMAN IN THAT CONTEXT AND BE

09:17AM 14      ADDING NOTHING EXTRA HELPFUL TO THE JURY.

09:17AM 15              THE COURT:  OKAY.  WELL, I THINK THERE MAY BE

09:17AM 16      SOMETHING TO THAT IN LIMITING DR. INGBERMAN.

09:17AM 17          LET ME HEAR FROM MR. KAMBER FOR A FEW MINUTES OR

09:18AM 18      MR. WERDEGAR, I DON'T KNOW WHO IS GOING TO BE TAKING THIS ON,

09:18AM 19      AND THEN I'LL COME BACK TO YOU ON THIS.

09:18AM 20              MR. ATKINSON:  THANK YOU, YOUR HONOR.

09:18AM 21              THE COURT:  HELLO, MR. KAMBER.

09:18AM 22              MR. KAMBER:  GOOD MORNING.

09:18AM 23              THE COURT:  I GENERALLY THINK IT'S A DIFFICULT SPOT

09:18AM 24      TO BE IN WHERE THE REBUTTAL REPORT IS STRETCHED BEYOND WHAT IT

09:18AM 25      SHOULD BE.

09:18AM 1       I'M CONCERNED WITH DR. INGBERMAN THAT YOU MAY HAVE

09:18AM 2  ACTUALLY CROSSED THE LINE HERE BECAUSE DR. INGBERMAN CERTAINLY

09:18AM 3  CAN'T TESTIFY THAT THE TRADE SECRETS HAVE NO VALUE BECAUSE

09:18AM 4  THEY'RE NOT TRADE SECRETS.

09:18AM 5       SO THAT'S WHAT MR. ATKINSON IS SUGGESTING THE INGBERMAN

09:18AM 6  OPINIONS REALLY SAY, AND HE DOES GO INTO AN ANALYSIS OF HOW

09:18AM 7  MUCH PUBLIC INFORMATION THERE IS.

09:18AM 8           MR. KAMBER:  SO MR. WERDEGAR, I THINK, WAS MORE

09:18AM 9  PREPARED TO ADDRESS THE DR. INGBERMAN ISSUE.  SO I'M HAPPY TO

09:19AM 10 LET HIM TAKE THIS AND THEN CIRCLE BACK ON THE OTHER ISSUES.

09:19AM 11          THE COURT:  THAT WOULD BE GOOD.  THANK YOU.

09:19AM 12      GOOD MORNING, MR. WERDEGAR.

09:19AM 13          MR. WERDEGAR:  GOOD MORNING, YOUR HONOR.  THANK YOU.

09:19AM 14 WE DIVIDED IT UP BY EXPERT.

09:19AM 15          THE COURT:  SURE.  OF COURSE.  THAT MAKES SENSE.

09:19AM 16          MR. WERDEGAR:  AT BOTTOM HERE I THINK THERE'S A

09:19AM 17 MISCHARACTERIZATION BY SPACE DATA OF WHAT DR. INGBERMAN'S

09:19AM 18 OPINION THAT IS BEING CHALLENGED ACTUALLY IS.

09:19AM 19      DR. INGBERMAN'S OPINION IS A CRITIQUE OF THE METHODOLOGY

09:19AM 20 USED BY DR. MEYER.

09:19AM 21      AND WHAT DR. INGBERMAN IS GOING TO TESTIFY IS THAT

09:19AM 22 DR. MEYER ASSUMES THAT BUT FOR TAKING THE TRADE SECRETS FROM

09:19AM 23 SPACE DATA, GOOGLE WOULD HAVE HAD TO START FROM SCRATCH AND

09:19AM 24 SPEND ALL OF THE MONEY THAT SPACE DATA SPENT TO COME UP WITH

09:19AM 25 THE SAME INFORMATION.

09:19AM 1    WHAT DR. INGBERMAN SAYS IS THAT THAT'S NOT A REASONABLE

09:19AM 2    WAY OF APPROACHING THIS BECAUSE DR. MEYER FAILS TO CONSIDER THE

09:19AM 3    FACT THAT THERE IS A BODY OF PUBLIC INFORMATION OUT THERE IN

09:19AM 4    THE WORLD ON THE SAME SUBJECT MATTER INCLUDING, IN PARTICULAR,

09:19AM 5    DISCLOSURES BY SPACE DATA.

09:20AM 6    DR. INGBERMAN IS NOT GOING TO SAY THAT THE TRADE SECRETS

09:20AM 7    ARE NOT TRADE SECRETS OR THE TECHNICAL TRADE SECRETS ARE OR

09:20AM 8    NOT.

09:20AM 9    BUT WHAT HE SAYS IS THAT WE RECOGNIZE THAT THERE'S THIS

09:20AM 10   BODY OF PUBLIC INFORMATION OUT THERE THAT EVEN SPACE DATA

09:20AM 11   ACKNOWLEDGES, AND DR. MEYER FAILS TO EVALUATE THE INCREMENTAL

09:20AM 12   ADDITIONAL VALUE OF WHATEVER IS SECRET ABOUT THESE TRADE

09:20AM 13   SECRETS VERSUS THE BODY OF PUBLIC INFORMATION.

09:20AM 14   THE VALUE THAT GOOGLE WOULD HAVE GOTTEN UNJUSTLY FROM

09:20AM 15   MISAPPROPRIATION WOULD BE WHATEVER ADDITIONAL INFORMATION

09:20AM 16   EXISTS IN THOSE TRADE SECRETS BEYOND WHAT IS ALREADY PUBLIC

09:20AM 17   ABOUT THE WINDS OR ABOUT THERMAL MANAGEMENT AND THE LIKE.

09:20AM 18   AND DR. MEYER DOESN'T EFFECTIVELY APPORTION, SHE DOESN'T

09:20AM 19   APPORTION BETWEEN WHAT IS SECRET IN THESE TRADE SECRETS AND ALL

09:20AM 20   OF THE INFORMATION ON THE SAME TOPIC.

09:20AM 21   AND DR. MEYER, HER OPINION SAYS WHAT GOOGLE BENEFIT -- HOW

09:20AM 22   GOOGLE BENEFITTED FROM THESE TRADE SECRETS IS BECAUSE IT

09:20AM 23   REACHED CERTAIN CONVICTIONS OR CONCLUSIONS ABOUT THE VIABILITY

09:21AM 24   OF PROJECT LOON, AND DR. MEYER DOES NOT DO ANY ASSESSMENT AS TO

09:21AM 25   WHETHER OR NOT GOOGLE COULD HAVE ACHIEVED THOSE SAME

09:21AM 1    CONVICTIONS OR CONCLUSIONS USING JUST PUBLIC INFORMATION.

09:21AM 2              THE COURT:  SO HOW WOULD SHE HAVE HAD THE TECHNICAL

09:21AM 3    ABILITY TO EVALUATE -- LET'S SAY THAT WE GAVE DR. MEYER A STACK

09:21AM 4    OF PUBLIC INFORMATION BECAUSE IF IT'S PUBLIC, YOU CAN GIVE HER

09:21AM 5    A THUMB DRIVE AND SAY HERE'S EVERYTHING THAT IS PUBLIC.  WHY

09:21AM 6    DON'T YOU TELL US, DR. MEYER, THE VALUE OF THE DIFFERENCE

09:21AM 7    BETWEEN WHAT WAS PUBLIC AND WHAT WAS IN THE TRADE SECRETS?

09:21AM 8    SHE'S NOT A TECHNICAL EXPERT.  HOW COULD SHE DO THAT?

09:21AM 9              MR. WERDEGAR:  WELL, I THINK THAT'S IN PART

09:21AM 10   DR. INGBERMAN'S -- SHE'S GOING TO OFFER AN OPINION.  HER

09:21AM 11   OPINION IS THAT IF GOOGLE HAD NOT MISAPPROPRIATED, IT WOULD

09:21AM 12   HAVE HAD TO SPEND ALL OF THE SAME MONEY THAT SPACE DATA SPENT

09:21AM 13   TO GET TO THE SAME LEVEL OF KNOWLEDGE.

09:21AM 14             THE COURT:  OKAY.

09:21AM 15             MR. WERDEGAR:  THAT'S HER OPINION.

09:21AM 16         AND DR. MEYER -- DR. INGBERMAN, OUR EXPERT, SAYS HOLD ON A

09:22AM 17   MINUTE.  THAT'S ACTUALLY NOT AN APPROPRIATE WAY TO EVALUATE

09:22AM 18   THOSE TRADE SECRETS.  AS AN ECONOMIST, YOU SHOULD BE LOOKING AT

09:22AM 19   THE DELTA, THE DIFFERENCE BETWEEN THEM AND THE PUBLIC

09:22AM 20   INFORMATION.

09:22AM 21             THE COURT:  SURE.  SO HE'S GOING TO STAY AT THAT

09:22AM 22   30,000 FOOT LEVEL IN HIS OPINION?

09:22AM 23             MR. WERDEGAR:  WITH RESPECT TO THE TECHNICAL TRADE

09:22AM 24   SECRETS, YES, YOUR HONOR.

09:22AM 25             THE COURT:  SO HE'S SIMPLY GOING TO SAY THERE IS A

09:22AM  1    BODY OF PUBLIC INFORMATION.  I'M NOT GOING TO TELL YOU -- I

09:22AM  2    CAN'T DISCUSS WITH YOU WHAT THAT IS, BUT THERE IS A BODY AND

09:22AM  3    IT'S SIMPLY A FAILURE OF HER METHODOLOGY?

09:22AM  4        SO THERE'S A DIFFERENCE BETWEEN THAT AND HIM GOING THROUGH

09:22AM  5    AND SAYING I'VE LOOKED AT THE PUBLIC INFORMATION, AND I'VE

09:22AM  6    LOOKED AT GOOGLE'S PRODUCT, AND GOOGLE COULD HAVE GOTTEN TO

09:22AM  7    WHERE IT IS TODAY WITHOUT THE TRADE SECRETS.  THAT BECOMES

09:22AM  8    TECHNICAL.

09:22AM  9            MR. WERDEGAR:  AGAIN, I THINK SOME -- AGAIN, THERE'S

09:22AM  10   SOME SUBTLETIES HERE THAT MATTER.

09:22AM  11           THE COURT:  OKAY.

09:22AM  12           MR. WERDEGAR:  SO HE WILL, I THINK, AT A MINIMUM, HE

09:22AM  13   WOULD KEEP IT AT THE HIGH LEVEL THAT IS DESCRIBED, BUT I THINK

09:22AM  14   THERE'S NO DISPUTE, AND IT WILL COME IN THE FACT RECORD, THAT

09:22AM  15   THERE WAS NEWS BROADCASTS THAT WERE DONE INSIDE SPACE DATA'S

09:23AM  16   FACILITIES AND ALL OF THOSE THINGS.

09:23AM  17           THE COURT:  THAT IS GOING TO COME IN THROUGH FACT

09:23AM  18   WITNESSES.

09:23AM  19           MR. WERDEGAR:  RIGHT.

09:23AM  20       AND WHAT DR. INGBERMAN WILL SAY IS THIS EVIDENCE THAT HAS

09:23AM  21   COME IN, DR. MEYER DIDN'T CONSIDER THAT.  IN PERFORMING HER

09:23AM  22   EVALUATION, SHE DIDN'T CONSIDER THE NEWS BROADCAST THAT HAD

09:23AM  23   BEEN PRESENTED HERE IN THIS COURTROOM TO THIS JURY, AND SHE

09:23AM  24   DIDN'T CONSIDER THE PUBLICATIONS AND PRESENTATIONS THAT WERE

09:23AM  25   MADE PUBLICALLY BY SPACE DATA ABOUT ITS BUSINESS, ABOUT WIND.

09:23AM   1        HE'S NOT GOING TO SAY THIS MEANS THESE ARE NOT TRADE

09:23AM   2   SECRETS.  HE'S GOING TO SAY THAT SHE FAILED TO DO, DR. MEYER

09:23AM   3   FAILED TO DO THE APPROPRIATE ANALYSIS BECAUSE SHE DIDN'T

09:23AM   4   CONSIDER THIS BODY OF EVIDENCE.  IT'S A METHODOLOGICAL

09:23AM   5   CHALLENGE TO THE WAY SHE WENT ABOUT VALUING IT.

09:23AM   6        THE COURT:  SO HE'S -- WELL, JUST ON THE

09:23AM   7   FOUNDATIONAL ISSUE, I'M NOT TROUBLED BY DR. INGBERMAN GIVING

09:23AM   8   OPINIONS BASED UPON THE EVIDENCE THAT IS ALREADY PRESENTED TO

09:23AM   9   THE JURY OF THE PUBLICLY AVAILABLE INFORMATION.

09:24AM  10        WHAT HE CAN'T DO, AND MAYBE YOU'LL TELL ME THAT HE'S NOT

09:24AM  11   GOING TO BE OFFERED TO DO THIS, HE CAN'T THEN SAY, "IN MY

09:24AM  12   OPINION THE PUBLICLY AVAILABLE INFORMATION WAS SUFFICIENT TO

09:24AM  13   SUPPORT EVERYTHING THAT GOOGLE DID."  THAT'S A LIABILITY ISSUE

09:24AM  14   AND NOT A STRICT DAMAGES ISSUE.

09:24AM  15        AND IT'S NOT ATTACKING THE METHODOLOGY TO THEN GO THE

09:24AM  16   OTHER -- AWAY FROM WHAT DR. MEYER FAILED TO DO AND TO THEN TALK

09:24AM  17   ABOUT AND WHAT THE PROPER ANALYSIS WOULD PROVIDE.

09:24AM  18        MR. WERDEGAR:  I THINK I UNDERSTAND, YOUR HONOR.  I

09:24AM  19   THINK THAT'S RIGHT.

09:24AM  20        HE'S NOT GOING TO SAY THAT THIS BODY OF PUBLIC INFORMATION

09:24AM  21   WOULD HAVE ALLOWED GOOGLE TO ACHIEVE THE SAME TECHNICAL

09:24AM  22   MILESTONE OR WOULD HAVE ALLOWED GOOGLE TO DO X.

09:24AM  23        THE COURT:  OKAY.  GOOD.

09:24AM  24        MR. WERDEGAR:  WHAT HE IS GOING TO SAY IS THAT

09:24AM  25   DR. MEYER ASSUMES THAT YOU NEEDED THESE TRADE SECRETS TO REACH

09:24AM  1    THESE POINTS, AND SHE IGNORES THIS BODY OF PUBLIC INFORMATION

09:24AM  2    ON THE SAME TOPIC, AND SHE DOESN'T DO THE ANALYSIS THAT SHE

09:25AM  3    SHOULD HAVE.

09:25AM  4              THE COURT:  THAT'S FINE.  THAT'S PROPER REBUTTAL.

09:25AM  5              MR. WERDEGAR:  BUT WITH ONE EXCEPTION.  THIS IS THE

09:25AM  6    FINANCIAL TRADE SECRETS --

09:25AM  7              THE COURT:  OKAY.

09:25AM  8              MR. WERDEGAR:  -- WHERE I DON'T THINK THERE'S A

09:25AM  9    DISPUTE THAT DR. INGBERMAN AS AN ECONOMIST AND GIVEN HIS

09:25AM  10   CREDENTIALS AND BACKGROUND IS IN A POSITION TO ASSESS WHETHER

09:25AM  11   THE VALUE AND THE MATERIALITY OF THE INFORMATION THAT

09:25AM  12   SPACE DATA IS CLAIMING IS A TRADE SECRET AND HOW THAT MATCHES

09:25AM  13   UP WITH A VERY DETAILED ANALYSIS AND PRESENTATION OF ITS

09:25AM  14   BUSINESS AND FINANCIALS THAT SPACE DATA MADE PUBLIC, WHICH IS

09:25AM  15   THE STIFEL PRESENTATION.

09:25AM  16              THE COURT:  SO TELL ME WHAT THE STIFEL PRESENTATION

09:25AM  17   IS.

09:25AM  18              MR. WERDEGAR:  SHORTLY AFTER GOOGLE VISITED

09:25AM  19   SPACE DATA IN FEBRUARY OF 2008, SPACE DATA UNDERWENT --

09:25AM  20   EMBARKED UPON AN EFFORT TO RAISE MONEY IN THE PRIVATE MARKET.

09:25AM  21   THEY HAD AN INVESTMENT BANKER, STIFEL, PREPARE A PRIVATE

09:25AM  22   PLACEMENT MEMORANDUM WHICH IS TOUTING SPACE DATA'S BUSINESS AND

09:25AM  23   IT HAS FINANCIAL RESULTS.  IT HAS ALL KINDS OF INFORMATION.

09:25AM  24        THAT REPORT WAS -- AND THIS WILL COME INTO EVIDENCE, AND

09:25AM  25   SPACE DATA MAY DISPUTE THIS, BUT OUR VIEW IS GOING TO BE THAT

09:26AM   1    THAT REPORT WAS MADE PUBLIC BY SPACE DATA.  THEY SENT IT TO

09:26AM   2    PEOPLE WITHOUT ANY CONFIDENTIALITY DUTIES AND NOT UNDER NDA AND

09:26AM   3    ASKED THEM TO DISTRIBUTE IT ON TO POTENTIALLY INTERESTED

09:26AM   4    INVESTORS.

09:26AM   5        DR. INGBERMAN LOOKS AT THE FINANCIAL AND ECONOMIC

09:26AM   6    INFORMATION IN THAT STIFEL PRESENTATION.  HE LOOKS AT THE

09:26AM   7    ALLEGED FINANCIAL TRADE SECRETS, WHICH ARE HISTORIC FINANCIALS

09:26AM   8    AND SOME BUSINESS MODEL INFORMATION, AND HE DOES DRAW

09:26AM   9    CONCLUSIONS ABOUT WHETHER OR NOT THERE'S ANYTHING MATERIALLY

09:26AM   10   DIFFERENT OR VALUABLE IN THE ALLEGED TRADE SECRETS VERSUS THAT

09:26AM   11   STIFEL PRESENTATION.

09:26AM   12       I DON'T THINK THERE'S A CHALLENGE TO HIS QUALIFICATIONS TO

09:26AM   13   DO THAT BY SPACE DATA.

09:26AM   14           THE COURT:  SO IS THERE AN OBJECTION OR WILL IT BE

09:26AM   15   CONTESTED THAT THE STIFEL REPORT WAS PUBLIC?

09:26AM   16           MR. WERDEGAR:  THAT WILL BE A POTENTIAL ISSUE AT

09:26AM   17   TRIAL.  WE'RE GOING TO PRESENT EVIDENCE THROUGH A WITNESS THAT

09:26AM   18   HE RECEIVED IT, HE RECEIVED IT UNDER NO OBLIGATION OF NDA, HE

09:26AM   19   RECEIVED IT WITH AN INVITATION FROM SPACE DATA TO THEN PASS IT

09:26AM   20   ON.

09:26AM   21           THE COURT:  SO GOOGLE HAD THE STIFEL REPORT AT THE

09:26AM   22   CRITICAL TIME?

09:26AM   23           MR. WERDEGAR:  NO.  IT WAS WITHIN A MATTER OF

09:27AM   24   MONTHS.  A THIRD PARTY, A FORMER GOOGLE EMPLOYEE WHO WAS AT A

09:27AM   25   DIFFERENT EMPLOYER WAS GIVEN THIS BY SPACE DATA.

09:27AM  1          THE COURT:  OKAY.  SO THAT'S WHAT I'M TRYING TO

09:27AM  2  FOLLOW THE TRAIL HERE.

09:27AM  3          MR. WERDEGAR:  YES.

09:27AM  4          THE COURT:  SO THE EVIDENCE WILL BE PRESENTED THAT

09:27AM  5  THERE IS THE STIFEL REPORT THAT HAS SOME FINANCIAL INFORMATION

09:27AM  6  IN IT, AND GOOGLE WAS APPRISED OF THE STIFEL REPORT DURING THE

09:27AM  7  PERIOD OF TIME THAT IT WAS DEVELOPING LOON?  BECAUSE IF THEY

09:27AM  8  LEARNED ABOUT IT IN THIS LITIGATION, WHO CARES.

09:27AM  9          MR. WERDEGAR:  NO.  BUT IN ORDER TO HAVE A TRADE

09:27AM  10  SECRET, YOUR HONOR, SPACE DATA NEEDS TO PROVE THAT THIS IS A

09:27AM  11  TRADE SECRET.

09:27AM  12          THE COURT:  OKAY.  THEN WE'RE BACK TO LIABILITY.  IS

09:27AM  13  DR. INGBERMAN OFFERED AS AN EXPERT FOR YOUR LIABILITY OR JUST

09:27AM  14  FOR DAMAGES?

09:27AM  15          MR. WERDEGAR:  HE IS OFFERED -- AGAIN, WE'RE IN THE

09:27AM  16  SAME SITUATION HERE WHERE DR. MEYER ASSUMES -- BUILT INTO

09:27AM  17  DR. MEYER'S DAMAGES OPINION IS AN OPINION THAT THIS FINANCIAL

09:27AM  18  INFORMATION HAS VALUE --

09:27AM  19          THE COURT:  SURE.

09:27AM  20          MR. WERDEGAR:  -- TO SOMEONE WHO DIDN'T OTHERWISE

09:28AM  21  HAVE IT.  SO HE'S ATTACKING THAT, HE'S ATTACKING THAT PORTION

09:28AM  22  OF DR. MEYER'S OPINION.

09:28AM  23          THE COURT:  BUT THERE'S -- I GUESS WHAT -- I'M

09:28AM  24  TRYING TO CATCH UP WITH YOU.

09:28AM  25          MR. WERDEGAR:  NO.  SURE.  I UNDERSTAND.

09:28AM 1          THE COURT:  SO IF I'M MAKING SOME INCORRECT

09:28AM 2    CONCLUSIONS, PLEASE HELP ME OUT.

09:28AM 3          BUT IF YOU NEED TO ESTABLISH TO THE JURY THAT THE STIFEL

09:28AM 4    REPORT WAS PUBLIC, AND -- IF THE ISSUE IS ON THE VALUE THEN IT

09:28AM 5    HAS TO BE INFORMATION THAT GOOGLE HAD TO ESTABLISH THAT IT

09:28AM 6    DEVELOPED THE PRODUCT WITHOUT THE BENEFIT OF THE TRADE SECRETS.

09:28AM 7          IF THE ISSUE IS TO DETERMINE THAT THE FINANCIAL TRADE

09:28AM 8    SECRETS ALLEGED IN THE CASE ARE NOT TRADE SECRETS BECAUSE THE

09:28AM 9    INFORMATION WAS NOT SECRET, THAT'S A LIABILITY ISSUE.  SO

09:28AM 10   THAT'S WHY I'M ASKING YOU WAS DR. INGBERMAN DISCLOSED AS AN

09:29AM 11   EXPERT ON WHETHER OR NOT THE FINANCIAL TRADE SECRETS WERE, IN

09:29AM 12   FACT, TRADE SECRETS?

09:29AM 13          I'M THINKING HE PROBABLY WASN'T.

09:29AM 14          MR. WERDEGAR:  WELL, I THINK AS YOU FRAME IT NOW,

09:29AM 15   YOUR HONOR, I THINK THE ISSUE WITH RESPECT TO THIS ASPECT OF

09:29AM 16   HIS OPINION THAT WE'RE TALKING ABOUT AS OPPOSED TO THE

09:29AM 17   METHODOLOGICAL CHALLENGE DOES CIRCLE BACK TO THE FACT THAT THIS

09:29AM 18   IS A -- THIS PORTION, I THINK, IS MORE SIMILAR THAN THE

09:29AM 19   ARGUMENT THAT IS HAPPENING WITH RESPECT TO DR. HANSMAN BECAUSE

09:29AM 20   HERE THE SAME POINTS YOU WERE MAKING BEFORE WITH RESPECT TO

09:29AM 21   DR. HANSMAN WILL APPLY HERE THAT THIS IS AN ISSUE AREA WHERE

09:29AM 22   SPACE DATA BEARS THE BURDEN, AND IT IS AN ISSUE AREA WHERE

09:29AM 23   AGAIN WE'RE LED TO BELIEVE THAT THERE WOULD BE AN AFFIRMATIVE

09:29AM 24   REPORT ON THE EXISTENCE OF TRADE SECRETS, ON -- AND THEN ON

09:29AM 25   MISUSE, WHICH DIDN'T, WHICH DIDN'T MATERIALIZE BUT THAT WAS THE

09:29AM 1    INDICATIONS DURING FACT DISCOVERY.

09:29AM 2    SO I THINK THE ARGUMENTS THAT WE'VE MADE WITH RESPECT TO

09:29AM 3    DR. HANSMAN AND THERE WOULD APPLY HERE TO DR. INGBERMAN.

09:30AM 4    DOES THAT MAKE SENSE?

09:30AM 5    THE COURT:  YEAH.  I'M -- I MEAN, I GENERALLY AGREE

09:30AM 6    WITH YOU THAT IT APPEARS THAT DR. INGBERMAN WOULD HAVE THE

09:30AM 7    QUALIFICATIONS TO EVALUATE FINANCIAL INFORMATION INTO -- IN THE

09:30AM 8    STIFEL REPORT AND COMPARE IT TO THE ALLEGED TRADE SECRET AND

09:30AM 9    DETERMINE WHETHER OR NOT GOOGLE COULD HAVE GOTTEN TO WHERE IT

09:30AM 10    WAS WITHOUT USING THE TRADE SECRET PORTION.

09:30AM 11    THAT'S -- NOW WE'RE AT A DIFFERENT ISSUE WHICH IS A LITTLE

09:30AM 12    BIT BEYOND THIS MOTION, BUT IT'S GOING TO GET ALL TIED UP IN

09:30AM 13    THE FINAL PRETRIAL MOTIONS AS TO THE PROPER DISCLOSURE HERE.

09:30AM 14    SO I -- YOU KNOW, THIS MAKES ME CIRCLE BACK TO A PROBLEM

09:30AM 15    THAT I'M SEEING, AND, YOU KNOW, IT'S STILL MAY AND TRIAL IS NOT

09:30AM 16    UNTIL AUGUST, SO I BUILT IN THIS TIME SO THAT WE CAN HAVE A

09:30AM 17    FAIR TRIAL AS OPPOSED TO AN "I'VE GOTCHA TRIAL."

09:31AM 18    IT APPEARS THAT YOU HAVE SUBMITTED REPORTS ON WHICH

09:31AM 19    SPACE DATA SHOULD HAVE HAD THE OPPORTUNITY TO SUBMIT A REBUTTAL

09:31AM 20    REPORT, AND THAT'S THE PIECE THAT IS MISSING HERE FOR YOU TO BE

09:31AM 21    ABLE TO GO FORWARD.

09:31AM 22    I'M SYMPATHETIC TO YOUR CIRCUMSTANCE WHERE YOU WERE -- I

09:31AM 23    THINK YOU REASONABLY ANTICIPATED A PLAINTIFF'S EXPERT REPORT ON

09:31AM 24    THE LIABILITY PHASE WHICH YOU DIDN'T GET IN THE TRADE SECRET

09:31AM 25    SIDE.

09:31AM 1       CERTAINLY MR. ATKINSON IS CORRECT, YOU HAD THIS

09:31AM 2  CONVERSATION.  YOU COULD HAVE ASKED FOR A MODIFICATION OF THE

09:31AM 3  CASE SCHEDULE WHEN YOU DIDN'T GET THE REPORT, BUT YOU DIDN'T.

09:31AM 4       AND YOU PRESENTED A REBUTTAL REPORT, SO SPACE DATA KNOWS

09:31AM 5  EXACTLY WHAT YOUR THEORIES ARE.

09:31AM 6       SO REALLY, IT MAY BE THAT THE CURATIVE HERE IS SIMPLY TO

09:31AM 7  ALLOW SPACE DATA A SURREBUTTAL REPORT SO THAT WE HAVE -- WE PUT

09:32AM 8  EVERYBODY BACK ON AN EVEN PLAYING FIELD, AND I THINK THERE IS

09:32AM 9  AMPLE TIME FOR A SURREBUTTAL REPORT TO BE PREPARED WITH A SHORT

09:32AM 10  DEPOSITION TO FOLLOW, WHICH, OF COURSE, WE ALWAYS WOULD DO.  I

09:32AM 11  CERTAINLY WOULD ALLOW YOU A REASONABLE PERIOD OF TIME IN THE,

09:32AM 12  YOU KNOW, TWO HOUR FRAME, OR SOMETHING MODEST LIKE THAT.

09:32AM 13       WHAT IS YOUR VIEW ON THAT?

09:32AM 14        MR. WERDEGAR:  YOUR HONOR, I DON'T WANT TO

09:32AM 15  MONOPOLIZE THE WHOLE CONVERSATION, BUT I DO THINK THAT --

09:32AM 16  CERTAINLY WE DON'T WANT "A GOTCHA TRIAL."

09:32AM 17       AND I THINK THE OUTCOME THAT SPACE DATA IS ADVOCATING HERE

09:32AM 18  I THINK WOULD SWING THE PENDULUM CERTAINLY THE OTHER DIRECTION

09:32AM 19  TO AN "I'VE GOTCHA TRIAL."

09:32AM 20       SO IF THAT'S WHERE THE COURT COMES OUT, I CERTAINLY THINK

09:32AM 21  THAT'S BETTER THAN THE ALTERNATIVE SPACE DATA IS SEEKING.

09:32AM 22       I GUESS I WILL NOTE HERE WITH RESPECT TO DR. HANSMAN, AND

09:32AM 23  I THINK WITH RESPECT TO DR. INGBERMAN, TOO, THAT THEY HAVE PUT

09:32AM 24  FORTH AN OPENING EXPERT, A DAMAGES EXPERT, BUT WHO CONVEYS ALL

09:33AM 25  OF THE POINTS THAT ARE BEING REBUTTED.

09:33AM  1    SO EVERYTHING THAT DR. HANSMAN HAS IN HIS REPORT, AND

09:33AM  2    MR. KAMBER CAN ADDRESS THIS IN MORE DETAIL, BUT ALSO

09:33AM  3    DR. INGBERMAN, THEY ARE RESPONDING TO THINGS THAT SPACE DATA

09:33AM  4    DOES INTEND TO HAVE AN OPENING EXPERT IN ITS CASE-IN-CHIEF SAY

09:33AM  5    AND IN CONNECTION WITH AND INTERTWINED WITH HER CONCLUSIONS

09:33AM  6    ABOUT WHY GOOGLE WAS UNJUSTLY ENRICHED.

09:33AM  7         THE COURT:  AND DR. INGBERMAN, I HAVE NO PROBLEM

09:33AM  8    WITH HIM ATTACKING HER METHODOLOGY, AND I HAVE NO PROBLEM WITH

09:33AM  9    HIM GIVING HIS OPINION ABOUT WHAT SHE FAILED TO DO AND AN

09:33AM  10   OPINION THAT HER ASSUMPTIONS ARE SHE DIDN'T PERFORM THE PROPER

09:33AM  11   WORK TO SOLIDIFY HER ASSUMPTIONS.  I DON'T HAVE ANY PROBLEM AT

09:33AM  12   THAT LEVEL.  THAT'S AT A PRETTY HIGH LEVEL.

09:33AM  13        WHEN HE GOES ON TO SAY THAT THERE WAS A SUFFICIENT BODY OF

09:33AM  14   PUBLIC INFORMATION THAT WOULD HAVE ALLOWED GOOGLE TO MAKE ITS

09:34AM  15   DEVELOPMENT WITHOUT USE OF THE TRADE SECRETS, WE'RE BACK INTO

09:34AM  16   THE LIABILITY PHASE, NOT THE DAMAGES.

09:34AM  17        SO THAT'S WHY -- AND YET I SEE THAT YOU -- I MEAN, THIS IS

09:34AM  18   SORT OF AN ODD SITUATION WHERE THE DECISION NOT TO USE AN

09:34AM  19   EXPERT CAME AT A PROPER TIME, BUT AT THE TIME OF DISCLOSURE OF

09:34AM  20   EXPERT REPORTS.

09:34AM  21        SO THERE'S PLENTY THAT DR. INGBERMAN CAN TESTIFY TO, AND

09:34AM  22   WE'RE NOT LOOKING AT EXCLUDING HIM.

09:34AM  23        WE WOULD BE WITH DR. HANSMAN REBUTTING HIS -- THE REBUTTAL

09:34AM  24   ON DR. HANSMAN I'M, I'M -- I GUESS, A LITTLE BIT MORE CONCERNED

09:34AM  25   ABOUT BECAUSE I THINK HE IS THE TECHNICAL EXPERT WHO COMES IN

09:34AM  1    TO ATTACK HER ASSUMPTIONS, AND I THINK THAT GOES RIGHT BACK TO

09:34AM  2    LIABILITY.

09:34AM  3         SO I'M MUCH MORE CONCERNED ABOUT THAT.  BUT WE'LL GET TO

09:34AM  4    DR. HANSMAN IN JUST A MOMENT.

09:34AM  5         THANK YOU, MR. WERDEGAR.

09:35AM  6              MR. WERDEGAR:  THANK YOU, YOUR HONOR.

09:35AM  7              THE COURT:  ALL RIGHT.  MR. KAMBER, WE'VE BEEN

09:35AM  8    THROUGH A LOT OF THAT.

09:35AM  9         LET'S SEE WHAT WE CAN TALK ABOUT ON DR. HANSMAN.

09:35AM 10              MR. KAMBER:  SURE.  SO LET ME START ON DR. HANSMAN

09:35AM 11    BY QUOTING YOU.  YOU REFERRED TO, WITH RESPECT TO

09:35AM 12    DR. INGBERMAN, A QUOTE, "TRUE DAUBERT MOTION."

09:35AM 13         THAT'S NOT WHAT THIS IS.

09:35AM 14              THE COURT:  NO, IT'S NOT.

09:35AM 15              MR. KAMBER:  WE'RE NOT TALKING ABOUT 702, OR

09:35AM 16    DAUBERT, OR KUMHO TIRE, OR ANYTHING LIKE THAT.

09:35AM 17         WHAT SPACE DATA IS TALKING ABOUT IS A RULE 26 ISSUE, AND

09:35AM 18    WHAT I THINK THEY'RE SEEKING HERE IS RULE 37 RELIEF, ALTHOUGH

09:35AM 19    THEY NEVER ACTUALLY REFER TO RULE 37 ANYWHERE IN THEIR

09:35AM 20    BRIEFING.

09:35AM 21         SO I THINK WHAT THAT MEANS PROCEDURALLY IS THEY COULD AND

09:35AM 22    SHOULD HAVE BROUGHT THIS DURING DISCOVERY.  THEY BROUGHT IT UP

09:35AM 23    THE DAY AFTER THE RECORD CAME IN.  THERE WAS A DEADLINE TO FILE

09:36AM 24    MOTIONS RELATED TO EXPERT DISCOVERY, AND THIS WAS -- THIS IS A

09:36AM 25    MOTION TO STRIKE.  ALL OF THE CASES THAT THEY CITE ARE MOTIONS

09:36AM 1    TO STRIKE.  THEY CHOSE NOT TO MAKE A -- NOT TO FILE A MOTION TO

09:36AM 2    STRIKE, AND YET NOW THEY'RE THE ONES WHO MIGHT END UP WITH A

09:36AM 3    REBUTTAL REPORT OR A SURREBUTTAL.

09:36AM 4         THE COURT:  SO YOU'RE CERTAINLY RIGHT, THIS IS

09:36AM 5    NOWHERE IN DAUBERT, AND THIS WAS SET AS DAUBERT HEARINGS.  IT'S

09:36AM 6    COMMON AND ALMOST -- IT'S COMMON THAT THE PARTIES DO EXACTLY

09:36AM 7    WHAT SPACE DATA HAS DONE HERE AND BRING IN THESE ISSUES.

09:36AM 8         BUT I'M NOT -- SO I'VE ALLOWED IT.  I'M NOT SURE THAT THEY

09:36AM 9    HAD TO MAKE THIS A MOTION TO STRIKE.  I THINK IT CAN BE A

09:36AM 10   MOTION IN LIMINE BROUGHT A COUPLE OF WEEKS BEFORE TRIAL, BUT

09:36AM 11   THEY'VE BROUGHT IT EARLY SO THERE MAY ACTUALLY BE TIME TO CURE

09:36AM 12   THE PROBLEM IF I'M GOING TO RULE AGAINST YOU, I CAN ACTUALLY --

09:37AM 13   I MIGHT HAVE A SIDE DOOR HERE.

09:37AM 14         MR. KAMBER:  SO ON THE ISSUE OF JUST THE POSSIBILITY

09:37AM 15   OF A SURREBUTTAL, IT SEEMS A LITTLE BIT PERVERSE HERE TO BE

09:37AM 16   QUITE HONEST, YOUR HONOR, BECAUSE THEY HAVE THE BURDEN OF

09:37AM 17   PROOF.

09:37AM 18         THE COURT:  YES.

09:37AM 19         MR. KAMBER:  THEY HAVE THE BURDEN TO ESTABLISH THAT

09:37AM 20   THESE TRADE SECRETS ARE IN FACT TRADE SECRETS, THAT GOOGLE USED

09:37AM 21   THEM.  THEY BORE THE BURDEN ON ALL OF THOSE THINGS, AND THEY

09:37AM 22   DECIDED, I THINK STRATEGICALLY PERHAPS, OR NOT, TO NOT HAVE AN

09:37AM 23   EXPERT PUT IN AN OPINION.

09:37AM 24         THEY DIDN'T GET -- THEY WEREN'T SURPRISED BY THIS NOR WAS

09:37AM 25   IT UNFAIR.

09:37AM 1    THEIR EXPERT SPENT TWO DAYS DISASSEMBLING THE PLATFORM,

09:37AM 2    TAKING PICTURES, TAKING VIDEO, DOING IT NOT JUST FOR PURPOSES

09:37AM 3    OF THE PATENT ANALYSIS, AND THEY DECIDED NOT TO PUT IN A

09:37AM 4    REPORT.

09:37AM 5    INSTEAD, WHAT THEY DECIDED TO DO WAS WE'LL GIVE A

09:37AM 6    MOUTHPIECE TO THE ALLEGATIONS, A PH.D. FROM M.I.T., AN

09:38AM 7    ECONOMIST WHO WILL SPONSOR THESE IDEAS THAT ARE VERY MUCH

09:38AM 8    INTERTWINED WITH THE ANALYSIS, AND WE CAN TALK ABOUT THAT IN A

09:38AM 9    MINUTE, AND THEY HAD THE OPPORTUNITY TO DO ALL OF THOSE THINGS,

09:38AM 10   AND THEN WE CHALLENGED THOSE ASSUMPTIONS.

09:38AM 11   IT DOESN'T SEEM FAIR AT THIS POINT TO SAY, OH, YOU WENT

09:38AM 12   FIRST AS A DEFENDANT AND NOW EVEN THOUGH WE, SPACE DATA, HAD

09:38AM 13   EVERY OPPORTUNITY TO PUT IN AN OPENING REPORT, HAD ALL OF THE

09:38AM 14   EVIDENCE.

09:38AM 15           THE COURT:  SO YOU'RE SUGGESTING THAT WHEN A

09:38AM 16   PLAINTIFF EXERCISES ITS RIGHT TO PRESENT LIABILITY THROUGH

09:38AM 17   PERCIPIENT WITNESSES, IT ULTIMATELY DEPRIVES THE DEFENSE OF THE

09:38AM 18   OPPORTUNITY TO HAVE AN EXPERT REBUT THE EVIDENCE, YOU'D HAVE TO

09:38AM 19   REBUT IT WITH OTHER PERCIPIENT WITNESSES.

09:38AM 20           MR. KAMBER:  YOU WOULD, BUT UNLESS YOU'RE IN A

09:38AM 21   SITUATION LIKE THIS WHERE INSTEAD OF TRYING TO PRESENT IT, THEY

09:39AM 22   PRESENT IT BY WAY OF ASSUMPTIONS, AND THEY SAY THOSE

09:39AM 23   ASSUMPTIONS ARE SOMEHOW IMMUNIZED FROM ATTACK BY REBUTTAL

09:39AM 24   EXPERTS, WHICH ISN'T TRUE.

09:39AM 25           THE COURT:  RIGHT.  AND THAT'S WHERE I'M ACTUALLY

09:39AM  1    VERY CONCERNED HERE.  I DON'T THINK AT THE TIME YOUR INITIAL

09:39AM  2    EXPERT REPORTS WERE DUE YOU COULD HAVE HAD -- YOU DIDN'T KNOW

09:39AM  3    THE BASIS ON WHICH SPACE DATA WOULD PRESENT ITS MISUSE THEORY

09:39AM  4    BECAUSE ALTHOUGH YOU HAVE THE DEPOSITIONS OF THEIR PERCIPIENT

09:39AM  5    WITNESSES, YOU DON'T HAVE THE DIRECT TESTIMONY OF THE

09:39AM  6    PERCIPIENT WITNESSES.

09:39AM  7         SO YOU'D BE SHADOWBOXING, WHICH IS NOT REQUIRED.

09:39AM  8              MR. KAMBER:  THAT'S RIGHT.

09:39AM  9              THE COURT:  AND THAT'S WHERE, THAT'S WHERE I HAVE A

09:39AM  10   REAL PROBLEM WITH THIS CIRCUMSTANCE WE'RE IN, AND I WANT TO BE

09:40AM  11   CLEAR, WHERE SPACE DATA HAS EXERCISED ITS RIGHT TO PRESENT

09:40AM  12   THEIR CASE THROUGH PERCIPIENT WITNESSES, IT LEAVES US WITH A

09:40AM  13   LITTLE BIT OF A GAP, AND AN INABILITY OF A DEFENDANT TO OFFER

09:40AM  14   WHAT IS TRULY REBUTTAL TO THE EVIDENCE AND THE THEORY OF

09:40AM  15   LIABILITY PRESENTED BY PLAINTIFF.

09:40AM  16        BECAUSE OTHERWISE, FRANKLY, YOU WOULD HAVE NEEDED AN

09:40AM  17   EXPERT TO SCOUR THE WATERFRONT ON ALL POTENTIAL THEORIES.  I

09:40AM  18   MEAN, YOU WOULD HAVE BECOME THEIR, ESSENTIALLY THEIR ADVOCATE.

09:40AM  19   YOU WOULD HAVE HAD TO BUILD UP EVERY STRAW MAN AND KNOCK IT

09:40AM  20   DOWN, AND THAT'S NOT YOUR JOB.

09:40AM  21              MR. KAMBER:  THAT'S RIGHT.

09:40AM  22              THE COURT:  AND SO THAT'S MY CONCERN HERE, AND

09:40AM  23   THAT'S WHY I THINK THAT IT IS -- WHEN DR. MEYER AS AN EXPERT

09:40AM  24   DOES PUT HER IMPRIMATUR ON THE ASSUMPTIONS AND THEN BUILDS THEM

09:40AM  25   IN, THAT SHE CAN'T GET A FREE RIDE ON THAT.

09:40AM 1      I DON'T THINK CROSS-EXAMINATION -- TO JUST SAY

09:41AM 2   CROSS-EXAMINATION OF HER AND HER -- AND THE -- AND ARGUMENT AS

09:41AM 3   TO WHY THE PERCIPIENT WITNESSES WERE NOT SUFFICIENT TO PROVE

09:41AM 4   TRADE SECRETS IS ENOUGH, SO I'M -- I'M TRYING TO -- I WANT TO

09:41AM 5   MAKE SURE, THOUGH, THAT SPACE DATA IS GIVEN AN OPPORTUNITY TO

09:41AM 6   PRESENT ITS EVIDENCE BUT -- SO LET ME JUST -- SO WE HAD YOUR --

09:41AM 7   YOU -- THERE WERE NO EXPERT REPORTS OTHER THAN DAMAGES REPORTS

09:41AM 8   AT THE INITIAL EXPERT DISCLOSURE.

09:41AM 9          MR. KAMBER:  THERE WAS LIABILITY ON THE PATENTS BUT

09:41AM 10  NOT ON THE TRADE SECRETS.

09:41AM 11         THE COURT:  OKAY.  SO THERE WAS -- OKAY.  SO JUST ON

09:41AM 12  THE TRADE SECRETS.

09:41AM 13     AND THEN YOU HAD YOUR TWO EXPERT REBUTTAL REPORTS.

09:41AM 14         MR. KAMBER:  CORRECT.

09:41AM 15         THE COURT:  AND THE ONE DR. MEYER REPORT THAT

09:42AM 16  SUPPORTS THE DAMAGES.

09:42AM 17         MR. KAMBER:  THEY'VE NEVER -- SORRY.

09:42AM 18         THE COURT:  AND THEN SPACE DATA HAD THE OPPORTUNITY

09:42AM 19  TO TAKE THE DEPOSITION OF DR. HANSMAN AND DR. INGBERMAN ON

09:42AM 20  THEIR REBUTTAL REPORTS?

09:42AM 21         MR. KAMBER:  THEY DID.  THEY TOOK -- THEY DEPOSED

09:42AM 22  BOTH OF THE WITNESSES AND ASKED THEM ABOUT THESE ISSUES AND

09:42AM 23  DIDN'T ASK FOR REBUTTAL UP UNTIL TODAY.

09:42AM 24         THE COURT:  AND THERE'S NO EXPERT -- I MEAN,

09:42AM 25  DR. MEYER, I MEAN, I DON'T KNOW WHO THEY -- I'M NOT -- I DON'T

09:42AM 1   KNOW WHETHER -- I MEAN, THE IDEA THAT THEY CAN NOW BRING IN AN

09:42AM 2   EXPERT TO REBUT YOUR EXPERT IS -- I'M NOT SURE I WANT TO OPEN

09:42AM 3   THAT DOOR.

09:42AM 4           MR. KAMBER:  THIS IS THE PROBLEM IS THAT THEY CHOSE

09:42AM 5   NOT TO GO FIRST, THEY PUT THE BURDEN ON US TO REBUT

09:42AM 6   ASSUMPTIONS, AND THEN FOR THEM TO GET A CHANCE TO NOW PRESENT

09:42AM 7   THEIR CASE THROUGH -- HAVING SEEN US PUT OUT OUR CARDS FIRST AS

09:42AM 8   DEFENDANTS AND ADDRESS THE EVIDENCE THAT IS, AS YOU POINT OUT,

09:43AM 9   IS INTERTWINED WITH HER ANALYSIS DOESN'T SEEM LIKE A FAIR

09:43AM 10  SITUATION HERE.

09:43AM 11      THIS IS SCREWY AND WE'VE -- WE WERE THINKING ABOUT THE

09:43AM 12  SAME ISSUE.  IS IT ENOUGH TO JUST CROSS-EXAMINE DR. MEYER AND

09:43AM 13  DO IT THAT WAY?

09:43AM 14      OUR SENSE IS THE SAME AS YOURS, YOUR HONOR.  THAT DOESN'T

09:43AM 15  REALLY DO THE TRICK.  THERE'S A LITTLE BIT OF A -- SHE CAN JUST

09:43AM 16  SAY I DON'T KNOW, AND IT'S NOT PARTICULARLY EFFECTIVE.

09:43AM 17          THE COURT:  WELL, I MEAN, DR. -- I'VE SEEN DR. MEYER

09:43AM 18  HERE IN OTHER TRIALS.  SHE'S VERY EXPERIENCED.  SHE'S A VERY --

09:43AM 19  SHE'S A -- SHE HAS A SUPERB REPUTATION.  SHE'S BEEN IN MANY

09:43AM 20  COURTROOMS IN HER CAREER.

09:43AM 21      SHE BRINGS A DEGREE OF CREDIBILITY AND PROFESSIONALISM TO

09:43AM 22  THE COURT.  AND SO THAT IS THE, AS I SAY, THAT'S THE STAMP OF

09:43AM 23  APPROVAL THAT I'M A LITTLE BIT CONCERNED ABOUT.

09:43AM 24          MR. KAMBER:  SO ARE WE.

09:43AM 25          THE COURT:  YES.

09:43AM 1          MR. KAMBER:  LET ME POINT OUT ONE THING, YOUR HONOR.

09:43AM 2      THEY DIDN'T PUT IN A LIABILITY EXPERT OF THEIR OWN.

09:44AM 3          THE COURT:  UH-HUH, YEAH.

09:44AM 4          MR. KAMBER:  AND SO THEY'RE SAYING THAT ESSENTIALLY

09:44AM 5      WE CAN'T PRESENT A REBUTTAL LIABILITY EXPERT, EITHER.

09:44AM 6      BUT WHAT IS WORSE IS THAT THEY'RE SAYING THAT NO EXPERT

09:44AM 7      CAN REBUT EVEN THE FACTUAL TECHNICAL ASSUMPTIONS OF THEIR

09:44AM 8      DAMAGES EXPERT, AGAIN, WITH THAT IMPRIMATUR OF -- IMPRIMATUR,

09:44AM 9      EXCUSE ME --

09:44AM 10         THE COURT:  -- IS APPROPRIATE.

09:44AM 11         MR. KAMBER:  -- OF HER DEGREE AND HER

09:44AM 12     QUALIFICATIONS.

09:44AM 13     WHAT SEEMS TO BE HAPPENING THROUGH THE RULES IN A WEIRD

09:44AM 14     WAY IS THAT THEY WANT TO BOOTSTRAP THEIR WAY INTO AN

09:44AM 15     UNREBUTTABLE CASE OF TRADE SECRET MISAPPROPRIATION.

09:44AM 16     THEY'RE SAYING THAT, YOU KNOW, THEY CAN REST THEIR CASE

09:44AM 17     AND THEIR THEORIES ON TECHNICAL ASSUMPTIONS BY A DAMAGES EXPERT

09:44AM 18     THAT ARE IMMUNE FROM CHALLENGE BY OUR REBUTTAL EXPERTS.

09:44AM 19     WE THINK THAT'S NOT RIGHT.  THE LAW IN PINTEREST AND

09:45AM 20     LAFLAWN (PHONETIC) AND OTHERS IS CLEAR, WE CAN CHALLENGE THE

09:45AM 21     ASSUMPTIONS.

09:45AM 22     THERE'S NO CASE LAW SUPPORTING THE IDEA THAT THEY -- THAT

09:45AM 23     WE CAN'T PRESENT THAT TYPE OF REBUTTAL TESTIMONY, AND THERE'S

09:45AM 24     NO CASE LAW THAT WOULD SUGGEST THAT THEY NOW, HAVING BORNE THE

09:45AM 25     BURDEN OF PROOF AND BEARING THE BURDEN OF PROOF THROUGHOUT,

09:45AM 1    SOMEHOW GET TO DO A SURREBUTTAL HAVING CHOSEN TO WAIT AND

09:45AM 2    HAVING HAD ALL OF THE OPPORTUNITY IN THE WORLD TO PRESENT AN

09:45AM 3    OPENING REPORT ON THIS ISSUE.

09:45AM 4            THE COURT:  OKAY.  MR. ATKINSON, I'LL LET YOU FINISH

09:45AM 5    UP.

09:45AM 6            MR. ATKINSON:  THANK YOU, YOUR HONOR.

09:45AM 7        YOUR HONOR, I THINK YOU PRETTY MUCH UNDERSTAND THE ISSUE,

09:45AM 8    WHICH IS THAT SPACE DATA IS BEING SUBSTANTIALLY PREJUDICED IF

09:45AM 9    IT DOESN'T HAVE AN OPPORTUNITY TO PRESENT AN EXPERT.

09:45AM 10       SO HERE WE HAVE A SITUATION WHERE FIRST OFF THE DEFENDANTS

09:45AM 11   DID HAVE AN OPPORTUNITY TO AT LEAST ATTACK THE FACT THAT WE

09:45AM 12   DIDN'T PUT IN A LIABILITY EXPERT OURSELVES.  THEY DID THAT AT

09:45AM 13   SUMMARY JUDGMENT, AND YOUR HONOR FOUND THAT WE COULD RELY ON

09:46AM 14   LAY OPINION -- I MEAN, I AM SORRY, LAY FACT EVIDENCE IN THAT

09:46AM 15   REGARD.

09:46AM 16       IN THAT CASE WHAT WE PLANNED TO DO IS PUT ON THOSE LAY

09:46AM 17   WITNESSES TO PRESENT OUR TRADE SECRETS LIABILITY CASE, BOTH OUR

09:46AM 18   WITNESSES AND THE DEFENDANTS, AND THEN DR. MEYER WILL OPINE ON

09:46AM 19   DAMAGES.  SHE'S NOT OPINING ON LIABILITY.

09:46AM 20       SO I THINK THERE IS SOME CONFLATING OF WHAT HER TRUE

09:46AM 21   ASSUMPTIONS ARE, WHICH ARE VERY NORMAL AND STANDARD FOR A

09:46AM 22   DAMAGES EXPERT TO MAKE AND ARE ACTUALLY VERY NARROW DAMAGES

09:46AM 23   OPINION WHICH IS BASED ON UNJUST ENRICHMENT, YOUR HONOR.

09:46AM 24       ON THE POINT OF THE CASES, THE CASES THAT GOOGLE CITES

09:46AM 25   DOES NOT SUPPORT ITS POSITION.  THE PINTEREST CASES OR THE

09:46AM  1    PEREZ CASES INVOLVE SITUATIONS WHERE EITHER THE DAMAGES EXPERT

09:46AM  2    REQUESTS A DAMAGES EXPERT, OR A VOCATIONAL EXPERT REQUESTS A

09:46AM  3    VOCATIONAL EXPERT.  THERE'S NO SITUATION WHERE A DAMAGES EXPERT

09:46AM  4    IS REQUIRED BY A LIABILITY EXPERT WHICH IS THE SITUATION THAT

09:46AM  5    WE FIND OURSELVES IN HERE.

09:46AM  6        YOUR HONOR, IT'S GOOGLE THAT HAS NO AUTHORITY ON THE POINT

09:46AM  7    THAT THEY WERE THE ONES THAT COULD JUST SIT BACK AND DO NOTHING

09:46AM  8    WHEN THE CASE LAW, THEIR OWN CASES ARE VERY CLEAR THAT THEY'RE

09:47AM  9    THE ONES WHO BEAR THE RISK ON THIS ISSUE.  BOTH THE CASES THAT

09:47AM  10   WE CITE, YOUR HONOR'S CASE CLEAR-VIEW, AND OTHER OPINIONS FROM

09:47AM  11   MULTIPLE DISTRICTS ARE VERY CLEAR ON THAT ONE POINT, YOUR

09:47AM  12   HONOR.

09:47AM  13           THE COURT:  SO I'M GOING TO THROW THIS OUT, ALTHOUGH

09:47AM  14   IT'S SOMETHING THAT I DON'T LIKE TO DO AND I PROBABLY WON'T,

09:47AM  15   BUT I WOULD LIKE TO EXPLORE IT.

09:47AM  16       WOULD WE CURE THIS PROBLEM IF WE HAVE A LIABILITY PHASE, A

09:47AM  17   VERDICT, AND THEN, SAME JURY, IT'S JUST GOING TO BE A JURY

09:47AM  18   DELIBERATING TWICE, AND THEN A DAMAGES PHASE?  I SAY I HATE

09:47AM  19   DOING THAT.  I -- USUALLY I DON'T ALLOW THAT, BUT I'M JUST

09:47AM  20   WONDERING, BECAUSE THEN WE WOULD NOT HAVE -- I THINK THE

09:47AM  21   BIGGEST CONCERN BY GOOGLE IS THAT DR. MEYER WILL ASSIST IN

09:47AM  22   PROVING MISUSE, WHICH SHE CAN'T DO.

09:48AM  23           MR. ATKINSON:  YOUR HONOR, ON THE SPOT I GUESS I

09:48AM  24   DON'T.

09:48AM  25           THE COURT:  I DID PUT YOU ON THE SPOT.

09:48AM  1          MR. ATKINSON:  I'M TRYING TO THINK WHETHER THERE

09:48AM  2     ARE --

09:48AM  3          THE COURT:  IT'S NOT SOMETHING THAT WE HAVE TO

09:48AM  4     DECIDE TODAY.  IF YOU HAVE SOME IMMEDIATE THOUGHTS, IT WOULD BE

09:48AM  5     HELPFUL.

09:48AM  6          MR. ATKINSON:  IMMEDIATE THOUGHTS ON THIS LIMITED

09:48AM  7     ISSUE THAT SEEMS LIKE IT WOULD BE FINE.

09:48AM  8         IN TERMS OF THE AMOUNT OF DUPLICATION, FOR EXAMPLE, WITH

09:48AM  9     REGARDS TO THE -- HOW DOES YOUR HONOR FORESEE THEN THE

09:48AM  10    EXEMPLARY DAMAGES PORTION OF THE TRIAL PROCEEDING?  WOULD THAT

09:48AM  11    STILL BE WITH THE LIABILITY PHASE AND THEN --

09:48AM  12         THE COURT:  NO, NO.  ALL DAMAGES.  WELL, ALL DAMAGES

09:48AM  13    WOULD BE IN THE SECOND PHASE.  AND I'M TALKING ABOUT A SINGLE

09:48AM  14    JURY THAT IS TOLD UPFRONT, FIRST YOU'RE GOING TO HEAR LIABILITY

09:48AM  15    AND THEN YOU'RE GOING TO DELIBERATE, AND TELL THEM EXACTLY WHAT

09:48AM  16    THEY'RE GOING TO DO, BUT THAT WAY I THINK WE -- I MEAN, IT IS A

09:48AM  17    WAY OF ADDRESSING THE CONCERN THAT DR. MEYER IMPROPERLY

09:48AM  18    TESTIFIES ON MISUSE.

09:49AM  19         MR. ATKINSON:  YOUR HONOR, I -- ON THE SPOT I DON'T

09:49AM  20    THINK WE WOULD HAVE A PROBLEM.  THAT ACTUALLY SOUNDS LIKE IT

09:49AM  21    WOULD -- SO THERE WOULD BE NO --

09:49AM  22         THE COURT:  I MEAN, EXEMPLARY DAMAGES TAKE A

09:49AM  23    DIFFERENT KIND OF PROOF.  SO WE -- BECAUSE I THINK THERE HAS TO

09:49AM  24    BE WILLFULNESS, DOESN'T THERE?

09:49AM  25         MR. ATKINSON:  YES, YOUR HONOR.

09:49AM  1          THE COURT:  SO THAT'S A DIFFERENT -- I MEAN, THAT'S

09:49AM  2     A DIFFERENT ASPECT, BUT --

09:49AM  3        MR. KAMBER, DO YOU HAVE ANY REACTIONS TO --

09:49AM  4          MR. KAMBER:  I'LL LET MR. WERDEGAR ADDRESS THIS.

09:49AM  5          MR. WERDEGAR:  YOUR HONOR, I THINK I WOULD BEG THE

09:49AM  6     COURT'S INDULGENCE AND ASK FOR A CHANCE TO CONSULT WITH MY

09:49AM  7     CLIENT ABOUT IT.

09:49AM  8          THE COURT:  YES.

09:49AM  9          MR. WERDEGAR:  BUT MY INITIAL REACTION IS THAT I

09:49AM 10     THINK IT'S AN INCOMPLETE SOLUTION TO THE PROBLEMS THAT WE'VE

09:49AM 11     BEEN TALKING ABOUT THIS MORNING.

09:49AM 12        THE PRIMARY THING BEING THAT IT DOESN'T REALLY REMEDY THE

09:49AM 13     SITUATION THAT WE'VE FOUND OURSELVES IN THAT YOU'VE RECOGNIZED

09:49AM 14     OF HAVING TO SHADOWBOX.

09:49AM 15          THE COURT:  YES.

09:49AM 16          MR. WERDEGAR:  WHERE WE HAD TO -- WE WOULD HAVE HAD

09:49AM 17     TO HAVE COME UP WITH OUR BEST VERSION OF WHAT PLAINTIFF'S CASE

09:49AM 18     MIGHT BE, AND THEN KNOCK THAT DOWN AND CHASE EVERY STRAW MAN IF

09:49AM 19     WE HAD DONE --

09:50AM 20          THE COURT:  RIGHT.

09:50AM 21          MR. WERDEGAR:  -- SO WE'LL BE LEFT IN A SITUATION

09:50AM 22     WHERE WE'LL BE PENALIZED FOR HAVING EXPECTED REASONABLY, I

09:50AM 23     THINK, OPENING REPORTS, NOT HAVING RECEIVED THEM.

09:50AM 24          THE COURT:  THAT'S A GOOD POINT.  SO, MR. WERDEGAR,

09:50AM 25     LET ME CIRCLE BACK TO THE INTERROGATORY RESPONSES.

09:50AM  1      IS IT CORRECT THAT WHEN YOU ASKED IN INTERROGATORIES FOR

09:50AM  2   RESPONSES ON THE EVIDENCE THAT WOULD SUPPORT MISUSE, THAT THE

09:50AM  3   OBJECTION WAS POSED THAT YOU WILL LEARN IT IN THE EXPERT

09:50AM  4   REPORTS?  IS THAT A -- THAT'S A --

09:50AM  5      MR. WERDEGAR:  THE OBJECTION WAS INTERPOSED.  TO BE

09:50AM  6   FAIR, WE DID GET A SUM AND SUBSTANCE RESPONSE AS WELL, BUT THE

09:50AM  7   OBJECTION WAS INTERPOSED THAT THIS TYPE OF INTERROGATORY WAS

09:50AM  8   PREMATURE, AND IT WAS A CITATION TO OPENING EXPERT REPORTS ARE

09:50AM  9   DUE ON SEPTEMBER 10, 2018, OR WHATEVER IT WAS.

09:50AM 10      THE COURT:  AND YOU DIDN'T KNOW THERE WOULD BE ANY

09:50AM 11   OPENING EXPERT REPORTS UNTIL THE DAY CAME AND WENT.

09:51AM 12      MR. WERDEGAR:  CORRECT.

09:51AM 13      THE COURT:  IS THAT WHERE YOU SHAKE THE ENVELOPE TO

09:51AM 14   SEE IF SOMETHING DIDN'T FALL OUT?

09:51AM 15      MR. WERDEGAR:  THAT IS RIGHT.  THAT'S THE ENVELOPE

09:51AM 16   IS LIKE COLLEGE APPLICATION SEASON.  SO WE RECEIVED THEIR

09:51AM 17   OPENING REPORTS AND WE GOT WHAT WE GOT AND HADN'T GOTTEN PRIOR

09:51AM 18   NOTICE.

09:51AM 19      THE COURT:  I THINK THAT IS NOT A GOOD IDEA.  I

09:51AM 20   DON'T LIKE DOING IT ANYWAY.  BUT THANK YOU FOR YOUR JUST

09:51AM 21   OFF-THE-TOP THOUGHTS ON IT.  THAT'S REALLY HELPFUL.

09:51AM 22      ALL RIGHT.  WELL, I -- IT'S MY INCLINATION TO DENY THE

09:51AM 23   MOTION AS TO DR. HANSMAN AND TO DENY THE MOTION AS TO

09:51AM 24   DR. INGBERMAN WITH THE EXCEPTION OF HIS OPINIONS ON THE

09:51AM 25   FINANCIAL INFORMATION WHERE HE'S ACTUALLY VEERING INTO AN AREA

09:51AM  1    OF WHETHER OR NOT THERE'S MISUSE AND NOT BECAUSE IT LACKS

09:51AM  2    FOUNDATION.  I THINK HE SIMPLY WASN'T DISCLOSED FOR THAT

09:51AM  3    PURPOSE.

09:51AM  4         AND SO I DON'T ACTUALLY HAVE SPECIFIC PARAGRAPHS THAT I

09:52AM  5    CAN EXCLUDE BASED ON THAT.  I'VE NEVER LIKED TO BE THE ONE WHO

09:52AM  6    READS THE REPORT AND COMES UP WITH WHAT I THINK WOULD BE THOSE

09:52AM  7    PARAGRAPHS.

09:52AM  8         SO I SUPPOSE WHAT I WILL DO IS I'LL PREPARE THE ORDER WITH

09:52AM  9    THE GENERAL FRAMEWORK AND THEN PROBABLY IF I STICK TO THIS, IS

09:52AM 10    ASK SPACE DATA TO IDENTIFY THE PARAGRAPHS THAT IT WOULD FIND

09:52AM 11    FALL WITHIN THE LIMITATION THAT I'M EXCLUDING, AND THEN I WOULD

09:52AM 12    ALLOW GOOGLE TO TELL ME WHY SOME OF THESE OPINIONS MIGHT NOT

09:52AM 13    BELONG UNDER THAT UMBRELLA TO BE EXCLUDED.  THAT'S THE BEST

09:52AM 14    THAT I CAN DO.

09:52AM 15         YOU NEED TO SEE MY SPECIFIC ARTICULATION BEFORE YOU CAN

09:52AM 16    LOOK AT THE REPORT, AND I NEED TO THINK ABOUT HOW TO DIVIDE

09:53AM 17    THAT UP A LITTLE BIT.

09:53AM 18         BUT I'M REALLY CONCERNED THAT DR. INGBERMAN, WHO AS AN

09:53AM 19    ECONOMIST COULD HAVE DONE THAT ANALYSIS WITH THE FINANCIAL

09:53AM 20    TRADE SECRETS, WAS NOT DESIGNATED TO DO THAT.

09:53AM 21         AND IT -- SO IT'S A FAIRLY SMALL PART OF THE REPORT IS MY

09:53AM 22    RECOLLECTION, AND IT MAY BE THAT YOU DON'T ACTUALLY DISAGREE ON

09:53AM 23    THE SELECTION OF PARAGRAPHS, BUT I THINK YOU'RE BETTER OFF IF

09:53AM 24    YOU AND YOUR EXPERT KNOW THE PARAGRAPHS THAT ARE EXCLUDED SO

09:53AM 25    THAT THERE'S CLEAR DIRECTION AS TO WHAT NOT TO TALK ABOUT AT

| | | |
|---|---|---|
| 09:53AM | 1 | TRIAL. |
| 09:53AM | 2 | MR. WERDEGAR:  THAT MAKES SENSE, YOUR HONOR.  WE'LL |
| 09:53AM | 3 | CERTAINLY WORK WITH OPPOSING COUNSEL ON THAT. |
| 09:53AM | 4 | MR. ATKINSON:  YOUR HONOR, MAY I MAKE ONE FINAL |
| 09:53AM | 5 | COMMENT? |
| 09:53AM | 6 | THE COURT:  SURE.  SURE. |
| 09:53AM | 7 | MR. ATKINSON:  SO, YOUR HONOR, IF DR. HANSMAN IS LET |
| 09:53AM | 8 | IN, THEN SPACE DATA WILL BE IN A POSITION OF WHERE IT EXERCISED |
| 09:53AM | 9 | ITS RIGHT CORRECTLY, AND IT DIDN'T DO ANYTHING WRONG THERE, TO |
| 09:53AM | 10 | NOT HAVE A LIABILITY EXPERT WHILE THE DEFENDANTS WILL HAVE AN |
| 09:53AM | 11 | UNREBUTTED LIABILITY EXPERT GOING ON TO MATTERS SUCH AS THE |
| 09:54AM | 12 | ECONOMIC VALUE OF THE TRADE SECRETS AND WHETHER THEY WERE |
| 09:54AM | 13 | PUBLICLY KNOWN WHICH WERE MATTERS THAT DR. MEYER WILL NOT BE |
| 09:54AM | 14 | ABLE TO REBUT HIM ON. |
| 09:54AM | 15 | THE COURT:  SO THE PUBLICLY KNOWN.  THESE EXPERTS |
| 09:54AM | 16 | ARE NOT -- YOU KNOW, DR. HANSMAN IS GOING TO BE VERY LIMITED. |
| 09:54AM | 17 | I MEAN, HE'S GOING TO HAVE TO ATTACK THE ASSUMPTIONS AND |
| 09:54AM | 18 | EXPLAIN WHY HER VALUATION OPINIONS ARE FAULTY BECAUSE HER |
| 09:54AM | 19 | ASSUMPTIONS ARE FAULTY. |
| 09:54AM | 20 | AND WITH DR. INGBERMAN, AGAIN, WE'RE AT THE METHODOLOGY |
| 09:54AM | 21 | LEVEL, NOT -- HE'S NOT GOING TO BE ABLE TO TESTIFY ABOUT WHAT |
| 09:54AM | 22 | THE ACTUAL EVIDENCE WOULD SHOW.  THAT'S, THAT'S -- I MEAN, HE |
| 09:54AM | 23 | CERTAINLY CAN'T ON THE TECHNICAL TRADE SECRETS.  HE CAN ONLY |
| 09:54AM | 24 | ATTACK THE METHODOLOGY THAT SHE DID FAIL TO CONSIDER THE BODY |
| 09:54AM | 25 | OF PUBLIC INFORMATION, BUT IT'S NOT FOR HIM TO TESTIFY ABOUT |

09:54AM  1    WHAT WAS PUBLIC.  THAT IS, THAT IS NOT SOMETHING THAT HE WAS

09:54AM  2    DISCLOSED TO DO.

09:54AM  3          THAT'S -- SO, YOU KNOW, THIS IS JUST A LITTLE TRICKY, BUT,

09:55AM  4    QUITE FRANKLY, I THINK THERE'S A LITTLE BIT OF FAULT TO GO

09:55AM  5    AROUND ON THIS PROMISE OF AN EXPERT ON LIABILITY AND THEN A

09:55AM  6    CHANGE IN STRATEGY UPON THE REPORT DATE.  AND THERE IS NO -- I

09:55AM  7    REALLY BELIEVE THAT THERE IS NO WAY A DEFENDANT SHOULD HAVE THE

09:55AM  8    ONUS OF SHADOWBOXING YOUR THEORIES.  I MEAN, FRANKLY, IT WOULD

09:55AM  9    BE LIKE SPACE DATA ENLISTING THIS OTHER GREAT LAW FIRM TO HELP

09:55AM  10   THEM IDENTIFY THEIR CASE FOR THEM.  IT JUST DOESN'T WORK THAT

09:55AM  11   WAY.

09:55AM  12         SO, YOU KNOW, I -- OBVIOUSLY IT WOULD HAVE BEEN BETTER IF

09:55AM  13   ALL OF THIS HAD BEEN WORKED OUT, BUT I STILL DON'T THINK IT WAS

09:55AM  14   EVEN AT THE TIME OF DISCLOSURE, IT WAS NEVER GOOGLE'S

09:55AM  15   OBLIGATION TO COME UP WITH A REPORT BY AN EXPERT BEFORE THEY

09:55AM  16   KNEW WHAT YOUR -- WHAT YOUR BEST CASE WAS, WHAT YOUR EXPERTS

09:55AM  17   WERE SAYING.

09:55AM  18         YOU KNOW, THE FACT THAT YOU DON'T HAVE AN EXPERT COULD

09:56AM  19   BE -- THERE ARE SO MANY REASONS.  IT COULD BE THAT YOUR

09:56AM  20   PERCIPIENT WITNESSES ARE SO PERSUASIVE THAT A JURY IS GOING TO

09:56AM  21   FIND THEM MORE CREDIBLE THAN ANY PAID EXPERT, OR IT COULD BE

09:56AM  22   THAT YOUR EXPERT SAID TO YOU, I CAN'T REALLY HELP YOU OUT HERE

09:56AM  23   GUYS, OR SOMETHING IN BETWEEN.

09:56AM  24         YOU KNOW, I -- NONE OF US WILL EVER KNOW.  THAT'S

09:56AM  25   CONFIDENTIAL.  BUT OBVIOUSLY THAT'S, THAT'S THE RANGE OF

09:56AM 1    POSSIBILITIES, THE TWO EXTREMES HERE.

09:56AM 2         AND, YOU KNOW, SO WE'LL SEE.  BUT I THINK THAT THIS IS

09:56AM 3    MORE THAN FAIR AND TO THE EXTENT THAT DR. MEYER -- YOU KNOW, HE

09:56AM 4    CAN ONLY REBUT HER TESTIMONY AND HER -- THE OPINIONS SHE GIVES.

09:56AM 5    THEY CAN'T REBUT SOMETHING THAT IS DEEP IN HER REPORT THAT SHE

09:56AM 6    DOESN'T EVEN PRESENT TO THE JURY.

09:56AM 7         SO, YOU KNOW, HE'S GOING TO BE LISTENING CAREFULLY TO THAT

09:56AM 8    TESTIMONY.  I EXPECT THERE WILL BE A NUMBER OF OBJECTIONS.

09:56AM 9    THIS IS GOING MAKE IT SORT OF A STICKY WICKET FOR THE

09:57AM 10   TESTIMONY, AND I DON'T KNOW HOW MUCH SPECIFIC GUIDANCE I CAN

09:57AM 11   GIVE YOU, BUT HOPEFULLY THROUGH THIS DISCUSSION YOU HAVE A

09:57AM 12   GENERAL UNDERSTANDING.

09:57AM 13        MR. ATKINSON:  YOUR HONOR, ON THAT POINT, WOULD THE

09:57AM 14   COURT FIND A MOTION IN LIMINE THAT WAS FOCUSSED ON WHAT

09:57AM 15   PORTIONS OF HANSMAN WE THOUGHT AND WHAT PORTIONS WE DIDN'T, AND

09:57AM 16   IS THAT HELPFUL IF -- I'M SORRY.

09:57AM 17        SO GIVEN WHAT YOUR HONOR SAID ABOUT DR. HANSMAN WOULD BE

09:57AM 18   LIMITED TO TRULY REBUTTING DR. MEYER, WOULD THE COURT FIND --

09:57AM 19   SO, FOR EXAMPLE, HIS PORTION OF THIS REPORT IS I THINK 60

09:57AM 20   PARAGRAPHS OR SO LONG.

09:57AM 21        WOULD THE COURT FIND A MOTION IN LIMINE HELPFUL

09:57AM 22   IDENTIFYING WHICH PARAGRAPHS WE THOUGHT ONE SIDE VERSUS THE

09:57AM 23   OTHER YOUR HONOR FINDS HELPFUL OR WOULD THAT BE SOMETHING --

09:57AM 24        THE COURT:  YOU KNOW, THE INTERESTING THING WITH

09:57AM 25   THAT IS THAT I'M NOT THINKING THAT THAT IS GOING TO BE HELPFUL

09:57AM 1   BECAUSE SO OFTEN IT DEPENDS FIRST ON WHAT DR. MEYER TESTIFIES

09:58AM 2   TO, AND, SECOND, HOW THE QUESTION WAS POSED TO DR. HANSMAN AT

09:58AM 3   TRIAL AND HOW HE RESPONDS TO IT.

09:58AM 4       SO THE WAY IN WHICH AN EXPERT COMPOSES A REPORT IS SO

09:58AM 5   DIFFERENT THAN THE WAY THAT THEY TESTIFY.  I ACTUALLY THINK

09:58AM 6   THAT I WOULD DEFER RULING ON THAT SO YOU CAN SAVE ONE OF

09:58AM 7   YOUR --

09:58AM 8               MR. ATKINSON:  THANK YOU, YOUR HONOR.  THAT IS

09:58AM 9   HELPFUL.

09:58AM 10              THE COURT:  I'M GLAD YOU RAISED IT BECAUSE YOU WOULD

09:58AM 11  BE WASTING YOUR IN LIMINE MOTION I THINK.

09:58AM 12      ALL RIGHT.  I THINK THAT COVERS EVERYTHING FOR TODAY.

09:58AM 13              MR. ATKINSON:  I THINK WE ACTUALLY HAVE ONE JOINT

09:58AM 14  HOUSEKEEPING ITEM.

09:58AM 15              THE COURT:  SURE.

09:58AM 16              MR. ATKINSON:  THE DOCKET REFLECTS THAT ON THE

09:58AM 17  FRIDAY BEFORE TRIAL THERE IS JURY SELECTION AS WELL AND THE

09:58AM 18  MONDAY BEFORE TRIAL.

09:58AM 19              THE COURT:  THAT'S RIGHT.

09:58AM 20              MR. ATKINSON:  WE WERE UNCLEAR IF YOUR HONOR

09:58AM 21  ENVISIONED JURY SELECTION ON ONE DAY OR STARTING ON FRIDAY.

09:58AM 22              THE COURT:  THANK YOU FOR ASKING.  THIS GIVES YOU

09:58AM 23  MORE TIME TO PREPARE.  I ALWAYS PRESUME, AND, IN FACT, I

09:59AM 24  WELCOME AND WANT A QUESTIONNAIRE FOR THE JURY.  AND MOST

09:59AM 25  LAWYERS LIKE AN ADEQUATE TIME TO READ THE QUESTIONNAIRE.  SO IF

09:59AM   1    I DID IT ON MONDAY MORNING, I WOULD GIVE YOU NO TIME TO READ

09:59AM   2    IT.

09:59AM   3        SO I TYPICALLY BRING MY JURIES IN ON FRIDAY.  YOUR CLIENTS

09:59AM   4    DON'T NEED TO BE HERE.  THEY'LL GET THEIR INTRODUCTION TO JURY

09:59AM   5    SERVICE.  WE'LL DO HARDSHIP.  I WILL INTRODUCE THE

09:59AM   6    QUESTIONNAIRE, AND YOU -- I MEAN, YOU'LL BE IN THE COURTROOM,

09:59AM   7    AND I'LL INTRODUCE YOU VERY BRIEFLY.  I WILL INTRODUCE THE

09:59AM   8    QUESTIONNAIRE AND LEAVE THEM TO COMPLETE THE QUESTIONNAIRE AND

09:59AM   9    THEN GO HOME WHEN THEY'RE DONE.

09:59AM  10        YOU THEN WILL HAVE THE WEEKEND TO CONSIDER WHAT YOU'VE

09:59AM  11    LEARNED FROM THE QUESTIONNAIRE AND THAT WAY ON MONDAY MORNING

09:59AM  12    YOU'RE READY -- YOU START RIGHT AWAY WITH YOUR VOIR DIRE OF THE

09:59AM  13    JURY.  I TYPICALLY SWEAR IN MY JURIES BY 11:00 IN THE MORNING

09:59AM  14    ON THE MONDAY AND OPENING STATEMENTS START BEFORE LUNCH.  SO

09:59AM  15    JUST TO BE READY ON THAT.

10:00AM  16        WE THEN GENERALLY SPEND THE REST OF THE FRIDAY HAVING OUR

10:00AM  17    JURY INSTRUCTION CONFERENCE.  SO YOU SHOULD BE PREPARED FOR

10:00AM  18    THAT.  I USUALLY -- I LAY ALL OF THIS OUT AT THE PRETRIAL

10:00AM  19    CONFERENCE, BUT FOR SCHEDULING I'M GLAD YOU RAISED IT SO THAT

10:00AM  20    YOU CAN BUILD THAT IN.

10:00AM  21        IF THE JURY INSTRUCTIONS ARE VERY COMPLEX AND DISPUTED AT

10:00AM  22    EVERY TURN, I SOMETIMES NEED A SECOND DAY, AND IT WOULD BE THE

10:00AM  23    DAY BEFORE, AND IT WOULD ALSO BE THE THURSDAY.

10:00AM  24        I DON'T THINK THE JURY INSTRUCTIONS ARE GOING TO BE THAT

10:00AM  25    COMPLICATED IN THIS CASE.  I DON'T THINK THE 706 INSTRUCTION IS

10:00AM  1    GOING TO BE THAT HARD, AND I -- THE TRADE SECRET INSTRUCTIONS,

10:00AM  2    I MEAN, I DON'T KNOW.  I JUST DON'T THINK THAT IT'S GOING TO BE

10:00AM  3    THAT COMPLICATED A SITUATION.  I THINK WE CAN DO IT IN ONE

10:00AM  4    AFTERNOON.

10:00AM  5         BUT YOU HAVEN'T EVEN WRITTEN THOSE YET OR AT LEAST NOT IN

10:00AM  6    FINAL.

10:00AM  7         SO YOU'RE COMING BACK ON THE 21ST OF JUNE.  IS THAT WHEN

10:01AM  8    YOUR FINAL PRETRIAL IS?  OR IS IT IN JULY?

10:01AM  9              MR. KAMBER:  I BELIEVE WE'RE IN JULY 19TH.

10:01AM 10              THE CLERK:  YES.

10:01AM 11              THE COURT:  OH, I'M SORRY.  YOU KNOW, I CARVED OUT

10:01AM 12    SOME VACATION TIME SO I MOVED SOME UP AND MOVED SOME BACK.

10:01AM 13         OKAY.  SO THAT'S -- I'M NOT CHANGING THAT.  OH, SO WE HAVE

10:01AM 14    LOTS OF TIME.

10:01AM 15         THEN TRIAL IS AUGUST 6TH.

10:01AM 16              MR. KAMBER:  AUGUST 5TH, I BELIEVE.

10:01AM 17              THE COURT:  AUGUST 5TH.  AND I'M GOING TO ACTUALLY

10:01AM 18    HAVE YOU COME IN ON THE 2ND TO DO THAT JURY QUESTIONNAIRE.

10:01AM 19              MR. ATKINSON:  RIGHT.

10:01AM 20              MR. KAMBER:  YES, YOUR HONOR.

10:01AM 21              THE COURT:  OKAY.  WELL, THAT WORKS OUT.  YES, WE

10:01AM 22    HAVE PLENTY OF TIME.  OKAY.  I DON'T -- AND IT WAS MY

10:01AM 23    UNDERSTANDING THAT YOU STILL HAVE A MEDIATION SESSION COMING

10:01AM 24    UP; IS THAT CORRECT?

10:01AM 25              MR. ATKINSON:  ON TUESDAY, YOUR HONOR.

10:01AM  1          MR. KAMBER:  WE DO, YOUR HONOR, ON TUESDAY, JUNE 4TH

10:01AM  2     WITH MR. WOLF.

10:01AM  3          THE COURT:  ALL RIGHT.  GOOD.  SO AS I SAY, I AM

10:02AM  4     PRETTY SURE THAT I'VE DECIDED ON THIS MOTION, I JUST REALLY

10:02AM  5     WANTED TO GIVE YOU MY BEST READ BEFORE YOUR MEDIATION.

10:02AM  6          MR. KAMBER:  THANK YOU.

10:02AM  7          THE COURT:  AND I THINK EVERYTHING ELSE, ALL OTHER

10:02AM  8     PENDING MOTIONS HAVE BEEN DECIDED.

10:02AM  9       SO YOU KNOW WHERE YOU ARE ON THAT.

10:02AM  10          MR. KAMBER:  THAT'S RIGHT, YOUR HONOR.

10:02AM  11          THE COURT:  ALL RIGHT.  I THINK THAT TAKES CARE OF

10:02AM  12     EVERYTHING TODAY.

10:02AM  13          MR. ATKINSON:  THANK YOU, YOUR HONOR.

10:02AM  14          MR. KAMBER:  THANK YOU, YOUR HONOR.

10:02AM  15          MR. WERDEGAR:  THANK YOU VERY MUCH, YOUR HONOR.

10:02AM  16          THE COURT:  THANK YOU ALL.

10:02AM  17          THE CLERK:  COURT IS ADJOURNED.

10:02AM  18       (COURT CONCLUDED AT 10:02 A.M.)

         19

         20

         21

         22

         23

         24

         25

1

2

3                     <u>CERTIFICATE OF REPORTER</u>

4

5

6

7          I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8      STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9      280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10     CERTIFY:

11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12     A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13     ABOVE-ENTITLED MATTER.

14

15

16         _____
           IRENE RODRIGUEZ, CSR, RMR, CRR
           CERTIFICATE NUMBER 8074
17

18         DATED:  JUNE 4, 2019
19

20

21

22

23

24

25