UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., et al.,<br><br>Defendants. | Case No. 16-cv-03260-BLF<br><br>**ORDER GRANTING THE PARTIES' REQUEST TO SEAL PORTIONS OF THE COURT'S ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Re: ECF 537] |

On May 9, 2019, the Court issued its Order on Defendants' Motion for Summary Judgment (ECF 524) provisionally under seal because it contains information that the Court previously allowed to be filed under seal due to its highly confidential and business-sensitive nature. *See* ECF 525. The Court directed the parties to submit proposed redactions to the order. *See id.*

Now before the Court is the parties' request to seal portions of the Court's Order on Defendants' Motion for Summary Judgment. ECF 537. For the reasons that follow, the motion is GRANTED.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden

of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Parties moving to seal documents must also comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

**II. DISCUSSION**

The Court has reviewed the parties' sealing motion and the declarations of the designating parties submitted in support thereof. The Court finds that the parties have articulated compelling reasons to seal certain portions of the Court's Order on Defendants' Motion for Summary Judgment. The proposed redactions are generally narrowly tailored. The Court's rulings on the sealing requests are set forth in the table below.

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| 537-6 | Order Granting in Part and Denying in Part and Deferring in Part Defendants' Motion for Summary Judgment (ECF No. 524) | GRANTED as to Space Data's request: blue and green highlighted portions at 17:2-6; 17:8; 17:22; 17:24; 19:4-5; and 20:3. | Contains Space Data's proprietary and confidential information, including purported trade secrets. Hosie Decl. ¶ 7, ECF 537-1. Public disclosure would expose Space Data to competitive harm. *Id.* ¶ 8. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | GRANTED as to Google's request: yellow and green highlighted portions of the document at 4:25-5:2; 5:4-5; 6:1-4; 6:25; 16:6-7; 16:9-10; 16:13; 16:23-25; 17:10-11; 17:14; 17:21-22; 17:24; 19:4-5; and 20:3. | Contains confidential information about Google's business development, practices, and strategy, including how Google evaluates strategic partner relationships. Bruns Decl. ¶¶ 8–13, ECF 537-2. Public disclosure would expose Google to competitive harm. *Id.* <br><br>The Court notes Space Data's objection to Google's request to seal the portion at 16:6-7, *see* Motion at 1, ECF 537, but does not find that the specifics of the requested portion were previously publicly revealed in the documents cited by Space Data. |

## III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the parties' joint request at ECF 537. The parties are directed to file the redacted version of the Court's Order on Defendant's Motion for Summary Judgment, consistent with this ruling, as a separate and stand-alone docket entry no earlier than 4 days, and no later than 10 days, from the date of this order.

**IT IS SO ORDERED.**

Dated: June 6, 2019

_____
BETH LABSON FREEMAN
United States District Judge

3