1
2
3

# UNITED STATES DISTRICT COURT

4

## NORTHERN DISTRICT OF CALIFORNIA

5

### SAN JOSE DIVISION

6
7

SPACE DATA CORPORATION,

Case No. 16-cv-03260-BLF

8

Plaintiff,

9

v.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL AT ECF 538**

10

ALPHABET INC., et al.,

11

Defendants.

[Re: ECF 538]

12      Before the Court is Plaintiff's administrative motion to file under seal exhibits to Plaintiff's

13  motion for leave to file motion reconsideration.  ECF 538.  For the reasons that follow, Plaintiff's

14  motion to seal is GRANTED IN PART and DENIED IN PART.

15  **I.      LEGAL STANDARD**

16      "Historically, courts have recognized a 'general right to inspect and copy public records

17  and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. Of*

18  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

19  U.S. 589, 597 & n. 7 (1978)).  Accordingly, when considering a sealing request, "a 'strong

20  presumption in favor of access' is the starting point."  *Id*. (quoting *Foltz v. State Farm Mut. Auto.*

21  *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to

22  motions that are "more than tangentially related to the underlying cause of action" bear the burden

23  of overcoming the presumption with "compelling reasons" that outweigh the general history of

24  access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

25  1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

26      Parties moving to seal documents must also comply with the procedures established by

27  Civ. L.R. 79-5.  Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request

28  that establishes the document is "sealable," or "privileged or protectable as a trade secret or

United States District Court
Northern District of California

otherwise entitled to protection under the law." "The request must be narrowly tailored to seek

sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b).

In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly

tailored to seal only the sealable material" which "lists in table format each document or portion

thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the

document" that indicates "by highlighting or other clear method, the portions of the document that

have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the

filing of the Administrative Motion to File Under Seal, the Designating Party must file a

declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material

is sealable." Civ. L.R. 79-5(e)(1).

## II.   DISCUSSION

The Court has reviewed Plaintiff's sealing motion and the declaration of the designating

party submitted in support thereof. The Court finds that Google, the designating party, has

articulated compelling reasons to seal certain portions of the submitted documents. The proposed

redactions are generally narrowly tailored. The Court's rulings on the sealing requests are set

forth in the tables below.

| <u>ECF No.</u> | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| 538-4 | Ex. A to Motion for Leave (Motion for Reconsideration) | GRANTED as to Google's request:<br>• 1:13 (remainder of the sentence after "Google's"),<br>• 2:13 (after "Loon" and before "i.e."),<br>• 3:4-5 (after "Loon" and before "one relative"),<br>• 3:6-7 (parenthetical spanning these lines),<br>• 3:8-10 (quotation spanning these lines),<br>• 3:13 (after "Space Data's" and before "evidence"),<br>• 3:15 (after "Space Data's" and before "evidence"),<br>• 3:17 (after "that" and before "was immaterial"), | Contains confidential information about the design and operation of Loon's navigational systems and its source code. Bruns Decl. ¶ 5, ECF 546-1. Public disclosure would expose Google to competitive harm. *Id.* |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | • 3:24 (after "upon" and before "evidence"), • 3:26 (both parentheticals), • 4:2-3 (remainder of the sentence after "Google's"), • 4:6-7 (entire lines), • 4:8 (first four words), • 4:10-11 (parenthetical spanning these lines), • 4:15 (remainder of the sentence after "just its"), • 4:16 (parenthetical following "287-282"), • 4:17: (parenthetical following "371"), • 4:21-25 (entire block quote), • 5:6-10 (parenthetical spanning these lines), • 5:11-12 (sentence spanning these lines), and • 5:25-6:3 (parenthetical spanning these lines).<br><br>DENIED as to the remainder. | Google, the designating party, does not seek to seal the remaining identified portions. |
| 538-6 | Ex. B to Hosie Decl. to Motion for Leave | GRANTED as to Google's request: Slides 27 & 29 | Contains confidential information about Loon's technical details. Bruns Decl. ¶ 6, ECF 546-1. This information contains references to information previously sealed by the Court. *Id.* |
| 538-8 | Ex. C to Hosie Decl. to Motion for Leave | GRANTED as to Google's request: Entire document. | Contains confidential information about Loon's technical details. Bruns Decl. ¶ 7, ECF 546-1. This information is the same as information previously sealed by the Court. *Id.* |
| 538-10 | Ex. D to Hosie Decl. to Motion for Leave | GRANTED as to Google's request: Page 46, lines 3-6. | Contains confidential information about the design |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | and operation of Loon's navigational systems. Bruns Decl. ¶ 8, ECF 546-1. This information is the same as information previously sealed by the Court. *Id.* |
| 538-12 | Ex. E to Hosie Decl. to Motion for Leave | GRANTED as to Google's request: The highlighted portions of ¶¶ 4–5; diagram above ¶ 301; and ¶ 308 (not including footnotes 556 and 557).<br><br>DENIED as to the remainder. | Contains confidential information about Loon's technical details. Bruns Decl. ¶ 9, ECF 546-1. This information is the same as information previously sealed by the Court. *Id.*<br><br>Google, the designating party, does not seek to seal the remaining identified portions. |
| 538-14 | Ex. F to Hosie Decl. to Motion for Leave | GRANTED as to Google's request: All except ¶¶ 283–286 & ¶ 290. | Contains confidential information about Loon's technical details. Bruns Decl. ¶ 10, ECF 546-1. This information is the same as information previously sealed by the Court. *Id.* |
| 538-16 | Ex. G to Hosie Decl. to Motion for Leave | GRANTED as to Google's request: same portions that were previously sealed. | Contains confidential information about Loon's technical details. Bruns Decl. ¶ 11, ECF 546-1. This information is the same as information previously sealed by the Court. *Id.* |
| 538-18 | Ex. H to Hosie Decl. to Motion for Leave | DENIED. | Google, the designating party, does not seek to seal this document. |

//

//

//

//

//

III.     **CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART

Plaintiff's motion to seal at ECF 538.  For any request that has been denied and the properly

unredacted or lesser redacted document consistent with this order has not been filed, the

submitting party must file the unredacted (or lesser redacted) documents into the public record no

earlier than 4 days and no later than 10 days from the filing of this order.  Civ. L.R. 79-5(e)(2).

**IT IS SO ORDERED.**

Dated: June 6, 2019

_____

BETH LABSON FREEMAN
United States District Judge