UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., et al.,<br><br>Defendants. | Case No. 16-cv-03260-BLF<br><br>**ORDER ON DAUBERT MOTIONS**<br><br>[Re: ECF 480, 484] |

The parties to this action are Plaintiff Space Data Corporation ("Space Data") and Defendants Alphabet Inc., Google LLC, and Loon LLC (collectively, "Google"). Space Data alleges[1] that Google infringes Space Data's patents and unlawfully uses Space Data's confidential information and trade secrets. *See generally* 5AC, ECF 434. In preparation for trial which is set to begin on August 5, 2019, each side submitted a *Daubert* motion to exclude two of the opposing side's experts. *See* ECF 480; ECF 484. The Court held a *Daubert* hearing ("the Hearing") on May 31, 2019. With respect to each side's *Daubert* motions, the Court rules as follows, for the reasons below and as stated on the record at the Hearing.

**I.   LEGAL STANDARD**

Federal Rule of Evidence 702 provides that a qualified expert may testify if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert

---

[1] For additional background, see the Court's summary judgment order at ECF 524 (572).

has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.  In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), the Supreme Court held that Rule 702 requires the district court to act as a gatekeeper to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."  In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999), the Supreme Court clarified that the "basic gatekeeping obligation" articulated in *Daubert* applies not only to scientific testimony but to all expert testimony.  The Supreme Court also made clear that the reliability inquiry is a flexible one, and "whether *Daubert*'s specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Id.* at 153; *see also Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391 (Fed. Cir. 2003).

"*Daubert* and Rule 702 are safeguards against unreliable or irrelevant opinions, not guarantees of correctness." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 854 (Fed. Cir. 2010) *aff'd*, 131 S. Ct. 2238 (2011).  So long as an expert's methodology is sound and her opinions satisfy the requirements of Rule 702, underlying factual disputes and how much weight to accord the expert's opinion are questions for the jury. *Micro Chem.*, 317 F.3d at 1392; *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010).

II.  **DISCUSSION**

  A.  **Google's *Daubert* Motion (ECF 484)**

Google moves to exclude certain opinions of Space Data's damages expert Dr. Christine Meyer and Space Data's technical expert Dr. Sam Pullen. *See* Google's Motion at 1, ECF 484.  The challenged opinions concern U.S. Patent No. 9,678,193 ("the '193 patent") and U.S. Patent No. 9,643,706 ("the '706 patent"). *See generally id.*  However, on May 9, 2019, the Court granted Google's motion for summary judgment of non-infringement of the '193 patent. *See* Summary Judgment Order at 21, ECF 524 (572).  In addition, Space Data's opposition affirmatively moots issues raised in Google's *Daubert* motion with respect to the '706 patent. *See* Space Data's Opp'n at 10, ECF 506.  At the Hearing, Google confirmed that its *Daubert* motion contains no live issues. *See* Hearing Tr. at 2:24–3:1, ECF 548.  Accordingly, Google's *Daubert* motion is hereby TERMINATED AS MOOT.

2

### B. Space Data's *Daubert* Motion (ECF 480)

Space Data moves to exclude certain opinions and testimony of Google's trade secret and patent infringement expert Dr. John Hansman and Google's damages expert Dr. Daniel Ingberman. *See* Space Data's Motion at 1–2, ECF 479-18. For each expert, Space Data challenges both trade secret opinions and opinions pertaining to the '193 patent. For the reasons previously discussed, Space Data's motion with respect to opinions pertaining to the '193 patent is hereby TERMINATED AS MOOT. Thus, the remaining issues concern only trade secret opinions. The Court addresses each expert in turn.

#### 1. Dr. Hansman

Space Data challenges two categories of Dr. Hansman's opinions: (1) Dr. Hansman's "rebuttal" of Dr. Meyer's liability assumptions concerning trade secret misappropriation; and (2) Dr. Hansman's opinions regarding Loon's independent development. *See* Space Data's Motion at 5, 8. Each category of challenged opinions is discussed in turn.

##### a. Dr. Hansman's Rebuttal to Dr. Meyer's Liability Assumptions

Dr. Meyer is Space Data's damages expert. As part of her report on damages for trade secret misappropriation, Dr. Meyer assumed liability as a predicate to her damages analysis. *See* Space Data's Motion at 5; *see also* Meyer Damages Report, Ex. 4 to Kamber Decl., ECF 497-5. Space Data points out that Dr. Meyer qualified her description of trade secret misappropriation with phrases such as "I understand," Space Data "contends," and Space Data "alleges." *See, e.g.*, Meyer Damages Report ¶ 57. Space Data argues that because Dr. Meyer "assumed liability" and did "not opine[] on liability," Dr. Hansman's "technical rebuttal report" of Dr. Meyer's liability assumptions concerning trade secret misappropriation is improper and should be excluded. *See* Space Data's Motion at 5–6. More specifically, Space Data argues that it had no obligation to provide an opening expert report on trade secret misappropriation and that Google "ambush[ed]" Space Data with Dr. Hansman's "untimely expert opinions." *See id.* at 6–7.

From a procedural standpoint, Google responds that Space Data's motion on this topic "is not a *Daubert* challenge [but instead] a discovery dispute [falling under Rule 26] that Space Data could and properly should have raised months ago." *See* Google's Opp'n at 3, ECF 497-4. In its

3

reply brief, Space Data acknowledges that this is "a dispute about compliance with this Court's Scheduling Order and fair process under Fed. R. Civ. P. 26." *See* Space Data's Reply at 1, ECF 519-3.  The Court agrees that the parties' dispute over Dr. Hansman's rebuttal to Dr. Meyer is a Rule 26 issue; however, as discussed at the Hearing, the Court finds Space Data's motion is procedurally warranted at this stage.  Accordingly, the Court turns to Google's substantive opposition.

From a substantive standpoint, Google argues that "Dr. Meyer devotes more than a dozen pages to recounting her factual assumptions and understandings regarding Space Data's misappropriation and [NDA] breach claims." *See* Google's Opp'n at 4 (quoting and discussing multiple examples of such assumptions in Dr. Meyer's expert report on damages).  Thus, Google contends, "Dr. Meyer expressly premises her misappropriation and breach damages opinions on her understanding of Space Data's alleged trade secrets, the purported value and importance of those trade secrets to Google, and Google's alleged misuse of them." *See* Google's Opp'n at 5 (quoting and discussing ¶¶ 211, 215, 216, and 220 of Dr. Meyer's report).  Google asserts that "[i]n his [rebuttal] report, Dr. Hansman addresses, and disproves, the specific factual understandings and assumptions underlying Dr. Meyer's opinions." *See* Google's Opp'n at 5 (citing Dr. Hansman Rebuttal Report ¶¶ 322–82, Ex. 3 to Hosie Decl., ECF 479-21).  Google contends that therefore, "[b]ecause Dr. Hansman addresses the very same subject matter as Dr. Meyer, [his opinion] is appropriate rebuttal." *See* Google's Opp'n at 5.

As discussed at the Hearing, the Court does not find that exclusion of Dr. Hansman's rebuttal report is warranted under the circumstances presented here.  In Space Data's view, the opinions in Dr. Hansman's rebuttal report should have been disclosed by the initial expert disclosure deadline but were not and are therefore untimely.  *See* Space Data's Motion at 6–7.  However, it is not a defendant's obligation to make an *ex ante* rebuttal of a plaintiff's hypothetical and undisclosed liability theories, which is effectively what Space Data suggests Google needed to have done here.  Such an obligation would be fundamentally unfair in requiring the defendant's expert to "shadowbox" or attack "straw man" arguments in advance of seeing the plaintiff's theory and proof of liability.

Here, leading up to the initial expert disclosure deadline, Space Data indicated that it would be serving an opening technical expert report on misappropriation. *See* Amended 07/03/2018 Resp. to Interrog. Nos. 14 & 21 at 4, 8, 32, Ex. 6 to Kamber Decl., ECF 497-8. However, Space Data did not serve any such report. While Space Data was not required to submit a technical expert report and may prove liability for trade secret misappropriation through fact witnesses, this approach does not insulate Dr. Meyer's liability assumptions from rebuttal. Rather, "challenging the assumptions of an expert witness' report is a permissible topic of rebuttal testimony." *See Pinterest, Inc. v. Pintrips, Inc.*, 2015 WL 2268498, at *1 (N.D. Cal. May 14, 2015); *see also Laflamme v. Safeway, Inc.*, 2010 WL 3522378, at *3 (D. Nev. Sept. 2, 2010) (stating that rebuttal reports that "address the initial experts' assertions by questioning their assumptions and methods" are proper under Rule 26). The Court finds that Dr. Meyer's report intertwines damages analysis with the shape, form, and effect of particular aspects of the alleged and assumed misuse. Accordingly, Dr. Hansman's rebuttal report that addresses specific assertions and assumptions in Dr. Meyer's report regarding Google's liability for trade secret misappropriation is permissible.

In arguing to the contrary, Space Data primarily relies on *Clear-View Techs., Inc. v. Rasnick*, 2015 WL 3509384, at *4 (N.D. Cal. June 3, 2015). *See* Space Data's Motion at 6–7; Space Data's Reply at 2. As discussed at the Hearing, *Clear-View* bears no resemblance to the instant action and is wholly inapposite. In *Clear-View*, the defendant ran afoul of Rule 26 by appending an initially-undisclosed expert's technical report to another expert's rebuttal report in an attempt to offer evidence to prove counterclaims and affirmative defenses, on which the defendant bore the burden of proof. *See* 2015 WL 3509384, at *3–*4. None of these circumstances applies here. Accordingly, *Clear-View* does not support Space Data's challenge to Dr. Hansman's rebuttal report.

In sum, Space Data's motion to exclude Dr. Hansman's rebuttal of Dr. Meyer's liability assumptions concerning trade secret misappropriation is DENIED. However, Dr. Hansman may only rebut testimony that Dr. Meyer actually offers. In other words, Dr. Hansman is limited to rebutting specific factual understandings and assumptions concerning liability underlying damages

opinions introduced by Dr. Meyer.

### b. Dr. Hansman's "Independent Development" Opinion

Space Data also seeks to exclude Dr. Hansman's opinion on independent development based on Google's failure to disclose these opinions in an opening report and a lack of foundation. *See* Space Data's Motion at 8. Google states that "Dr. Hansman provides no 'independent development' opinion in his report." *See* Google's Opp'n at 7–8, ECF 497-4. Google further states that presuming Space Data does not open the door at trial, "Google does not intend to have Dr. Hansman offer [the independent development] opinion he provided in response to Space Data's deposition questioning." *See* Google's Opp'n at 9, ECF 497-4. In reply, Space Data acknowledges that "[t]his concession moots this issue." *See* Space Data's Reply at 3, ECF 519-3. Accordingly, Space Data's motion to exclude Dr. Hansman's opinions regarding Loon's independent development is hereby TERMINATED AS MOOT.

### 2. Dr. Ingberman

Dr. Ingberman is Google's damages expert. Space Data challenges Dr. Ingberman's opinions regarding no trade secret misuse on two grounds. *See* Space Data's Motion at 16. First, Space Data argues that "Dr. Ingberman has no independent basis for opining on trade secret misappropriation, or its absence, and he should not serve as a conduit for Dr. Hansman's trade secret pseudo-rebuttal." *Id.* Second, Space Data argues that "Dr. Ingberman, an economist, [does not] have any foundation to argue what is and is not improper trade secret or confidential information misuse." *Id.* Google counters that "Space Data misconstrues the substance of [the] opinions" and that the "actual focus of Dr. Ingberman's opinion . . . is the alleged *value* of Space Data's asserted trade secrets, not their misuse by Google." *See* Google's Opp'n at 16 (emphasis in original); *see also* Ingberman Expert Report, Ex. 13 to Hosie Decl., ECF 479-25. The Court addresses each of Space Data's purported grounds for exclusion of Dr. Ingberman in turn.

Space Data's first argument—essentially that Dr. Ingberman may not rebut Dr. Meyer's liability assumptions—is covered by Space Data's motion with respect to Dr. Hansman, as Space Data acknowledged at the Hearing, *see* Hearing Tr. at 12:5–8. Accordingly, this argument fails for the reasons discussed above with respect to Dr. Hansman's rebuttal report, subject to the same

6

1  conditions.

2  Second, Space Data argues that Dr. Ingberman has no foundation to opine on trade secret
3  or confidential information misuse because he is an economist, not a technical expert.  *See* Space
4  Data's Motion at 16.  As discussed at the Hearing, Dr. Ingberman may testify on trade secret
5  misuse as it pertains to the value of Space Data's trade secrets, but only at a high level.  In other
6  words, Dr. Ingberman may offer his opinions on the value of the trade secrets in question and may
7  build in and discuss the assumptions on which he relies.  Likewise, Dr. Ingberman may rebut
8  Dr. Meyer's methodology at a high level—such as opining on what Dr. Meyer failed to properly
9  account for in forming her opinions or solidifying her assumptions.  However, Dr. Ingberman may
10 not testify that a given trade secret has no value because it is not a trade secret—such testimony
11 falls outside the purview of damages.  For example, Dr. Ingberman may not offer testimony that in
12 his opinion the publicly available information enabled Google to achieve the same result,
13 independent of Space Data's trade secrets.  At the Hearing, Google confirmed that Dr. Ingberman
14 would not offer such testimony with respect to Space Data's technical trade secrets.  *See* Hearing
15 Tr. at 18:18–23.  Google shall be bound by this representation.

16 With respect to Space Data's financial trade secrets, Google argued at the Hearing that
17 Dr. Ingberman is qualified to testify as to what is and what is not a financial trade secret.  *See*
18 Hearing Tr. at 19:5–15.  As discussed at the Hearing, the Court finds Dr. Ingberman generally
19 qualified to opine on whether the financial secrets are in fact trade secrets, but that Dr. Ingberman
20 was not disclosed for this purpose.  Accordingly, Dr. Ingberman shall not be permitted to offer
21 testimony on Space Data's financial trade secrets (or technical trade secrets) where the testimony
22 concerns whether the asserted trade secret is or is not a trade secret.

23 In sum, Space Data's motion to exclude Dr. Ingberman's opinions regarding no trade
24 secret misuse is GRANTED IN PART (with respect to testimony as to what is or is not a trade
25 secret) and DENIED IN PART (with respect to the remainder, subject to the conditions herein).

26  //
27  //
28  //

### III. ORDER

For the foregoing reasons and as discussed on the record at the May 31, 2019 hearing, the parties' *Daubert* motions are decided as follows:

| | |
|---|---|
| Google's motion: | TERMINATED AS MOOT. |
| Space Data's motion to exclude Dr. Hansman's rebuttal to Dr. Meyer's liability assumptions: | DENIED. |
| Space Data's motion to exclude Dr. Ingberman's opinions regarding no trade secret misuse: | GRANTED IN PART and DENIED IN PART subject to the conditions outlined above in the Court's discussion of Dr. Ingberman. |
| The remainder of Space Data's motion: | TERMINATED AS MOOT. |

As discussed at the Hearing, Space Data shall identify which specific paragraphs of Dr. Ingberman's report (that discuss what is or is not a financial trade secret) are subject to exclusion based on the instant order. This submission is due **no later than July 3, 2019**. Should Google object to any of the paragraphs identified by Space Data, Google shall file a response **no later than July 10, 2019**. Each submission is limited to two pages.

**IT IS SO ORDERED.**

Dated: June 25, 2019

_____
BETH LABSON FREEMAN
United States District Judge