SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
BRANDON C. MARTIN (CA Bar No. 269624)
bmartin@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
FRANCESCA M. S. GERMINARIO (CA Bar No. 326208)
fgerminario@hosielaw.com
HOSIE RICE LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
SPACE DATA CORPORATION

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., GOOGLE LLC, and LOON LLC,<br><br>Defendants. | Case No. 5:16-cv-03260-BLF<br><br>**PLAINTIFF SPACE DATA CORPORATION'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 REGARDING LOON AND SPACE DATA VALUATIONS AND GOOGLE'S TOTAL SIZE, WEALTH, AND OVERALL REVENUES**<br><br>Date:      July 19, 2019<br>Time:     9:00 a.m.<br>Judge:    Hon. Beth Labson Freeman<br>Dept.:    Courtroom 3 – Fifth Floor<br><br>Date Filed:  June 13, 2016<br>Trial Date:  August 5, 2019 |

REDACTED VERSION SOUGHT TO BE SEALED

PLAINTIFF'S OPP. TO DEFENDANTS' MOTION IN
LIMINE NO. 3 RE: LOON AND SPACE DATA VALUATIONS
AND GOOGLE'S TOTAL SIZE, WEALTH AND OVERALL REVENUES

Case No. 5:16-cv-03260-BLF (NC)

## I. INTRODUCTION.

Google's Motion *in Limine* No. 3 assumes its premises. Google says that the question of exemplary damages is not for the jury. Google MIL No. 3 at 5:9-24. Google's motion to exclude Google's finances turns on this premise exactly. If Google's premise is wrong, then the motion is wrong. And wrong it is.

In a trade secret case tried in federal court on an underlying state statute, whether the defendant's misappropriation was willful and the quantum of exemplary damages are jury questions. The federal courts view these as procedural questions, governed by federal law. These courts have firmly held that the Seventh Amendment requires that these issues go to the jury.

Google understood this once. As a trade secret plaintiff in federal court, this is exactly the position Google took in the *Waymo LLC* (Google) *v. Uber Tech., Inc.* case before Judge Alsup. *See* § II, below.

Given that the fact and quantum of exemplary damages go to the jury, the evidence Google seeks to exclude is a required element of Space Data's case. Putting this evidence on is not volitional; it is required. *See* § II, below.

## II. THE LAW: THESE ARE JURY QUESTIONS IN FEDERAL COURT.

While the Ninth Circuit has not addressed the question of whether a federal jury determines the entitlement and quantum of exemplary damages, other courts have. In *Jones v. United Parcel Service, Inc.*, a case Google relied on extensively in the *Waymo* dispute, the court found that the jury decided both questions as federal law governed, and the Seventh Amendment right to jury trial, as indicated by Supreme Court decisions, "includes the right to a jury determination regarding the amount of punitive damages." *See Jones v. United Parcel Service, Inc.*, 674 F. 3d 1187, 1206 (10th Cir. 2012) (addressing the federal punitive damages jury right in the context of a state retaliatory discharge claim). The Fourth Circuit addressed this precise question, in the context of Maryland's trade secret statute, and reached exactly the same conclusion. *See Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 666

(4th Cir. 1993) ("Although [defendant] correctly interprets [MUTSA], it overlooks the fact that, in federal court, any award of punitive damages presents a factual question that must be resolved by the jury.  Consequently, the district court properly submitted the issue of punitive damages to the jury").

Google understood this point once.  In the *Waymo* case, and as a trade secret plaintiff in federal court, Google insisted that the jury decide the amount of exemplary damages.  *See* Declaration of Spencer Hosie ("Hosie Dec."), Ex. 29 (Waymo's Submission in Response to Defs. Br. on the Penultimate Jury Instructions) at 3:28 ("The Seventh Amendment requires that the jury decide the amount of exemplary damages"), 4:1-14 (discussing *Jones*) & 4:24-25 ("The California rule assigning exemplary damages to the jury is procedural, not substantive").

The cases Google cites do not address the issue of whether federal or state procedural law governs the right to jury trial in federal court.  Both cases involve post-verdict requests for CUTSA enhancement, which begs the issue.  *See Mattel, Inc. v. MGA Entm't, Inc.*, 801 F. Supp. 2d 952, 952 (C.D. Cal. 2011); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 399 F. Supp. 2d 1064, 1068 (N.D. Cal. 2005).

On DTSA, Google will argue that the statute uses the word "court."  But this word is used to describe the basic determination of relief, including underlying damages.  *See* 18 U.S.C. § 1836(b)(3) ("REMEDIES … a court may … award … damages for actual loss caused by the misappropriation … damages for any unjust enrichment … award exemplary damages …").  (In this regard DTSA's language and structure departs from CUTSA's.)  It is beyond dispute that the jury determines the basic entitlement to compensatory damages, and hence the word "court" cannot mean what Google says it means.  In analogous situations, the U.S. Supreme Court has upheld a federal plaintiff's right to a jury trial on **all** aspects of punitive damages.  *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998) (holding that despite the use of the word "court" in Section 504(c) of the Copyright Act, plaintiff had a Seventh Amendment right to a jury trial "on all issues pertinent to an award of

statutory damages") (Section 504(c) includes an enhancement provision); *Curtis v. Loether*, 415 U.S. 189, 195 (1974) ("We think it is clear that a damages action under [Section 812 of the Civil Rights Act] is an action to enforce 'legal rights' within the meaning of our Seventh Amendment decisions … More important, the relief sought here—actual and punitive damages—is the traditional form of relief offered in the courts of law"). (Additionally, the Eleventh Circuit's DTSA pattern jury instructions gives the amount question to the jury. *See* Hosie Dec., Ex. 30).

In short, as Google itself has robustly advocated, the fact and quantum of exemplary damages both go to the jury. Under California substantive law, Space Data must put in evidence of Google's financial condition as a required element of Space Data's case. *See Robert L. Cloud & Assc., Inc. v. Mikesell*, 69 Cal. App. 4th 1141, 1151 (1999) ("[Defendant] challenges the award of punitive damages by correctly pointing out that … an award of punitive damages must be supported by meaningful evidence of the defendant's financial condition"); *O2 Micro*., 399 F. Supp. 2d at 1079; *Mattel*, 801 F. Supp. 2d at 953.

### III. SPACE DATA'S ENTERPRISE VALUE.

Google also seeks to exclude evidence going to Space Data's enterprise value. Google MIL No. 3 at 4:3-13. Google says that this evidence is irrelevant and a 403 distraction. But Google will tell the jury that Space Data is a failed company pursuing this case as a lottery ticket to revive a business otherwise lost.

Space Data is not a failed company. It has a robust ongoing business, and owns extraordinarily valuable spectrum. If Google wants to argue that Space Data is a failed company, then surely Space Data has the right to prove Google wrong by referring to Space Data's own economic circumstances.

### IV. LOON PROJECTIONS AND INVESTMENT.

Loon finally argues that Loon's financial projections and Google's investment in Loon should be excluded as irrelevant and prejudicial. *See* Google MIL No. 3 at 3:26-28. But Google will argue that Space Data had no trade secrets, in part because nothing Space

Data knew had independent economic value.  To quote Google:

> As to the Trade Secret claims, Google identifies the following disputed facts for trial:
>
> 4. Whether and to what extent the Trade Secrets confer an actual or potential business advantage over others who do not know the Trade Secrets and who could obtain economic value from their disclosure or use.
>
> 5. Whether and to what extent the Trade Secrets are, or would be valuable to Space Data's competitors.
>
> ***
>
> 8. Whether Space Data's alleged Trade Secrets derive independent economic value, actual or potential, from not being generally known to the public or to other persons who could obtain economic value from their disclosure or use.

Hosie Dec., Ex. 11 (Joint Pretrial Statement) at 28-29.

Loon's projections impeach this Google position directly.  When owned by Space Data, the trade secrets had no value.  When owned by Loon, they had great value.  This is classic impeachment which should not be kept from the jury.

Similarly, Defendants argues that Space Data did not exercise reasonable efforts, because it did not recover every landed payload.  *Compare* Hosie Dec., Ex. 11 (Joint Pretrial Statement) at 6:22-23 ("Defendants contend that Space Data has not taken reasonable efforts under the circumstances to maintain the secrecy of its alleged trade secrets. ECF 465 [Answer] at 71") *with* Hosie Dec., Ex. 10 (Answer) at 71 ("Space Data has not taken reasonable efforts … . [t]he platform is freely available for inspection by any member of the public who encounters it once it has landed").  But Defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Hosie Dec., Ex. 29 (Teller Dep.), 7:15-8:5 & 10:14-21.  As Defendants have unlimited resources, Loon's ▮▮▮▮▮▮▮▮▮▮▮▮▮ seems good evidence that Space Data's efforts, as a smaller company, are reasonable.

Dated:  June 25, 2019                     Respectfully submitted,

                                          */s/ Spencer Hosie*
                                          SPENCER HOSIE (CA Bar No. 101777)
                                          shosie@hosielaw.com
                                          DIANE S. RICE (CA Bar No. 118303)

drice@hosielaw.com
BRANDON C. MARTIN (CA Bar No. 269624)
bmartin@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
FRANCESCA M. S. GERMINARIO (CA Bar No. 326208)
fgerminario@hosielaw.com
HOSIE RICE LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*SPACE DATA CORPORATION*