KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
MATTHEW M. WERDEGAR - # 200470
mwerdegar@keker.com
EUGENE M. PAIGE - # 202849
epaige@keker.com
MATTHIAS A. KAMBER - # 232147
mkamber@keker.com
RYAN K. WONG - # 267189
rwong@keker.com
LEAH PRANSKY - # 302246
lpransky@keker.com
SHAYNE HENRY - # 300188
shenry@keker.com
ANDREW S. BRUNS - # 315040
abruns@keker.com

633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendants
ALPHABET INC., GOOGLE LLC, and LOON LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>             Plaintiff,<br><br>     v.<br><br>ALPHABET INC., GOOGLE LLC, and LOON LLC,<br><br>             Defendants. | Case No. 5:16-cv-03260-BLF<br><br>**DEFENDANTS' RESPONSE TO SPACE DATA'S SUPPLEMENTAL BRIEF IDENTIFYING PORTIONS OF INGBERMAN EXPERT REPORT TO EXCLUDE**<br><br>Dept:       Courtroom 3 – Fifth Floor<br>Judge:      Hon. Beth Labson Freeman<br><br>Date Filed: June 13, 2016<br><br>Trial Date: August 5, 2019 |

1   Pursuant to the Court's June 25, 2019 Order on *Daubert* Motions (Dkt. 580), defendants Alphabet Inc., Google LLC, and Loon LLC (collectively, "Google") hereby respond to plaintiff Space Data Corporation's Supplemental Brief Identifying Portions of Ingberman Expert Report to Exclude (Dkt. 593; hereinafter Space Data's "Supplemental Brief").

Space Data's Supplemental Brief overreaches in two fundamental ways.  *First*, Space Data requests that the Court exclude portions of Dr. Ingberman's Expert Report that Space Data did not move to exclude in its *Daubert* motion.  Indeed, the great majority of the material that Space Data now seeks to exclude—Paragraphs 66, 417-418, 425-426, 432-433, 451, and Notes 369 and 374—was *not* included in Space Data's original motion.  *Compare* Dkt. 593 (Space Data's Suppl. Br.) *with* Dkt. 480 at 17 (Space Data's *Daubert* Motion) *and* Dkt. 480-23 (Space Data's Proposed Order).  The *only* portions of Dr. Ingberman's report listed in Space Data's Supplemental Brief that Space Data mentioned in its original *Daubert* motion are Paragraph 541 (of which Space Data seeks to exclude only the last five lines) and Note 47.  Google never had notice that Space Data was moving to exclude—or the opportunity to address on the merits any such motion—the voluminous new material included in Space Data's Supplemental Brief. Allowing Space Data to expand the scope of its *Daubert* motion under these circumstances would be deeply unfair.  *Cf.* Dkt. 524 (Order re Defendants' Motion for Summary Judgment) at 24 (declining to consider request for partial summary judgment because motion did put Space Data "properly on notice" of need to oppose such a request).

*Second*, even if the Court were to allow Space Data to expand the scope of its *Daubert* motion at this late stage, the portions of Dr. Ingberman's report that it now seeks to exclude are not properly subject to the Court's Order.  Specifically, the portions of Dr. Ingberman's report that Space Data belatedly seeks to add to its *Daubert* motion do not address whether or not Space Data's asserted financial trade secrets are actually trade secrets.  *See* Dkt. 580 at 7 ("Dr. Ingberman shall not be permitted to offer testimony . . . where the testimony concerns whether the asserted trade secret is or is not a trade secret.").  Rather, the portions of Dr. Ingberman's report Space Data newly seeks to exclude all relate to whether Google's alleged us of Space Data's financial trade secrets could have conferred some benefit on Google—above and beyond what

1

could be gleaned from the large body public information about Space Data's business and finances—such that Google was unjustly enriched as claimed by Space Data's damages expert.

For example, in Paragraph 417, which Space Data newly seeks to exclude, Dr. Ingberman explains: "[A]ny additional details in the Financial Trade Secrets would not have provided Google with any better understanding of the 'financial viability of maintaining and navigating an array of balloons at stratospheric altitudes,' which is the only alleged benefit of the Financial Trade Secrets mentioned in the Meyer Report." Dkt. 480-14 (Ingberman Rpt.) ¶ 417. The purpose of this paragraph is not to prove that Space Data's asserted financial trade secrets do not qualify as trade secrets. Rather, its purpose is to rebut Dr. Meyer's assumption that because of its alleged misappropriation, Google was able to start Project Loon with an understanding of the financial viability of the project that would not have been available but for its misappropriation—a purpose that is entirely consistent with the Court's order. *See* Dkt. 580 at 6 ("Dr. Ingberman may offer his opinions on the value of the trade secrets in question and may build in and discuss the assumptions on which he relies.").

Likewise, Paragraphs 425-426 and 432-433 listed in Space Data's Supplemental Brief provide explanation and support for Paragraph 424, which Space Data does ***not*** seek to exclude, in which Dr. Ingberman explains that the Meyer Report "should have identified the incremental economic value of the Google Information above and beyond benchmarks such as the Stifel Presentation which define the limits to SD's potential trade secrets." Dkt. 480-14 ¶ 424. Paragraph 424, together with the supporting paragraphs that Space Data newly seeks to exclude, critique Dr. Meyer's methodology, which the Court has held is permissible on rebuttal. *See* Dkt. 580 at 6 ("Dr. Ingberman may rebut Dr. Meyer's methodology at a high level—such as opining on what Dr. Meyer failed to properly account for in forming her opinions or solidifying her assumptions.").

In sum, the Court should not now exclude portions of Dr. Ingberman's Expert Report that were not the subject of Space Data's *Daubert* motion, and it should not exclude portions that rebut Dr. Meyer's methodology and assumptions. Accordingly, the only portions of Dr. Ingberman's report that the Court should exclude are the last five lines of Paragraph 451 and Note 47.

Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

Dated: July 10, 2019     By:  /s/ *Matthew M. Werdegar*
ROBERT A. VAN NEST
MATTHEW M. WERDEGAR
EUGENE M. PAIGE
MATTHIAS A. KAMBER
RYAN K. WONG
LEAH PRANSKY
SHAYNE HENRY
ANDREW S. BRUNS

Attorneys for Defendants
ALPHABET INC., GOOGLE LLC, and LOON LLC