KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
MATTHEW M. WERDEGAR - # 200470
mwerdegar@keker.com
EUGENE M. PAIGE - # 202849
epaige@keker.com
MATTHIAS A. KAMBER - # 232147
mkamber@keker.com
RYAN K. WONG - # 267189
rwong@keker.com
LEAH PRANSKY - # 302246
lpransky@keker.com
SHAYNE HENRY - # 300188
shenry@keker.com
ANDREW S. BRUNS - # 315040
abruns@keker.com

633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendants
ALPHABET INC., GOOGLE LLC, and LOON LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>          Plaintiff,<br><br>     v.<br><br>ALPHABET INC., GOOGLE LLC, and LOON LLC,<br><br>          Defendants. | Case No. 5:16-cv-03260-BLF<br><br>**GOOGLE'S SUBMISSION ON INTERPRETATION OF THE NDA**<br><br>Dept:     Courtroom 3 – Fifth Floor<br>Judge:    Hon. Beth Labson Freeman<br><br>Date Filed: June 13, 2016<br><br>Trial Date: August 5, 2019 |

Pursuant to the Court's request at the pretrial conference on July 19, 2019, Defendants Alphabet Inc., Google LLC, and Loon LLC (collectively, "Google"), respectfully submit the following brief on the proper interpretation of the Mutual Confidentiality and Nondisclosure Agreement ("NDA") entered into between Google and Space Data on December 1, 2007.

The parties dispute how to interpret Section 7 of the NDA. In full, that section reads:

> Unless the Parties otherwise agree in writing, a Recipient's duty to protect Confidential Information expires three (3) years from the date of disclosure. A Recipient, upon Discloser's written request, will promptly return or destroy all Confidential Information received from the Discloser, together with all copies. Regardless of whether the Confidential Information is returned or destroyed, the Recipient may retain an archival copy of the Discloser's Confidential Information for use solely in the event a dispute arises hereunder and only in connection with such dispute.

The purpose and meaning of this provision is plain on its face. Given the speed with which industry moves and information becomes stale, the parties expected that information more than three years old would not remain sensitive. So after three years had passed, the recipient of any Confidential Information under the NDA would have no further obligations with respect to that Confidential Information. The clause recognized, however, that a party disclosing Confidential Information might believe that it still had current value at the end of the three-year period. Were that the case, the disclosing party had the right to request that its Confidential Information be returned or destroyed, thus preventing the possibility that it would no longer be treated as confidential by the recipient. Google pressed that understanding of Section 7 in its motion to dismiss filed on December 2, 2016 (ECF 46).

In response to the motion to dismiss, Space Data posited a novel reading of another portion of the NDA, Section 4. Section 4 reads as follows:

> The Recipient shall hold in confidence, and shall not disclose to any person outside its organization (other than its affiliates and its and their respective agents, contractors, representatives or advisors (collectively, "Representatives") who have a need to know such information for the purposes of evaluating the Transaction): (i) any Confidential Information; (ii) the fact that discussions or negotiations between the Parties to this Agreement are taking or have taken place; (iii) any of the terms, conditions or other facts with respect to the subject matter of this Agreement; or (iv) the fact that this Agreement exists or information has been requested or made available to the Recipient or its Representatives (except that either Party may make any disclosure otherwise prohibited under clauses (i), (ii), (iii) or (iv) above if, in the opinion of its legal counsel, such disclosure is required

by applicable law or stock exchange regulation). The Recipient and its personnel shall use such Confidential Information only for the purposes set forth above. The Recipient will use the same degree of care, but no less than a reasonable degree of care, as the Recipient uses with respect to its own confidential information to: (i) protect the confidentiality of Confidential Information; and (ii) ensure that proper and secure storage is provided for all Confidential Information to protect against theft or unauthorized access.

Space Data argued that "the three year 'duty to protect' in paragraph 7 is separate and distinct from Google's obligations not to use or disclose Confidential Information, which survive without expiration," and that there were "several distinct obligations" in Section 4 of the NDA. ECF 50 at 11. Space Data's taxonomy included: (1) a "duty to hold information in confidence"; (2) a "duty to use the information only to evaluate a proposed transaction"; (3) a "duty to 'protect' confidentiality of the information"; and (4) a "duty to ensure secure storage to 'protect' against theft or unauthorized access." *Id.* Space Data contended that the expiration clause in Section 7 applied to only "a specific 'duty' -- the duty to 'protect' (a reference to one or, perhaps, both of the duties to 'protect' in Paragraph 4, second (i) and (ii)." *Id.* at 12. Thus, although Space Data claimed that Section 7's expiration clause applied to only some of the alleged duties that it identified in Section 4, Space Data could not say whether the duty to protect that expired was duty (3) above, duty (4) above, or both.

Space Data's interpretation of Section 7 cannot be unambiguously correct when it isn't even able to specify what duties are covered by Section 7's expiration clause. Space Data's interpretation is also illogical. It would impose on the parties a *perpetual* duty to "hold in confidence" Confidential Information, while at the same time the parties would have no obligation to "protect" that same information after three years had passed. That simply does not square. The NDA cannot, as a logical matter, require a party to "hold in confidence" something that they need not "protect"—much less do so forever. And although Space Data locates all four of these supposed "duties" in Section 4 of the NDA, that section never once uses the word "duty."

Space Data claims that Section 6 of the NDA, which allows for the NDA to survive with respect to Confidential Information disclosed before the date of termination, shows that Google's interpretation of Section 7 is incorrect. It argues that "there would be no reason for the survival provisions" of Section 6 if Google were reading the NDA correctly. *Id.* at 13. Not so. The

termination provision means that Confidential Information remains subject to protection for a full three years after disclosure (as per Section 7) rather than losing its status as Confidential Information immediately following termination. It also preserves the right of a Discloser to demand the return or destruction of Confidential Information under Section 7 (a right that Space Data has admitted, in response to Google's request for admissions, that it never exercised). And regardless of whether the Discloser ever exercises its right to demand return or destruction of Confidential Information, the Recipient's right under Section 8—which reserves to Google the right to use "Residuals" (*i.e.*, "information retained in the unaided memories" of Google personnel) for any purpose—also survives termination of the NDA.

Space Data may argue that a Discloser would need both Section 7's return or destruction of its Confidential Information, as well as Section 4's perpetual restriction on the scope for use of such information, in order to fully protect it from unauthorized use based on residual memory after return or destruction. But this Residual use is a scenario to which Space Data agreed in Section 8 of the NDA. Accordingly, requesting return or destruction was the only way to preserve any protection for non-Residual Confidential Information that might unexpectedly retain value beyond the negotiated three-year window.

In sum, California law requires that "the meaning of a contract must be derived from reading the whole of the contract, with individual provisions interpreted together, in order to give effect to all provisions and to avoid rendering some meaningless." *Zalkind v. Ceradyne, Inc.*, 194 Cal. App. 4th 1010, 1027 (2011) (citations omitted). Google's interpretation of the expiration provisions in Section 7 carefully accounts for the various terms of the NDA and explains how they function in conjunction with one another. Space Data's interpretation, on the other hand, leads to nonsensical results, where a party need no longer protect information it must still hold in confidence, and must do so for eternity, even as technology advances and material that was once confidential and sensitive becomes stale and uninteresting.

For the foregoing reasons, the Court should interpret the "duty to protect" Confidential Information in Section 7 as encompassing all the obligations under Section 4 of the NDA, which "protect" any aspect of the Confidential Information.

| | | |
|---|---|---|
| 1 | Dated: July 22, 2019 | Respectfully submitted, |
| 2 | | KEKER, VAN NEST & PETERS LLP |
| 4 | | By: /s/ *Robert A. Van Nest* |
| | | ROBERT A. VAN NEST |
| 5 | | MATTHEW M. WERDEGAR |
| | | EUGENE M. PAIGE |
| 6 | | MATTHIAS A. KAMBER |
| | | RYAN K. WONG |
| 7 | | LEAH PRANSKY |
| | | SHAYNE HENRY |
| 8 | | ANDREW S. BRUNS |
| 9 | | Attorneys for Defendants ALPHABET INC., GOOGLE LLC, and LOON LLC |