United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SPACE DATA CORPORATION,<br>Plaintiff,<br>v.<br>ALPHABET INC., et al.,<br>Defendants. | Case No. 16-cv-03260-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS AT ECF 600 AND ECF 612**<br><br>[Re: ECF 600, 612] |

Before the Court are the parties' administrative motions to file under seal portions of their briefing and exhibits in connection with Defendants' motion to quash trial subpoenas. ECF 600, 612. For the reasons stated below, each motion is GRANTED IN PART and DENIED IN PART.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id*. (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Parties moving to seal documents must also comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request

that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed the parties' sealing motions and the declarations of the designating parties submitted in support thereof. The Court finds that the parties have articulated compelling reasons to seal certain portions of some, but not all, of the submitted documents. The proposed redactions are generally narrowly tailored. The Court's rulings on the sealing requests are set forth in the table below.

### A. ECF 600 (Defendants' Motion)

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 600-3 | Google's Motion to Quash | GRANTED as to Space Data's request: highlighted portions of page 6, lines 7, 27-28. | This information reveals confidential financial information pertaining to details of the costs of researching and developing Space Data's balloon constellation technology. Germinario Decl. ¶ 6, ECF 610-1. Public disclosure of this information would likely place Space Data at a competitive disadvantage. *Id.* ¶ 7. |
| 600-5 | **Exhibit 3** to the Declaration of Andrew Bruns in support of | GRANTED as to Space Data's request: ¶ 217 (dollar amounts). | This information reveals confidential financial information pertaining to details of the costs of researching and developing Space |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | Defendants' Motion to Quash | | Data's balloon constellation technology. Germinario Decl. ¶ 6, ECF 610-1. Public disclosure of this information would likely place Space Data at a competitive disadvantage. *Id.* ¶ 7. |
| | | DENIED as to the remainder. | Space Data, the designating party, does not seek to seal the remainder. |

**B.  ECF 612 (Plaintiff's Motion)**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 612-24 | Opposition to Defendants' Motion to Quash Trial Subpoenas | GRANTED as to Space Data's request: highlighted portions of 7:8-9. | Reveals confidential technical and financial information pertaining to Space Data's balloon constellation technology and details of the costs of researching and developing Space Data's balloon constellation technology. Germinario Decl. ¶¶ 7–8, ECF 612-1.  Public disclosure of this information would likely place Space Data at a competitive disadvantage. *Id.* ¶ 9. |
| | | GRANTED as to Google's request: highlighted portions of the document at 1:18-21; 6:13-14; 6:16-17; 6:20; 6:22-23; 6:27; 7:1-3 (ending at "article"); 7:10-12. | Contains confidential details related to Google's internal business operations, including how it evaluates potential ventures and partnerships and internal work processes. Henry Decl. ¶ 4, ECF 624-1. Public disclosure of this information would cause harm to Defendants. *Id.* |
| | | DENIED as to the remainder. | Google, the designating party as to the remainder, does not seek to seal the remainder. |
| 612-4 | **Exhibit 7**: Excerpts from Defendants' Corrected Notice of Motion and Motion for Summary | GRANTED as to Google's request: highlighted portions of the document at 16:9-10; 16:26-27; 22:4-6; | Contains non-public operational plans for Loon, information about secret Google projects under consideration (unrelated to Loon), and highly confidential details |

3

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | Judgment, dated January 15, 2019 | 22:14-15; 22:21-22; 22:24-25; 22:27-28. | about Google's internal business operations, including how it evaluates potential ventures and partnerships. Henry Decl. ¶ 5, ECF 624-1. Public disclosure of this information would cause harm to Defendants. *Id.* |
| | | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder. |
| 612-6 | **Exhibit 8**: Excerpts from Plaintiff Space Data Corporation's Opposition to Defendants' Motion for Summary Judgment, dated February 15, 2019 | GRANTED as to Space Data's request: highlighted portions of 2:18-21; 4:20; 5:17-20; 5:22-23; 7:4 (ending at *Compare*); 11:23; 13:1; 13:6-8; 13:13-14; 13:18; 13:20-22. | Reveals confidential technical and financial information pertaining to Space Data's balloon constellation technology and details of the costs of researching and developing Space Data's balloon constellation technology. Germinario Decl. ¶¶ 7–8, ECF 612-1. Public disclosure of this information would likely place Space Data at a competitive disadvantage. *Id.* ¶ 9. |
| | | GRANTED as to Google's request: highlighted portions of the document at 1:21-24; 2:4; 2:16-17; 2:25-27; 3:24-28; 4:1; 4:3-6; 4:8-11; 4:24-27; 5:3-6; 5:8; 5:11-14; 5:24-25; 5:27-28; 7:2-7:7; 7:10-12; 7:20-24; 11:5-7; 11:16-19; 11:23-24; 13:10-11; 13:13-17; 3:22-13:28. | Contains Google's confidential technical details and business strategy; refers to non-public projects. Henry Decl. ¶ 6, ECF 624-1. Public disclosure of this information would cause harm to Defendants. *Id.* |
| | | DENIED as to the remainder. | Google, the designating party as to the remainder, does not seek to seal the remainder. |
| 612-8 | **Exhibit 9**: Excerpts from Reply Brief in Support of Defendants' Motion for Summary | GRANTED as to Google's request: highlighted portions of the document at 10:1-5; 10:7. | Contains Google's confidential business strategy, references to confidential projects, and confidential technical development. Henry Decl. ¶ 7, |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | Judgment, dated March 1, 2019 | | ECF 624-1. Public disclosure of this information would cause harm to Defendants. *Id.* |
| 612-10 | **Exhibit 10**: Excerpts from Order Granting in Part and Denying in Part and Deferring in Part Defendants' Motion for Summary Judgment, dated May 9, 2019 | GRANTED as to Space Data's request: highlighted portions of 17:2-6; 17:8; 17:22 and 17:24. | Reveals confidential technical and financial information pertaining to Space Data's balloon constellation technology and details of the costs of researching and developing Space Data's balloon constellation technology. Germinario Decl. ¶¶ 7–8, ECF 612-1. Public disclosure of this information would likely place Space Data at a competitive disadvantage. *Id.* ¶ 9. |
| | | GRANTED as to Google's request: highlighted portions of the document at 5:1-2; 5:4-5; 6:1-4; 6:25; 16:6-7; 16:9-10; 16:13; 16:23-25; 17:10-11; 17:14; 17:21-22. | Contains confidential information about Google's business development, practices, and strategy, including how Google evaluates strategic partner relationships. Henry Decl. ¶ 8, ECF 624-1. Public disclosure of this information would cause harm to Defendants. *Id.* |
| 612-12 | **Exhibit 14**: Space Data's Preliminary Witness List, dated April 26, 2019 | DENIED. | Google, the designating party, does not seek to seal this document. |
| 612-14 | **Exhibit 16**: Email chain from Minnie Ingersoll to LaDawn Jentzsch, dated July 2, 2008, Bates numbered GOOG-SD-00146295-297 | GRANTED as to Google's request: Body of email dated July 1, 2008 at 1:01 p.m.; first sentence of email dated June 30, 2008; second sentence of email dated June 6, 2008 at 10:44 a.m.; body of email dated June 6, 2008 at 1:16p.m.; first two paragraphs of email dated June 6, 2008, 10:10 a.m. | Contains confidential information about Google's business development, practices, and strategy, including how Google evaluates strategic partner relationships. Henry Decl. ¶ 9, ECF 624-1. Public disclosure of this information would cause harm to Defendants. *Id.* |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder. |
| 612-16 | **Exhibit 17**: Email chain from Sergey Brin to Mike Pearson, dated February 19, 2008, Bates numbered GOOG-SD-00146076-080 | DENIED. | Google, the designating party, does not seek to seal this document. |
| 612-18 | **Exhibit 18**: Email chain from Larry Page to Sebastian Thrun, dated November 15, 2010, Bates numbered GOOG-SD-00157990 | GRANTED as to the entire document. | Contains confidential information about Google's business development, practices, and strategy, including discussions about projects/technologies being considered for development. Henry Decl. ¶ 10, ECF 624-1. Public disclosure of this information would cause harm to Defendants. *Id.* |
| 612-20 | **Exhibit 19**: Email chain from Sebastian Thrun to Astro Teller, dated November 15, 2010, Bates numbered GOOG-SD-00288341-343 | GRANTED as to Google's request: Email dated November 15, 2010 at 10:38 p.m. and prior emails. | Discusses Google's business strategy, practices, and strategy, including projects being considered for development. Henry Decl. ¶ 11, ECF 624-1. Public disclosure of this information would cause harm to Defendants. *Id.* |
| | | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder. |
| 612-22 | **Exhibit 20**: Email chain from Sebastian Thrun to Richard DeVaul, dated August 4, 2011, Bates numbered GOOG-SD-00288350-355 | GRANTED as to Google's request: The entirety of the first page except for the large/bolded text at the bottom. | Discusses Google's business strategy. Henry Decl. ¶ 12, ECF 624-1. Public disclosure of this information would cause harm to Defendants. *Id.* |
| | | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder. |

## III. CONCLUSION

For the foregoing reasons, the sealing motions at ECF 600 and ECF 612 are each GRANTED IN PART and DENIED IN PART. For any request that has been denied and the properly unredacted or lesser redacted document consistent with this order has not been filed, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days from the filing of this order. Civ. L.R. 79-5(e)(2).

**IT IS SO ORDERED.**

Dated: July 24, 2019

BETH LABSON FREEMAN
United States District Judge