SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
BRANDON C. MARTIN (CA Bar No. 269624)
bmartin@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
FRANCESCA M. S. GERMINARIO (CA Bar No. 326208)
fgerminario@hosielaw.com
HOSIE RICE LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*SPACE DATA CORPORATION*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>            Plaintiff,<br><br>v.<br><br>ALPHABET INC., GOOGLE LLC, and LOON LLC,<br><br>            Defendants. | Case No. 5:16-cv-03260-BLF (NC)<br><br>**PLAINTIFF SPACE DATA CORPORATION'S RESPONSE TO GOOGLE'S SUBMISSION ON INTERPRETATION OF THE NDA**<br><br>Courtroom: 3, Fifth Floor<br>Judge:     Hon. Beth Labson Freeman<br>Date Filed: June 13, 2016<br>Trial Date: August 5, 2019 |

## I. INTRODUCTION AND SUMMARY.

The NDA sets forth three explicit and independent Google duties:

1. The duty to "hold in confidence, and … not disclose to any person" SDC Confidential Information. *See* Hosie Dec., Ex. A (NDA), ¶ 4.

2. The duty to "use such Confidential Information only for the purposes" of "discussions and negotiations concerning a proposed acquisition." *See* NDA, ¶ 4 & Preamble.

3. The duty to treat SDC Confidential Information with "the same degree of care … as [Google] uses with respect to its own confidential information to: (i) **protect** the confidentiality … and (ii) ensure that proper and secure storage is provided … to **protect** against theft or unauthorized access." *See* NDA, ¶ 4 (emphasis added) ("the duty to protect").

The NDA articulates each of these three duties in separate, independent sentences. Of these three, Google's brief focuses on just one: Google's duty to protect. Google cites the first section of Paragraph 7, which states "[u]nless the Parties otherwise agree in writing, a Recipient's **duty to protect** Confidential Information expires three (3) years from the date of disclosure." This one explicit provision covers only one of Google's independent and discrete duties, the duty to protect. But Google argues that this one explicit provision somehow applies to two other explicit and independent duties.

It does not. One can protect something and still use it. "Protect" is not a synonym for "not using," especially in a contract that uses the terms differently. *See* Cal. Civ. Code § 1644 (ordinary meaning governs); *cf. Salesbrain, Inc. v. AngelVision Techs*., No. C 12-05026 LB, 2013 WL 1191236, at *13 (N.D. Cal. Mar. 21, 2013) (finding that an expiration paragraph that referenced "confidentiality, non-use, and non-disclosure obligations" included non-exploitation, because "'to exploit' clearly is encompassed within the infinitive 'to use,' for how could one 'exploit' … without 'using'…"). The NDA does not provide a special definition that broadens the phrase "duty to protect," and the NDA's use of the phrase "duty of confidentiality" further suggests that the "duty to protect" is not meant to be some all-encompassing umbrella. *See* NDA, ¶ 5(c). Google is now very directly rewriting the contract Google itself wrote.

1

PLAINTIFF'S RESPONSE TO GOOGLE'S SUBMISSION ON
INTERPRETATION OF THE NDA

Case No. 5:16-cv-03260-BLF (NC)

## II. ARGUMENT.

### A. The Contract is Plain on its Face.

The NDA sets forth multiple duties. The sunset termination provision of Paragraph 7 applies to just one. On its face, the agreement should be read as it is written: the duty to protect expires after three years, but the other duties do not. *See* Cal. Civ. Code § 1638. This plain reading does not lead to "nonsensical results," as Google contends. Under SDC's reading, after three years, Google is not liable if a hacker acquires information, including SDC's, from a Google server through a bug in a security protocol, for example. Google, however, is still liable for its own affirmative conduct, including its use or disclosure of SDC information (conduct Google presumably would not engage in if the information were "stale"). Further, Google's no use and no disclosure obligations are not absolute, as Google has "no obligation" as to information that is so stale that it became "publicly available." *See* NDA, ¶ 5.

SDC's plain reading also accords with other contract provisions. *See* Cal. Civ. Code § 1641. Fundamentally, Google is arguing that Google is free to do whatever it wants with SDC's information one day after the three-year period runs. Under Google's construction, Google could directly copy SDC's balloon systems and sell them three years and one day after the agreement was signed. Or, if Google wished, Google could file patents on SDC's technology at that time.

This construction, however, is directly contrary to NDA Paragraph 8, which states that "[n]o party acquires any intellectual property rights under this Agreement …." Indeed, even the Residuals Clause is limited such that it "does not represent a license under any intellectual property and/or propriety rights of the Company." In this way, Google's full ownership premise after three years wars directly with Paragraph 8 of its own contract.

### B. No Party Offers Extrinsic Evidence.

This contract is not ambiguous on its face. In California, however, a party can always argue latent ambiguity, if there is extrinsic evidence to make that party's point. But neither Google nor SDC have offered any such extrinsic evidence. None exists. It is undisputed that

2

this NDA was a then-standard Google document, and accepted without change or discussion by Space Data.  *See* Hosie Dec., Ex. B.  There is no extrinsic evidence available that could change, alter, or even inflect the reading of the provisions.  *Cf. Wolf v. Super. Ct. (Walt Disney Pictures & T.V.)*, 114 Cal. App. 4th 1343, 1351 (2004) ("The trial court's resolution of an ambiguity is also a question of law if no parol evidence is admitted or if the parol evidence is not in conflict").  And, Google cannot put an employee on the stand to tell the jury about its secret intent in drafting the language, since no such explanation was communicated to SDC.  *See Cedars-Sinai Med. Ctr. v. Shewry*, 137 Cal. App. 4th 964, 980 (2006) ("'The parties' undisclosed intent or understanding is irrelevant to contract interpretation'").

### C.  Any Ambiguity Should Be Construed Against Google.

Under California law, an ambiguity in a contract drafted by one party should, as a matter of last resort, be construed against the drafter.  *See* Cal. Civ. Code § 1654; *Maples v. SolarWinds, Inc.*, 50 F. Supp. 3d 1221, 1230 (N.D. Cal. 2014) ("[T]hese conflicting expiration provisions create an ambiguity which is construed against [defendant]") (citing against the drafter authority); *Oliver v. The Men's Wearhouse*, No. CV 16-01100 TJH (ASx), 2017 WL 6888490, at *3 (C.D. Cal. Dec. 6, 2017) ("The Wearhouse could have clarified the meaning of a week. Instead, it used an ambiguous term that, now, must be resolved against it").  This makes sense: let the author own the problem the author created.  *See Sandquist v. Lebo Auto., Inc.*, 1 Cal. 5th 233, 247-48 (2016) ("As the Restatement explains, 'Where one party chooses the terms … he may leave meaning deliberately obscure, intending to decide at a later date what meaning to assert.  In cases of doubt, therefore, so long as other factors are not decisive, there is substantial reason for preferring the meaning of the other party'").

Google wrote this NDA.  To the extent that Google is arguing that it is ambiguous now, and given the fact that Google has offered no extrinsic evidence supporting its position, then the ambiguity must be construed against Google.

Dated:  July 24, 2019                    Respectfully submitted,

                                         */s/ Spencer Hosie*

3

PLAINTIFF'S RESPONSE TO GOOGLE'S SUBMISSION ON                                       Case No. 5:16-cv-03260-BLF (NC)
INTERPRETATION OF THE NDA

SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
BRANDON C. MARTIN (CA Bar No. 269624)
bmartin@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
FRANCESCA M. S. GERMINARIO (CA Bar No. 326208)
fgerminario@hosielaw.com
HOSIE RICE LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*SPACE DATA CORPORATION*