# EXHIBIT 3

# REDACTED VERSION OF DOCUMENT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPACE DATA CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Case No.: 5:16-cv-03260-BLF |
| ) | |
| v. ) | |
| ) | |
| ALPHABET INC., GOOGLE ) | |
| LLC, and LOON LLC., ) | |
| ) | |
| Defendants. ) | |

# Expert Report of Christine S. Meyer, Ph.D.

SEPTEMBER 14, 2018

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**TRIAL PREPERATION MATERIAL—PRIVILEGED**

proprietary trade secrets from April 1997 until February, 2008, the date on which Google took photographs of confidential data during the inspection tour of Space Data facilities and began its misappropriation of trade secrets.[536] I conduct this quantification of R&D costs (and thus of damages) on a trade secret by trade secret basis.

217. I understand that Space Data has spent the following for gathering or developing their trade secrets from April 1997 to February 2008: ▮▮▮ for wind data trade secrets, ▮▮▮ for the hover algorithm trade secrets,[537] ▮▮▮ for thermal management trade secrets, ▮▮▮ for altitude control and monitoring systems, and ▮▮▮ for the financial information and business model trade secrets. Therefore, I estimate the unjust enrichment Google would have received by misappropriating Space Data's trade secrets to be ▮▮▮ as of February 15, 2008.[538]

218. My calculation of unjust enrichment damages is conservative for several reasons. I do not quantify nonmonetary benefits that the misappropriation of trade secrets has provided to Google, such as reduction in the development time of Loon, its subsequent position as an early entrant in the market, and the economic advantage its position provides. Despite such advantages reaped by Google and Loon, I restrict the unjust enrichment damages to the R&D cost Space Data incurred to develop its trade secrets until February 15, 2008,

---

[536] Complaint, ¶ 165.
[537] As discussed previously in Section II.G. of my report, hover algorithm trade secrets consist of the hover algorithm itself, which I understand cost ▮▮▮ in R&D spending, and the vent and ballast system associated with the algorithm, which I understand cost ▮▮▮ and ▮▮▮ in R&D spending respectively, coming to a total of ▮▮▮.
[538] I understand the R&D spending figures for each trade secret come from the Space Data audits, which have been produced in this case.

Highly Confidential—Attorneys' Eyes Only
Trial Preparation Material—Privileged

therefore provided them at least the same benefit and at a minimum the same unjust enrichment, as the theft of trade secrets.

Signed this 14th day of September, 2018:

_____

Christine Meyer, Ph.D.