# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br> ALPHABET INC., et al.,<br><br>  Defendants. | Case No. 16-cv-03260-BLF<br><br>**ORDER GRANTING JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF 639] |

Before the Court is the parties' joint administrative motion to file under seal portions of the pretrial conference transcript (ECF 621), the Court's order re motions in limine (ECF 625), and the Court's order re motion to quash (ECF 627). ECF 639. For the reasons stated below, the motion is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Parties moving to seal documents must also comply with the procedures established by

Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed the parties' sealing motion and the declarations of the designating parties submitted in support thereof. The Court finds that the parties have articulated compelling reasons to seal certain portions of the submitted documents. The proposed redactions are narrowly tailored. The Court's rulings on the sealing requests are set forth in the table below:

| ECF | Document | Portion(s) to Seal | Result | Reason(s) for Sealing |
|---|---|---|---|---|
| **621** | **July 19, 2019 Pretrial Conference Transcript** | **Google**:<br>68:12-13 (between "mentioned" and "in fact"); 84:1 (entire line); 85:18-19 (between "example" and "what"); | GRANTED. | Contains information related to confidential internal business documents, finances, and valuations. Henry Decl. ¶ 4, ECF 639-1. Public disclosure of this information would cause harm to Defendants. *Id*. |
| | | 93:18-22 (between "in" and end of paragraph); 94:7 (between "of the" and "that"); 94:13 (between "this" and "to"); 94:17-20 (entire lines); 94:21-22 (between "about" and "that's"); 95:2 (start to "what); 95:3-6 ("accomplish" to end of paragraph); 95:19 (between "this" and "and"); 95:21 (start to "and"); 96:6-7 ("by" to end of paragraph); 96:12 (between "this" and "which"); 96:13 (start to "which"); 97:13-14 (between "that" and "and"); 97:21-22 (last sentence of paragraph) | | Contains Google's confidential business strategy and references to confidential projects. Henry Decl. ¶ 5. Public disclosure of this information could expose Google to competitive harm by third parties and impair Google's business development efforts. *Id.* Substantially similar information was previously redacted by the Court (ECF 617 at 2). |
| | | **Space Data**:<br>67:20-21 (dollar amounts)<br>68:5 (dollar amounts)<br>74:5 (dollar amounts)<br>79:18 (between "worth" and "that")<br>87:25 (between "for" and "which") | GRANTED. | This information reveals confidential financial information pertaining to the costs of researching and developing Space Data's balloon constellation technology. *See* Germinario Decl. ¶ 6, |

3

| ECF | Document | Portion(s) to Seal | Result | Reason(s) for Sealing |
|-----|----------|--------------------|--------|-----------------------|
| | | | | ECF 639-2. Similar cost information was sealed by the Court in ECF 543. Public disclosure of the information Space Data requests be sealed would likely place Space Data at a competitive disadvantage, and risks grave economic harm. *See* Germinario Decl. ¶ 7. |

| ECF | Document | Portion(s) to Seal | Result | Reason(s) for Sealing |
|---|---|---|---|---|
| **625** | **July 23, 2019 Order re Motions in Limine** | **Google**: 3:19 (between "a" and "to Google's"); 3:25 (between "a" and "too Google's"); 3:26 (between "that" and "constitutes"); 4:7-8 (between "to" and "Space Data"; 4:8-9 (between "fact that" and "*See*"; 4:21 (between "respect to" and "—Google"); 4:22 (between "that" and "evidence") | GRANTED. | Contains information related to Google's confidential access logs. Henry Decl. ¶ 6. Public disclosure of this information would cause harm to Defendants. *Id*. Substantially similar information was previously redacted by the Court. ECF 617 at 2. |
| | | 8:12 (name of project); 8:13-15 (between "evidence that" and *See* MIL4"); 8:16 (between "Google's" and ellipses); 8:17 (between "evidence that" and "relates"); 8:21 (content of brackets); 8:25-26 (between "Google's" and "wholly"); 8:27 (between "concerning" and "that relates"); 9:3-4 (between "explaining its" and end of sentence); 9:6 (between "Google's" and "including") | | Contains Google's confidential business strategy and references to confidential projects. Henry Decl. ¶ 7. Public disclosure of this information could expose Google to competitive harm by third parties and impair Google's business development efforts. *Id.* Substantially similar information was previously redacted by the Court. ECF 617 at 2. |

| ECF | Document | Portion(s) to Seal | Result | Reason(s) for Sealing |
|---|---|---|---|---|
| | | **Space Data**:<br>7:12-13 (dollar amount) | GRANTED. | This information reveals confidential financial information pertaining to the costs of researching and developing Space Data's balloon constellation technology. *See* Germinario Decl. ¶ 6. Similar cost information was sealed by the Court in ECF 543.<br><br>Public disclosure of the information Space Data requests be sealed would likely place Space Data at a competitive disadvantage, and risks grave economic harm. *See* Germinario Decl. ¶ 7. |

| ECF | Document | Portion(s) to Seal | Result | Reason(s) for Sealing |
|---|---|---|---|---|
| 627 | July 23, 2019 Order re Motion to Quash | **Google**: 2:24-25 (between "involvement in" and "*See*"); 3:24 (between "Mr. Page" and "and if so"); 4:2 (start to "and that"); 4:4-5 (between "Mr. Page" and "is in dispute"); 4:6-7 (quoted language); 4:8-9 (quoted language) | GRANTED. | Contains confidential details related to Google's internal business operations, including how it evaluates potential ventures and partnerships and internal work processes. Henry Decl. ¶ 8. Public disclosure of this information would cause harm to Defendants. *Id.* Substantially similar information was previously redacted by the Court. ECF 630 at 3. |

## III. ORDER

For the foregoing reasons, the joint sealing motion at ECF 639 is GRANTED. The parties are instructed to file the appropriately redacted versions of the documents on the public docket **on or before August 12, 2019**.

**IT IS SO ORDERED.**

Dated: August 1, 2019

_____
BETH LABSON FREEMAN
United States District Judge